# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | MARCH 31, 2004 |

## DEFENDANTS' STATUS UPDATE

### I.   STATUS OF THE CASE

At present, discovery in this matter is scheduled to close on April 5, 2004. Yesterday, Plaintiff filed a motion to extend the time to complete discovery by an additional 90 days. The parties have previously requested three extensions of time to the discovery period. The Defendants vehemently oppose any further delays in this matter and are filing a brief in opposition to the motion for extension of time concurrently today.

As noted in Defendants' brief, this matter has been in litigation for over a year and a half and the Court just issued an order on February 19, 2004 which provided in pertinent part "All discovery, including all discovery related to expert witnesses, will be complete (not just propounded) by April 5, 2004." That order further extended the date for completion of discovery from March 15, 2004 to April 5, 2004. Since that time, Defendants have proceeded diligently to

complete all outstanding discovery within the deadline established by the Court, even going so far as to schedule the completion of the Plaintiff's deposition on a Saturday to accommodate her schedule with her new employer. By contrast, Plaintiff has made virtually no effort to complete discovery within the time set by the Court, resisting or ignoring the efforts of Defendants to facilitate her doing so.

Indeed, for the last six months, the Defendants have – on at least a half-dozen occasions – provided Plaintiff's counsel with dates to finish three depositions that the Plaintiff's counsel has yet to finish from mid-2003, and dates to take other Otis employee depositions (including the President of Otis). Each time, Plaintiff's counsel have ignored the suggestions, cancelled the depositions or, more recently, claimed that they would not take any depositions until additional paper discovery was propounded and completed. Plaintiff's attempt to circumvent the existing discovery order by delaying until late in the discovery period to file massive and objectionable written discovery requests and then insisting on a non-existent right to delay proceeding with any depositions until after receiving responses and resolving objections should not be countenanced by the Court. By proceeding in this fashion, the Plaintiff has chosen to flout the Court's clear orders and to presume that the Court must accede to her decision about how discovery will be conducted in this matter. Having litigated this matter in a dilatory fashion, Plaintiff now boldly asks for an additional three months. There is no good reason why Plaintiff could not have finished discovery during the period prescribed by the Court in its February 19, 2004 order and the facts show that she made no reasonable effort to do so.

## II. INTEREST IN REFERRAL TO MAGISTRATE JUDGE FOR SETTLEMENT PURPOSES

This matter has already been referred to Magistrate Judge Garfinkel who held a settlement conference on December 22, 2003. The parties did not reach a settlement at such conference. A settlement status conference was held telephonically on February 23, 2004 with Magistrate Judge Garfinkel. At this time, no further settlement conferences have been scheduled.

## III. REFERRAL TO MAGISTRATE JUDGE FOR TRIAL PURPOSES

The Defendants do not consent to a trial before a Magistrate Judge.

## IV. ESTIMATED LENGTH OF TRIAL

Defendants are unable to project, with any certainty, an estimated length of trial for two reasons. First, the Defendants anticipate filing a motion for summary judgment that may limit substantially the claims that Plaintiff has brought and therefore narrow the scope of any trial. Second, Plaintiff's scope of discovery is extraordinarily large, which suggests that she intends to raise numerous issues at trial; that strategy would thus require a substantial response from the Defendants. At this point in time, Defendants anticipate that a trial would last at least two weeks.

        THE DEFENDANTS,
        UNITED TECHNOLOGIES CORP. and
        OTIS ELEVATOR COMPANY


By _____
        Albert Zakarian (ct04201)
        Daniel A. Schwartz (ct15823)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, CT 06103-3499
        (860) 275-0100 (telephone)
        (860) 275-0343 (facsimile)
        azakarian@dbh.com
        daschwartz@dbh.com

        Their Attorneys

## **CERTIFICATION**

      I hereby certify that the foregoing was sent via electronic mail and regular mail, postage prepaid, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 212-213B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

                                                                                                               _____
                                                                                                                Daniel A. Schwartz