UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | MARCH 31, 2004 |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

### I.  PRELIMINARY STATEMENT

Defendants United Technologies Corp. and Otis Elevator Company respectfully file this brief in opposition to Plaintiff's Motion to Modify the Scheduling Order. This matter has been in litigation for nearly a year and a half and the Court just issued an order on February 19, 2004 extending the discovery period. That order provided, in pertinent part, that "All discovery, including all discovery related to expert witnesses, will be complete (not just propounded) by April 5, 2004." That order, further extended the date for completion of discovery from March 15, 2004 to April 5, 2004 and was the parties third extension of the discovery period. Since that time, Defendants have proceeded diligently to complete all outstanding discovery within the deadline established by the Court, even going so far as to schedule the completion of the Plaintiff's deposition on a Saturday to accommodate her schedule with her new employer. By contrast,

41491808_2.DOC
March 31, 2004 12:56 PM

Plaintiff has made virtually no effort to complete discovery within the time set by the Court, resisting or ignoring the efforts of Defendants to facilitate her doing so.

Indeed, for the last six months, the Defendants have – on at least a half-dozen occasions – provided Plaintiff's counsel with dates to finish three depositions that the Plaintiff's counsel has yet to finish from mid-2003, and dates to take other Otis employee depositions (including the President of Otis). (See e-mails from Defendants' attorneys to Plaintiff's counsel, attached as Ex. A.) Each time, Plaintiff's counsel have ignored the suggestions, cancelled the depositions or, more recently, claimed that they would not take any depositions until additional paper discovery was propounded and completed. Plaintiff's attempt to circumvent the existing discovery order by delaying until late in the discovery period to file massive and objectionable written discovery requests and then insisting on a non-existent right to delay proceeding with any depositions until receiving responses and resolving objections should not be countenanced by the Court. By proceeding in this fashion, the Plaintiff has chosen to flout the Court's clear orders and to presume that the Court must accede to her decision about how discovery will be conducted in this matter. Having litigated this matter in a dilatory fashion, Plaintiff now boldly asks for an additional three months. There is no good reason why Plaintiff could not have finished discovery during the period prescribed by the Court in its February 19, 2004 order and the facts show that she made no reasonable effort to do so. For these reasons, discussed in more detail below, Plaintiff's request should be denied.

## II.     PROCEDURAL BACKGROUND

Plaintiff filed her initial complaint in this matter on August 9, 2002. The Defendants noticed the deposition of the Plaintiff shortly thereafter; however, both parties agreed to postpone the deposition, while they awaited the scheduling of a settlement conference with Court-appointed special masters. In the interim, the parties also exchanged information informally. After several delays, the parties began discovery in earnest in the spring of 2003. By the summer of 2003, the parties made substantial progress to complete discovery; the Defendants took two days of the Plaintiff's deposition on June 25, 2003 and July 8, 2003 and produced over 7000 pages of documents. The Plaintiff produced nearly 1000 pages of documents and also took the depositions of four Otis witnesses in September and October 2003; however, she did not finish three of those depositions.

Almost immediately thereafter, the Defendants requested additional dates from the Plaintiff's attorney to finish these witnesses' depositions. (Ex. A.) Moreover, the Defendants provided dates – on multiple occasions – for the deposition of Otis' President Ari Bousbib, whose schedule was extraordinarily tight. (Ex. A.) Each time, Plaintiff's counsel failed to follow through with these depositions or confirm these depositions. Defendants also attempted to take the deposition of Plaintiff's expert; however, that deposition had to be rescheduled several times due to schedule conflicts of the expert and Plaintiff's counsel. Defendants hoped the hiring of two additional experienced trial counsel, Robert Nastri and Jeff Tinley, in early December 2003 would assist with discovery and the case, and yet little progress was made on those issues.

On December 22, 2003, Magistrate Judge Garfinkel held a settlement conference in this matter in which attorneys Minchella, Tinley and Nastri all attended on behalf of Plaintiff. Since the deposition of United Technologies Corporation Vice Chairman and former Otis President Stephen Page on December 12, 2003, Plaintiff has not taken a single deposition – despite being provided, on multiple occasions, with dates for such depositions. Indeed, Plaintiff did finally re-notice the deposition of Otis Vice President for Human Resources Ellen McGroary – whose deposition had not been finished since its commencement on September 15, 2003 – for March 17, 2004, only to cancel that deposition on the morning of March 17th.

