UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (JBA) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP., and | : | |
| OTIS ELEVATOR COMPANY | : | |
| | : | |
| Defendants. | : | APRIL 7, 2004 |

## UNITED TECHNOLOGIES CORP. AND OTIS ELEVATOR COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

United Technologies Corp. ("UTC") and Otis Elevator Company ("Otis")(collectively "the defendants"), hereby answer the plaintiff's Second Amended Complaint dated May 27, 2003, and assert affirmative defenses. Any allegations not specifically addressed are denied.

I.   JURISDICTION

1.   As to Paragraph 1, the defendants have insufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to her proof.

2.   As to Paragraph 2, the defendants have insufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to her proof.

3.   Admitted.

II.     PARTIES

4.      As to Paragraph 4, the defendants have insufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to her proof.

5.      Admitted.

6.      The defendants admit that UTC is a Delaware Corporation with a business address at One Financial Plaza, Hartford, CT.  The remaining allegations of paragraph 6 are denied.

7.      As to Paragraph 7, the defendants admit that the plaintiff was employed by Otis Elevator Company. The remaining allegations of paragraph 7 are denied.

III.    STATEMENT OF FACTS

8.      The defendants admit that the plaintiff began her employment with Otis NAA on October 15, 1990.  The defendants further admit that the plaintiff started in a position as Senior Manager NAA Environment Health & Safety ("EHS") on April 1, 1999, and that she held that position on March 21, 2003.  The defendants admit that plaintiff served the Business Practices Officer for NAA from July 18, 2000.  The defendants admit that safety is a priority at Otis.  The remaining allegations of Paragraph 8 are denied.

9.      The defendants admit that the plaintiff began as a Sales Engineer, became a Regional Staff Superintendent and then became a Maintenance Supervisor in the greater New York region of Otis NAA. The defendants admit that plaintiff was promoted to Location Manager in Winston-Salem, North Carolina.  Thereafter, Defendants admit the plaintiff was assigned to the position of Location Manager in Charlotte, North Carolina and then became Field Operations Manager in the Southwest Region at the Otis NAA Dallas, Texas location.  The defendants also

admit that in or around April, 1999, the plaintiff accepted the position of Senior Manager, EH&S NAA.

10. Denied.

11. The defendants admit that they previously utilized a grading system in which ranges of compensation were associated with grades. The grades went up to Grade 51. The next highest levels beyond Grade 51 were Level 3, Level 2 and Level 1, respectively. The defendants also admit that the system changed. The remaining allegations in paragraph 11 are denied.

12. Denied.

13. The defendants admit that the plaintiff received salary increases and promotions. The defendants also admit that in a document requesting an increase in pay and labor grade within her Location Manager position, signed by Tom Dizio, it states that the plaintiff "demonstrated outstanding leadership capabilities and is showing potential to be a RGM." The defendants admit that in 1991 Gary Faltin, a middle manager in the Bristol, Connecticut research center, described the plaintiff and her co-worker as possessing integrity relative to a specific short-term project in the Bristol office. The defendants admit that her performance appraisal for 2000 described her overall level of performance as "fully competent." The remaining allegations in paragraph 13 are denied.

14. As to Paragraph 14, the defendants have insufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to her proof.

15. Denied.

16. The defendants admit that on April 2, 2001 Ray Moncini suggested that the plaintiff speak with Mark Boelhouwer about an available operations manager position. The defendants deny the remaining allegations of Paragraph 16.

17. As to Paragraph 17, the defendants have insufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to her proof.

18. Denied.

19. Denied.

20. The defendants admit that Ms. McGroary asked the plaintiff for her comments regarding the announcement as to the plaintiff. The remaining allegations in Paragraph 20 are denied.

21. Denied.

22. Denied.

23. As to Paragraph 23, the defendants have insufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to her proof.

24. The defendants admit that Ray Moncini told the plaintiff that he wanted Bradford Russell's training and transition to go smoothly. The remaining allegations of Paragraph 24 are denied.

25. Denied.

26. The defendants admit that Mr. Russell was a then current Director and a long-time UTC employee with 25 years of environmental health and safety experience. Because Mr. Russell was a Director at UTC and Otis, he was "red circled" and was, thus, at a Director level of

compensation when he was to assume the position with Otis NAA EH&S. The remaining allegations of Paragraph 26 are denied.

27. The defendants admit that on May 23, 2001, the plaintiff inquired of Ms. McGroary as to why Mr. Russell was classified as a Director and that she was a Senior Manager. The remaining allegations of Paragraph 27 are denied.

