UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | CIVIL NO. 3:02CV1384 (MRK) |
| Plaintiff | : | |
| v. | : | |
| OTIS ELEVATOR COMPANY and | : | |
| UNITED TECHNOLOGIES CORPORATION | : | |
| Defendants | : | APRIL 5, 2004 |

## PLAINTIFF'S STATUS UPDATE

**I. Status of the Case**

This case was initiated by a Complaint filed in August 2002. (D-1) Discovery has been ongoing since the entry of an initial Scheduling Order in late October 2002 (D-11). Much of the required discovery has been completed and the balance can be completed expeditiously with the Court's assistance in resolving certain important discovery disputes.

To date, the parties have exchanged written discovery and substantial document discovery has been completed, though the plaintiff has been unable to resolve certain discovery objections lodged by the defendants and intends to seek the Court's assistance in that regard. The plaintiff's deposition has been completed. The depositions of four employees or former employees of the defendants have been completed and the depositions of two employees of the defendants have been started but require an additional session for completion. Both the plaintiff's and the defendants' damages experts have been disclosed, have produced written expert reports, and have been deposed. Defendant's vocational expert has produced a report but has not yet been

-1-

deposed. At present, plaintiff does not intend to take this deposition. In addition, the plaintiff has produced a written damages analysis.

Defendants' recent complaints regarding the pace of discovery are unfounded and unfortunate. They stand in stark contrast with the generally cooperative and cordial interactions which have marked the progress of this case to date and they reflect an unfortunate lack of consideration for the serious medical conditions which have affected the plaintiff's lead counsel in this matter, Attorney Anthony Minchella, over the past six months.[1]

Defendants' complaints and their objections to a further reasonable extension of discovery deadlines are unfair as well because they fail to account for the defendants' own conduct which has slowed the pace of discovery, including the following: (1) defendants' compliance with document discovery was delayed because of defendants' insistence on the entry of a confidentiality order, which ultimately was entered by stipulation in August 2003 (D-26); (2) defendants twice sought and received extensions of time to respond to the Complaint (D-5; D-9) and sought and received extensions to comply with each of plaintiff's written discovery requests (D-21; D-44); and (3) defendants have interposed numerous objections to document discovery, the resolution of which has in turn slowed the progress of deposition discovery.

Recent issues with respect to completion of depositions of key defense witnesses center on the defendants' insistence that these depositions be completed despite the existence of

---

[1] After attempting conservative treatment without success, Attorney Minchella underwent a colonectomy and appendectomy in early January at St. Mary's Hospital, and furthermore herniated a cervical disc while hospitalized. This led to Attorney Minchella's absence from the day to day litigation for a significant period of time, and hindered the further prosecution of the case.

numerous unresolved objections to document production asserted by the defendants. The course of discovery to date has revealed the extent to which the defendants have adopted unduly narrow interpretations of the plaintiff's document requests and have interposed unduly expansive objections, resulting in their failure to produce documents which the plaintiff maintains are subject to discovery, important to the proof of her claims, and needed in order to complete the examinations by deposition of defendants' witnesses.

The extent to which the defendants failed to produce relevant documents responsive to the plaintiff's request was hidden, in part, by their use of generalized objections, such as overbreadth or ambiguity, to many of the plaintiff's document requests, followed by a statement that certain documents of the defendants' choosing would be produced notwithstanding and without waiving such objections. This form of objection obscures the extent to which relevant documents are not produced, as there is not even a log of responsive documents being withheld, as would be required where an objection based upon privilege is asserted. However, during the course of deposition discovery it has become clear that documents clearly relevant and responsive to the plaintiff's requests have not been produced, either because of such objections or because of artificially narrow interpretations of the plaintiff's requests.

The plaintiff sought to address certain of these discovery disputes by filing a second request for production, trying to be more explicit in its requests. In addition, at the suggestion of plaintiff's counsel, the parties discussed the defendants' discovery objections at length by telephone. When this proved unsuccessful, counsel met in person for several hours at the offices of defendants' counsel to try to resolve the objections. The failure of these efforts is apparent from the fact that defendants have not agreed to produce any additional documents, as well as

from the numerous and extensive objections the defendants thereafter filed in response to the plaintiff's second request for production.

Plaintiff does not begrudge the defendants' right to assert confidentiality concerns, to lodge well-founded objections, or to request reasonable extensions of time. But plaintiff does object to the defendants' use of unfair and over-the-top aspersions, accusing plaintiff's counsel of "dilatory" conduct and of "flouting" this Court's orders. Such inflammatory language is not productive, not appropriate, and not reflective of the parties' dealings with one another to date. Further, the defendants' accusations defy the record facts, which show diligent efforts and substantial progress in discovery to date, as well as *bona fide* reasons that discovery has not yet been completed.

## II. Interest in Referral to Magistrate Judge for Settlement Purposes

This matter has been the subject of two references to a Special Master (D-14; D-19) and thereafter to Magistrate Judge Garfinkel (D-30) for settlement discussions. The parties have participated in both an in-person settlement conference and a telephonic update with Magistrate Judge Garfinkel, who has assured the parties that he stands ready to be of further assistance at the appropriate time.

## III. Referral to Magistrate Judge for Trial Purposes

The plaintiff would consider consenting to a trial before a Magistrate Judge.

## IV. Estimated Length of Trial

The plaintiff estimates that this case will require three full trial weeks.

|  | **Respectfully submitted,** |
|---|---|
|  | Plaintiff, Sujata Nichani |
| By /s/ Anthony R. Minchella | By /s/ Jeffrey J. Tinley |
| Anthony R. Minchella (CT 18890) | Jeffrey J. Tinley |
| Law Offices of | Tinley, Nastri, Renehan & Dost, LLP |
| Anthony R. Minchella, L.L.C. | 60 North Main St. 2nd Floor |
| 530 Middlebury Road | Waterbury, CT 06798 |
| Suite 212-213B | jtinley@tnrdlaw.com |
| Middlebury, CT 06762 | Telephone:   (203) 596-9030 |
| Telephone:   (203) 758-1069 | Facsimile:   (203) 596-9036 |
| Facsimile:   (203) 748-2074 | jtinley@tnrdlaw.com |
| anthonyminchella@sbcglobal.net | Federal Bar No: CT 00765 |

Attorneys for Plaintiff Sujata Nichani

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, and sent by facsimile on this 5th day of April 2004, to:

Albert Zakarian, Esq.
Daniel Schwartz, Esq.
Day, Berry & Howard, LLP
CityPlace I
Hartford CT 06103-3499

Jeffrey J. Tinley

-6-