UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUJATA NICHANI, | : CIVIL NO. 302CV1384 (MRK) |
| Plaintiff | : |
| v. | : |
| OTIS ELEVATOR COMPANY and UNITED TECHNOLOGIES CORPORATION | : |
| Defendants | : APRIL 20, 2004 |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND
AND FILE THIRD AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a) plaintiff hereby moves for leave to amend her Second Amended Complaint dated May 27, 2003, in the following particulars:

A copy of plaintiffs' proposed Third Amended Complaint is attached hereto as Exhibit A. In support of her Motion for Leave to Amend, plaintiff states as follows:

1. Plaintiff filed her initial Complaint on or about August 9, 2002.

2. On October 2, 2002, prior to defendants filing their responsive pleadings, plaintiff filed an Amended Complaint as of right pursuant to Fed. R. Civ. P. 15(a).

3. Plaintiff then filed a Motion for Leave to File Second Amended on May 27, 2003, which was granted on July 17, 2003.

4. Plaintiff now seeks leave to amend her Second Amended Complaint in

order to do two things: (1) allege that the Connecticut Commission on Human Rights and Opportunities released its jurisdiction over CCHRO case number 0410094 by release dated January 20, 2004; (2) allege that the United States Equal Employment Opportunity Commission released its jurisdiction over its Charge number 16A-2004-00030 by Notice of Right to Sue dated January 15, 2004; (3) allege a cause of action in Count Fifteen for promissory estoppel based upon the same facts alleged in the Plaintiff's Second Amended Complaint; (4) correct allegations in paragraph 2 of the Second Amended Complaint to accurately identify the CCHRO and EEOC case numbers that had been previously filed and released; and (5) add wording to paragraph 36 to correct omissions, but not to make any substantive changes to that paragraph.

5.   Pursuant to Rule 15 leave to amend "shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). "When evaluating a motion to amend, a court must consider several factors, including the likelihood of prejudice to the opposing party, the existence of bad faith or dilatory motive, and whether the proposed amendment would be futile." Bleiler v. Cristwood Contracting Co., Inc., 868 F. Supp. 461, 463 (D. Conn. 1994) (citing Foman v. Davis, 371 U.S. 178, 182-83 (1962)). However, the decision whether or not to grant leave to amend is within this Court's discretion. See id.

6.   Here, defendants will not be prejudiced if the Court allows plaintiff to

2

file her proposed Third Amended Complaint. Plaintiff's amendments do not prejudice defendants because the facts that support the amendments were plead in the Second Amended Complaint to which Plaintiff's did not object.

7. Defendants do not object to the Amended Complaint except to indicate they will object to the Third Amended Complaint to the extent it seeks to allege causes of action not previously alleged.

**WHEREFORE**, plaintiff respectfully requests that her Motion for Leave to Amend be granted and that she be permitted to file the proposed Third Amended Complaint attached as Exhibit A.

Anthony R. Minchella (ct 18890)
LAW OFFICES OF ANTHONY R. MINCHELLA L.L.C.
530 Middlebury Road
Suite 212-213B
Middlebury, CT  06762
(203) 758-1069
(203) 758-2074 Facsimile
anthonyminchella@sbcglobal.net

Jeffrey J. Tinley, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702
203-596-9030
Federal Bar No.: CT00765
jtinley@tnrdlaw.com

ATTORNEYS FOR PLAINTIFF

3

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, on this 20th day of April 2004, to:

Albert Zakarin, Esq.
Daniel Schwartz, Esq.
Day, Berry & Howard, LLP
CityPlace I
Hartford CT 06103-3499

Anthony R. Minchella
530 Middlebury Road
Suite 212-213 B
Middlebury, CT 06762

Jeffrey J. Tinley