58.   Plaintiff's sex was a motivating factor in defendants' decision to demote her and reduce her job responsibilities on April 26, 2001, to pay her at a lower salary grade level than her lesser qualified male counterparts, specifically Brad Russell and Pat Dowson, to provide her with less benefits, and deny her a promotion and/or raise, and to terminate her on March 21, 2003.

59.   In so doing, defendants acted with malice and/or reckless indifference to plaintiff's rights.

60.   As a result of defendants' actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## VII.   COUNT FOUR: Discrimination on the Basis of Race in Violation of 42 U.S.C. 1981

1-57.   Paragraphs 1 through 57 are hereby incorporated as paragraphs 1 through 57 of this Count Four of the Complaint.

58.   Defendants' decision to demote Plaintiff, and reduce her job responsibilities on April 26, 2001, and to pay her at a lower salary grade level than her lesser qualified male counterparts, specifically Brad Russell or Pat Dowson, to provide her with less benefits, deny her a promotion and/or raise, and to terminate her on March 21, 2003 was because of her race, and denied Plaintiff her right to make and enforce a contract of employment on the same conditions as white citizens in violation of 42 U.S.C. § 1981.

59.   As a result of defendants' actions as described above, plaintiff has

19

suffered damages including, but not limited to, lost income and benefits, emotional distress and humiliation.

## VIII.   COUNT FIVE: Violation of 29 U.S.C. § 206 et seq. (Equal Pay Act)

1-57.   Paragraphs 1 through 57 of this Complaint are hereby incorporated as paragraphs numbered 1 through 57 of Count Five.

58.   Plaintiff received unequal pay and wages than her male counterparts, including Brad Russell and Pat Dowson, for performing work that is equal (and in Brad Russell's case, Plaintiff performed additional work), in the same establishment.

59.   Defendants' aforementioned conduct of paying unequal wages for equal work is on the basis of sex.

60.   As a result of defendants' actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## IX.   COUNT SIX: Retaliation in Violation of Title VII, 42 U.S.C. § 2000e-3

1-57. Paragraphs 1 through 57 of this Complaint are hereby incorporated as paragraphs numbered 1 through 57 of Count Six.

58.   The Defendants' aforementioned conduct was done with malice and/or reckless indifference to plaintiff's rights, and constitutes intentional retaliation against Plaintiff for her protected activity of filing charges of

discrimination by <u>inter alia</u> (1) not awarding Plaintiff stock options under the Plan even though Plaintiff has received them for the past 5 years and has continued to perform at the highest level; (2) not giving Plaintiff a bonus under the Performance Incentive Plan, even though she continued to perform at the highest level up until her termination; (3) promoting every other person on Mr. Moncini's staff except for the Plaintiff, including the woman who replaced Dilip Rangnekar and came in as a Senior Manager and was quickly moved up to Director; and (4) terminating her on March 21, 2003.

59. As a result of defendants' actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## X. COUNT SEVEN: Defamation

1-57. Paragraphs 1 through 57 are hereby incorporated as paragraphs one through 57 of this Count Seven of the Complaint.

58. The statements made by Moncini, Thompson, Page and Granato, agents of the Defendants, including but not limited to the statements made in the company-wide announcement, in connection with the adverse job decision involving Brad Russell and Plaintiff, and statements made concerning Plaintiff's performance in her position as safety manager including those contained in her Performance Feedback, were false.

59. In making these false statements, those individuals and Defendants knew them to be false and/or acted with reckless indifference as to the truth of the statements. They acted with improper and unjustifiable motive in making the statements.

60. As a result of those false statements about her, Plaintiff suffered injury to her reputation, pecuniary losses, and emotional distress.

## XI. COUNT EIGHT: Discrimination on the Basis of Race and National Origin in Violation of C.G.S. § 46a-51 et seq.

1- 57. Paragraphs 1 through 57 are hereby incorporated as paragraphs 1 through 57 of this Count Eight of the Complaint.

58. Plaintiff's race and national origin were motivating factors in defendants' decision to demote her and reduce her job responsibilities on April 26, 2001, to pay her at a lower salary grade level than her lesser qualified male counterparts, specifically Brad Russell and Pat Dowson, and to provide her with less benefits, deny her a promotion and/or raise, and to terminate her on March 21, 2003.

59. In so doing, defendants acted with malice and/or reckless indifference to plaintiff's rights.

60. As a result of defendant's actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## XII. COUNT NINE: Discrimination on the Basis of Sex in Violation of C.G.S. § 46a-51 et seq.

1- 57.   Paragraphs 1 through 57 are hereby incorporated as paragraphs 1 through 57 of this Count Nine of the Complaint.

58.   Plaintiff's race and national origin were motivating factors in defendants' decision to demote her and reduce her job responsibilities on April 26, 2001, to pay her at a lower salary grade level than her lesser qualified male counterparts, specifically Brad Russell and Pat Dowson, and to provide her with less benefits, deny her a promotion and/or raise, and to terminate her on March 21, 2003.

59.   In so doing, defendants acted with malice and/or reckless indifference to plaintiff's rights.

60.   As a result of defendant's actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## XIII. COUNT TEN: Retaliation in Violation of C.G.S. § 46a-60(a)(4)

1- 57. Paragraphs 1 through 57 are hereby incorporated as paragraphs 1 through 57 of this Count Ten of the Complaint.

