UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP., and | : | |
| OTIS ELEVATOR COMPANY | : | |
| | : | |
| Defendants. | : | FEBRUARY 4, 2004 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PAYMENT OF EXPERT WITNESS FEES**

Pursuant to Rules 26(b)(4)(C) and Rule 37 of the Federal Rules of Civil Procedure, United Technologies Corp. and Otis Elevator Company (collectively "the Defendants") respectfully move this court for an order compelling the Plaintiff, Sujata Nichani, to pay the fees incurred by the Defendants' expert witness, Christopher Erath, in connection with his deposition. The Plaintiff deposed Mr. Erath on March 31, 2004, and, despite being aware of Mr. Erath's rates and paying a portion of the fee in advance of the deposition, the Plaintiff nonetheless has refused to pay Mr. Erath for his services. The Defendants seek an order compelling payment, as well as attorney's fees and costs.

**I.     RELEVANT BACKGROUND**

The Plaintiff currently has pending in this Court a fifteen-count complaint against the Defendants stemming from the Defendants' termination of her employment. (Third Amended Complaint) In connection with her claim of lost future earnings, the Plaintiff retained Sheldon Wishnik, an actuary, who calculated the Plaintiff's damages, including lost future earnings and stock options, to be roughly $10 to $30 million, depending on the calculation method used.

(Exhibit 3) The Defendants deposed Mr. Wishnik on February 20, 2004. (Exhibit 4) In this connection, Mr. Wishnik required that the Defendants pay $900 in advance of the deposition, which would then be deducted from his total fee. (Exhibit 5) The Defendants paid the $900 on the day of the deposition as requested. (Exhibit 4, p. 7-8; Exhibit 5) Mr. Wishnik's hourly rate for his time associated with the deposition was $225, and his total bill was ultimately $2424.[1] (Exhibit 5) The Defendants paid Mr. Wishnik's bill, excluding the $900 already paid, in full on April 1, 2004. (Exhibit 5)

The Defendants retained Mr. Erath, an economist, as their expert on the issue of lost future earnings. Mr. Erath is a Senior Vice President at National Economic Research Associates ("NERA") in Cambridge, Massachusetts. (Exhibits 1, 6, 7) NERA is a consulting firm specializing in microeconomic analysis. Mr. Erath has worked on several matters involving damages in employment discrimination, labor arbitration, and personal injury cases, and also has prepared studies of statistical liability in employment discrimination proceedings. (Exhibits 1, 7) Mr. Erath holds a Masters and Ph.D. in economics, and his customary rate for his services is $425 per hour, irrespective of the type of work involved. (Exhibit 1, Exhibit 11, p. 7-8)

On March 24, 2004, the undersigned informed Plaintiff's counsel, Jeffrey J. Tinley, in writing that Mr. Erath would require a payment of $1275 in advance of the deposition, which represented three hours at his customary rate. (Exhibit 8) The next day, March 25, 2004, the Plaintiff noticed Mr. Erath's deposition,[2] which was taken on March 31 in Boston, as scheduled. (Exhibit 9)

---

[1] Wishnik's bill represented a total of 10 hours and 40 minutes, plus $24 for parking. The time was broken down as follows: 2 hours of preparation time; 6 hours of deposition time; 1 hour and 10 minutes of travel time; and 1.5 hours reviewing the errata sheet. (Exhibit 5)

[2] Attached to the Notice of Deposition was a list of 17 items that the Plaintiff requested that Mr. Erath bring to the deposition. (Exhibit 9)

-3-

Before the deposition began, Mr. Tinley paid Mr. Erath the required $1275 prepayment. (Exhibit 10) At the beginning of the deposition, Mr. Tinley then confirmed Mr. Erath's hourly rate, and Mr. Erath testified that he charged $425 for all work that he performs. (Exhibit 11, p. 7-8.) Mr. Erath concluded that Mr. Wishnik's calculation on the Plaintiff's lost future earnings was overstated; whereas Mr. Wishnik estimated damages approximately between $10 and $30 million, Mr. Erath estimated damages approximately between at $300,000 and $430,000. (Exhibits 3, 6))

On April 13, 2004, Mr. Erath sent Mr. Tinley a bill for his deposition. (Exhibits 1, 12) The bill represented 11.25 hours (6.5 hours of preparation time, plus 4.75 at the deposition itself) at $425 per hour, plus approximately $50 for taxi-fare in Boston. (Exhibit 12) After crediting the $1275 prepayment, the outstanding balance was $3557. (Exhibit 12) Mr. Tinley did not pay the balance or otherwise respond to this request for payment.

