UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| UNITED TECHNOLOGIES CORP., and OTIS ELEVATOR COMPANY | : | |
| Defendants. | : | FEBRUARY 4, 2005 |

## AFFIDAVIT OF CHRISTOPHER ERATH

Christopher Erath, being duly sworn, deposes and says:

1. I am over 18 years of age and believe in the obligation of an oath.

2. I received a Masters and a Ph.D. in Economics from the University of Wisconsin, where my fields of interest included labor economics, econometrics, and industrial organization. I received an A.B. degrees in Economics and Mathematics from Bowdoin College.

3. I am a Senior Vice President at National Economic Research Associates ("NERA") in Boston, Massachusetts. NERA is a consulting firm specializing in microeconomic analysis.

4. My primary area of interest is labor economics. I have been the project leader on matters involving damages in employment discrimination, labor arbitration, and personal injury cases, and also have prepared studies of statistical liability in employment discrimination proceedings.

5.  I was engaged as an expert witness by Day, Berry & Howard to review the report by Sheldon Wishnik purporting to estimate the "lost income and employee benefits" of the Plaintiff, Sujata Nichani, as a result of her separation from Otis Elevator in March, 2003.

6.  I was deposed by Plaintiff's counsel, Jeffrey Tinley, at Day, Berry & Howard LLP's Boston office on March 31, 2004. The subject of the deposition concerned my review of Mr. Wishnik's report, as well my projections of the Plaintiff's damages stemming from lost future earnings and stock options, among other things.

7.  My billing rate for my services is $425 per hour. I charge this rate for all my services, whether it is preparing for depositions, appearing at trial, preparing statistical reports, or any other service for which I am retained. I used this billing rate for the time spent preparing for and giving my deposition in this case. Based on my knowledge of other similarly situated economists who provide similar services, I understand that $425 per hour is neither an unreasonable nor an extraordinary rate. In addition, $425 per hour is not inconsistent with the rates of other economists at my level at NERA.

8.  When my deposition was taken in this matter, I asked that the first 3 hours be paid in advance. This is not an uncommon practice for expert testimony. Before the deposition, I received a check from Mr. Tinley in the amount of $1275, representing 3 hours at my customary rate of $425 per hour.

9.  The day before the deposition, March 30, 2004, I spent 6 hours preparing for the deposition. I spent an additional ½ hour preparing for the deposition on the morning of March 31. The deposition was scheduled to begin at 10:30 A.M., but did not officially start until about 11:00 A.M.. The deposition concluded at about 3:45 P.M.

10. On April 13, 2004, I sent Mr. Tinley a bill for the time spent in relation to my deposition. The bill totaled 4832.35, which represented 11.25 hours of time, plus expenses of $51.10. After crediting the $1275 prepayment, the outstanding balance was $3557.35. Mr. Tinley never paid or otherwise responded to this request for payment.

11. On May 14, 2004, I sent a second request for payment, which contained the same information as the previous bill. Mr. Tinley never paid or otherwise responded to this request for payment.

12. I contacted Day, Berry & Howard LLP regarding Mr. Tinley's failure to pay my bill. I understand that on November 8, 2004, Al Zakarian sent Mr. Tinley a letter requesting that my fee be paid.

13. Day, Berry & Howard LLP eventually paid the outstanding $3557.35 discussed above on behalf of Mr. Tinley. I understand that on December 17, 2000, Al Zakarian sent a second letter to Mr. Tinley requesting that it reimburse Day, Berry & Howard for the $3557.35.

_____
Christopher Erath

_____
Notary Public
Silvia E. Santos
Notary Public
Commonwealth of Massachusetts
My Commission Expires
September 22, 2011

-3-