UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP., and | : | |
| OTIS ELEVATOR COMPANY | : | |
| | : | |
| Defendants. | : | FEBRUARY 4, 2005 |

## AFFIDAVIT OF ALBERT ZAKARIAN

I, Albert Zakarian, being duly sworn, deposes and says:

1. I am over 18 years of age and believe in the obligation of an oath.

2. Except as otherwise noted herein, I have personal knowledge of the facts attested to in this Affidavit.

3. As an attorney at the law firm of Day, Berry & Howard LLP, I am the counsel for United Technologies Corp., and Otis Elvator Company (collectively "the Defendants").

4. My firm engaged Christopher Erath, an economist, as an expert witness in the above captioned case. Mr. Erath prepared a report that estimated the damages of Plaintiff, Sujata Nichani.

5. On March 24, 2004, I informed Plaintiff's counsel, Jeffrey Tinley, in writing that Mr. Erath's hourly rate is $425. I also informed Plaintiff's counsel that Mr. Erath would require that three hours of his deposition be paid for in advance. Mr. Tinley noticed the deposition of Mr. Erath the following day, March 25.

6.      On March 31, 2004, before the deposition of Mr. Erath began, Mr. Tinley gave Mr. Erath a check for $1275, representing 3 hours at Mr. Erath's customary rate.

7.      It is my understanding that, on April 13, 2004, Mr. Erath sent Mr. Tinley a bill for time spent in connection with the deposition. After crediting the $1275 prepayment, the outstanding balance was $3557.35.

8.      It is my understanding that, on May 14, 2004, Mr. Erath sent Mr. Tinley another copy of his bill.

9.      On November 8, 2004, after I learned that from Mr. Erath that his fee remained unpaid, I sent Mr. Tinley a letter requesting payment. I never received a response to that letter, and the fee remained unpaid.

10.     On November 16, 2004, after again learning that Mr. Erath's fee remained unpaid, my law firm paid Mr. Erath's fee in full. On December 17, 2004, I sent Mr. Tinley a letter requesting that he reimburse that payment.

11.     On December 22, 2004, Mr. Tinley responded to my December 17 letter indicating that Mr. Erath's fees were unreasonable. This was the first time that Mr. Tinley expressed an unwillingness to pay Mr. Erath's fee.

12.     After Mr. Tinley and I discussed the matter over the telephone, Mr. Tinley sent another letter, dated January 7, 2005, indicating that he was unwilling to pay Mr. Erath's fee unless it was reduced.

13.     In response, on January 11, 2004, I wrote to Mr. Tinley asking that he pay Mr. Erath's bill in full. In addition, I outlined my position as to why Mr. Erath's rate was not unreasonable, and why Plaintiff's offer in his January 7 letter was unacceptable. To "put this

dispute to rest," however, I agreed to recommend that the Defendants accept a reduced payment of $3,132.35. Plaintiff's counsel did not respond to this letter.

14. Based on the foregoing, I believe that I have made a good faith effort to attempt to resolve the dispute concerning Mr. Erath's fees without the intervention of the court, but I have been unable to do so.

_____
Albert Zakarian

Subscribed and sworn to before me this 4TH day of February, 2005.

_____
Notary Public/Commissioner of the Superior Court
My Commission Expires:

DINA SMEDICK
NOTARY PUBLIC
MY COMMISSION EXPIRES JAN. 31, 2009

-3-