UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUJATA NICHANI,<br>        Plaintiff<br>v.<br><br>OTIS ELEVATOR COMPANY and<br>UNITED TECHNOLOGIES CORP.<br>        Defendants | NO.: 3:02 CV 1384 (MRK)<br><br><br><br><br><br>MARCH 25, 2004 |

## NOTICE OF DEPOSITION

Sujata Nichani, the plaintiff in the above-captioned matter will take the deposition of the defendant's expert witness, Christopher Erath, Ph.D., on **March 31, 2004, at 10:30 a.m.**, at the offices of Day, Berry & Howard, LLP, 260 Franklin Street, Ste. 2150, Boston, MA, before a Court reporter or other competent authority.

The plaintiff requests that the deponent bring with him and produce at said deposition the documents on Schedule A hereto.

THE PLAINTIFF,


BY_____
Jeffrey J. Tinley, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702
203-596-9030
Federal Bar No.: CT00765

Schedule A

Your entire file with respect to your engagement and activities as an expert witness in the above matter, including without limitation of the foregoing, the following:

1. All notes, work papers, documents or electronic data which you were provided, reviewed or rely upon in connection with your engagement as an expert witness in this case, the investigation and preparation of your expert witness report, the formulation or basis for your opinions in this matter, or your preparation to provide testimony in this matter.

2. All notes, work papers or other documents or electronic data reflecting your analyses or calculations with respect to the damages claimed by the plaintiff.

3. All notes, work papers or other documents or electronic data reflecting your analyses or calculations with respect to your review and evaluation of the report or testimony of Sheldon Wishnik in this case.

4. All notes, work papers or other documents or electronic data which you rely upon for the statement at page 2 of your report that Mr. Russell was moved into Ms. Nichani's position "so that he could gain more line experience in the elevator business.

5. All notes, work papers or other documents or electronic data which you rely upon for the statement at page 2 of your report that Mr. Russell's "compensation was 'red circled' or left unchanged when he moved," or your conclusion or opinion that Mr. Russell or his position was in fact "red-circled."

6. All notes, work papers or other documents, or electronic data, which you rely upon for the statement at page 3 of your report that "red-circled" means "he [Russell] maintained his executive compensation but would not have been eligible for pay increases until his compensation was in line with the level of his new position."

7. All notes, work papers or other documents or electronic data which you rely upon for the statement at page 3 of your report that "[r]ed circling is a common practice when companies move an employee into a lower level position, possibly to allow that employee to obtain additional experience, but do not wish the employee's pay to decrease as a result."

8. All notes, work papers or other documents or electronic data which you rely upon for the statements and data at page 4 of your report regarding bonus multipliers in use in 1999-2001 and 2002 and 2003.

9. All notes, work papers or other documents or electronic data which you rely upon for the statement at page 4 of your report that "Ms. Nichani was terminated because of her failure to enforce company safety guidelines, and this failure became apparent in the course of an investigation into a fatal accident."

10. All notes, work papers or other documents or electronic data which you rely upon for the statement at page 4 of your report: "I have been advised that senior employees had their incentive compensation reduced as a result of this investigation, and had Ms. Nichani not been terminated she could have had her compensation reduced."

11. All notes, work papers or other documents or electronic data which you refer to in the statement at page 5 of your report that "I obtained from Otis information showing the salary increase budget for 2003 and 2004" and for your statement on the same page that the midpoint of permissible salaries for her salary range increased from 1998 to 2000 at the rate of 2.7 percent.

12. All notes, work papers or other documents or electronic data which you rely upon for the statement at pages 4-5, footnote 2 of your report that there were no merit increases in the year 2000.

13. All notes, work papers or other documents or electronic data which you rely upon for the statements at pages 6 and 7 of your report concerning stock options granted given to Mr. Russell or to other executive or non-executive employees.

14. All notes, work papers or other documents or electronic data which you rely upon for the statements at page 8 of your report regarding the methodology used by UTC to value employee stock options.

15. All notes, work papers or other documents or electronic data which you rely upon for the assumption, stated at page 8 of your report, regarding "a three percent annual increase in the stock price."

16. All census data, worklife tables, labor statistics, occupational data, employment and salary data, textbooks, articles, charts, graphs or other source materials to which you consulted or which you relied upon in drafting your report.

17. All prior drafts or partial drafts of your report, and all workpapers, calculations and notes related to your engagement or prospective engagement as an expert witness in this matter.

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, on this 25th day of March 2004, to:

Albert Zakarin, Esq.
Daniel Schwartz, Esq.
Day, Berry & Howard, LLP
CityPlace I
Hartford CT 06103-3499


Anthony R. Minchella
530 Middlebury Road
Suite 212-213 B
Middlebury, CT 06762

                                       Jeffrey J. Tinley


And a copy was mailed, U.S. Mail, postage prepaid to:

Kaczinski Reporting
72 Chandler
Boston, MA 02116