# Day, Berry & Howard LLP

COUNSELLORS AT LAW

Albert Zakarian
Direct Dial: (860) 275-0290
E-mail: azakarian@dbh.com

January 11, 2005

Jeffrey J. Tinley, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

    Re:    *Nichani v. Otis Elevator* (unpaid expert's deposition bill)
            3:02 CV 1384 (MWK)

Dear Jeff:

    Thank you for enclosing a copy of Christopher Erath's bill as requested. I have reviewed your most recent January 7 letter that questions Mr. Erath's time billed and his customary rate, and I have revisited this issue my client. We continue to believe, however, that you and your client should pay Mr. Erath's bill in full.

    If you recall, you noticed Mr. Erath's deposition on March 24, 2004, which was taken on March 31, as scheduled. You also prepaid $1,275 of Mr. Erath's fee. This fee represented three hours of Mr. Erath's time at his customary rate of $425 per hour. You confirmed those rates during the first few moments of the deposition by questioning Mr. Erath about his fees.

    After the deposition, on April 13, 2004, Mr. Erath forwarded you his bill crediting the $1,275 payment, along with a letter requesting payment for the remaining $3,557. You never responded to that letter. Mr. Erath sent you another request for payment on May 14, 2004, again with no response. After we learned that Mr. Erath's fee remained outstanding, we sent you a letter on November 8, 2004 requesting payment. On December 17, 2004, after again learning that Mr. Erath's fee remained outstanding, we paid his fee in full, and sent you a second letter requesting payment. Only then did you respond, in a December 22, 2004 letter, indicating your view that the fees were unreasonable.

    As I noted, you were aware of Mr. Erath's fee prior to his deposition. We sent you a letter on March 24, 2004 requesting that you notice Mr. Erath's deposition, and we outlined his fee arrangement in that letter. You then prepaid $1,275 of Mr. Erath's fee upon your arrival at the deposition. If you had reservations about the reasonableness of his fees, you should have raised that issue with the court *before* you took the deposition. Moreover, you paid Mr. Erath's customary rate before the deposition, but refused to pay that same rate after you completed his deposition.

CityPlace I | Hartford, CT 06103 | *t* 860 275 0100 *f* 860 275 0343

Boston    Greenwich    Hartford    New Haven    New York    Stamford    West Hartford    *www.dbh.com*

Day, Berry & Howard LLP

Jeffrey Tinley, Esq.
January 11, 2005
Page 2

    You also say it is unreasonable to pay Mr. Erath for time spent in addition to the deposition itself, such as preparation time. We promptly paid the fees, however, of your expert, Sheldon Wishnik, which also included time spent in addition to the deposition itself. Mr. Wishnik's total bill represented 10 hours, 40 minutes, when the deposition itself lasted less than 6 hours, including the lunch break. Mr. Erath's total bill was for 11.25 hours, and the deposition itself lasted about 4.75 hours. Thus, Mr. Erath's total bill included only an additional 1 hour, 50 minutes of "preparation" time; you have not presented any persuasive reason why that amount was unreasonable. Considering Mr. Erath's rebuttal of Mr. Wishnik's projection of approximately $10 million to $30 million in damages and the subject of the deposition, it cannot reasonably be maintained that this case did not warrant our retention of a well-qualified expert, along with his time preparing for the deposition.

    Finally, as to the reasonableness of Mr. Erath's hourly rate, you have presented no reasons why $425 per hour is unreasonable. In contrast to Mr. Wishnik, whose highest degree is a Bachelor of Arts in Mathematics, Mr. Erath holds a Masters and a Ph.D. in Economics. In addition, $425 per hour is Mr. Erath's customary rate for his services. Thus, it cannot be argued that Mr. Erath's fee in this case was out of step with other work he ordinarily performs. Simply put, we retained Mr. Erath for his high level of expertise, and his knowledge and credentials are valued at $425 per hour.

    I have written this letter because I would prefer not to involve the court in this dispute, and I suspect that you feel the same way. You undoubtedly are aware, however, that you have the burden of establishing that Mr. Erath's fee was unreasonable, and your correspondence and our discussions have not persuaded me that it was. I also find your January 7 offer of compromise unacceptable. It is less than the amount charged by Mr. Wishnik. Nevertheless, to put this dispute to rest, I would recommend that our client accept a payment of $3,132.35. This figure represents a reduction of Mr. Erath's preparation time on March 31 by one hour. After you've had an opportunity to discuss this proposal with your client, please call me. I look forward to hearing from you.

    Very truly yours,

    Albert Zakarian

AZ/pad

cc:    Anthony R. Minchella, Esq.
       Daniel A. Schwartz, Esq.

Day, Berry & Howard LLP

Jeffrey Tinley, Esq.
January 11, 2005
Page 3

bcc:    Joseph C. Zemetis