UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP., and | : | |
| OTIS ELEVATOR COMPANY | : | |
| | : | |
| Defendants. | : | FEBRUARY 28, 2005 |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants, United Technologies Corp. and Otis Elevator Company (collectively "the Defendants") respectfully move for Summary Judgment on all claims. In this case, the Plaintiff, Sujata Nichani, has filed the proverbial "laundry list" of claims in her Third Amended Complaint, with 15 counts ranging from race discrimination to promissory estoppel arising out of the terms and conditions, and eventual termination, of her employment with Otis. Despite all these claims, and thousands of pages of documents, including the depositions of Otis' top executives, there remains no genuine issue as to the facts of this case. Based on those facts, and for the reasons set forth in the accompanying Memorandum of Law, Defendants are entitled to summary judgment on all claims.

Putting aside, for the moment, the number of causes of action that Nichani has filed, this case centers on two key claims: Nichani's belief that she was not promoted to an executive-level position in 2001 because of her race, national origin and gender, and her belief that her

-2-

termination two years later, in March 2003, was illegal retaliation for complaining about not being promoted.

Nichani's first claim, that she should have been promoted to an executive position in the safety area in spring 2001, fails because she has no evidence that she was denied a promotion because of her race, national origin or gender.  Moreover, her claim that she should have been paid the same as a white male executive, who was took over her responsibilities for a less than a week in 2001 before resigning, fails because there is no evidence that her gender, race or national origin had anything to do with how she – or the male employee – was compensated.  Indeed, the undisputed facts show that the male executive to whom she compares herself was a safety professional with over 20 years' experience (with over 10 within Otis and UTC at an executive-level), when Nichani had but two years in the safety area.  In any event, any disparities in their compensation were not gender-based.

When Nichani filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities in August 2001, raising these claims, Otis did not change her position, salary, or benefits, nor did Otis retaliate against her in any way.  Indeed, it is undisputed that Nichani continued to work in her position as a senior manager in charge of environment, health and safety for Otis' North America Area ("NAA") for the next year and half.  After the tragic death of an Otis elevator mechanic in December 2002 in the North America Area, Nichani's supervisor, Raymond Moncini, President of Otis NAA, learned that Nichani had failed to implement safety policies mandated by Otis' world headquarters.  He noted this critical failure and other deficiencies in various e-mails to her and in her performance review.  Ultimately, in March 21, 2003, he decided that these failures warranted Nichani's termination.  Although the termination was not a sanction for the mechanic's death, the issues that Nichani's boss

-3-

discovered as a result of the fatality were serious. Ms. Nichani has not shown that the reasons for termination were pretextual, and in retaliation for her filing a prior discrimination charge, or because of her gender, race or national origin.

For these reasons, explained in more detail in Defendants' Memorandum of Law in Support of Their Defendants' Motion for Summary Judgment and their Local Rule 56(a)1 Statement, this Court should grant Defendants' Motion.

THE DEFENDANTS,
UNITED TECHNOLOGIES CORP. and
OTIS ELEVATOR COMPANY


By_____/s/_____
        Albert Zakarian (ct04201)
        Daniel A. Schwartz (ct15823)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, CT 06103-3499
        (860) 275-0100 (telephone)
        (860) 275-0343 (facsimile)
        azakarian@dbh.com
        daschwartz@dbh.com

        Their Attorneys

## CERTIFICATION

      I hereby certify that the foregoing was sent via regular mail, postage prepaid, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 212-213B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

                                                      /s/
                                        Daniel A. Schwartz