<u>SUJATA NICHANI</u>
<u>VS.</u>
<u>UNITED TECHNOLOGIES CORP. AND OTIS ELEVATOR COMPANY</u>
CIVIL ACTION NO. 3:02CV1384 (MRK)

# Exhibit 1

to Defendants' Memorandum of Law
in Support of Its Motion for Summary Judgment

## ZELDES, NEEDLE & COOPER

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
1000 LAFAYETTE BLVD.
POST OFFICE BOX 1740
BRIDGEPORT, CONNECTICUT 06601-1740

TELEPHONE (203) 333-9441
FAX (203) 333-1489

Sarah W. Poston
Direct Dial: (203) 332-5707

August 23, 2001

**VIA HAND DELIVERY**

Tanya A. Hughes, Regional Manager
Connecticut Commission on Human Rights
  & Opportunities
1057 Broad Street
Bridgeport, CT 06604

RECEIVED
AUG 23 2001
COMM. ON HUMAN RTS & OPP.
SOUTHWEST REGIONAL OFFICE

Re: <u>Nichani v. United Technologies, Inc.</u>

Dear Ms. Hughes:

Enclosed please find for filing a Charge of Illegal Discrimination, Affidavit of Illegal Discriminatory Practice, and supporting documents in connection with the above matter.

Please return to me the enclosed copy for my files, and along with it an appearance form for me to complete. Thank you.

Sincerely,

Sarah W. Poston

Sarah W. Poston

Enc.

NICH000147

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

### AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

DATE: __August 23, 2001__     CASE NO.: _____

My name is __Sujata (Sue) Nichani__
and I reside at __4 West Mary Drive, Simsbury, CT 06070__
The respondent is __United Technologies, Inc.__

whose business address is: __One Financial Plaza, Hartford, CT 06101__

AUG 2 3 2001

I was:

( )terminated
( )suspended
( )placed on probation
(x)earning a different rate of pay

( )warned
( )given a poor evaluation
(x)denied a raise
( )less trained

(x)not hired/not promoted
( )harassed   ( ) sexually harassed
(x)demoted
( )not reinstated due to a disability
( )denied union representation
( )constructively discharged
( )retaliated against
( )delegated difficult assignments
( )not hired due to a disability

(x)discriminated against in terms and conditions of employment

on __May 1, 2001 through the present,__ and believe that my:

(x) race
(x) color
(x) sex

(x)national origin
( )marital status
( )physical disability

( )mental disorder
( )alienage
( )previously opposed, filed or assisted

( )related to pregnancy
( )learning disability
( )age DOB:
( )religion

( )mental retardation

( )familial status
( )sexual orientation

(x)ancestry

( )creed
( )religious creed

were in part factors in this action. I believe that the respondent violated the following Connecticut General Sections [statutes] enforced through Section 46a-58(a) and [act(s) listed below]:

(x )46a-60(a)(1)
( )46a-60(a)(4)

( )46a-60(a)(3)

(X )Title VII of the Civil Rights Act
       of 1964, as amended, by the Civil Rights Act
       of 1991
( )Age Discrimination in Employment Act, of
   1967, 29 U.S.C. 621-634

1

( )46a-60(a)(5)
( )46a-60(a)(7)( )( )( )
( )46a-60(a)(8)( )( )( )( )
( )46a-64( )( )( )
( )46a-64c(a)( )( )( )
( )46a-64c(a)(4)(A)
( )46a-64c( )( )
( )Sec. 3(1) of PA 91-58
  Hire, Discharge, Conditions

( )Americans With Disabilities Act, 42 U.S.C. 12101 et seq.
(x)Equal Pay Act of 1964, 29 U.S.C. 206
( )Section 504 of the Rehabilitation Act of 1973, as amended
( )Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendment Act of 1988 (U.S.C. 3600-6620)

Other:_____

I provide the following particulars:

1. My name is Sujata (Sue) Nichani, and I reside at 4 West Mary Drive, Simsbury, CT 06070

2. The Respondent is United Technologies, Inc., whose business address is One Financial Plaza, Hartford, CT 06101.

3. The Respondent employs more than twenty employees.

4. I am a woman of Asian Indian national origin. I began employment for the Respondent on October 15, 1990. I am currently working for the respondent in its Farmington, Connecticut location as the Senior Manager in Safety & Environment, for Otis Elevator Company ("Otis"), North American Area, and as the Business Practices Officer, North American Area. I first held the Senior Manager in Safety & Environment position as of April 1, 1999.

