<u>**SUJATA NICHANI**</u>
<u>**VS.**</u>
<u>**UNITED TECHNOLOGIES CORP. AND OTIS ELEVATOR COMPANY**</u>
**CIVIL ACTION NO. 3:02CV1384 (MRK)**

# Exhibit 11

**to Defendants' Memorandum of Law
in Support of Its Motion for Summary Judgment**

## INTELLECTUAL PROPERTY AGREEMENT

As an employee of OTIS ELEVATOR COMPANY, or any direct or indirect parent of it or any direct or indirect subsidiary of any of them, their successors or assigns (hereinafter referred to collectively as the EMPLOYER), I, the EMPLOYEE named below, agree as follows:

1. Unless the EMPLOYER has acquired specific authorization, I will not disclose to or use in my work with the EMPLOYER any proprietary information of others, including any of my prior employers.

2. I will not, either during or after my employment, use, publish or otherwise disclose, except for the EMPLOYER's benefit in the course of such employment, any technical or business information developed by, for or at the expense of the EMPLOYER, or assigned or entrusted to the EMPLOYER by me or anyone else, unless such information is generally known outside of the EMPLOYER; and I will deliver to or leave with the EMPLOYER all written and other materials containing such information upon termination of my employment.

3. I agree that all trade secrets, all inventions, all works of authorship (including illustrations, writings, mask works, software and computer programs), and all other business or technical information created or conceived by me, either alone or with others, while employed by the EMPLOYER and related to the existing or contemplated business or research of the EMPLOYER or resulting from my work with the EMPLOYER, belong to the EMPLOYER. Until proven otherwise, any invention shall be presumed to have been conceived during such employment if within one (1) year after termination of such employment it is disclosed to others, or it is completed, or it has a patent application filed thereon.

4. I will promptly disclose to the EMPLOYER all trade secrets, inventions, works of authorship, and information which belong to the EMPLOYER under paragraph 3 above; and I will assign to the EMPLOYER, or to others as directed by the EMPLOYER, all of my interest in such inventions and works of authorship, and I will execute any papers and do any acts which the EMPLOYER may consider necessary to secure to it any and all rights relating to such inventions and works of authorship, including all patents and copyrights (and renewals thereof) in any country.

5. I understand that the EMPLOYER agrees to pay to me, in addition to my salary and wages, the sum of One Hundred Dollars ($100.00) upon the granting of a United States Patent on an invention assigned under the provisions of paragraph 4.

This Agreement shall become effective immediately upon and in consideration of my receiving a promotion or an increase in salary or wages subsequent to the date executed, and upon becoming effective shall supercede all prior oral or written agreements with respect to the subject matter hereof. This Agreement does not alter nor shall it be deemed to alter, the employment relationship, whether at-will or contractual, between the EMPLOYER and the EMPLOYEE.

I acknowledge receipt of an executed copy of this Agreement.

This Agreement is executed this 19 day of October, 1990, at NY, NY.
City, State

OTIS ELEVATOR COMPANY
BY
Signature: AnneMarie Antolino
Print Name: Annemarie Antolino
Title: Regional Personnel Rep

UTC-2E SUB U.S. 1-87

EMPLOYEE
Signature: Sujata Nichani
Print Name: Sujata K. Nichani
Residence: 356 W 50TH ST — APT 22
City: NEW YORK
State: NY   ZIP: 10017

NICH000234