LEXSEE 2001 U.S. DIST. LEXIS 14397

ALAN MORDHORST, Plaintiff, -against- SKINNER VALVE DIVISION OF PARKER HANNIFIN CORPORATION, LEE BANKS AND PETER TIMPANELLI, Defendants.

3:99CV00561 (GLG)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2001 U.S. Dist. LEXIS 14397

July 24, 2001, Decided

**DISPOSITION:** [*1] Defendants' motion for summary judgment GRANTED in part and DENIED in part.

**LexisNexis(R) Headnotes**

**COUNSEL:** For ALAN MORDHORST, plaintiff: Paul Mpande Ngobeni, E. Hartford, CT.

For SKINNER VALVE DIV PARKER HANNIFIN CORP, defendant: Joshua M. Davis, Hill & Barlow, Boston, MA. Nathaniel Selleck, Robert D. Gilbert, Brown Raysman Millstein Felder & Steiner, Hartford, CT.

For LEE BANKS, PETER TIMPANELLI, defendants: Robert D. Gilbert, Brown Raysman Millstein Felder & Steiner, Hartford, CT.

**JUDGES:** Gerard L. Goettel, United States District Judge.

**OPINIONBY:** Gerard L. Goettel

**OPINION:**

MEMORANDUM DECISION

Pursuant to *Rule 56 of the Federal Rules of Civil Procedure*, defendants move for summary judgment. For the reasons stated below, the motion [**Doc. # 26**] is GRANTED in part and DENIED in part. This Court grants summary judgment on Counts 1 and 2 of the complaint, plaintiff's sex and age discrimination claims against Parker Hannifin Corporation ("Parker"), denies summary judgment on Count 3, plaintiff's retaliation claim against Parker, and grants summary judgment on Counts 4, 5, and 6, plaintiff's claims against all defendants for defamation and intentional and negligent infliction of emotional distress.

[*2] BACKGROUND

Plaintiff, a 49 year old male, brings this action under Title VII of the Civil Rights Act of 1964, as amended, *42 U.S.C. § § 2000e* et seq., and the Age Discrimination in Employment Act ("ADEA"), *29 U.S.C. § § 620* et seq., claiming defendants discharged him on the basis of his sex and age and retaliated against him for engaging in protected activities. He further claims that defendants published false and defamatory statements about him and intentionally and negligently inflicted emotional distress upon him.

Defendants claim plaintiff's discharge was due to company re-organization, departmental reduction in workforce and his lower performance evaluations. Furthermore, defendants claim that no defamation or infliction of emotional distress occurred.

Plaintiff began working at Honeywell's Skinner Valve Division as a Marketing Department product specialist in Nov. 1987 and remained there until Sept. 1993 (from Sept. 1988 to Jan. 1990 plaintiff worked in a different department until that job was eliminated). In Sept. 1993, Honeywell re-organized and plaintiff was laid off. In Jan. 1994, plaintiff filed claims with [*3] the Connecticut Commission on Human Rights and Opportunities ("CCHRO") and the Equal Employment Opportunities Commission ("EEOC") alleging that Honeywell had terminated his employment due to his age and sex. In Mar. 1995, plaintiff returned to Honeywell as a product specialist following his

acceptance of a recall offer. On Sept. 22, 1997, plaintiff and Honeywell settled his earlier claim, releasing Honeywell from all liability for claims up to the date of the agreement.

On Sept. 26, 1997, Honeywell sold Skinner Valve Division to Parker. In the process of consolidating Skinner with its own Fluidex Division, Parker laid off the plaintiff (along with 18 other people), effective Nov. 18, 1997.

The Human Resources Manager informed the plaintiff of his termination in a private office with defendant Timpanelli present. Plaintiff was allowed to return to the office later in the day to collect his personal belongings. As part of his separation, he received 8 weeks salary and career counseling on the day following his termination.

## DISCUSSION

Summary judgment is appropriate only when there is no genuine issue of material fact based on a review of the pleadings, depositions, answers [*4] to interrogatories, admissions on file, and affidavits. *Fed. R. Civ. P. 56(c)*. The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)*. There is no genuine issue of material fact if the evidence is such that no reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)*. Once the moving party has made a showing that there are no genuine issues of fact to be tried, then the burden shifts to the non-moving party to raise triable issues of fact. *Id. at 256*. Mere conclusory allegations will not suffice. Instead, the non-moving party must present "sufficient probative evidence" to show that there is a factual dispute. *Fed. R. Civ. P. 59(e)*. If there is no genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)*.

While the Second Circuit has approved the use of summary judgment in [*5] discrimination cases, *Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.), cert. denied, 474 U.S. 829, 88 L. Ed. 2d 74, 106 S. Ct. 91 (1985)*, it has also noted that courts should be cautious in granting summary judgment in favor of employers when intent is an issue. *Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1994)*. The Second Circuit has since reaffirmed its limited approach to summary judgment in discrimination cases. See *McLee v. Chrysler Corp., 109 F.3d 130 (2d Cir. 1997)*. Summary judgment, however, remains appropriate where there are no genuine issues of material fact. *Id. at 135*. In ruling on this motion for summary judgment, we consider the facts in the light most favorable to the plaintiff.

