Get a Document - by Citation - 2003 U.S. Dist. LEXIS 23956  Page 1 of 7

Case 3:02-cv-01384-MRK   Document 99-4   Filed 06/28/2005   Page 1 of 7

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 23956**

*2003 U.S. Dist. LEXIS 23956, ** *

DAWNA MARTIN-GLAVE, Plaintiff v. AVENTIS PHARMACEUTICALS, Defendant

3:03-CV-1482 (EBB)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2003 U.S. Dist. LEXIS 23956

December 11, 2003, Filed

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff former employee sued defendant former employer alleging she was wrongfully discharged based on race and age discrimination and alleged state law tort claims. The employer moved to dismiss the claims of wrongful discharge, intentional infliction of emotional distress, and negligent infliction of emotional distress pursuant to Fed. R. Civ. P. 12(b)(6).

**OVERVIEW:** The employee was a 47 year old African-American who worked as a sales associate. The employee alleged that as a result of her younger supervisor's treatment she began to manifest physical symptoms as a result of the stress she experienced and ultimately had to take time off. Following an extended leave of absence, the employer terminated her employment. The court found that the employee was an at-will employee and the employee had not pled any statutory or constitutional violation of public policy to qualify for the public policy exception. The employee could not use the federal laws regarding race and age discrimination to establish the public policy exception because a common law wrongful discharge could not be predicated on a statute that already provided the employee with a specific, private right of action. With regard to the intentional infliction of emotional distress claim, the employee failed to allege conduct that exceeded all bounds of decency and the employer's conduct was not "extreme and outrageous." There was no improper conduct by the employer during the employee's termination process. Therefore, the negligent infliction of emotional distress claim failed.

**OUTCOME:** The motion to dismiss was granted.

**CORE TERMS:** termination, infliction of emotional distress, outrageous, intentional infliction of emotional distress, public policy, wrongful discharge, at-will, motion to dismiss, outrageous conduct, distress, terminated, wrongful discharge claim, cause of action, warning, experienced, symptoms, violation of public policy, termination of employment, constitutional provision, emotional distress, remedies available, usually tolerated, work performance, statutory remedy, summary judgment, general rule, common law, pre-termination, discriminatory, well-settled

**LexisNexis(R) Headnotes** + Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action

**HN1** A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. The function of a motion to dismiss is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient. Additionally, pursuant to a Rule 12(b)(6) analysis, the court takes all well-pleaded allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff. The federal rules reject approach that pleading is a game of skill in which one misstep by counsel may be decisive of case. However, Rule 12(b)(6) does not allow the substitution of conclusory statements for minimally sufficient factual allegations. More Like This Headnote

Labor & Employment Law > Employment Relationships > At-Will Employment
**HN2** In Connecticut, the law is well-settled that, in the absence of a contractual relationship, employment relationships are considered at-will and may be terminated at any time, with or without reason. More Like This Headnote

Labor & Employment Law > Employment Relationships > At-Will Employment
Labor & Employment Law > Wrongful Termination > Public Policy
**HN3** Under Connecticut law, there is an exception for those at-will employees who are terminated in contravention of some important violation of public policy. However, the public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one. More Like This Headnote

Labor & Employment Law > Wrongful Termination > Public Policy
**HN4** In Connecticut a common law wrongful discharge cannot be predicated on a statute that already provides a plaintiff with a specific, private right of action. More Like This Headnote

Torts > Intentional Torts > Intentional Infliction of Emotional Distress
**HN5** In order to succeed on a claim for intentional infliction of emotional distress, a plaintiff must establish the following: (1) that the actor intended to inflict emotional distress or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the distress suffered by the plaintiff was severe. In order to state a cognizable cause of action, a plaintiff must not only allege each of the four elements, but also must allege facts sufficient to support them. More Like This Headnote

Torts > Intentional Torts > Intentional Infliction of Emotional Distress
**HN6** With regard to a claim for intentional infliction of emotional distress, whether a defendant's conduct is sufficient to satisfy the element of extreme and outrageous conduct is a question, in the first instance, for the court. Only where reasonable minds may differ does it become a question for the jury. The general rule is that there is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. Liability has been found only where the conduct had been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society. Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice. More Like This Headnote

