UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUJATA NICHANI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    NO. 3:02CV1384 (MRK) |
| | : |
| OTIS ELEVATOR COMPANY & | : |
| UNITED TECHNOLOGIES | : |
| CORPORATION, | : |
| | : |
| Defendants. | : |

**ORDER**

    For the reasons stated in the Court's oral ruling during an on-the-record telephonic conference between the parties on July 29, 2005, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment [doc. #69]. The Court GRANTS summary judgment to Defendants on Counts One, Two, Four, Eight, Ten, Eleven, Twelve and Fourteen of Plaintiff's Third Amended Complaint [doc. #55] in their entirety, and GRANTS summary judgment to Defendants on Plaintiff's claim for defamation regarding the press release in Count Seven, on Plaintiff's claim for breach of an alleged progressive discipline policy in Count Thirteen, and on Plaintiff's promissory estoppel claim regarding the alleged progressive discipline policy in Count Fifteen of the Third Amended Complaint [doc. #55]. The Court DENIES summary judgment on Counts Three, Five, Six, and Nine of Plaintiff's Third Amended Complaint [doc. #55], and DENIES summary judgment on Plaintiff's defamation claim regarding the Performance Review in Count Seven, on Plaintiff's claim for breach of the Code of Ethics in

1

Count Thirteen, and on Plaintiff's promissory estoppel claim regarding the Code of Ethics in Count Fifteen of the Third Amended Complaint [doc. #55] .

The following claims remain in this case: Plaintiff's sex discrimination claims under Title VII and state law; Plaintiff's Equal Pay Act claim; Plaintiff's retaliation claims under Title VII and state law; Plaintiff's defamation claim related to her performance review; and Plaintiff's state law claims for breach of an implied contract and promissory estoppel regarding the Defendants' Code of Ethics.

As discussed during the telephonic conference, the parties shall jointly file a proposed schedule for the trial of this matter **by no later than August 12, 2005**.

The Court reserves ruling on the still-pending Motions to Seal [doc. #72 & #89]. Defendants shall have **until August 10, 2005** to either file public, redacted versions of the documents that shall remain under seal, or to report to the Court that the documents in question need not be sealed.

IT IS SO ORDERED.

/s/       Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: August 1, 2005.**