UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP., and | : | |
| OTIS ELEVATOR COMPANY | : | |
| | : | |
| Defendants. | : | AUGUST 10, 2005 |

**DEFENDANTS' SUPPLEMENTAL MOTION TO
KEEP CERTAIN EXHIBITS UNDER SEAL (UNOPPOSED)**

Defendants, United Technologies Corp. and Otis Elevator Company, pursuant to Rule 5(d) of the Local Rules, hereby move to keep the following documents, filed in connection with Defendants' Motion for Summary Judgment, sealed from public view: (i) Exhibit 42 of Defendants' Memorandum of Law in Support of Summary Judgment ("Defendants' Summary Judgment"); and (ii) Exhibits I, U, and X of Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Opposition"). The remaining documents originally filed under seal by both parties may be unsealed. In support of this motion, Defendants state as follows:

1. On August 15, 2003, the parties submitted a Stipulated Protective Order, which this Court entered on August 27, 2003, whereby confidential material produced between the parties, should it ultimately be presented to the Court, would be filed under seal.

2. On February 28, 2005, Defendants filed a Motion for Summary Judgment with Exhibits 35 through 59 filed under seal. Exhibits 1 through 34 were not filed under seal.

3. On May 25, 2005, Plaintiff Sujata Nichani filed her Opposition to Defendants' Motion for Summary Judgment, with all Exhibits (A through RR) filed under seal.

4. On June 9, 2005, Defendants filed a Reply Brief, with Exhibits 3 through 7 filed under seal.

5. On July 7, 2005, during oral argument for Defendants Motion for Summary Judgment, this Court ordered that the parties unseal any documents not containing confidential or privileged material. Plaintiff had no objection to the sealing or unsealing of certain documents, including her Exhibits.

6. Defendants has reviewed the documents filed under seal in this matter, and request that the following exhibits remain sealed: Exhibit 42 of Defendants' Summary Judgment; and Exhibits I, U, and X of Plaintiff's Opposition. These Exhibits contain sensitive, non-public information relating to Defendants' business, as discussed below. All other Exhibits previously filed with the Court may be unsealed.

7. Defendants have redacted the confidential and/or privileged material contained in the Exhibits to remain under seal to the extent practicable. The redacted versions are attached hereto as Exhibits 1 through 4.

8. Exhibit 42 of Defendants' Summary Judgment is the Affidavit of Attorney John T. McNamara. Exhibits A and B of Attorney McNamara's Affidavit contain executive summaries prepared in connection with the death of Daniel McQuillan. As indicated in Attorney McNamara's Affidavit at ¶¶ 5-7, Exhibit A is the draft report prepared by Sujata Nichani, and Exhibit B is the final version of that report.

9. Exhibit I of Plaintiff's Opposition is the Affidavit of Sujata Nichani. Exhibit A of Ms. Nichani's Affidavit contains her draft report, which is the same document as Exhibit A of

-3-

Attorney McNamara's Affidavit, except that the version attached to Ms. Nichani's Affidavit contains some handwritten notes. See Affidavit of Sujata Nichani at ¶¶ 58-59. Exhibit B of Ms. Nichani's Affidavit is identical to Exhibit B of Attorney McNamara's Affidavit.

10. As indicated in Attorney McNamara's Affidavit at ¶¶ 5-7, these reports were prepared as part of an internal investigation headed by Attorney McNamara.

11. The Affidavit of Louis DeLoreto, Senior Safety Manager for Otis's North America Area ("NAA"), is attached hereto as Exhibit 5. As indicated therein, Otis's executive summaries, such as those prepared in connection with the McQuillan fatality, are not available to the public, and are prepared and used exclusively by Otis to improve its internal operations. (Ex. 5, Affidavit of DeLoreto ¶¶ 12.) These reports are also subject to non-disclosure agreements in place between Otis and its employees. (Ex. 5, Affidavit of DeLoreto ¶¶ 12; see also Exhibit 11 of Defendants' Summary Judgment (Intellectual Property Agreement signed by Sujata Nichani)). Otis's executive summaries represent self critical analyses of Otis's practices, and represent Otis's unique proprietary information.

12. The reports on the McQuillan fatality were prepared either directly by or under the supervision and direction of Otis's retained counsel, attorneys McNamara and Harold Engel, which is consistent with Otis's practice of occasionally retaining outside counsel to assist with these reports. (Ex. 5, Affidavit of DeLoreto ¶¶12-13; McNamara Affidavit ¶¶ 5-7) These reports represent the privieleged work-product of Otis and its attorneys.

13. Attached hereto as Exhibits 1 and 2 are redacted versions of Exhibit 42 of Defendants' Summary Judgment and Exhibit I of Plaintiff's Opposition, respectively. As indicated by the redaction, although the almost all of the full text of the Affidavits may be made part of the public record, the internal reports must remain under seal.

14. Exhibit U of Plaintiff's Opposition is an email from Ms. Nichani with attachments containing analyses of Otis's accident/incident rates. These documents are not accessible by the public, were prepared at the direction of Otis management to be used exclusively by Otis to improve its operations, measure performance and assess responsibility, and are subject to the non-disclosure agreements in place between Otis and its employees. (Ex. 5, Affidavit of DeLoreto ¶ 11.) These documents represent self critical analyses of Otis's practices, and represent Otis's unique confidential propriety information concerning its practices and operations.

15. Attached hereto as Exhibit 3 is a redacted version of Exhibit U of Plaintiff's Opposition. Although some of the text of Ms. Nichani's email may be made part of the public record, the remainder of the incident rate report must remain under seal.

16. Exhibit X of Plaintiff's Opposition is an Otis internal document that illustrates Otis's Standard Work Process ("SWP") for Rigging and Hoisting. As set forth in the Affidavit of DeLoreto, SWPs contain abbreviated descriptions of maintenance procedures, and are used exclusively by a limited number of Otis employees. (Ex. 5, Affidavit of DeLoreto ¶ 9.) SWPs contain technical information that enable Otis personnel to provide prompt, standardized service and thereby create an economic advantage for Otis. (Ex. 5, Affidavit of DeLoreto ¶ 9.) SWPs are highly confidential and Otis employees are prohibited from reproducing, disclosing, or distributing SWPs. (Ex. 5, Affidavit of DeLoreto ¶ 9.)

17. Attached hereto as Exhibit 4 is a redacted version of the first page of Exhibit X of Plaintiff's Opposition. As reflected by the redaction, almost all of the SWP document must remain under seal.

-5-

18. Otis has made extensive efforts to protect its intellectual property, trade secrets, and other confidential information, including the documents discussed above. (Ex. 5, Affidavit of DeLoreto ¶¶ 5-13.)

WHEREFORE, Defendants respectfully request the above-referenced Exhibits remain under seal and that the Court docket their redacted versions attached hereto as Exhibits 1 through 4. Defendants have no objection to the unsealing of the remaining Exhibits previously filed under seal in this matter.

DEFENDANTS,
UNITED TECHNOLOGIES CORP. and
OTIS ELEVATOR COMPANY


By: __/s/ Albert Zakarian_____
      Albert Zakarian (ct04201)
      Douglas W. Bartinik (ct26196)
      Day, Berry & Howard LLP
      CityPlace I
      Hartford, CT 06103-3499
      (860) 275-0100 (telephone)
      (860) 275-0343 (facsimile)
      azakarian@dbh.com
      dwbartinik@dbh.com

      Their Attorneys

-6-

## **CERTIFICATION**

      I hereby certify that the foregoing was sent via regular mail, postage prepaid, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 212-213B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

                                                                          /s/_____
                                                                               Albert Zakarian