<u>SUJATA NICHANI</u>
<u>VS.</u>
<u>UNITED TECHNOLOGIES CORP. AND OTIS ELEVATOR COMPANY</u>
CIVIL ACTION NO. 3:02CV1384 (MRK)

# DEFENDANTS' EXHIBIT 42

To Defendants' Memorandum of Law
in Support of Its Motion for Summary Judgment

**(REDACTED)**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | CIVIL ACTION |
| | : | NO. 3:02CV1384 (MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | |

### AFFIDAVIT OF JOHN T. MCNAMARA

The undersigned, John T. McNamara, having been duly sworn, upon his oath hereby deposes and says that:

1. I am over eighteen (18) years of age and believe in the obligations of an oath.

2. I am an attorney authorized and admitted to practice law in the states of New York and New Jersey. I reside in New Jersey.

3. I practice with the firm of Geringer & Dolan, 230 Park Avenue, Suite 441, New York, NY 10169, and represent Otis Elevator Company. Following the death of Daniel McQuillen on December 23, 2002, Otis Elevator asked me to represent the company in an investigation of the fatality.

4. My investigation began on the afternoon of December 23, 2002.

5. Together with Harold Engel, Otis' counsel from the law firm of Reed, Smith LLP, who became involved in the investigation in January 2003, I interviewed all of the employees involved in the McQuillen fatality and, in particular, with respect to the hoisting process.

6. After speaking with Kate Bertini, in-house counsel for Otis Elevator, on December 27, 2002 I met on-site with Sue Nichani, Senior Manager, EH&S Otis North America. I informed

her that I would be in charge of the overall investigation of the fatality. When Mr. Engel was retained in late January, 2003, he assumed responsibility for all OSHA issues, a fact which was reported to Mr. Nichani.

7. During the course of that conversation, I informed Ms. Nichani that all reports that she prepared would have to be sent to me to assure that they were complete and factual. During February 2003, Ms. Nichani submitted me a draft executive summary briefing document attached hereto and marked as Exhibit A. I reviewed the report and found that it was inconsistent with the facts I had developed in my interviews of the witnesses. I also found that it was inaccurate and filled with speculations and perceptions. Accordingly, together with Mr. Engel and Mr. Erv Lauterbach, Regional Vice President of Otis Elevator, I issued a new report removing the factual inaccuracies and speculation. That report is attached hereto as Exhibit B.

8. At no time during the investigation or in conducting my oversight did I ever ask Ms. Nichani or anyone else to submit a false report. I did my best to be sure that the report that was prepared for internal purposes would be factually accurate and devoid of speculation.

9. At the time I was performing the above-described services for Otis Elevator, I was unaware that Ms. Nichani had filed discrimination charges against Otis. I did not learn of those discrimination charges until sometime subsequent to her termination, which I understand was on March 21, 2003.

_____
John T. McNamara

Subscribed and sworn to before me
this 24Th day of February, 2005.

_____
Notary Public
My Commission Expires:

JOHN A. [illegible]
Notary [illegible]
Qualified [illegible]
Commission Expires: October 31, 2006

-2-