UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP., and | : | |
| OTIS ELEVATOR COMPANY | : | |
| | : | |
| Defendants. | : | DECEMBER 13, 2005 |

**DEFENDANTS' OBJECTION TO MOTION FOR LEAVE
TO FILE A FOURTH AMENDED COMPLAINT ADDING A NEW
COUNT FOR RETALIATION IN VIOLATION OF THE EQUAL PAY ACT**

Defendants, United Technologies Corp. ("UTC") and Otis Elevator Company ("Otis"), hereby object to Plaintiff's Motion for Leave to File a Fourth Amended Complaint ("Plaintiff's Motion"). Plaintiff seeks to add a claim for retaliation under the Equal Pay Act.[1] (Plaintiff's Motion ¶ 3.) Plaintiff's proposed amendment, however, comes over three years after she filed her initial Complaint in August 2002, comes after the close discovery, comes after this Court has granted partial summary judgment to Defendants, and after a trial date has been set. Allowing Plaintiff to amend her Complaint after such an excessive unexcused delay would cause undue prejudice. For the reasons explained below, Plaintiff's Motion should be denied.

---

[1] Defendants do not object to Plaintiff amending her Complaint to conform to this Court's July 31, 2005 ruling on summary judgment. (See Plaintiff's Motion ¶¶ 2, 10.)

A.  **Legal Standard**

After a responsive pleading has been filed, a party may amend her complaint only by leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). Whether to grant leave to amend lies within the trial court's discretion. Foman v. Davis, 371 U.S. 178, 182 (1962); Overseas Inns S.A. P.A. v. United States, 911 F.2d 1146, 1150 (5th Cir. 1990).

Leave to amend should be denied when the motion is made after an inordinate delay, the movant offers no adequate excuse for the delay, the nonmovant would suffer undue prejudice, the amendment would be futile, or the amendment would unduly delay the case. See Foman, 371 U.S. at 182; Cresswell v. Sullivan & Cromwell, 922 F.2d. at 60, 72 (2d Cir. 1990). "Where considerable time has elapsed between the filing of the complaint and the motion to amend, the moving party has the burden to provide a satisfactory explanation for the delay, and the courts may conclude that ignorance of the law is an unsatisfactory excuse." (Citations omitted.) Messier v. Southbury Training Sch., 1999 U.S. Dist. LEXIS 6992 at *7 (D. Conn. 1999). The "classic situation" where courts deny a leave to amend is after the close the discovery and after the nonmoving party have moved for summary judgment. Id. at *10-11.

B.  **Background**[2]

On August 9, 2002, Plaintiff sued Otis and UTC alleging various types of employment discrimination. Her eleven-count Complaint asserted discrimination (race, national origin, gender) under state and federal law, a violation of the Equal Pay Act, retaliation under Title VII and state law, negligent infliction of emotional distress, and defamation. On October 2, 2002,

---

[2] If needed, the parties' summary judgment papers provide a complete description of this case.

Plaintiff Amended her Complaint to remove the count for negligent infliction of emotional distress.

On March 21, 2003, Otis terminated Plaintiff's employment. On July 17, 2003, Plaintiff filed a Second Amended Complaint to add facts and claims associated with her termination. Adding to her already existing count of retaliation under Title VII, Plaintiff alleged that her termination was also retaliatory under Title VII and state law (but not the Equal Pay Act). She also added an additional aspect to her defamation claim, plus added counts for wrongful discharge, violation of Conn. Gen. Stat. § 31-51q, breach of contract, and negligent misrepresentation. Finally, on April 20, 2004, Plaintiff filed a Third Amended Complaint, which added a count for promissory estoppel. This brought the total number of counts to fifteen.

On February 28, 2005, after a lengthy, extensive, and costly discovery period, Defendants moved for summary judgment on all of Plaintiff's claims. On July 31, 2005, the motion was granted in part and denied in part. This left eight counts (down from fifteen) for trial, which is now scheduled for May 8, 2006. Three years after filing her initial Complaint, nearly nine months after Defendants moved for summary judgment, and nearly four months after this Court's ruling thereon, Plaintiff now seeks to add yet another count.

