UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP., and | : | |
| OTIS ELEVATOR COMPANY | : | |
| | : | |
| Defendants. | : | DECEMBER 30, 2005 |

## DEFENDANTS' SUR-REPLY TO MOTION FOR
## LEAVE TO FILE A FOURTH AMENDED COMPLAINT

Defendants respectfully ask this Court to consider this Sur-reply Brief, which addresses three arguments made in Plaintiff's Reply Brief. First, Plaintiff stresses that Defendants have always been on notice that Plaintiff was claiming retaliation under the Equal Pay Act because she claimed in her in Title VII Retaliation Count (Third Amended Complaint, Count Six) that she was retaliated against for "filing charges of discrimination." (Plaintiff's Reply at 3.) Plaintiff fails to mention, however, that her "charges of discrimination" to the CHRO included claims of race, color, sex, and national origin discrimination. (See Exhibits A and C to Plaintiff's Reply.) Although broad "charges of discrimination" may work under a Title VII retaliation theory, which protects a broad range of activity (see Defendants' Objection at 4), it would not work under the Equal Pay Act's retaliation provision because Plaintiff must prove retaliation *specifically* for filing the Equal Pay Act claim, not for merely filing broad charges to

the CHRO.[1] Thus, although Plaintiff alleged retaliation under Title VII, she never alleged – by inference or otherwise – retaliation in violation of the Equal Pay Act.[2]

Second and similarly, Plaintiff argues that Defendants never "focused on specific theories of retaliation" during Plaintiff's deposition.[3] (Plaintiff's Reply at 5.) The simple explanation for this was because Plaintiff *never pleaded* any theories of retaliation under 29 U.S.C. § 215(a)(3) nor was it ever cited in her charges to the CHRO; rather, she claimed only retaliation under Title VII for her "charges of discrimination." It would have served no useful purpose to focus on any "specific theory" of retaliation as it was pleaded under Title VII. Moreover, Defendants also were forced to question Plaintiff on her alternative retaliation claims, which centered on her alleged refusal to falsify the internal report of the McQuillan fatality.

Finally, Plaintiff argues that the delay in pleading 29 U.S.C. § 215(a)(3) "was the result of inadvertence" and that "prejudice and delay in the proceedings are especially lacking in this case."[4] (Plaintiff's Reply at 4, 6.) This is not mere inadvertence or excusable neglect. Plaintiff is trying to add a new count after Defendants have moved for summary judgment and after this

---

[1] Plaintiff also ignores that the Complaint is the controlling document here and not her previous charges with the CHRO. Indeed, as Plaintiff's "Notice of Right to Sue" letters pointed out, it was not even necessary to file charges with the CHRO before bringing an action under the Equal Pay Act. (See Exhibits C and F to Plaintiff's Third Amended Complaint). Defendants are expected to be on notice of the claims alleged in the Complaint, not the claims Plaintiff made or could have made at the administrative level.

[2] Plaintiff's citation (Plaintiff's Reply at 4) to Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983) is unpersuasive because that case involved whether claims under 42 U.S.C §§ 1981, 1983, 1985 and 1986, which the district court had dismissed as untimely, related back to previous claims under Title VII.

[3] Plaintiff also states that Defendants never asked Plaintiff why she was terminated. (Plaintiff's Reply at 7.) This is false. (See, e.g., Nichani Dep. at 59-60.)

[4] As Defendants pointed out, courts have denied leave to amend based on unexcused delay without inquiring into prejudice. (Defendant's Objection at 5-7.)

Court went to great lengths to streamline the Complaint for trial. Defendants also would be prejudiced: (i) they would need reopen discovery and redepose Plaintiff; (ii) they must investigate and research a new count; (iii) they have lost the opportunity to move for summary judgment on the new count; (iv) granting the proposed amendment will take away from preparing for trial; and (v) they have incurred costs opposing this amendment. This is simply a veiled attempt by Plaintiff to expand her Complaint despite this Court's ruling on summary judgment and to resurrect her practice of playing the percentages and adding new counts in the hope that one of them might permit recovery.

>                    DEFENDANTS,
>                    UNITED TECHNOLOGIES CORP. and
>                    OTIS ELEVATOR COMPANY.
>
>
> By:   /s/ Douglas W. Bartinik
>       Albert Zakarian (ct04201)
>       Douglas W. Bartinik (ct26196)
>       Day, Berry & Howard LLP
>       CityPlace I
>       Hartford, CT 06103-3499
>       (860) 275-0100 (telephone)
>       (860) 275-0343 (facsimile)
>       azakarian@dbh.com
>       dwbartinik@dbh.com
>
>       Their Attorneys

## CERTIFICATION

I hereby certify that the foregoing was sent, postage prepaid, on this date, to:

Anthony Minchella, Esq.  
Law Offices of Anthony R. Minchella, L.L.C.  
530 Middlebury Road  
Suite 212-213B  
Middlebury, CT 06762  

Jeffrey J. Tinley, Esq.  
Tinley, Nastri, Renehan & Dost, LLP  
60 North Main Street  
2nd Floor  
Waterbury, CT 06702  

>   /s/
>   Douglas W. Bartinik