UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | |
| | : | |
| Plaintiff, | : | NO. 3:02 CV 1384 (MRK) |
| v. | : | |
| | : | |
| OTIS ELEVATOR COMPANY and | : | |
| UNITED TECHNOLOGIES | : | |
| CORPORATION | : | |
| | : | |
| Defendants. | : | |

**RULING AND ORDER**

Currently pending before the Court is Plaintiff Sujata Nichani's Motion to Amend the Third Amended Complaint [doc. #119], which seeks to add a count of retaliation under the Equal Pay Act. Defendants have objected to Ms. Nichani's request to file a fourth amended complaint on grounds of surprise and prejudice. Having considered the briefs of the parties, the Court DENIES Plaintiff's Motion to Amend the Third Amended Complaint [doc. #119]

The original Complaint [doc. #1] in this case was filed in August 2002, and a Scheduling Order [doc. #2] was entered requiring that amendments to the pleadings be filed no later than October 9, 2002. Ms. Nichani duly submitted her First Amended Complaint on October 10, 2002, then followed this with second and third amended complaints in July 2003 and June 2004, respectively [docs. ## 24, 55]. Ms. Nichani's Third Amended Complaint contained fifteen separate counts. In February 2005, after the close of discovery, Defendants moved for summary judgment [doc. #69]. Two extensions of time later, Ms. Nichani filed her Rule 56(a) statement in response to Defendants' motion for summary judgment on May 25, 2005 [doc. #84]. Oral argument on the

motion for summary judgment was held on July 7, 2005, and on August 1, 2005, this Court issued a comprehensive ruling [doc. #106] granting in part and denying in part summary judgment. On August 25, the Court entered a Scheduling Order [doc. #113] setting trial for May 8, 2006 and scheduling the filing of trial memoranda and the final pretrial conference. On November 22, 2005, long after the close of discovery and a ruling on summary judgment, Ms. Nichani requested permission to amend her complaint for the fourth time [doc. #119], by adding a new claim for retaliation under the Equal Pay Act.

Generally, courts should freely grant permission to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). However, the Second Circuit has made it clear that the good cause standard of Rule 16 supercedes the more liberal standard of Rule 15(a) when a motion to amend is filed after the deadline for amending pleadings set by a scheduling order. *See, e.g.*, *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir.2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.' ") (internal citations omitted). Such an order was entered in this case and required that amendments to the pleadings be filed no later than October 9, 2002. *See* Order [doc. #2].

There is no question that Ms. Nichani and her counsel have long known all of the facts needed to assert a claim of retaliation under the Equal Pay Act. Nor has her counsel in the past been at all reticent about proliferating claims, having pleaded fifteen separate counts in her last amended complaint. The only explanation that Ms. Nichani offers for her extreme delay in asserting a claim of Equal Pay Act retaliation is "inadvertence." Plaintiff's Reply Memorandum in Further Support of

Leave to File Fourth Amended Complaint (Plaintiff's Reply") [doc. #121] at 4. But mere inadvertence cannot satisfy Rule 16's requirement of good cause. Having known the facts underlying her claim for years and having been fully aware of the schedule, Ms. Nichani has absolutely no excuse, let alone a good one, for having delayed until discovery closed and summary judgment was decided before seeking to add yet another count to her complaint. Furthermore, the Court is persuaded that Defendants would be unfairly prejudiced by allowing the addition of a new claim after the close of discovery and at a point in the schedule that would either immunize the claim from challenge by way of a motion for summary judgment or delay the long-scheduled trial of a case that has been pending for a very long time.

      Accordingly, Plaintiff's Motion to Amend the Third Amended Complaint [doc. #119] is DENIED.

                                                                   IT IS SO ORDERED.

                                          /s/      Mark R. Kravitz
                                                   United States District Judge

Dated at New Haven, Connecticut: **January 24, 2006**.