UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | APRIL 6, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
IN LIMINE TO EXCLUDE EVIDENCE OF SEAN MURPHY'S REINSTATEMENT
AND/OR ANY MODIFICATION OF DISCIPLINE IMPOSED ON OTIS
<u>EMPLOYEES FOLLOWING THE MCQUILLAN FATALITY</u>**

Defendants, United Technologies Corp. and Otis Elevator Company ("Otis"), respectfully submit this memorandum of law in support of their motion in limine to exclude all evidence and argument regarding the reinstatement of Sean Murphy and the modification of any discipline imposed on other Otis employees following the McQuillan fatality.[1] Murphy, a union employee at Otis, was the lead foreman at the New York job site where Daniel McQuillen was killed in December 2003. Otis anticipates that Nichani will attempt to show that Murphy's reinstatement following his termination and the modification of other employees' discipline shows that other workers at Otis received more favorable treatment (or less severe discipline than she did) following McQuillan's death.[2]

---

[1] This Memorandum focuses mainly on Sean Murphy because Otis anticipates that Nichani will focus on his reinstatement, as opposed to other workers at the McQuillen's job site. Nonetheless, Otis seeks to exclude all evidence relating to any modification of discipline for the same reasons that apply to Murphy, as discussed herein.

[2] Otis also seeks to exclude any evidence suggesting that Murphy was reemployed at Otis anytime after his termination, which might give the jury the false impression that he was never terminated following the death of McQuillan.

Pursuant to Rule 401 of the Federal Rules of Evidence, Murphy's reinstatement and the modification of the discipline imposed on others is irrelevant to any fact at issue because Otis was not involved in the decision to reinstate Murphy's employment or modify the others' discipline. Instead, Murphy, a union employee, was reinstated through an arbitration award made pursuant to a collective bargaining agreement. Likewise, the other employees' discipline was modified through the same award. Thus, Nichani, who was not a union member, is not similarly situated in this context and no reasonable inferences can be drawn from Murphy's reinstatement or the modification of discipline imposed on other Otis employees. Moreover, pursuant to Rule 403 of the Federal Rules of Evidence, even if relevant, the evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

A.     **Relevant Factual Background**[3]

On December 23, 2002, Otis mechanic Daniel McQuillan fell to his death in a construction accident in Jersey City, New Jersey. (See Exhibit A.) An investigation into the accident revealed that McQuillen had not followed Otis safety practices. (See Exhibit A at 5, 7.) The investigation also prompted Otis to discipline various responsible employees. (See Exhibit A at 5.) On April 29, 2003, Sean Murphy, the lead foreman on the Jersey City job site, was terminated for failing to ensure that safety practices had been followed. (See Exhibit A at 5.)

Murphy and the other Otis employees subject to the collective bargaining agreement who were disciplined following the McQuillan fatality were members of the Local 1, International Union of Elevator Contractors, AFL-CIO (the "Union"). (See Exhibit A.) As such, the terms of their employment were governed by a collective bargaining agreement (the "union contract")

---

[3] The facts relevant to this motion can be gleaned from Exhibit A, which is a copy of the decision ordering Murphy's reinstatement. For a complete factual background of this case, please see Otis's Memorandum of Law in Support of its Motion for Summary Judgment.

2

between the Union and Otis. (See Exhibit A.) Pursuant to the union contract, the Union filed a grievance seeking to reinstate Murphy and modify the discipline imposed on other Otis employees. (See Exhibit A.) The grievance ultimately was submitted to arbitration. The arbitrator reduced Murphy's discharge to a disciplinary suspension and ordered that he be reinstated. (See Exhibit A.) Accordingly, as required by the arbitration award, Otis reinstated Murphy. The arbitration award also modified the discipline imposed on several others. See id.

Also as a result of the investigation following McQuillen's death, Otis discovered that its North America Area ("NAA") had not been implementing many of Otis's world wide job site safety standards. As a result, on March 21, 2003, Otis terminated Nichani from her position as Senior Manager, Environmental Health & Safety for Otis NAA. Nichani was terminated because she failed, as head of safety, to deploy and implement Otis safety standards.

**B.    Legal Standard**

Rule 401 of the Federal Rules of Evidence describes "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 of the Federal Rules of Evidence provides, in part, that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Moreover, even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

**C.    Argument**

    1.    *Evidence of Murphy's Reinstatement is Not Relevant*

It is anticipated that Nichani will attempt to show at trial that Otis used the McQuillan fatality as a pretext for terminating her employment. (See Third Amended Complaint ¶¶ 49-50,

3

54-58.) It is also anticipated that Nichani will attempt to do so by offering evidence that she received more severe discipline than other employees following the fatality. Thus, Otis expects that Nichani will offer Murphy's reinstatement or the modification of other employees' discipline as evidence that they received more favorable treatment.