In February 2004 – nearly 18 months after the start of the case – Plaintiff issued a lengthy Second Set of Requests for Production. The Defendants are in the midst of responding to and objecting to such discovery requests and will do so by the close of discovery. Since that time, Plaintiff's counsel have indicated that they "cannot" and will not take any further depositions until Defendants respond to the Second Set of Requests for Production and any objections are resolved by the court. Indeed, Plaintiff's counsel appears to concede that it is this second set of production requests that serves as her justification for the requested extension, stating in her brief, "Plaintiff's counsel believes that once written discovery issues have been resolved, the remaining witness depositions can be accomplished within the time frame requested." (Plaintiff's Motion at 3.) Plaintiff's stated reasons are insufficient to warrant any additional amendment of the Court's existing order on the completion of discovery.

### III.   ANALYSIS

Extensions of time in this District are governed by Local Rule of Civil Procedure 7(b)2. That rule states, in relevant part, "All other motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." (L. R. Civ. P. 7(b)2.) Indeed, this standard for extending discovery was repeated in the court's Scheduling Order of November 24, 2003. Here, Plaintiff has not made a particularized showing that the discovery deadline could not be met, and has not shown that she has proceeded with "diligence" in this matter.

At the outset, Defendants want to be clear about one item: Defendants do not doubt or question that Attorney Minchella was ill for several weeks in December 2003 and January 2004. Indeed, Defendants accommodated that illness by postponing depositions and by not scheduling any depositions in January. Such an illness clearly provides limited justification to both sides for a delay from late December to mid-January; indeed, the illness was a factor in extension of discovery from March 15, 2004 to April 5, 2004. However, Attorney Minchella is only one of three attorneys who have been involved in the matter representing Plaintiff since early December. Furthermore, since Attorney Minchella's recovery in January 2004, the Plaintiff has taken no depositions whatsoever, despite repeated requests by the Defendants to do so. Indeed, even with additional counsel in the case since December 2003, the only discovery propounded by the Plaintiff since Attorney Minchella's illness has been the issuance of a lengthy and onerous request

for production on February 16, 2004.[1]  Plaintiff delayed for more than a year in propounding these requests and now claims that discovery justifies her refusal to proceed with any other discovery. Indeed, such an argument belies the Court's orders of November 24, 2003 and February 19, 2004 that plainly stated that discovery was to be completed, not merely propounded, by specific dates.

In short, the Plaintiff has not proceeded with "diligence" in this matter, and has not shown, with particularity, why discovery could not have been completed by the court's deadline.  Instead, Plaintiff seeks the Court's approval of her disregard for its outstanding order for the completion of discovery by her unilateral decision to conduct phased discovery beginning at the end of a thrice-extended discovery period.  Having afforded the Plaintiff over eighteen (18) months from the commencement of her action and nearly two (2) months from its order extending and ending discovery, the Court should decline the invitation to reward this behavior by Plaintiff and should limit any discovery activity after the April 5, 2004 cutoff to the resolution of pending objections and compliance with any objections to the extent they are not sustained.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to Modify Scheduling Order should be denied.

---

[1] One of Plaintiff's counsel, Jeff Tinley, is scheduled to take the deposition of one of Defendants' experts on March 31, 2004.

          THE DEFENDANTS,
UNITED TECHNOLOGIES CORP. and
OTIS ELEVATOR COMPANY


By _____
    Albert Zakarian (ct04201)
    Daniel A. Schwartz (ct15823)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT 06103-3499
    (860) 275-0100 (telephone)
    (860) 275-0343 (facsimile)
    azakarian@dbh.com
    daschwartz@dbh.com

    Their Attorneys

## CERTIFICATION

I hereby certify that the foregoing was sent via electronic mail and regular mail, postage prepaid, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 212-213B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

_____
Daniel A. Schwartz