28. Admitted.

29. Denied.

30. Denied.

31. The defendants deny that the plaintiff was promised a promotion to Level 3 after one year of good performance in the Senior Manager, EH&S NAA position. The remaining allegations of Paragraph 31 are denied.

32. Denied.

33. Denied.

34. Admitted.

35. Denied.

36. Denied.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Defendants admit that Otis has a Performance Incentive Program and that eligible employees may receive a bonus of up to 15 percent of their base salary. Defendants deny the remaining allegations of Paragraph 41.

42. Defendants admit that Plaintiff received a bonus of 10 percent of her base salary in 2001, which she may not have been entitled to due to her eligibility for a position allowance. Defendants further admit that Plaintiff did not receive any bonuses in 2002 or 2003 and deny any remaining allegations of this paragraph.

43. Denied.

44. Denied.

45. Defendants admit the allegations in the first sentence of Paragraph 45. Defendants deny the remaining allegations of Paragraph 45.

46. Denied.

47. The defendants admit that plaintiff was asked to meet with Ray Moncini on March 21, 2003; and at a meeting that same date, Otis terminated plaintiff's employment. The remaining allegations of paragraph 47 are denied.

48. Denied.

49. Denied.

50. Denied.

51. Defendants admit that UTC implemented a Code of Ethics in 1990 and deny any remaining allegations.

52. Defendants admit that UTC's Code of Ethics contains a number of the quoted portions and denies any remaining allegations.

53. As to Paragraph 53, the defendants have insufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to her proof.

54. Admitted.

55. As to Paragraph 55, the defendants have insufficient knowledge or information upon which to form a belief and, therefore, leave the plaintiff to her proof.

56. Defendants admit that plaintiff's responsibilities as business practices officer were transferred to another employee. The remaining allegations of paragraph 56 are denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

IV. COUNT ONE: Discrimination on the Basis of National Origin in Violation of Title VII, 42 U.S.C. § 2000e-2.

1-57. The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

58. Denied.

59. Denied.

60. Denied.

V. COUNT TWO: Discrimination on the Basis of Race in Violation of Title VII, 42 U.S.C. § 2000e-2

1-57. The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

    58.    Denied.

    59.    Denied.

    60.    Denied.

VI.    COUNT THREE:  Discrimination on the Basis of Sex in Violation of Title VII, 42 U.S.C. § 2000e-2

    1-57.    The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

    58.    Denied.

    59.    Denied.

    60.    Denied.

VII.    COUNT FOUR:  Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1981

    1-57.    The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

    58.    Denied.

    59.    Denied.

VIII.    COUNT FIVE:  Violation of 29 U.S.C. § 206 et seq. (Equal Pay Act)

    1-57.    The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

    58.    Denied.

    59.    Denied.

    60.    Denied.

IX.    COUNT SIX:  Retaliation in Violation of Title VII, 42 U.S.C. §2000e-3

    1-57.    The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

    58.    Denied.

    59.    Denied.

X.    COUNT SEVEN:  Defamation

    1-57.    The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

    58.    Denied.

    59.    Denied.

    60.    Denied.

XI.    COUNT EIGHT:  Discrimination on the Basis of Race and National Origin in Violation of C.G.S. § 46a-51 et seq.

    1-57.    The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

    58.    Denied.

    59.    Denied.

    60.    Denied.

XII.    COUNT NINE:  Discrimination on the Basis of Sex in Violation of C.G.S. § 46a-51 et seq.

    1-57.    The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

58. Denied.

59. Denied.

60. Denied.

XIII. COUNT TEN: Retaliation in Violation of C.G.S. § 46a-60(a)(4)

1-57. The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

58. Denied.

59. Denied.

XIV. COUNT ELEVEN: Wrongful Discharge

1-57. The defendants hereby incorporate their answers to Paragraphs 1 through 57 as if fully pled herein.

58. Denied.

59. Denied.

XV. COUNT TWELVE: Violation of Conn. Gen. Stat. § 31-51g

1-57. The defendants hereby incorporate their responses to Paragraphs 1 through 57 as if fully pled herein.

58. The defendants hereby incorporate their response to Paragraph 58 of Count Eleven as if fully pled herein.

59. Denied.

60. Denied.

61. Denied.

XI. (sic) COUNT THIRTEEN:  Breach of Contract

    1-57.   The defendants hereby incorporate their responses to Paragraphs 1 through 57 as if fully pled herein.