58. The Defendants' aforementioned conduct was done with malice and/or reckless indifference to plaintiff's rights, and constitutes intentional retaliation against Plaintiff for her protected activity of filing charges of discrimination by inter alia (1) not awarding Plaintiff stock options under the Plan even though Plaintiff has received them for the past 5 years and has continued to perform at the highest level; (2) not giving Plaintiff a bonus under the Performance Incentive Plan, even though she continued to perform at the highest level up until her termination; and (3) promoting every other person on Mr. Moncini's staff except for the Plaintiff, including the woman who replaced Dilip Rangnekar and came in as a Senior Manager but was quickly moved up to Director; and (4) terminating her on March 21, 2003.

59. As a result of defendants' actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## XIV. COUNT ELEVEN: Wrongful Discharge

1- 57. Paragraphs 1 through 57 are hereby incorporated as paragraphs 1 through 57 of this Count Eleven of the Complaint.

58.  Defendants' aforementioned conduct of demanding Plaintiff mischaracterize the investigation report concerning the fatality, to present false information, and Defendants' subsequent termination of her employment for her refusal to do so, violates the important and substantial public policy requiring honesty and integrity in the corporate workplace, and honest and factually accurate information in connection with, *inter alia*, investigations that concern workplace safety contained in state and federal statutes and regulations, and that concern the honesty and integrity of a company that manufactures and installs elevators, the safety of which the general public relies upon on a daily basis.

59.  As a result of defendants' actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## X.  COUNT TWELVE: Violation of Conn. Gen. Stat. § 31-51q

1- 57. Paragraphs 1 through 57 are hereby incorporated as paragraphs 1 through 57 of this Count Twelve of the Complaint.

58.  Paragraph 58 of Count Eleven is hereby incorporated as paragraph 58 of this Count Twelve of the Complaint.

59.  Plaintiff's aforementioned conduct constituted her exercise of First Amendment Rights under the United States Constitution and her rights under the Connecticut Constitution, and were a matter of public concern.

60. Defendants terminated Plaintiff for her exercise of those rights in violation of Conn. Gen. Stat. § 31-51q.

61. As a result of defendants' actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## XI. COUNT THIRTEEN: Breach of Contract

1- 57. Paragraphs 1 through 57 are hereby incorporated as paragraphs 1 through 57 of this Count Thirteen of the Complaint.

58. Defendants' Progressive Discipline Policy, the statements and representations made therein, and Defendants' actions and conduct concerning that Policy, constitute promises that Plaintiff would not be terminated unless the terms of that Policy were followed, and/or would not be terminated without just cause.

59. The statements and representations the Defendants made in the Code of Ethics constitute promises that Plaintiff would not be terminated or otherwise disciplined for adhering to those statements, and indeed Defendants required compliance with the standards.

60. Defendants breached the aforementioned contract when they terminated Plaintiff on March 21, 2003.

61. As a result of defendants' actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## XII. COUNT FOURTEEN: Negligent Misrepresentation

1-57. Paragraphs 1 through 57 are hereby incorporated as paragraphs 1 through 57 of this Count Fourteen of the Complaint.

58-59. Paragraphs 58 and 59 of Count Thirteen are hereby incorporated as paragraphs 58 and 59 of this Count Fourteen of the Complaint.

61. The Defendants recklessly or negligently made the aforesaid representations and statements to the Plaintiff, and those representations or statements were inaccurate, false and misleading.

62. The Defendants reckless or negligent conduct in making these inaccurate, false and misleading representations or statements to the Plaintiff induced the Plaintiff to act to her detriment in justifiable reliance on the Defendants' representations or statements, specifically, to believe that complying with the Code of Ethics in connection with performing her job responsibilities would be a protected activity and that she would not be terminated for doing so.

63. The Plaintiff suffered damages as a result of the Defendant's inaccurate, false and misleading representations or statements.

## XIII.  COUNT FIFTEEN: Promissory Estoppel

1-57.  Paragraphs 1 through 57 are hereby incorporated as paragraphs 1 through 57 of this Count Fourteen of the Complaint.

58-59.  Paragraphs 58 and 59 of Count Thirteen are hereby incorporated as paragraphs 58 and 59 of this Count Fourteen of the Complaint.

60.   Defendants' representations and statements to Plaintiff concerning its Progressive Discipline Policy and its Code of Ethics constitute promises upon which the Defendants reasonably could have expected would induce action or forebearance on the part of its employees including Plaintiff.

61.   Plaintiff did in fact rely on these aforementioned promises to her detriment.

62.   The Plaintiff suffered damages as a result of her detrimental reliance on Defendants' aforementioned promises.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Sue Nichani claims the following relief:

A. Back pay, back benefits, front pay and benefits and prejudgment interest;

B. Compensatory and punitive damages;

C. Costs and attorney fees;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims triable to a jury.

THE PLAINTIFF,
SUE NICHANI

_____
Anthony R. Minchella (ct 18890)
LAW OFFICES OF ANTHONY R. MINCHELLA L.L.C.
  530 Middlebury Road
  Suite 212-213B
  Middlebury, CT  06762
  (203) 758-1069
  (203) 758-2074 Facsimile
  anthonyminchella@sbcglobal.net

Jeffrey J. Tinley, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702
203-596-9030
Federal Bar No.: CT00765

29

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, on this 20th day of April 2004, to:

Albert Zakarin, Esq.
Daniel Schwartz, Esq.
Day, Berry & Howard, LLP
CityPlace I
Hartford CT 06103-3499


Anthony R. Minchella
530 Middlebury Road
Suite 212-213 B
Middlebury, CT 06762

*/s/ Jeffrey L. Tinley*