Mr. Erath sent a second request for payment on May 14, 2004, to which Mr. Tinley never responded. (Exhibits 1, 13) On November 8, 2004, after the Defendants learned that Mr. Erath's fee remained outstanding, the undersigned sent Mr. Tinley a letter requesting payment, assuming the failure to pay was "simply an oversight." (Exhibits 2, 14) On December 17, 2004, after again learning that Mr. Erath's fee remained outstanding, the Defendants paid Mr. Erath's fee in full, and sent Mr. Tinley a second letter requesting payment. (Exhibits 2, 15) Mr. Tinley finally responded, after four requests for payment over the course of seven months, in a December 22, 2004 letter, indicating that Mr. Erath's fees were unreasonable. (Exhibits 2, 16) This was the first time that Mr. Tinley expressed an unwillingness to pay Mr. Erath's fee, despite already having completed Mr. Erath's deposition for which he had paid $1275 in advance, representing 3 hours at Mr. Erath's customary rate.

After Mr. Tinley and the undersigned discussed the matter over the telephone, Mr. Tinley sent another letter, on January 7, 2005, indicating that he was unwilling to pay Mr. Erath's fee unless it was reduced.  (Exhibits 2, 17)  In this letter, Mr. Tinley indicated that he would be willing to pay for Mr. Erath's time spent at the deposition itself, plus ½ hour of preparation time.  This offer failed to recognize Mr. Erath's preparation time spent the day before the deposition, even though the Defendants promptly paid Mr. Wishnik for his preparation and travel time.  (See exhibit 18)  In addition, the offer represented less than the total amount charged by Mr. Wishnik, who does not hold a graduate degree.[3]  (See exhibit 18)

In response, on January 11, 2004, the undersigned wrote to Mr. Tinley asking that he pay Mr. Erath's bill in full.  In addition, the undersigned outlined why Mr. Erath's rate was not unreasonable, and why Plaintiff's offer in his January 7 letter was unacceptable.  To "put this dispute to rest," however, the undersigned agreed to recommend that the Defendants accept a reduced payment of $3,132.35.  (Exhibits 2, 18)  Plaintiff's counsel did not respond to this letter.

## II.   ARGUMENT

**A.   The Plaintiff is required to pay expert fees in response to discovery.**

Federal Rule of Civil Procedure 26(b)(4)(C) provides that "the court *shall require* that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . ."  (Emphasis added.)  The purpose of the rule is "to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free from cost."  Goldwater v. Postmaster General, 136 F.R.D. 337, 339 (D. Ct. 1991).[4]  Courts are in agreement that this rule is mandatory.  See Torrico v.

---

[3] Mr. Wishnik holds a Bachelor of Arts in Mathematics, whereas Mr. Erath holds a Masters and a Ph.D. in Economics.  (Exhibit 3, 7)

[4] Cases cited herein are attached as Exhibit 19.

International Business Machines Corp., 2004 U.S. Dist. LEXIS 26142 at *6 (S.D.N.Y 2005) (party seeking discovery "obligated by the federal rules" to pay expert witness fees); Long Term Capital Holdings v. United States, 2003 U.S. Dist. LEXIS 13255 at *6 (D. Conn. 2003) (ordering expert fees paid under rule).