5. The single formal performance evaluation I received in the Senior Manager position was very strong, and I consistently received informal praise for my work from the senior area executive to whom I reported as well as others above me in the Otis management structure.

6. Nevertheless, on April 26, 2001, without any previous notice, respondent informed me that, effective immediately, I would be removed from my position so that a male, Brad Russell, could take it instead.

7. I was told that I would be required to assist Mr. Russell in his transition into the Senior Manager position, but that I could then have a Branch General Manager position either in Atlanta, Georgia, or in San Jose, California. Either of these Branch General Manager positions would have required me to move cross-country, and both would have involved a significant reduction in my responsibilities. These positions were later posted at one to two salary grade levels below the Senior Manager position. In addition, I had previously held two Branch Manager positions (known then as Location Manager Positions. I had been promoted from the second one in 1997, having fully accomplished the respondent's expectations in the

2

position and been considered highly qualified for advancement.

8. I declined to accept either of these Branch General Manager jobs, and informed respondent that I considered them inadequate alternatives to the Senior Manager job. Despite statements that it would attempt to place me in a more satisfactory position, respondent failed to offer me any other position as an alternative. I proceeded to assist with the transition.

9. While working as Senior Manager in Safety & Environment, Brad Russell was paid salary at the director level, which was higher than the senior manager level; was offered the opportunity to earn substantial bonuses; and received benefits including guaranteed stock options. Mr. Russell was not performing the Business Practices Officer duties that I had been responsible for.

10. When I had held the Senior Manager position prior to Mr. Russell, along with the Business Practices Officer duties, I had been paid salary as a senior manager, earning substantially less than Mr. Russell had earned while he held the Senior Manager position without the Business Practice Officer duties. In addition, I had never been offered the opportunity to earn bonuses of the same magnitude as those available to Mr. Russell, and I had never been offered nor had I received the benefits to which he was entitled while in that position, including the guaranteed stock options.

11. On May 14, 2001, respondent informed me that Mr. Russell had resigned as Senior Manager, within a few weeks after he had taken the position. At that time, respondent offered me the chance to return to the Senior Manager position. I did so.

12. When I learned of the salary and benefits that Mr. Russell had been earning while in the Senior Manager position, I asked respondent why I was not receiving the same pay and benefits while I was in the same Senior Manager position. Respondent acknowledged that, for reasons it did not identify, Mr. Russell was being compensated in the Senior Manager position at a higher rate than I. It informed me, however, that the job itself had remained a senior manager level job. Despite my inquiries, and respondent's assurances that it would address the issue, neither my salary, nor my bonus opportunities, nor my fringe benefits have been increased since I returned to the Senior Manager position.

13. Furthermore, of the 18 people who currently report to the Vice President & Senior Area Executive for Otis' North American Area, the only two who are paid as senior managers rather than as directors are the one other employee among the 18 who is of Indian national origin, and myself.

14. I am aware of other situations in which the respondent has moved one employee into a position without forcing the employee currently in that position into an inferior one. The employees involved in those situations have been male, white employees, with the exception of one, who was a Hispanic male.

15 I am also aware of a recent instance in which the respondent has increased the salary grade level and benefits of an employee to create equality between that employee and others with comparable responsibilities. The employee involved was a white male.

3

16. I believe that my gender and my race, national origin and ancestry were factors in respondent's decisions 1) to remove me from the Senior Manager position when it wished to place Brad Russell in that position; 2) to offer me as alternatives only jobs that were at distant locations, that I had already performed, and that involved substantially less responsibility than the Senior Manager position; and 3) not to offer me an increase in salary and benefits when I returned to the Senior Manager position after Mr. Russell left it, in order to equalize my salary and benefits with those of Mr. Russell and of other employees who report to the Vice President & Senior Area Executive for Otis' North American Area.

17. These events have caused me lost wages and benefits.

4

· I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

_Sujata Nichani_ being duly sworn, on oath, states that s/he is the complainant herein; that s/he has read the foregoing complaint and knows the content hereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at Bridgeport, Connecticut this _22d_ day of _August_, 2001.

_____
Complainant's Signature

Subscribed and sworn to before me this _22d_ day of _August_, 2001.

_Sarah W. Post_
~~Notary Public~~/Commissioner of the Superior Court

~~My Commission expires~~ _____

5

NICH000152