## I Sex and Age Discrimination

Plaintiff alleges that he was replaced by a younger woman, giving rise to an inference of discrimination based on his gender and age. Defendant Parker alleges the decision not to retain plaintiff was based on business necessity due to re-structuring and that plaintiff was replaced by a male only one year younger than the plaintiff. Replacement by another member of plaintiff's [*6] protected class is insufficient to establish plaintiff's claim of discrimination. See *O'Connor v Consol. Coin Caterers Corp., 517 U.S. 308, 313, 134 L. Ed. 2d 433, 116 S. Ct. 1307 (1996)* (an inference necessary for the establishment of a prima facie case, "cannot be drawn from the replacement of one worker with another worker insignificantly younger"). Defendant presents credible evidence of its legitimate, non-discriminatory business reason for plaintiff's dismissal while plaintiff presents only conclusory allegations and no evidence that defendants' proffered reason is pretextual. This Court finds no material issues of fact and no circumstances which could give rise to an inference of any discriminatory act. Therefore, summary judgment on Counts 1 and 2 of the complaint for sex and age discrimination is granted.

## II Retaliation

There are genuine issues of material fact which prevent the granting of summary judgment in the claim of retaliation against defendant Parker, including whether or not the plaintiff's dismissal was causally connected to his previous claim of discrimination and whether or not his performance evaluations were tainted by defendants' knowledge of his previous [*7] claim. We are told that while the plaintiff had a new employer, the person who was instrumental in his discharge was also intimately involved in the plaintiff's discrimination claim in 1994. We therefore deny summary judgment as to plaintiff's retaliation claim.

## III Defamation

Plaintiff claims that the defendants defamed him. Under Connecticut law, to state a cause of action for defamation, a plaintiff must allege that, without privilege, the defendant published false statements that harmed the plaintiff. *Torosyan v. Boehringer Ingelheim Pharm., Inc., 234 Conn. 1, 27, 662 A.2d 89, 102 (1995)* (quoting *Kelley v. Bonney, 221 Conn. 549, 563, 606 A.2d 693, 701 (1992))*. While the Second Circuit does not require a plaintiff to plead the exact alleged defamatory words, *Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir. 1986)*, the Federal Rules of Civil Procedure require that a

complaint must provide sufficient information to enable a defendant to respond. *Fed. R. Civ. P. 8*; see *Kelly, 806 F.2d at 46*. In *Wanamaker v. Columbian Rope Co., 713 F. Supp. 533, 545 (N.D.N.Y. 1989)*, aff'd, *108 F.3d 462 (2d Cir. 1997)*, [*8] the court dismissed the defamation count because the pleadings lacked the requisite specificity by failing to state the speaker of the statements, the context in which the statements were made, when the statements were made, whether the statements were written or verbal, and whether the statements were communicated to a third party. Id. The court further stated that the pleadings did not set forth "in any manner whatsoever" the alleged defamatory statements. Id. See *Croslan v. Housing Auth., 974 F. Supp. 161, 169-70 (D. Conn. 1997)* (granting defendant's summary judgment motion on a defamation count because the complaint failed to state the claim with sufficient specificity where the plaintiff failed to provide the detail necessary to determine which statements were allegedly defamatory, and where the complaint did not state who heard the statements, when the statements were made, and the context in which the statements were made, even though the complaint generally identified the subject matter of the statements).

Plaintiff contends that statements made by Parker to the CCHRO and at the CCHRO hearing were defamatory. The statements made were that plaintiff was [*9] not as qualified as the other employees whom defendant Parker retained and that plaintiff had accessed and viewed confidential information on the company's computer system without authorization. Because these statements were made in the context of an administrative fact-finding procedure, the defendants were privileged in making them. *Petyan v Ellis, 200 Conn. 243, 246, 510 A.2d 1337 (1986)* (holding "an absolute privilege . . . attaches to relevant statements made during administrative proceedings which are 'quasi-judicial' in nature"); *Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 12801, at *23, 3:96-CV-2554 (D. Conn. June 25, 1999)* (holding "defendant's statements to the EEOC and CCHRO are absolutely privileged and liability may not be premised upon them").

Accordingly, this Court finds that the plaintiff has failed to state a cause of action for defamation because the pleadings lacked specificity and were privileged. We therefore grant defendants' summary judgment motion on plaintiff's defamation cause of action.

## IV Intentional Infliction of Emotional Distress

In support of his claim for intentional infliction of emotional distress, [*10] plaintiff asserts that defendants' treatment of him was intentional and was done with the purpose of terminating his employment and retaliating against him for engaging in protected activity. He further contends that defendants' actions were extreme and outrageous and that he suffered severe mental anguish and emotional distress.

Under Connecticut law, to prove intentional infliction of emotional distress, plaintiff must show that: (1) defendants intended or knew that emotional distress was a likely result of its conduct; (2) defendants' conduct was extreme and outrageous; (3) defendants' conduct caused him emotional distress; and (4) his distress was severe. *Vorvis v. Southern New England Tel. Co., 821 F. Supp. 851, 855 (D. Conn. 1993)* (citing *Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337, 1342 (1986))*.