Torts > Intentional Torts > Intentional Infliction of Emotional Distress
**HN7** Courts in Connecticut have been reluctant to allow a claim for intentional infliction of emotional distress. Similarly, the federal courts in the District of Connecticut, applying Connecticut law, interpret the qualification of extreme and outrageous conduct strictly. More Like This Headnote

Torts > Intentional Torts > Intentional Infliction of Emotional Distress
**HN8** In the federal District of Connecticut, the termination of employee, even when accompanied by other aggravating factors, does not itself give rise to a claim for intentional infliction of emotional distress. General allegations of discrimination and harassment fall short of misconduct which exceeds "all bounds usually tolerated by a decent society." Verbal warnings, suspension, and termination may result in hurt feelings, but are insufficient to support claim of intentional infliction of emotional distress. Negative performance reviews, sudden termination, and being physically escorted from premises are not actionable as intentional infliction of emotional distress. More Like This Headnote

Torts > Negligence > Duty > Negligent Infliction of Emotional Distress
Labor & Employment Law > Wrongful Termination
**HN9** In order to establish a cause of action for negligent infliction of emotional distress, the plaintiff must prove that the defendant should have: (1) realized that its conduct involved an unreasonable risk of causing distress to the plaintiff; and (2) realized that the distress, if caused, might result in illness or bodily harm. When the alleged infliction occurs in the workplace, Connecticut imposes additional requirements. Negligent infliction of emotional distress in the employment context

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 23956  Page 3 of 7

Case 3:02-cv-01384-MRK    Document 99-4    Filed 06/28/2005    Page 3 of 7

arises only where it is based upon unreasonable conduct of the defendant in the termination process. The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior. The tort of negligent infliction of emotional distress focuses on the manner of discharge; whether the employer's conduct in the termination was unreasonable, not whether the termination of employment was unreasonable. More Like This Headnote

Torts > Intentional Torts > Intentional Infliction of Emotional Distress
Labor & Employment Law > Wrongful Termination

HN10 With regard to termination for employment, the issue in a claim for negligent infliction of emotional distress is the employer's conduct, not his intent. Courts have consistently held that termination for discriminatory reasons, without more, is not enough to sustain a claim for negligent infliction of emotional distress. More Like This Headnote

**COUNSEL:** For Dawna Martin-Glave, Plaintiff: Marc K. Glenn, Law Offices of W. Martyn Philpot, Jr., LLC, New Haven, CT. W. Martun Philpot, Jr., Law Offices of W. Martyn Philpot, Jr., LLC, New Haven, CT.

For Aventis Pharmaceuticals, Defendant: Daniel Schwartz, Day, Berry & Howard, Stamford, CT. Ray A. Wynter, Day, Berry & Howard-Stmfd-CT, Stamford, CT.

**JUDGES:** [*1] ELLEN BREE BURNS, SENIOR UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** ELLEN BREE BURNS

**OPINION: RULING ON MOTION TO DISMISS COUNTS FOUR, FIVE AND SEVEN**

**INTRODUCTION**

Plaintiff Dawna Martin-Glave ("Plaintiff"), a forty-seven-year-old black African-American, commenced her employment with Aventis Pharmaceuticals ("Defendant") in 1991, as a sales associate. In December, 2001, Craig Panarella ("Panerella"), then twenty-seven-years-old, became her immediate supervisor. It is alleged that Panarella implemented and imposed heightened performance requirements on Plaintiff, while failing to hold her younger, white colleagues to the same high standards. According to the Complaint, in April, 2002, Plaintiff received a smaller raise than she had normally received in the preceding ten years, which raise is alleged to be "lower than similarly situated younger Sales Associates with comparable job performance ratings." Cplt. at P 9.

As a result of this treatment, Plaintiff "began to manifest physical symptoms as a result of the stress she experienced and ultimately had to take time off." Id. at P 10.

Following an extended leave of absence, on or about April 23, 2003, Defendant terminated her employment [*2] one year following her departure for stress-related physical symptoms.