**C.   Argument**

As Plaintiff points out, she seeks to add no new facts to her Complaint, only a new theory of liability, namely, retaliation under the Equal Pay Act. (Plaintiff's Motion ¶ 5.) Thus, this theory of liability was *always* available from day one. This is not a "housekeeping amendment" as Plaintiff suggests. (Plaintiff's Motion ¶ 5.) Plaintiff asserted multiple theories as to why her termination and other events were retaliatory. These theories focused on different events that involved different individuals, which necessarily trigger different alleged retaliatory motives. Plaintiff already has been deposed (for three days) about her theories of retaliation. Defendants

already have moved for summary judgment on all her theories.  This Court already has ruled on which claims are suitable for trial.  Plaintiff cannot now, without offering any justification, add a new theory of liability.

### 1. Defendants are prejudiced because retaliation under the Equal Pay Act is distinct from Plaintiff's other retaliation claims.

Plaintiff seeks to add a claim for retaliation in violation of 29 U.S.C. § 215(a)(3), which prohibits retaliation for filing an Equal Pay Act claim.  This provision is read narrower than Title VII's retaliation provision.  Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993) (plaintiff given protection only if she files an action under the Equal Pay Act); Johns v. Cianbro Corp., 1999 U.S. Dist. LEXIS 4876 at *6 (D. Conn. 1999) (same).  By its very language, it protects *only* against retaliation *because* an employee has filed an Equal Pay Act claim (or engaged in other protected activity under the Fair Labor Standards Act); it does not apply to allegations of discrimination generally.  Compare 29 U.S.C. § 215(a)(3) (prohibits retaliation for instituting proceeding under Equal Pay Act) with 42 U.S.C. § 2000e-3 (retaliation provision of Title VII) (prohibits retaliation for opposing "any practice" made unlawful under Title VII or participating in Title VII proceeding).  In other words, unlike her retaliation claim under Title VII, Plaintiff must prove that she was retaliated against *specifically* for filing an Equal Pay Act claim.[3]  This was never pleaded.

Count Five of Plaintiff's Third Amended Complaint, entitled "Violation of 29 U.S.C. § 206 et seq. (Equal Pay Act)," does not mention retaliation; it alleges only that Plaintiff was paid less than Brad Russell and Pat Dowson.  Count Five is the *only* count alleging a violation of the Equal Pay Act.  Similarly, Count Six of the Third Amended Complaint, entitled "Retaliation in

---

[3] Thus, contrary to Plaintiff suggestion (Plaintiff's Motion ¶ 8), Plaintiff could prevail under one theory of retaliation but not the other.

Violation of Title VII, 42 U.S.C. § 2000e-3," does not mention the Equal Pay Act. Because Plaintiff never alleged it, Defendants never explored, researched, or otherwise conducted discovery (including deposing Plaintiff) about a cause of action for retaliation under the Equal Pay Act. See Marsh v. Sheriff of Cayuga County, 36 Fed. Appx. 10, 11 (2d Cir. 2002) (denying motion to amend because additional discovery would be needed); Messier, 1999 U.S. Dist. 6992 at *9 (noting that additional discovery and expense is an example of prejudice).

Defendants also were unable to move for summary judgment on this claim. Because Plaintiff's retaliation claim was under Title VII and state law, Defendants never researched or briefed the separate issues Plaintiff would need to prove under the Equal Pay Act's narrower retaliation provision. Plaintiff cannot now amend her complaint and bypass summary judgment. See, e.g., Overseas Inns S.A. P.A., 911 F.2d at 1151 (denying leave to amend after defendant filed motion for summary judgment because at that stage "all theories of liability and all defenses had been presented"); Juncewicz v. Patton, 2002 U.S. Dist. LEXIS 22651 at * 29 (W.D.N.Y. 2002) (denying leave to amend is appropriate when party asserting amendment does so after summary judgment to avoid an adverse ruling).