A plaintiff may raise a permissible inference of intentional discrimination by showing that "similarly situated" employees outside the protected group were treated more favorably. Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997); Vasquez v. Claire's Accessories, Inc., 392 F. Supp. 2d 342, 351-352 (D. Conn. 2005). To make such a showing, however, the alleged comparators must be "similarly situated in all material respects." Shumway, 118 F.3d at 64; Alphonse v. Conn. Dep't of Admin. Servs., No. 3:02cv1195 (MRK), 2004 U.S. Dist. LEXIS 7239, *20 (D. Conn. Apr. 21, 2004).[4] This generally requires the plaintiff and any alleged comparators to be subject to the same standards without differentiating circumstances. Ortiz v. Prudential Ins. Co., 94. F. Supp. 2d 225, 237-38 (D. Conn. 2000) (JBA).

Nichani and Murphy and the others party to the collective bargaining agreement are not similarly situated and thus no inferences can be drawn from Murphy's reinstatement or the modification of other Otis employees' discipline. As mentioned above, Murphy and his coworkers were union employees who were reinstated or had their discipline modified through an arbitration award after the Union pressed a grievance on their behalf. Murphy was <u>not</u> reinstated and the others' discipline was <u>not</u> modified because Otis chose to do so. Conversely, Nichani, a Senior Manager, was not a member of the Union and her employment was not governed by a collective bargaining agreement, nor did she ever seek reinstatement. Murphy's reinstatement and the modification of the other Otis employees' discipline, which occurred only through the collective bargaining process and had nothing to do with the Otis decision-makers in

---

[4] Copies of unreported decisions are attached as Exhibit B.

this case, does not even remotely prove disparate treatment. Therefore, evidence of Murphy's reinstatement (and subsequent employment at Otis – see footnote 1, supra) and evidence of the modification of discipline imposed on other Otis employees as a result of the McQuillan fatality is not relevant and therefore inadmissible under Rule 402.

### 2. *The Probative Value of Murphy's Reinstatement and the Other Otis Employees' Discipline Modification is Substantially Outweighed by the Danger of Undue Prejudice, Confusion of the Issues, or Misleading the Jury.*

Even if Murphy's reinstatement and the other discipline modification were relevant and therefore arguably admissible, the evidence should be excluded under Rule 403 because what little probative value it would have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Nichani will likely argue to the jury that Murphy received less punishment for the McQuillen fatality (i.e., he ultimately revived only a disciplinary suspension while she was terminated outright) and therefore Otis singled her out for discrimination and/or retaliation. She may also point to the modification of the other employees' discipline as evidence of unfair treatment. As discussed above, however, Otis did not make the decision to reinstate Murphy and modify the discipline imposed on the other Otis employees; an independent arbitrator made the decision through the collective bargaining process. Evidence of Murphy's reinstatement and/or subsequent employment at Otis and evidence of the modification of other employees' discipline would leave the jury with the false impression that either Otis terminated Murphy and disciplined the others and then changed its mind or (worse) that Otis never terminated Murphy or disciplined the others in the first place. Moreover, delving into issues relating to Murphy's reinstatement and the discipline of other employees will require evidence regarding collateral materials not material to this lawsuit, including the collective bargaining agreement and arbitration process, which will unnecessarily confuse the jury.

5

### D. Conclusion

For the reasons explained above, Otis respectfully requests that this Court exclude all evidence and argument regarding Murphy's reinstatement and subsequent employment at Otis and evidence of the subsequent modification of other discipline imposed on Otis employees following the McQuillan fatality.

        THE DEFENDANTS,
        UNITED TECHNOLOGIES CORP. and
        OTIS ELEVATOR COMPANY


By:     /s/ Douglas W. Bartinik    
        Albert Zakarian (ct04201)
        Victoria Woodin Chavey (ct14242)
        Douglas W. Bartinik (ct26196)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, CT 06103-3499
        (860) 275-0100 (telephone)
        (860) 275-0343 (facsimile)
        *azakarian@dbh.com*
        Their Attorneys

## **CERTIFICATION**

       I hereby certify that the foregoing was sent via regular mail, postage prepaid, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

                                             /s/ Douglas W. Bartinik
                                              Douglas W. Bartinik