    58.   Denied.

    59.   Denied.

    60.   Denied.

    61.   Denied.

XII. (sic) COUNT FOURTEEN:  Negligent Misrepresentation

    1-57.   The defendants hereby incorporate their responses to Paragraphs 1 through 57 as if fully pled herein.

    58-59.   The defendants hereby incorporate their responses to Paragraphs 58-59 of Count Thirteen as if fully pled herein.

    61. (sic)   Denied.

    62.   Denied.

    63.   Denied.

### PRAYER FOR RELIEF

The defendants deny that the plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (As to All Counts)

The plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE (As to All Counts)**

Without conceding that the plaintiff has suffered any damages as a result of any purportedly wrongful acts of the defendant, the plaintiff has failed to mitigate her damages.

**THIRD AFFIRMATIVE DEFENSE (As to Counts One, Two, Three, Five and Six)**

Insofar as the Complaint purports to state claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq., some or all of these claims are barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE (As to Counts One, Two, Three, Five and Six, Eight, Nine, Ten)**

Insofar as the Complaint purports to state claims for relief under state and federal discrimination laws, 42 U.S.C. §§ 2000(e) et seq. and Conn. Gen. Stat. §46a-60, some or all of Plaintiff's claims are barred by her failure to exhaust her administrative remedies.

**FIFTH AFFIRMATIVE DEFENSE (As to Count Seven)**

Any alleged statement or statements which the plaintiff contends injured her reputation or prestige, if made by the defendants or any agent of the defendants, were privileged.

**SIXTH AFFIRMATIVE DEFENSE (As to Count Seven)**

Any alleged statement or statements which the plaintiff contends injured her reputation or prestige, if made by the defendants or any agent of the defendants, either were true or made with a good faith belief in the truth thereof.

**SEVENTH AFFIRMATIVE DEFENSE (As to Count Seven)**

The alleged wrongful acts of the defendants' employees of which plaintiff complains, if they occurred, were committed by the plaintiff's fellow employees, acting outside the scope of

their employment and not in the performance of any duty to the defendants, and the defendants accordingly are not liable for those acts.

**EIGHTH AFFIRMATIVE DEFENSE (As to Count Seven)**

Any alleged statement or statements which the plaintiff contends injured her reputation or prestige, if made by the defendant or any agent of the defendant, were made only to persons with a common interest in the subject matter of the communications, and were made with the bona fide intent to protect the defendants' interest in a matter with which the defendants were concerned.

**NINTH AFFIRMATIVE DEFENSE (As to Count Seven)**

Any alleged statement or statements which the plaintiff contends injured her reputation or prestige, if made by the defendants or any agent of the defendants, were not published and thus are not actionable.

**TENTH AFFIRMATIVE DEFENSE (As to Counts One, Two, Three, Five, Six, Eight, Nine and Ten)**

Some or all of the plaintiff's claims are barred by their non-inclusion in a charge timely filed by the plaintiff with the Connecticut Commission on Human Rights and Opportunities.

**ELEVENTH AFFIRMATIVE DEFENSE (As to Counts One, Two, Three, Four, Five, Six, Eight, Nine and Ten)**

Any alleged difference in pay between plaintiff and her alleged counterparts was due to "red-circling", of which plaintiff was a beneficiary earlier in her career.

**TWELFTH AFFIRMATIVE DEFENSE (As to Counts Eleven, Twelve, Fourteen)**

Some or all of Plaintiff's claims are barred by the statute of frauds.

**THIRTEENTH AFFIRMATIVE DEFENSE (As to Counts One, Two, Three, Five and Six, Eight, Nine, Ten)**

Insofar as the Complaint purports to state claims for relief under state and federal discrimination laws, 42 U.S.C. §§ 2000(e) et seq. and Conn. Gen. Stat. §46a-60, some or all of these claims are barred by the applicable statute of limitations in that Plaintiff has failed to file her claims within the required period of time after receiving a right to sue letter and/or release of jurisdiction.

          THE DEFENDANTS,
          UNITED TECHNOLOGIES CORP. and
          OTIS ELEVATOR COMPANY


    By _____
          Albert Zakarian (ct04201)
          Daniel A. Schwartz (ct15823)
          Day, Berry & Howard LLP
          CityPlace I
          Hartford, CT 06103-3499
          (860) 275-0100 (telephone)
          (860) 275-0343 (facsimile)
          azakarian@dbh.com
          daschwartz@dbh.com

          Their Attorneys

## **CERTIFICATION**

I hereby certify that the foregoing was hand-delivered on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 212-213B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

_____
Daniel A. Schwartz