Courts look to several factors in determining what constitutes a reasonable fee, including: (1) the witness's area of expertise; (2) the expert's education and training; (3) the cost of living in the expert's particular geographic area; (4) the rate the expert charges for other matters; and (5) any other factor likely to be of assistance to the court. Fisher-Price, Inc. v. Safety 1st, Inc., 217 F.R.D. 329, 333 (D. Del. 2003); Silberman v. Innovation Luggage, Inc., 2002 U.S. Dist. LEXIS 14832 (S.D.N.Y. 2002). The weight attributed to each of these factors depends, of course, on the circumstances before the court. Goldwater, 136 F.R.D. at 340. Although there is no general rule as to what constitutes a "reasonable fee," courts in Connecticut ordinarily have required the party seeking discovery to show that the fee was unreasonable. E.g., Gormley v. M&G Transport, CV020390504S, 2004 Conn. Super. LEXIS 3080 at *6 (Conn. Super. Ct. Oct. 15, 2004) (discussing almost identical state discovery rule, and concluding that $1000/hour was reasonable because plaintiff failed to show that it was unreasonable).[5]

Based on the correspondence from Plaintiff's counsel, it appears that the Plaintiff has refused to pay Mr. Erath's fee because he claims either: (1) the hourly rate is unreasonable; or (2)

---

[5] The Western District of New York, relying on a case from the Northern District of Illinois, has stated that the party seeking reimbursement of expert fees bears the burden of proving reasonableness. See New York v. Solvent Chem. Co., 2002 U.S. Dist. LEXIS 18601 at **13 (W.D.N.Y. 2002). Even in that case, however, the court found persuasive that the nonmoving party failed to present evidence demonstrating that the fee was unreasonable. Id. at **13-14. Irrespective of who bears the burden in the present case, the Defendants will set forth several reasons why the fee is reasonable. In addition, through the parties' correspondence to date, the Plaintiff has not presented any reasons why the fee is unreasonable.

the Plaintiff objects to paying Mr. Erath for time spent in addition to the deposition itself. Neither of these contentions has merit.

The Plaintiff cannot reasonably maintain that Mr. Erath's $425 hourly rate is unreasonable. Whatever objections the Plaintiff had regarding Mr. Erath's hourly rate were waived when he paid a portion of the fee in advance, and deposed Mr. Erath. As discussed above, the undersigned informed the Plaintiff of Mr. Erath's hourly rate one week prior to the deposition. At that point, if Mr. Tinley had a problem with the rate, he could have brought that issue to the court's attention, or at least discussed the issue with the Defendants *before* the deposition. Instead, he went ahead with the deposition as scheduled, even confirming his understanding of Mr. Erath's rate during the deposition. Only after ignoring three requests for payment did Mr. Tinley respond to the fourth, indicating his view that Mr. Erath's fees were unreasonable. Questioning Mr. Erath's rate now, some nine months after taking his deposition, and after having the benefit of that testimony, is hardly an excuse for ignoring the requirements of Rule 26(b)(4)(C).

Putting aside the Plaintiff's acquiescence to Mr. Erath's hourly rate, there is nothing to suggest that his rate was unreasonable. First, Mr. Erath's hourly rate for this deposition was the same that he charges for all his services.[6] See Lamere v. NY State Office for the Aging, Jack Tuck, 223 F.R.D. 85, 93 (N.D.N.Y 2004) (court determined that a reasonable fee was equivalent to expert's customary rate). In this context, experts are entitled to compensation because of work forgone, and Mr. Erath should not be forced to take a pay-cut every time he serves as an expert

---

[6] In the few recent cases that have found fees to be unreasonable, the expert's fees charged hourly fees that were substantially higher than the expert's ordinary rate. See Brought v. Batson, 2003 Conn. Super. LEXIS 3468 (Conn. Super. Ct. 2003) (reducing fee to $400 per hour because expert sought to charge $5000 flat rate); Rose v. Jolly, 48 Conn. Supp. 606, 610 (reducing fee to $400 per hour because expert sought to charge over $2000 per hour).

witness. See Danise v. Safety Kleen Corp., 1998 U.S. Dist. LEXIS 18759 at *1-2 (D. Conn. 1998) (noting that experts are essentially unavailable for other work during depositions).