It is a question for the court to determine whether defendants' behavior was of such a nature and quality to constitute extreme and outrageous conduct. See *Johnson v. Chesebrough-Pond's USA Co., 918 F. Supp. 543, 552 (D. Conn. 1996); Mellaly v. Eastman Kodak Co., 42 Conn. Supp. 17, 18, 597 A.2d 846, 847 (Conn. Super. Ct. 1991)*. [*11] Connecticut courts have relied on the Restatement (Second) of Torts for the meaning of "extreme and outrageous conduct." See *Scandura v. Friendly Ice Cream Corp., 1996 Conn. Super. LEXIS 1642, No. 930529109S, 1996 WL 409337, at *2-3 (Conn. Super. Ct. June 26, 1996); Mellaly, 42 Conn. Supp. at 19-20, 597 A.2d at 847*. The relevant section provides: "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Restatement (Second) Torts § 46*, cmt. d (1965).

After reviewing the pleadings, supporting exhibits and affidavits, including deposition testimony, this Court finds as a matter of law that defendants' alleged behavior does not constitute extreme and outrageous conduct. At most, the evidence establishes that plaintiff was terminated, which is an unpleasant experience, but not beyond the bounds of decency.

In addition, the plaintiff has put forward no evidence demonstrating that he has suffered severe distress. His interrogatory answers demonstrate, and deposition testimony confirms, that he has [*12] neither sought nor been treated by a doctor or mental health professional for his alleged distress. He has not been diagnosed by any doctor nor has presented any documentation of his alleged symptoms. Furthermore, he has missed only one day of work in three years for health-related reasons. Therefore, plaintiff cannot establish that he suffered severe distress. See *Reed v. Signode Corp., 652 F. Supp. 129, 137 (D. Conn. 1986)* (holding that plaintiff failed to establish emotional distress as a matter of law because the only evidence of such distress came from his deposition testimony, and he was neither treated nor

Case 3:02-cv-01384-MRK   Document 97-16   Filed 06/28/2005   Page 4 of 4

Page 4
2001 U.S. Dist. LEXIS 14397, *

sought medical assistance for the distress that he allegedly suffered). We therefore grant defendants' motion for summary judgment on plaintiff's claim for intentional infliction of emotional distress.

**V Negligent Infliction of Emotional Distress**

Plaintiff's next cause of action alleges that defendants negligently inflicted emotional distress. Under Connecticut law, plaintiff must prove that defendants knew or should have known that its conduct "involved an unreasonable risk of causing emotional distress" and that the distress, "if it was caused, [*13] might result in illness or bodily harm." *Montinieri v. Southern New England Tel. Co., 175 Conn. 337, 345, 398 A.2d 1180, 1184 (1978);* see *Barrett v. Danbury Hosp., 232 Conn. 242, 260-61, 654 A.2d 748, 757 (1995); Buckman v. People Express, Inc., 205 Conn. 166, 173, 530 A.2d 596, 600 (1987).*

In the employment context, negligent infliction of emotional distress arises only if it is "based upon unreasonable conduct of the defendant in the termination process." *Parsons v. United Techs. Corp., Sikorsky Aircraft Div., 243 Conn. 66, 88, 700 A.2d 655, 667 (1997)* (quoting *Morris v. Hartford Courant Co., 200 Conn. 676, 682, 513 A.2d 66, 69 (1986));* see *Hill v. Pinkerton Sec. & Investigation Servs., Inc., 977 F. Supp. 148, 159 (D. Conn. 1997)* (granting defendant's summary judgment motion because, although plaintiff may not have been satisfied with defendant's manner in handling the investigation of her compensation complaint, the record did not indicate that defendant acted so negligently as to sustain an action for negligent infliction of emotional distress). A plaintiff cannot rely on the [*14] allegedly wrongful termination alone. *Parsons, 243 Conn. at 88-89, 700 A.2d at 667.* Instead, plaintiff must allege additional unreasonable conduct on defendant's part that occurred with respect to the termination. *Hill, 977 F. Supp. at 159;* see *Parsons, 243 Conn. at 88, 700 A.2d at 667.*

While the plaintiff has alleged that he suffered mental anguish due to his termination, he has not set forth sufficient facts to establish that defendant created an unreasonable risk of causing emotional distress. Moreover, plaintiff has not produced any evidence, beyond the conclusory allegations, that defendants acted unreasonably in terminating his employment. We therefore grant defendants' motion for summary judgment on plaintiff's claim for negligent infliction of emotional distress.

For the reasons set forth above, defendants' motion for summary judgment **[Doc # 26]** is GRANTED in part and DENIED in part. Since this case is two and one-half years old, and it appears that discovery is complete, it will be added to the trial calendar for September.

SO ORDERED.

Dated: July 24, 2001

Waterbury, CT

/s/

Gerard L. Goettel

United States [*15] District Judge