Defendant now moves, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Counts Four (wrongful discharge), Six (intentional infliction of emotional distress), and Seven (negligent infliction of emotional distress).

**LEGAL ANALYSIS**

**I. Federal Rule of Civil Procedure 12(b)(6)**

HN11 A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984), citing Conley v. Gibson, 355 U.S. 41, 48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). The function of a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Festa v. Local 3 Int'l Bd. of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). Additionally, pursuant to a Rule 12(b)(6) analysis, the Court takes [*3] all well-pleaded allegations as true, and all reasonable inferences are drawn

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 23956 Page 4 of 7

Case 3:02-cv-01384-MRK   Document 99-4   Filed 06/28/2005   Page 4 of 7

and viewed in a light most favorable to Plaintiff. See Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996); see also Conley, 355 U.S. at 48 (holding that Federal Rules reject approach that pleading is a game of skill in which one misstep by counsel may be decisive of case). However, Rule 12(b)(6) does not allow the substitution of conclusory statements "for minimally sufficient factual allegations." Furlong v. Long Island College Hosp., 710 F.2d 922, 927 (2d Cir. 1983).

## II. The Standard as Applied

### A. Wrongful Discharge

HN2 In Connecticut, the law is well-settled that, in the absence of a contractual relationship, employment relationships are considered at-will and may be terminated at any time, with or without reason. See Thibodeau v. Design Group One Architects, LLC, 260 Conn. 691, 697-98, 802 A.2d 731 (2002).

The seminal decision of the Connecticut Supreme Court in Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 427 A.2d 385 (1980), carved out HN3 an exception for those at-will employees [*4] who were terminated in contravention of "some important violation of public policy." Id. at 475. However, "the public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one." Parsons v. United Technologies Corp., 243 Conn. 66, 79, 700 A.2d 655 (1997). The present case is strikingly similar to Morris v. Hartford Courant, 200 Conn. 676, 513 A.2d 66 (1986) and this Court adopts the rationale of that decision, which decision provides, in relevant part:

> The plaintiff has failed to identify any particular public policy affronted by [her] termination. Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception. Nevertheless, the plaintiff has not alleged that [her] discharge violated any explicit statutory or constitutional provision. Nor has [she] alleged that [her] dismissal contravened any judicially conceived notion of public policy.

Id. at 680 (negating claims that it is violation of public policy to accuse an employee of a crime falsely). Accord Carbone v. Atlantic Richfield Co., 204 Conn. 460, 468-70, 528 A.2d 1137 (1987) [*5] (plaintiff failed to allege that reasons for termination contravened public policy, either by violating an express statutory or constitutional provision or by transgressing judicially conceived notions of public policy; defendant not liable for the termination of plaintiff). Cf. Oakes v. Roncalli Health Care Management, et al., 2003 U.S. Dist. LEXIS 24448, No. 3:03-CV-1278 (EBB), Ruling on Motion to Remand (D.Conn. November 24, 2003)(plaintiff specifically alleged termination based on public policy as set forth in four Connecticut statutes and one regulation of the Connecticut Department of Health).

As in Morris, Plaintiff herein has not pleaded any statutory or constitutional violation of public policy. From a review of the Complaint herein, the Court gleans that Plaintiff seemingly relies on Defendant's violation of an alleged internal company procedure of possibly providing a pre-termination warning. See Complaint at Count Four: Wrongful Discharge at P 20. ("The Defendant's failure . . . to adhere to its own custom and policy regarding the issue of warnings . . . prior to termination constitutes the wrongful discharge of the plaintiff.") It is beyond cavil that such alleged violation does [*6] not contravene an important matter of public policy. See Sheets, 179 Conn. at 479. Accord Daley v. Aetna Life & Cas. Co., 249 Conn. 766, 804, 734 A.2d 112 (1999)(plaintiff could not prevail on claim that public policy required employers to provide flexible work schedules for working parents because no statute mandated such accommodation).