**2.    Plaintiff has no excuse for amending her complaint after such an excessive delay.**

As discussed above, Plaintiff is now seeking to add a new count. She seeks to do so: (i) after already amending her Complaint three times; (ii) over three years after filing her initial Complaint; (iii) nearly nine months after Defendants moved for summary judgment; (iv) nearly four months after this Court's ruling on summary judgment; and (v) with no excuse for the delay. Several courts have denied motions for leave to amend under similar or less extreme circumstances. See, e.g., Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995) ("fourteen month delay [was] considerable, especially in view of the fact that the motion came

after the close of discovery (which already had twice been extended)"); Cresswell, 922 F.2d at 72 (denying leave to amend when motion was made seventeen months after bringing suit, more than six months after filing second amended complaint, and after response to summary judgment); Messier, 1999 U.S. Dist. 6992 at *10, and cases cited therein ("In sum, plaintiffs filed these amendments after the defendants moved for summary judgment and most discovery was completed, without an adequate explanation for the delay."); Priestley v. American Airlines, Inc., 1991 U.S. Dist. LEXIS 4804 (S.D.N.Y. 1991) (plaintiff offered no explanation for waiting twelve months to file motion for leave).

Further, Plaintiff could have pleaded retaliation under the Equal Pay Act from the beginning. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Messier, 1999 U.S. Dist. LEXIS 6992 at *8 (quoting Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986)). The mere fact that Plaintiff decided after this Court's ruling on summary judgment to add a new theory of recovery is no justification for the delay. See Cresswell, 922 F.2d 60, 72 (only excuse offered for the delay was that counsel was unaware of statute providing for treble damages, which the court noted was "hardly new"); Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir. 1976) (being unaware of 42 U.S.C. § 1983 is not a sufficient reason to amend complaint to assert such a claim).

Plaintiff's failure to plead is especially egregious here. Otis has defended against fifteen counts through discovery (including a number of lengthy of depositions and the production of thousands of documents) and summary judgment. Plaintiff has presented several alternate theories as to why she was terminated, for example: because of her gender; because of her race and/or national origin; for exercising rights under Title VII; for allegedly refusing to falsify a

report; for relying on a progressive disciple policy; and for exercising free speech in the workplace. "There must be a point at which a plaintiff makes a commitment to the theory of its case." Thompson v. Boggs, 33 F.3d 847, 853 (7th Cir. 1994) (three years after initial complaint, refusing to allow plaintiff to amend complaint for a third time to include a claim that had been available from beginning). Moreover, Plaintiff already has amended her Complaint three times over the last three years. See De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 71-72 (2d Cir. 1996) (noting it is proper to consider previous amendments and denying leave when "Plaintiffs were accorded four opportunities to plead their claims") Although she was terminated in March 2003 and has amended her Complaint twice since that time, Plaintiff never alleged that her termination had anything to do with her pending Equal Pay Act claim. Plaintiff should not be permitted to add a new cause of action and force Defendants to answer new allegations a fifth time.

**D.    Conclusion**

For the reasons explained above, this Court should deny Plaintiff's Motion.

                    DEFENDANTS,
                    UNITED TECHNOLOGIES CORP. and
                    OTIS ELEVATOR COMPANY.


By:    __/s/ Douglas W. Bartinik_____
       Albert Zakarian (ct04201)
       Douglas W. Bartinik (ct26196)
       Day, Berry & Howard LLP
       CityPlace I
       Hartford, CT 06103-3499
       (860) 275-0100 (telephone)
       (860) 275-0343 (facsimile)
       azakarian@dbh.com
       dwbartinik@dbh.com

       Their Attorneys

-8-

## **CERTIFICATION**

I hereby certify that the foregoing was sent, postage prepaid, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 212-213B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

　　　　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　Douglas W. Bartinik