Second, Mr. Erath is a well-regarded economist, with a Masters and a Ph.D. in Economics. He currently is a Senior Vice President with National Economic Research Associates, Inc., and his curriculum vitae lists over twenty Conferences, Articles and Testimonies. Considering that the Plaintiff is seeking millions of dollars in lost future earnings, it hardly seems unreasonable for the Defendants to retain a well-qualified expert. Simply put, the Defendants retained Mr. Erath for his high level of expertise, and his knowledge and credentials are valued at $425 per hour. See New York v. Solvent Chem. Co., 2002 U.S. Dist. LEXIS 18601 at **13-14 (W.D.N.Y. 2002) (noting education and professional credentials in determining reasonableness).

Third, Mr. Erath's rate is consistent with other economists of comparable credentials in the Boston area, which is known for its high cost of living. Exhibit 1; see Morse v. Secretary of HHS, 1992 U.S. Cl. Ct. LEXIS 115 (Ct. Cl. 1992) (noting high cost of living in Boston area); Gormley v. M&G Transport, CV020390504S, 2004 Conn. Super. LEXIS 3080 at *6 (Conn. Super. Ct. Oct. 15, 2004) (noting high cost of living as factor in determining expert fee). Finally, the Plaintiff cannot articulate any reasons why Mr. Erath's rate is unreasonable. See New York v. Solvent Chem. Co., 2002 U.S. Dist. LEXIS 18601 at **13 (W.D.N.Y. 2002) (noting nonmoving party's failure to present reasons why fee was unreasonable); Gormley v. M&G Transport, CV020390504S, 2004 Conn. Super. LEXIS 3080 at *6 (Conn. Super. Ct. Oct. 15, 2004) (same).

With regard to the Plaintiff's objection to paying for Mr. Erath's preparation time, it is well-settled that the party seeking discovery also must pay for the time spent preparing for the

deposition.[7] See New York v. Solvent Chem. Co., 2002 U.S. Dist. LEXIS 18601 at **23 (W.D.N.Y. 2002); ("district courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)(C)"); Collins v. Village of Woodridge, 197 F.R.D. 354, 357 (D. Ill., 1999) "[t]ime spent preparing for a deposition is, literally speaking, time spent in responding to discovery"; Danise v. Safety Kleen Corp., 1998 U.S. Dist. LEXIS 18759 at *1-2 (D. Conn. 1998) (ordering payment for preparation time for expert's deposition). Considering Mr. Erath's rebuttal of Mr. Wishnik's projection of approximately $10 million to $30 million in damages, and the subject of the deposition, it cannot reasonably be maintained that this case did not warrant the retention of a well-qualified expert, along with his time preparing for the deposition.

Nor can the plaintiff reasonably maintain that Mr. Erath spent an unreasonable number of hours preparing for the deposition. First, a comparison of the two experts' bills reveals that Mr. Erath billed only 35 minutes more in total than Mr. Wishnik (11 hours, 15 minutes, compared to 10 hours, 40 minutes). Thus, any dispute regarding the number of hours spent between the experts cannot reasonably form the basis of Mr. Tinley's refusal to pay; rather; his objection must be based on Erath's hourly rate. In addition, *both* experts charged for preparation time. Mr. Wishnik's deposition lasted slightly less than 6 hours, and he billed an additional 4 hours and 40 minutes of miscellaneous time. See note 1, supra. Mr. Erath charged 6.5 hours of preparation time, for a deposition that lasted slightly less than 5 hours, but indicated approximately 4.75 on the official transcript.[8] Thus, Mr. Erath's total bill included only an

---

[7] State courts interpreting an analogous discovery rule have come to the same conclusion. See Brought v. Batson, 2003 Conn. Super. LEXIS 3468 (Conn. Super. Ct. 2003); Rolfe v. New Britain Gen. Hosp., 47 Conn. Supp. 296 (Conn. Super. Ct. 2001).