Even had Plaintiff claimed that her allegations of racial and age discrimination, brought pursuant to 42 U.S.C. Section 1981 and Title VII, were supportive of her claim for wrongful discharge, it is well-settled law HN4 in Connecticut that a common law wrongful discharge cannot be predicated on a statute that already provides a plaintiff with a specific, private right of action. See Thibodeau, 260 Conn. at 710-11 (dismissing common law wrongful discharge claim inasmuch as the Connecticut legislature provided for specific administrative remedies); Dallaire v. Litchfield Cty. Ass'n for Retarded Citizen, Inc., 2001 U.S. Dist. LEXIS 2389, 2001 WL 237213 at *3-4 (D.Conn. 2001)(no wrongful discharge claim as remedies available pursuant to the ADA and

CFEPA);Esdaile v. Hill Health Corp., 2001 Conn. Super. LEXIS 3213, 2001 WL 1479115 at * 2 (Conn.Super.Ct. Nov. 9, 2001) [*7] (federal and state remedies available for age and disability discrimination); Burnham v. Karl & Gelb, P.C., 252 Conn. 153, 159-62, 745 A.2d 178 (2000)(action for wrongful discharge unavailable to at-will employee if there exists a statutory remedy under federal or state law); Bournival v. Bank of Boston Conn., 1998 Conn.Super LEXIS 755 at 8 (Conn.Super.Ct. Feb. 25, 1998) (dismissing wrongful discharge claim due to the fact that the Connecticut Family Medical and Leave Act provided the appropriate statutory remedy to address the plaintiff's allegations); Friel v. St. Francis Hospital, 1997 U.S. Dist. LEXIS 17430, 1997 WL 694729 (1997) (remedies available under Title VII, ADA, and CFEPA).

For each of these reasons, Defendant's Motion to Dismiss Count Four is GRANTED

**B. Intentional Infliction of Emotional Distress** HN5In order to succeed on a claim for intentional infliction of emotional distress, Plaintiff must establish the following: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme [*8] and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the distress suffered by the plaintiff was severe." Appleton v. Stonington Bd. of Ed., 254 Conn. 205, 210, 757 A.2d 1059 (2000), citing Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986). In order to state a cognizable cause of action, Plaintiff must not only allege each of the four elements, but also must allege facts sufficient to support them. See Myers v. Bunker Ramo Corp., No. B-90-506 (JAC), 1992 U.S. Dist. LEXIS 5336, at *26 (D. Conn. 1992). Because this Court finds that Defendant's alleged conduct was not "extreme and outrageous," the other three elements will not be addressed.

HN6Whether Defendant's conduct is sufficient to satisfy the element of extreme and outrageous conduct is a question, in the first instance, for the Court. See Johnson v. Chesebrough-Pond's USA Co., 918 F. Supp. 543, 552 (D. Conn.), aff'd, 104 F.3d 355 (2d Cir. 1996), citing Mellaly v. Eastman Kodak Co., 42 Conn. Supp. 17, 18, 597 A.2d 846 (Conn. Super. Ct. 1991). Only where [*9] "reasonable minds may differ" does it become a question for the jury. Reed v. Signode Corp., 652 F. Supp. 129, 137 (D. Conn. 1986); see also Restatement (Second) of Torts § 46, cmt. (h) (1965). The general rule "is that there is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Mellaly, 42 Conn. Supp. at 19-20, quoting W. Prosser & W. Keeton, Torts § 12, at 60 (5th ed. 1984);see also Restatement (Second) of Torts § 46, cmt. (d) (1965) ("Liability has been found only where the conduct had been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society.") n1 "Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice." Brown v. Ellis, 40 Conn. Supp. 165, 167, 484 A.2d 944 (Conn. Super. Ct. 1984).