[8] In a letter protesting Mr. Erath's fee, Mr. Tinley indicated that the deposition lasted only 4.75 hours. (Exhibit 16) Mr. Tinley failed to mention, however, that he arrived at the deposition

additional 1 hour and 50 minutes of "preparation" time compared to Mr. Wishnik. Considering that Mr. Tinley assigned Mr. Erath with seventeen document requests for the deposition, it is not unreasonable that Mr. Erath spent such time preparing. Finally, as a general proposition, 6.5 hours was not an unreasonable amount of time spent preparing for deposition, especially because Mr. Erath did not know how many hours Mr. Tinley would depose him. See Silberman v. Innovation Luggage, Inc., 2002 U.S. Dist. LEXIS 14832 (S.D.N.Y. 2002) (not unreasonable for expert to spend 8 hours preparing for a 6.5 hour deposition). Because neither Mr. Erath's hourly rate nor the number of hours billed was unreasonable, the federal rules require that the Plaintiff pay Mr. Erath's fee in full.

**B.     This Court should award the Defendants attorney's fees and costs.**

Rule 37 of the Federal Rule of Civil Procedure, entitled "Failure to Make Disclosure or Cooperate with Discovery; Sanctions," allows a moving party to recover attorney's fees and costs incurred in filing a motion in relation to a discovery dispute. See Fed. R. Civ. P. 37(a)(4). Although the rule does not expressly refer to a party's failure to pay expert fees, attorney's fees and costs have been awarded for such conduct. See New York v. Solvent Chem. Co., 2002 U.S. Dist. LEXIS 18601 at **37 (W.D.N.Y. 2002) (awarding attorney's fees in costs in a similar dispute, and discussing Rule 37's applicability).

The present matter counsels strongly in favor of awarding the Defendants the attorney's and costs in filing this motion. As discussed above, Mr. Tinley was aware of Mr. Erath's rates, but nonetheless paid a portion of the fee in advance and deposed Mr. Erath, as scheduled. Mr. Tinley then *ignored* three requests for payment; two from Mr. Erath himself, and one from the Defendants. Only after the Defendants paid Mr. Erath's fee in fairness to him, did Mr. Tinley

---

15 minutes late (the deposition was scheduled to begin at 10:30, Mr. Tinley arrived at 10:45, the deposition began at 11:02 and ended at 3:43). (Exhibit 11)

finally respond to a fourth request for payment, indicating his view that the fee was unreasonable.  As expressed in the attached correspondence, the Defendants have made reasonable efforts to end this dispute without the involving the court.  (See Exhibit 18 (letter to Mr. Tinley describing the events discussed above))  Accordingly, in addition to granting the Defendants' motion to compel payment of expert fees, this Court also should award the attorney's fees and costs in bringing this motion.  In such an instance, the Defendants will provide an accounting to the court, after the Plaintiff has had an opportunity to be heard on the matter.  See Fed. R. Civ. Proc. 37(a)(4)(A) ("court *shall*, after affording an opportunity to be heard, *require* the party or deponent whose conduct necessitated the motion . . . to pay the reasonable expenses incurred in making the motion, including attorney's fees . . .") (emphasis added); see also New York v. Solvent Chem. Co., 2002 U.S. Dist. LEXIS 18601 at **37 (W.D.N.Y. 2002).

### III.   CONCLUSION

The Plaintiff has no reasonable basis for refusing to pay Mr. Erath's fees in full, as required by the federal rules.  The Defendants respectfully request an order compelling the payment of Mr. Earth's fees, along with attorney's fees and costs.

-11-

        THE DEFENDANTS,
        UNITED TECHNOLOGIES CORP. and
        OTIS ELEVATOR COMPANY


By_____
        Albert Zakarian (ct04201)
        Daniel A. Schwartz (ct15823)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, CT 06103-3499
        (860) 275-0100 (telephone)
        (860) 275-0343 (facsimile)
        azakarian@dbh.com
        daschwartz@dbh.com

        Their Attorneys

-12-

## **CERTIFICATION**

      I hereby certify that the foregoing was sent via regular mail, postage prepaid, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 212-213B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

                                                _____
                                                    Albert Zakarian