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

N1 "In interpreting what constitutes 'extreme and outrageous' conduct, Connecticut courts have relied on the Restatement (Second) of Torts § 46, comment (d) (1965). . . ." Thompson v. Service Merchandise, Inc., No. 3:96CV1602 (GLG), 1998 U.S. Dist. LEXIS 13669, at *4 (D. Conn. 1998). See also Appleton, 254 Conn. at 210; Petyan, 200 Conn. at 254.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*10]

In the present case, Plaintiff fails to allege any specific conduct in Count Six which would demonstrate that Defendant's actions were extreme and outrageous. Rather, she simply incorporates her claims of alleged discrimination based on her race and age, which she asserts caused her to begin "manifesting physical symptoms as a result of the stress she experienced at work and ultimately had to take timeoff". Complaint at P 10. This Court, however, finds that these allegations do not satisfy the above requirements of extreme and outrageous conduct, in that nothing she contends is "conduct more egregious than that experienced in the rough and tumble of every day life." Keene v. Hartford Hospital, 208 F. Supp. 2d 238, 247 (D.Conn. 2002).

HN7Courts in Connecticut have been reluctant to allow a claim for intentional infliction of emotional distress. See, e.g., Dollard v. Board of Educ., 63 Conn.App. 550, 554, 777 A.2d 714 (2001) (plaintiff's claim of concerted plan to force plaintiff to resign or become so distraught as to have reason to terminate her does not rise to intentional infliction of emotional distress claim); Appleton, 254 Conn. at 211 [*11] (finding

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 23956

Case 3:02-cv-01384-MRK    Document 99-4    Filed 06/28/2005    Page 6 of 7

Page 6 of 7

allegations that school officials made derogatory comments concerning plaintiff's work performance and his ability to read, in front of other employees, contacted plaintiff's daughter to recommend that plaintiff take some time off because he was acting erratically, and arranged to have him escorted by police off of school property insufficiently extreme or outrageous to state a cause of action); Emanuele v. Boccaccio & Susanin, Civ. No. 379367, 1994 Conn. Super. LEXIS 3156, at *6 (Conn. Super. Ct., Apr. 10, 1992) (holding conduct not extreme and outrageous where at-will employee alleged her employer made false accusations regarding her work performance, and used coercion, threats and intimidation to force her to sign a document against her will, all for the purpose of depriving her of benefits and compensation); Rock v. Mott Metallurgical Corp., 2001 Conn. Super. LEXIS 207, at *13-21 (Conn. Super. Ct., Jan. 10, 2001) (granting defendant's motion for summary judgment where plaintiff alleged that she was ordered to lift and carry heavy objects beyond her ability, was required to work without being supplied the necessary resources, was transferred [*12] to a work station without a chair or desk, was called names, and was falsely accused of not finishing her work, because in totality the acts were "less than 'extreme' and 'outrageous' in nature").

Similarly, the federal courts in this District, applying Connecticut law, have interpreted the qualification of extreme and outrageous conduct strictly. See, e.g., Armstead v. Stop & Shop Cos.., 2003 U.S. Dist. LEXIS 4107 at * 14-15 (D.Conn. March 17, 2003) (dismissing intentional infliction of emotional distress claim, holding that "claims of employer misconduct in the form of intentional discrimination or retaliation, including discharge, which challenge motive or intent, are dismissed unless the manifesting conduct is extreme and outrageous."); Harhay v. Blanchette, 160 F. Supp.2d 306, 315 (D.Conn. 2001)(HN8 termination of employee, even when accompanied by other aggravating factors, does not itself give rise to a claim for intentional infliction of emotional distress); White v. Martin, 23 F. Supp. 2d 203, 208 (D.Conn. 1998)(general allegations of discrimination. . . and harassment "fall short of misconduct which exceeds 'all bounds usually [*13] tolerated by a decent society'".); Thomas v. St. Francis Hosp. & Med. Ctr., 990 F. Supp. 81, 92 (D.Conn. 1998)(verbal warnings, suspension, and termination may have resulted in hurt feelings, but were insufficient to support claim of intentional infliction of emotional distress); Johnson v. Chesebrough-Pond's USA Co., 918 F. Supp. 543, 551 (D.Conn. 1996)(negative performance reviews, sudden termination, and being physically escorted from premises not actionable as intentional infliction of emotional distress); Lopez-Salerno v. Hartford Fire Ins., No. 3:97CV273 (AHN), 1997 U.S. Dist. LEXIS 19724, at *19 (D. Conn., Dec. 8, 1997) (granting motion to dismiss where plaintiff alleged she was terminated so that defendant could avoid giving her long-term disability benefits); Thompson, 1998 U.S. Dist. LEXIS 13669, at *2-3 (granting motion for summary judgment and finding that allegations made by plaintiff of employer downgrading her race, removing her responsibilities in order to undermine her authority, and failing to provide adequate supervision and sufficient staff to do her job, did not constitute extreme and outrageous [*14] conduct).

Applying the appropriate stringent standards in light of such precedents, the Court finds that Defendant's conduct as alleged in the Complaint did not exceed all bounds of decency and is not "extreme and outrageous." Hence, Count Six is dismissed for failure to state a claim under which relief may be granted.

## C. Negligent Infliction of Emotional Distress

HN9 In order to establish a cause of action for negligent infliction of emotional distress, the Plaintiff must prove that Defendant should have: (1) realized that its conduct involved an unreasonable risk of causing distress to Plaintiff; and (2) realized that the distress, if caused, might result in illness or bodily harm. See Barrett v. Danbury Hospital, 232 Conn. 242, 260-61, 654 A.2d 748 (1995). When the alleged infliction occurs in the workplace, Connecticut imposes additional requirements. "Negligent infliction of emotional distress in the employment context arises only where it is 'based upon unreasonable conduct of the defendant in the termination process.' The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent [*15] infliction of emotional distress. 'The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior.'" Parsons, 243 Conn. at 88-89, citing Morris, 200 Conn. at 682 and Madani v. Kendall Ford, Inc., 312 Or. 198, 204, 818 P.2d 930 (1991). The tort of negligent infliction of emotional distress "focuses on the manner of discharge; whether the employer's conduct in the termination was unreasonable, not whether the termination of employment was unreasonable." Lopez-Salerno v. Hartford Fire Ins. Co., 1997 U.S. Dist. LEXIS 19724 at * 17 (D.Conn. Dec.8, 1997) (granting motion to dismiss negligent infliction of emotional distress claim). See also. Whitaker v. Haynes Constr. Co., 167 F. Supp. 2d 251, 255-257 (D.Conn. 2001)(granting motion to dismiss negligent infliction of emotional distress claim inasmuch as plaintiff had failed to present factual allegations demonstrating that his termination had been carried out in an unreasonable, humiliating, or embarrassing manner).

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 23956 Page 7 of 7

Case 3:02-cv-01384-MRK    Document 99-4    Filed 06/28/2005    Page 7 of 7

Absent from Plaintiff's Complaint are **any** allegations regarding Defendant's conduct **[\*16]** during her termination process, let alone anything that was unreasonable in said process. See Armstead, 2003 U.S. Dist. Lexis 4107 at \* 19 (dismissing negligent infliction of emotional distress claim where "other than conclusory characterizations . . . most of plaintiff's allegations [did] not describe conduct during the termination process but rather described defendant's underlying motivation . . . or related to pre-termination conduct"). Thus, HN10 the issue in a claim for negligent infliction of emotional distress is the Defendant's conduct, not his intent. "Courts have consistently held that termination for discriminatory reasons, without more, is not enough to sustain a claim for negligent infliction of emotional distress." Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 198 (D. Conn. 2000); see also, Newtown v. Shell Oil Co., 52 F. Supp. 2d 366, 367 (D. Conn. 1999); Thomas v. St. Francis Hosp. Med. Ctr., 990 F. Supp. at 92. Therefore, even if Defendant had a discriminatory motive in terminating Plaintiff, which this Court is not deciding herein, improper motivation alone still is insufficient to satisfy the requirements **[\*17]** of negligent infliction of emotional distress.

**CONCLUSION**

For each of the foregoing reasons, Defendant's Motion to Dismiss Counts Four, Six, and Seven [Doc. No. 7] is hereby GRANTED. Plaintiff shall file an Amended Complaint, deleting these claims, on or before January 12, 2004.

SO ORDERED

ELLEN BREE BURNS

UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this    day of December, 2003.

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 23956**
View: **Full**
Date/Time: Monday, June 6, 2005 - 12:31 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.