UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY | : | |
| | : | |
| Defendants. | : | APRIL  6, 2006 |

## JOINT TRIAL MEMORANDUM

## I.    TRIAL COUNSEL

For the Plaintiff:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762
t 203-758-1069
f 203-748-2074
anthonyminchella@sbcglobal.net

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702
t 203-596-9030
jtinley@tnrdlaw.com

For the Defendants:

Albert Zakarian
Victoria Woodin Chavey
Day, Berry & Howard, LLP
Cityplace I
Hartford, CT 06103-3499
t 860-275-0100
f 860-275-0343
azakarian@dbh.com
vwchavey@dbh.com

II.    **JURISDICTION**

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

III.    **JURY/NON-JURY**

**Plaintiff's Position**

Plaintiff has requested a jury trial in this matter.

**Defendants' Position**

Defendants' position is that Plaintiff does not have the right to a jury trial on certain

issues.  For her claims under Title VII and CFEPA, although the jury decides liability, Plaintiff

does not have the right to a jury trial on any issues relating to claimed lost wages.  42 U.S.C. §

1981a; Broadnax v. City of New Haven, 415 F.3d 265, 271 (2d Cir. 2005) ("[b]ecause a lost

wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is

generally not entitled to a jury determination on the question"); Corti v. Storage Tech. Corp., 304

F.3d 336, 343 (4th Cir. 2002) ("the court, not the jury, is responsible for awarding back pay

under the statutory scheme" of Title VII); Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d

495, 501 (7th Cir. 2000) ("whatever discretion the facts allow with respect to back pay and front

pay belongs to the judge rather than the jury"); Oliver v. Cole Gift Ctrs., Inc., 85 F. Supp. 2d

109, 113 (D. Conn. 2000) ("The statutory systems at issue here, Title VII and CFEPA, are co-

extensive in the forms of relief they provide."); see Strom v. Goldman, Sachs & Co., 202 F.3d

138, 146 (2d Cir. 1999).  For her claim under the Equal Pay Act, if the jury finds liability and

awards damages, the Court and not the jury is responsible for deciding whether liquidated

damages are appropriate.  29 U.S.C. § 260; El v. Potter, 2004 U.S. Dist. LEXIS 24447, 36-37

(S.D.N.Y. 2004), citing Brock v. Superior Care, Inc., 840 F.2d 1054, 1063 (2d Cir. 1988).

## IV.    LENGTH OF TRIAL

The parties anticipate approximately 17 days of trial.  Plaintiff estimates that presentation of her case will take about nine (9) days.  Defendants estimate that presentation of their case will take about eight (8) days.

## V.    FURTHER PROCEEDINGS PRIOR TO TRIAL

Prior to trial, the parties seek a ruling on the Motions in Limine that have been submitted contemporaneously with this memorandum.

## VI.    NATURE OF CASE

### A.    Plaintiff's Statement

Plaintiff, Sujata (Sue) Nichani, brings this action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq., 29 U.S.C. § 206 et seq., 42 U.S.C. 1981 and Connecticut General Statutes § 46a-51 et seq., and pursuant to the Connecticut common law of defamation, contract and promissory estoppel, seeking back pay, front pay, compensatory and punitive damages, attorney fees and costs.  Her claims arise out of the Defendants' discriminatory treatment of her during her employment and her termination, and also arise out of representations and promises Defendants made to her concerning her employment, and also statements made about her concerning her performance.

### B.    Defendants' Statement

Otis Elevator Company ("Otis") is the world's largest manufacturer, installer, and servicer of elevators and similar products.  Safety is Otis's top priority.  Plaintiff, Sujata Nichani, held the highest safety position in Otis's North America Region (comprising both North and South America).  Otis terminated her employment on March 23, 2003 after an Otis employee was killed in a construction accident involving an elevator in December 2002 and the subsequent

investigation revealed that Ms. Nichani had failed to implement and deploy critical safety standards and policies

While still at Otis in August 2002, before the fatal accident, Ms. Nichani filed a lawsuit against Otis and its parent company, United Technologies Corp., alleging that Otis had discriminated against her because of her gender and violated the Equal Pay Act when it replaced her with Brad Russell, a long-time Otis executive with over twenty years of safety experience. In this lawsuit, Ms. Nichani alleges, among other things, that Otis terminated her in retaliation for her previous claim of discrimination.  She also claims that she was terminated because she allegedly refused to falsify an internal report relating to the December 23, 2002 fatality.

Otis denies all of Ms. Nichani's claims.  First, Otis denies that it violated the Equal Pay Act by paying Brad Russell more than Ms. Nichani.  Brad Russell's compensation was based on his prior position as an executive, his prior salary, his safety experience, and his education, not because of gender.  In addition, Otis denies that it terminated Ms. Nichani because of her gender or because she previously filed charges of discrimination.  Her termination was based on her failure, as the head of safety for Otis's North America region, to deploy and implement critical safety standards, as revealed in the investigation of the fatal accident that occurred at the end of 2002.  Otis also denies that Ms. Nichani was asked to falsify a report or that she was terminated because she refused to do so.    The Defendants seek a verdict in their favor.

## VII.    TRIAL BY MAGISTRATE JUDGE

Counsel have not agreed to trial by a Magistrate Judge.

## VIII.    EVIDENCE

### A.    LIST OF WITNESSES

*PLAINTIFF'S WITNESSES*

## PLAINTIFF'S PROPOSED WITNESS LIST

### Defendants' Objections

Defendants are still in the process of reviewing Plaintiff's 47 witnesses and their

proposed testimony.  Any objections will be raised at the pretrial conference after working with

opposing counsel to narrow the scope any such objections.


1.     **Larry Acorn**

    Address
United Technologies Building
Hartford, CT  06101

       Brief Summary of Nature of Testimony
May testify concerning United Technologies and Otis Elevator Company
compensation guidelines, including salary levels and increases, benefits and stock
options, and other incentive compensation.  Procedure concerning transfers
between UTC and its divisions, including recommendation packages and
processes.  The transfer of Bradford Russell and his recommendation package and
plaintiff's re-assignment after Russell's departure.

       Expected Duration of Testimony
Two Hours

2.     **Frank Barkman**

    Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

       Brief Summary of Nature of Testimony
May testify concerning Engineering and process issues concerning worldwide job
site safety standards (AWWJSSS.@), application and implementation, including
practical obstacles to the implementation of fist grips and other WWJSSS.

       Expected Duration of Testimony

Two Hours

3.   **Tim Beck**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

Brief Summary of Nature of Testimony
Will likely testify Environment, Health and Safety Department at United
Technologies and Otis Elevator Company, including a description of the
responsibilities of the EH&S leader of the areas of Otis Elevator Company,
accident investigations, assurance reviews and fatality prevention audits.
Knowledge of regional and area compliance, or lack of compliance, with
WWJSSS.  His career at Otis Elevator Company.  Plaintiff's performance, skills
and abilities, including those areas of alleged deficiencies asserted as grounds for
her termination.

Expected Duration of Testimony
Two Hours

4.   **Tony Black**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

Brief Summary of Nature of Testimony
May testify concerning the level of support provided to new elevator construction
at Otis, including processes to install new elevators in high-rise office buildings.
Plaintiff's performance skills and abilities, including those areas of alleged
deficiencies asserted as grounds for her termination.

Expected Duration of Testimony
Two hours

5.   **Ari Bousbib**

Address
United Technologies Building
Hartford, CT  06101

Brief Summary of Nature of Testimony
May testify concerning the Investigation and review of the Goldman, Sachs'
fatality involving Daniel McQuillan, evaluation and determination of sanctions
arising out of that accident, and EH&S responsibilities for Otis and UTC.  The

transfer of Bradford Russell and his recommendation package.  Plaintiff's performance, skills and abilities, including those areas of alleged deficiencies asserted as grounds for her termination.

Expected Duration of Testimony
Two hours

6.    **William Bridge**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

Brief Summary of Nature of Testimony
May testify concerning hiring of the Plaintiff with Otis Elevator Company, and her performance and job responsibilities at Otis Elevator Company, including those areas of alleged deficiencies asserted as grounds for her termination..

Expected Duration of Testimony
Two hours

7.    **Joseph Byrka**

Address        Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

Brief Summary of Nature of Testimony
Will likely testify concerning his transfer into an L3 position performing job responsibilities previously performed by Robert McGuiness, and the retention of McGuiness at his Grade 51 level rather than complete replacement.

Expected Duration of Testimony
Half Hour

8.    **Leslie Carothers**

Address
United Technologies Building
Hartford, CT  06101

Brief Summary of Nature of Testimony

May testify concerning personnel and human resources issues concerning Bradford Russell and Sue Nichani, accident reviews for all divisions of United Technologies Corporation, recommendation package process, and executive compensation issues.  The transfer of Bradford Russell and his recommendation package and plaintiff's re-assignment after Russell's departure..

Expected Duration of Testimony
Two hours

9.    **William Cassidy**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

Brief Summary of Nature of Testimony
Will likely testify concerning new construction process in the greater New York region, knowledge and application and implementation of safety rules in that region.  The Goldman, Sachs fatality investigation and sanctions arising out of that accident.

Expected Duration of Testimony
Two hours

10.    **Fran Correa**

Address
To be determined

Brief Summary of Nature of Testimony
May testify concerning discriminatory treatment on the basis of sex by Raymond Moncini.

Expected Duration of Testimony
One hour

11.    **James DeFau**

Address
United Technologies Building
Hartford, CT  06101

Brief Summary of Nature of Testimony

Will likely testify concerning the transfer of Bradford Russell and his recommendation package and plaintiff's re-assignment after Russell's departure.

<u>Expected Duration of Testimony</u>
One hour

12.   **Edith DiFrancesco**
      <u>Address</u>

      <u>Brief Summary of Nature of Testimony</u>
      May testify concerning NSAA EH&S safety responsibilities, assurance reviews,
      fatality prevention audits, accident investigations, application and implementation
      of WWJSSS in North America, and other Otis Elevator Company areas.

      <u>Expected Duration of Testimony</u>
      Two hours

13.   **Louis DiLoretto**

      <u>Address</u>

      Otis Elevator Company
      10 Farm Springs Road
      Farmington, CT  06032

      <u>Brief Summary of Nature of Testimony</u>
      Will likely testify concerning safety practices and rules at Otis Elevator Company
      NSAA, and the investigation of the Goldman, Sachs accident, including the
      greater New York region's compliance with Otis safety rules and practices.

      <u>Expected Duration of Testimony</u>
      1 Hour

14.   **Thomas Dizio**

      <u>Address</u>
      Otis Elevator Company
      10 Farm Springs Road
      Farmington, CT  06032

      <u>Brief Summary of Nature of Testimony</u>
      Will likely testify concerning Plaintiff's performance while under his
      management and supervision, including her skills and abilities, including those
      areas of alleged deficiencies asserted as grounds for her termination..

<u>Expected Duration of Testimony</u>
One hour

15.     **Christopher Doot**

<u>Address</u>
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

<u>Brief Summary of Nature of Testimony</u>
May testify concerning Plaintiff's performance while under his management and
supervision, including her skills and abilities, including those areas of alleged
deficiencies asserted as grounds for her termination..

<u>Expected Duration of Testimony</u>
One hour

16.     **Raymond Downs**

<u>Address</u>

Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

<u>Brief Summary of Nature of Testimony</u>
May testify concerning the greater New York region's compliance with Otis
Elevator safety rules and practices and the Regional Vice President of the greater
New York region's⁻ failure to comply with such safety practices and rules.

<u>Expected Duration of Testimony</u>
Two hours

17.     **Patrick Dowson**

<u>Address</u>
United Technologies Building
Hartford, CT  06101

<u>Brief Summary of Nature of Testimony</u>
May testify concerning Plaintiff's role and responsibilities and performance in the
EH&S and SAA position, WWJSSS application and implementation, including
those areas of alleged deficiencies asserted as grounds for her termination..

Expected Duration of Testimony
Two hours

18.   **William Gooding**

Address
To be determined

Brief Summary of Nature of Testimony
Will likely testify concerning the hiring and performance of Plaintiff, including
her skills and abilities, including those areas of alleged deficiencies asserted as
grounds for her termination..

Expected Duration of Testimony
Two hours

19.   **Robert Isaman**

Address
To be determined

Brief Summary of Nature of Testimony
May testify concerning Otis WHQ safety practices, rules and policies.  The
transfer of Bradford Russell and his recommendation package and plaintiff's re-
assignment after Russell's departure.

Expected Duration of Testimony
Two hours

20.   **Erv Lauterbach**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

Brief Summary of Nature of Testimony
Will likely testify concerning the Greater New York region safety practices,
application and implementation of WWJSSS, Plaintiff's performance review.
Plaintiff's performance, skills and abilities, including those areas of alleged
deficiencies asserted as grounds for her termination.

Expected Duration of Testimony
Two hours

21.   **Ellen McGroary**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

Brief Summary of Nature of Testimony
Will likely testify, as a fact witness and corporate designee, concerning recommendation package concerning Bradford Russell, human resources policies and procedures concerning recommendation packets, the role of United Technologies Corporation in Otis Elevator Company human resources policies and procedures, including compensation and benefits, communications with the Plaintiff concerning of the EH&S leader in NSAA, UTC and Otis Elevator Company performance review policies and procedures, and termination of the Plaintiff, Otis Elevator Company human resources policies and procedures, and UTC policies and procedures.  Leadership development reviews and professional development. The transfer of Bradford Russell and his recommendation package and plaintiff's re-assignment after Russell's departure..

Expected Duration of Testimony
Four hours

22.    **Robert McGuiness**

Address
To be determined

Brief Summary of Nature of Testimony
Will likely testify concerning the transfer of Joseph Byrka into his position, yet retention of his grade level and compensation.

Expected Duration of Testimony
Half hour

23.    **William Miller**

Address
To be determined

Brief Summary of Nature of Testimony
Will likely testify concerning the hiring and performance of Plaintiff, including her skills and abilities, including those areas of alleged deficincies asserted as grounds for her termination, and her career path at Otis.

Expected Duration of Testimony

24.   **Axel Moeller**

<u>Address</u>
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

<u>Brief Summary of Nature of Testimony</u>
May testify concerning his role and responsibilities as EH&S leader, and his
education level and experience, and compensation level and grade level.

<u>Expected Duration of Testimony</u>
One hour

25.   **Raymond Moncini**

<u>Address</u>
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

<u>Brief Summary of Nature of Testimony</u>
Will likely testify concerning his role and responsibilities as President of Otis
NSAA, WWJSSS, fatality prevention, audits, assurance reviews, and accident
investigations.  Plaintiff's performance as EH&S leader and NSAA, Bradford
Russell's recommendation package, leadership development reviews and
professional development, performance review process for Plaintiff, Plaintiff's
termination and the areas of alleged deficiencies asserted as grounds for her
termination.  The transfer of Bradford Russell and his recommendation package,
and plaintiff's re-assignment after Russell's departure.

<u>Expected Duration of Testimony</u>
Four hours

26.   **Sujata Nichani**

<u>Address</u>
1291 Trotter Lane
Williamston MI 48895

<u>Brief Summary of Nature of Testimony</u>
Will testify concerning her career with Otis Elevator Company, her performance,
her roles and responsibilities as EH&S leader NSAA, her removal from and to
EH&S leader NSAA, discriminatory treatment by Raymond Moncini, and
Steve Page and others, complaints concerning discrimination, the fatality in the
greater New York region Goldman, Sachs project involving Daniel McQuillan
and her investigation into the accident and its causes, and reports produced as a

result of that investigation, and her termination from Otis Elevator Company.  The transfer of Bradford Russell and her re-assignment after Russell's departure.  Her communications and efforts to secure nondiscriminatory, equal treatment, the retaliation she experienced after pursuing her rights to nondiscriminatory, equal pay and treatment,  Her damages and losses, including back pay, front pay and emotional distress.  Her job search after being terminated by the Defendants.

<u>Expected Duration of Testimony</u>
One and a half days

27.    **<u>Michele O'Toole</u>**

<u>Address</u>
To be determined

<u>Brief Summary of Nature of Testimony</u>
Will likely testify concerning her career and performance with Otis Elevator Company, and discriminatory treatment by Raymond Moncini, and claims made concerning that treatment.

<u>Expected Duration of Testimony</u>
Two hours

28.    **<u>Steve Page (Via Deposition Transcript)</u>**

<u>Address</u>
United Technologies Building
Hartford, CT  06101

<u>Brief Summary of Nature of Testimony</u>
Will likely testify concerning human resources practices and procedures concerning United Technologies Corporation and Otis Elevator Company, treatment of Sujata Nichani, executive compensation and United Technologies Corporation and Otis Elevator Company, and fatality prevention audits, assurance reviews and accident investigations, including the Goldman, Sachs investigation. The transfer of Bradford Russell and his recommendation package, and plaintiff's re-assignment after Russell's departure and valuation and forecast of UTC stock options.

<u>Expected Duration of Testimony</u>
Two hours

29.    **<u>United Technologies Corporation Representative or William L. Bucknall, Jr. or Gregory J. Hayes</u>**

<u>Address</u>

United Technologies Building
Hartford, CT  06101

Brief Summary of Nature of Testimony
Will likely testify concerning the valuation of United Technologies stock options for purposes of SEC filings and annual reports and executive compensation.

Expected Duration of Testimony
One hour

30.    **Daniel Reese**

Address
United Technologies Building
Hartford, CT  06101

Brief Summary of Nature of Testimony
Will likely testify concerning his education and experience, employment with Otis Elevator Company, his roles and responsibilities as Vice President of EH&S at world headquarters of Otis Elevator Company, performance of Subjata Nichani, including those areas of alleged deficiencies asserted as grounds for her termination, roles and responsibilities of all EH&S leaders at Otis Elevator Company, WWJSSS rules, application and implementation, and the Goldman, Sachs investigation, and sanctions arising out of that accident, and Sujata Nichani's performance review.  The transfer of Bradford Russell and his recommendation package and plaintiff's re-assignment after Russell's departure..

Expected Duration of Testimony
Four hours

31.    **Bradford Russell**

Address
6 Cedar Hill Road, West Simsbury, CT  06092

Brief Summary of Nature of Testimony
May testify concerning his experience and education in EH&S, and career with United Technologies Corporation and Otis Elevator Company.  His experience in the elevator industry.  His recommendation package and move into Otis NSAA EH&S leader, his discussions relating to the move and displacement of the plaintiff and his departure from the company.

Expected Duration of Testimony
Two hours

32.    **Dean Schleicher**

<u>Address</u>
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

<u>Brief Summary of Nature of Testimony</u>
Will likely testify Otis Elevator Company policies, procedures, rules and safety
practices in connection with construction processes, application and
implementation of WWJSSS, specifically, the use of wire rope clips, u-bolts and
fist grips, recent fatalities involving fist grips, investigations, fatality prevention
audits, and assurance reviews, and the Goldman, Sachs fatality investigation and
reports.

<u>Expected Duration of Testimony</u>
Two hours

33.   **Harold Scott**

<u>Address</u>
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

<u>Brief Summary of Nature of Testimony</u>
May testify concerning Plaintiff's performance and hiring into the EH&S leader
position, leadership development reviews and high potential list, and human
resources practices and policies at Otis Elevator Company and United
Technologies Corporation.

<u>Expected Duration of Testimony</u>
Two hours

34.   **Steven Shaw**

<u>Address</u>
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

<u>Brief Summary of Nature of Testimony</u>
May testify concerning Plaintiff's performance while under his management and
supervision, including her skills and abilities, including those areas of alleged
deficincies asserted as grounds for her termination.

<u>Expected Duration of Testimony</u>
One hour

35.    **Scott Simmons (Via Deposition Transcript)**

Address
ThyssenKrupp Elevator (New England Team)
55 Robinson Boulevard
Orange, CT  06477

Brief Summary of Nature of Testimony
Will likely testify concerning Otis Elevator Company construction, installation
and safety processes, practices and rules, their application and implementation,
including wire rope clips, u-bolts and fist grips and their use throughout Otis
Elevator Company, issues arising out of the Goldman, Sachs fatality investigation.
Plaintiff's performance, abilities, skill and knowledge of Otis Elevator Company
safety practices and procedures, including those areas of alleged deficincies
asserted as grounds for her termination.

Expected Duration of Testimony
Three hours

36.    **Jeffery Stafford**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

Brief Summary of Nature of Testimony
May testify concerning processes used in the field in the greater New York region,
specifically, at the Goldman, Sachs project, and the greater New York region's
application and implementation of WWJSSS.

Expected Duration of Testimony
2 Hours

37.    **Lisa Szefczul**

Address
To be determined
Brief Summary of Nature of Testimony
May testify concerning discriminatory treatment by Steven Page.

Expected Duration of Testimony
Half hour

38.    **Paul Thomson**

Address

United Technologies Building
Hartford, CT  06101

Brief Summary of Nature of Testimony
Will likely testify concerning recommendation package concerning Bradford Russell, human resources policies and procedures concerning recommendation packets, the role of United Technologies Corporation in Otis Elevator Company human resources policies and procedures, including compensation and benefits, communications with the Plaintiff concerning of the EH&S leader in NSAA, UTC and Otis Elevator Company performance review policies and procedures, and termination of the Plaintiff, Otis Elevator Company human resources policies and procedures, and UTC policies and procedures. Leadership development reviews and professional development.  Fatality investigation concerning the Goldman, Sachs project and its presentation to United Technologies Corporation.  The transfer of Bradford Russell and his recommendation package and plaintiff's re-assignment after Russell's departure.

Expected Duration of Testimony
Two hours

39.    **Helio Tinone**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

Brief Summary of Nature of Testimony
Will likely testify concerning EH&S at Otis Elevator Company, United Technologies Corporation, WWJSSS implementation and application throughout Otis Elevator Company, and engineering safety processes to implement such rules and practices.

Expected Duration of Testimony
3 hours

40.    **Turner Construction Company Representative**

Address
375 Hudson Street
New York, NY  10014

Brief Summary of Nature of Testimony
Will likely testify concerning Otis Elevator Company's compliance with safety practices and procedures, and the Goldman, Sachs project in the greater New York region, and audits concerning that practice.

Expected Duration of Testimony
Two hours

41.  **Sharon Winch**

Address
United Technologies Building
Hartford, CT  06101

Brief Summary of Nature of Testimony
Will likely testify concerning human resources practices and policies concerning
compensation, and specifically control of such as they relate to recommendation
package and compensation issues.

Expected Duration of Testimony
One hour

42.  **Sheldon Wishnik**

Address
Actuarial Litigation Service
94 Stagecoach Lane
Newington, CT 06111

Brief Summary of Nature of Testimony
Will likely testify concerning Executive compensation at Otis Elevator Company,
United Technologies Corporation, including salary, benefits, stock options and
other incentive compensation and benefits.  Plaintiff's losses caused by
Defendants' discriminatory treatment of her.  The type, nature and evaluation of
Plaintiff's compensation and Bradford Russell's compensation.  Description and
explanation of the Black Scholes methodology to evaluate stock options in
general, as it applies to United Technologies stock and executive compensation at
Otis Elevator Company and United Technologies.  Description of calculation of
Plaintiff's losses, including back pay, front pay, based upon benefits, salary,
incentive compensation and other items of compensation at Otis Elevator
Company and United Technologies Corporation.

Expected Duration of Testimony
Four hours

A copy of Mr. Wishnick's Curriculum Vitae and Expert Report will follow under
separate cover.

43.  **Wendy Cramer**

Address

Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

> Brief Summary of Nature of Testimony
> Will likely testify concerning sexist comment at Otis Elevator Company safety class in Bloomington, Indiana
>
> Expected Duration of Testimony
> 15 minutes

44.     **William Bolling**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

> Brief Summary of Nature of Testimony
> Will likely testify concerning sexist comment at Otis Elevator safety class in Bloomington, Indiana.
>
> Expected Duration of Testimony

45.     **Tiz Weber**

Address
Otis Elevator Company
10 Farm Springs Road
Farmington, CT  06032

> Brief Summary of Nature of Testimony
> Will likely testify concerning sexist presentation by Otis Elevator Company management during Otis World Headquarters meeting.
>
> Expected Duration of Testimony
> Half hour

46. **Lou Rinaldo**

> Address

>> Brief Summary of Nature of Testimony
>> May testify concerning sexist Powerpoint presentation concerning safety at Otis
>> Elevator Company.

>> Expected Duration of Testimony
>> Half hour

47. **Dilip Rangnekar**

> Address
> Otis Elevator Company
> 10 Farm Springs Road
> Farmington, CT  06032

>> Brief Summary of Nature of Testimony
>> Will likely testify concerning his discussions with Plaintiff concerning Mr.
>> Russell's level of experience in elevator safety.

>> Expected Duration of Testimony
>> Half hour

*DEFENDANTS' WITNESSES*

> **Timothy Beck**
> **c/o Otis Elevator Company**
> **One Farm Springs Road**
> **Farmington, CT**

Mr. Beck will likely testify regarding claims made by the plaintiff and the
defendants' defenses.  He will also testify as to his knowledge of the requirements of the
Worldwide Job Site Safety Standards and Environmental Health and Safety assurance reviews.
Anticipated length of testimony: ½ hour

> **Katherine Bertini**
> **c/o Pratt & Whitney**
> **400 Main Street**

**East Hartford, CT**

If the need arises, Ms. Bertini may testify regarding the investigation, drafting and final report relating to the December 23, 2002 accident in Jersey City, New Jersey. She may also testify regarding claims made by the plaintiff and the defendants' defenses. Anticipated length of testimony: ½ hour

**Ari Bousbib**
**c/o Otis Elevator Company**
**Ten Farm Springs Road**
**Farmington, CT**

Mr. Bousbib will likely testify regarding claims made by the plaintiff and the defendants' defenses. He will also testify regarding: his involvement in the review of the December 23, 2002 accident in Jersey City, New Jersey and the sanctions that followed; the recommendation, transfer and subsequent resignation of Brad Russell as Director, Environmental Health and Safety; his knowledge of the decision to terminate the plaintiff's employment and have Patrick Dowson serve as Acting Director of EH&S; and the decision to create a new position combining Quality and Environmental, Health and Safety and have Edith DiFrancesco take over that new position. Anticipated length of testimony: 3 hours

**Leslie Carothers**
**Environmental Law Institute**
**2000 L Street N.W.,  Suite 620**
**Washington, D.C.**

If the need arises, Ms. Carothers may testify regarding claims made by the plaintiff and the defendants' defenses. She may also testify regarding: the recommendation and hiring of Danny Reese; Brad Russell's knowledge of and professional expertise in Environmental Health and Safety and his transfer to and resignation from the position of Director, Environmental Health and Safety. Anticipated length of testimony: 1 hour

**Louis DeLoreto**
**c/o Otis Elevator Company**
**One Farm Springs Road**
**Farmington, CT**

If the need arises, Mr. DeLoreto may testify regarding claims made by the plaintiff and the defendants' defenses. He may also testify regarding his involvement in the investigation of the December 23, 2002 accident and preparation of the accident report, as well and his responsibility for the New York, Northeast and Midwest regions as Safety Manager and the open position for a safety manager in the Midwest region. Anticipated length of testimony: 1 hour

**Edith DiFrancesco**
**c/o Otis Elevator Company**
**One Farm Springs Road**
**Farmington, CT**

If the need arises, Ms. DiFrancesco may testify regarding her tenure at Otis including her qualifications, experience, and duties and responsibilities in the newly formed position of Vice President, EH&S and Quality.  Anticipated length of testimony: 1 hour

**Patrick Dowson**
**744 Volterra Blvd.**
**Poinciana, FL  34759**

Mr. Dowson is likely to testify regarding claims made by the plaintiff and the defendants' defenses.  He will also testify regarding his experience, qualifications and his compensation at Otis, as well as the responsibilities and duties associated with his assuming the position of acting Director, Environmental Health and Safety for North America.  He may also testify regarding Ms. Nichani's performance, his knowledge of the events surrounding her termination, and his knowledge of the requirements of the Worldwide Job Site Safety Standards. Anticipated length of testimony: 2 hours

**Harold J. Engel**
**Reed Smith LLP**
**1301 K Street, N.W.**
**Suite 1100 – East Tower**
**Washington, DC  20005**

If the need arises, Mr. Engel may testify regarding the investigation of the December 23, 2002 accident in Jersey City, New Jersey and subsequent drafting and preparation of the final accident report.  Anticipated length of testimony: 1 hour

**Christopher Erath**
**National Economic Research Associates**
**One Main Street**
**Cambridge, MA  02142**

If the need arises, Mr. Erath, whose expertise is in the area of labor economics, may testify regarding: his review of Sheldon Wishnick's report, the unreliability of the Black-Scholes method used by Mr. Wishnick, documents concerning Ms. Nichani's compensation at Otis, Ms. Nichani's job search and subsequent employment; and his calculation of Ms. Nichani's purported economic loss.  Anticipated length of testimony: 2 hours

Mr. Erath's curriculum vitae and expert report are attached to this Trial Memorandum as Exhibit G.

**Val Klein**
**c/o United Technologies Corporation**
**One Financial Plaza**
**Hartford, CT**

If the need arises, Ms. Klein may testify regarding claims made by the plaintiff and the defendants' defenses. She may also testify regarding issues relating to compensation and benefits at UTC. Anticipated length of testimony: 1 hr.

**Erv Lauterbach**
**c/o Otis Elevator Company**
**516 West 34th Street**
**New York, NY  10001**

Mr. Lauterbach will likely testify regarding claims made by the plaintiff and the defendants' defenses. He will also testify regarding the investigation of the December 23, 2002 accident in Jersey City, New Jersey including preparation of the report following the accident, and sanctions imposed. He may also testify regarding his knowledge regarding assurance reviews, the World Wide Job Site Safety Standards, use of fist grips, job hazard analysis requirement and standard work processes. Finally, Mr. Lauterbach may testify regarding issues related to Ms. Nichani's job performance. Anticipated length of testimony: 2 hours

**Douglas Lint (business practices officer)**
**c/o Otis Elevator Company**
**One Farm Springs Road**
**Farmington, CT**

If the need arises, Mr. Lint will testify regarding the nature, duties, and responsibilities of the position of Business Practices Officer, as well as his knowledge regarding the individuals who have held that position. Anticipated length of testimony: 1 hour

**Dennis Mayer**
**c/o Otis Elevator Company**
**One Farm Springs Road**
**Farmington, CT**

If the need arises, Mr. Mayer may testify regarding the investigation of the December 23, 2002 accident in Jersey City, New Jersey and subsequent drafting and preparation of the final accident report. Anticipated length of testimony: 1 hour

**Ellen McGroary**
**c/o United Technologies Research Center**
**411 Silver Lane**
**East Hartford, CT**

Ms. McGroary will likely testify regarding claims made by the plaintiff and the defendants' defenses. She will also testify concerning her knowledge of Defendants' policies and procedures with regard to transfers, promotions, termination, equal employment opportunity, salary, incentive compensation, bonuses, stock options, performance reviews, travel, and other human resource issues, the recommendation and transfer of Brad Russell, and Ms. Nichani's termination, including Ms. Nichani's performance regarding Otis safety practices and procedures and MELT training. Anticipated length of testimony: 3 hours

**John McNamara**
**Geringer & Dolan**
**230 Park Avenue**
**New York, NY 10169**

Mr. McNamara will likely testify regarding the investigation of December 23, 2002 accident in Jersey City, New Jersey and subsequent drafting and preparation of the final accident report. Anticipated length of testimony: 3 hours

**Raymond Moncini**
**c/o Otis Elevator Company**
**10 Farm Springs Road**
**Farmington, CT**

Mr. Moncini will likely testify regarding claims made by the plaintiff and the defendants' defenses. He will also testify regarding: the job duties and responsibilities of the position of Senior Manager of EH&S; the performance and compensation of Ms. Nichani and his decision to terminate her employment; the recommendation, transfer and compensation of Brad Russell in the position of Director, EH&S and Mr. Russell's subsequent resignation; the decision to have Patrick Dowson serve as Acting Director of Environmental Health and Safety of North America and the subsequent decision to select Edith DiFrancesco to take over the newly formed position combining Quality and EH&S; issues relating to the implementation of the World Wide Job Site Safety Standards, MELT training, hiring of safety managers, field audits, job hazard analyses, travel policies; and the investigation of the December 23, 2002 accident in Jersey City, New Jersey and sanctions imposed. Anticipated length of testimony: 4 hours

**Sujata Nichani**

**1291 Trotters Lane**
**Williamston, MI**

If the need arises, Ms. Nichani may testify during the presentation of the defendants' case with regard to the allegations of her complaint and various issues raised during the trial.  Anticipated length of testimony:  8 hours

**Stephen F. Page**
**3200 Ocean Drive**
**Manhattan Beach, CA**

If the need arises, Mr. Page may testify regarding claims made by the plaintiff and the defendants' defenses.  He will also testify regarding the hiring of Danny Reese and his decision to transfer Brad Russell to Director of Environmental Health and Safety, his knowledge of Mr. Russell's subsequent resignation, and damages issues regarding stock options if the court allows evidence on that issue.  Anticipated length of testimony: 2 hours

If Mr. Page is unable to testify at trial and/or Plaintiff presents admissible portions of his deposition in lieu of his testimony at trial, Otis may present admissible portions of his deposition at trial.

**Danny Reese**
**One Riding Ridge Road**
**Monroe, CT**

Mr. Reese will likely testify regarding claims made by the plaintiff and the defendants' defenses.  He will also testify regarding the decision to have Patrick Dowson serve as Acting Director of Environmental Health and Safety of North America, issues relating to Ms. Nichani's performance and the reasons for her termination, and issues relating to the requirements of the Worldwide Jobsite Safety Standards and MELT training.  Anticipated length of testimony: 1 hour

**Brad Russell**
**c/o System Approach LLC**
**6 Cedar Hill Road**
**West Simsbury, CT**

If the need arises, Mr. Russell may testify regarding claims made by the plaintiff and the defendants' defenses.  He may also testify regarding his transfer to the position of Director, Environmental Health and Safety, his responsibilities and job duties in that position, issues relating to MELT training, and his background, qualifications and experience as a safety professional, his compensation as an executive, and his resignation.  Anticipated length of testimony: 2 hours

**Paul Thomson**
**c/o Otis Elevator Company**
**10 Farm Springs Road**
**Farmington, CT**

If the need arises, Mr. Thomson may testify regarding claims made by the plaintiff and the defendants' defenses. He may also testify regarding human resources issues and the transfer of Brad Russell to the position of Director, Environmental Health and Safety. Finally, he may also testify on issues relating to stock option damages depending on this Court's ruling on Defendants' motion in limine. Anticipated length of testimony: 2 hours

**Jason Walla**
**c/o United Technologies Corporation**
**One Financial Plaza**
**Hartford, CT**

If the need arises, Mr. Walla may testify regarding claims made by the plaintiff and the defendants' defenses. He may also testify regarding Brad Russell's transfer to the position of Director, Environmental Health and Safety and Mr. Russell's compensation. He may also testify regarding other issues relating to compensation and human resources issues that may arise during the trial.

Anticipated length of testimony: 1 hour

**Representative of United Rentals, Inc., Michigan**

A representative from Ms. Nichani's current employer, United Rentals, will be subpoenaed and may testify regarding her job application, personnel file, benefits, compensation and terms of employment. Anticipated length of testimony: 1 hour

**B.    EXHIBITS**

**PLAINTIFFS' EXHIBIT LIST (with Defendants' objections)**

**General Objections:**

A.    **Defendants object to Plaintiff's exhibits to the extent that they are duplicative. The Plaintiff has filed 393 Exhibits many of which are multi-page documents containing pages that are duplicative other exhibits. To the extent they are duplicative exhibits, Defendants object.**

1 - Otis 1991 Leadership Development Plan

2 - 1992 Nichani Performance Appraisal

3 - 1993 Nichani Performance Appraisal

4 - 1994 Nichani Performance Appraisal

5 - 1995 Nichani Performance Appraisal

6 - June 1997 - May 1998 Performance Appraisal

7 - Jan. 2002 - Dec. 2002 Performance Feedback

8 - 5.1.01 Control Slip - Approved Transaction re Russell

9 - Nichani Affidavit

**Defendants' Objection to Exhibit 9:**

**Defendants object to Exhibit 9 on the basis that it is hearsay, lay opinion, and speculation. Nichani Affidavit in Opposition to Defendants Motion for Summary Judgment.**

10 - Position Description - Director of EHS Germany

**Defendants' Objection to Exhibit 10:**

**Defendants object to Exhibit 10 on the basis that it is irrelevant.  This document is a description of an EH&S position in Germany, not North America where Plaintiff worked and where the events described in the suit occurred.**

11 - Thomson to Moncini 4.19.01 Email re mtng w.Ray

12 - General Manager Job Minimum Qualifications

13 - Russell 5.14.01 Resignation Letter

14 - McGroary to DeFau & Thomson 4.16.01 email re EH&H moves

15 - Moncini to Nichani 2.2.03 email re WHQ Safety Review

16 - Dowson to Reese 3.6.03 email re Sanction Considerations

17 - Nichani 1997, 1998,1999 & 2000 Stock Option Awards

18 - Nichani 2.19.01 Performance Incentive Award

19 - Adler to Distribution List 10.29.01 email re 2002 RSO Recommendation

20 - Grade 49-51 P.I.P. w 3.01.00 Thomson Memo

21 - Nichani to Moncini 3.7.01 email re Incident Rate Info

22 - Nichani 1.1.00-12.1.00 Performance Appraisal

23 - Assurance Review Rating System Effective 01.01.99 Ver.2.0

24 - Otis 7.11.01 Standard Work Process, Hoisting & Rigging

25 - Moncini to Distribution List 9.15.02 Email re Travel Policy

26 - McGroary to Nichani 1.15.01 Email re 2001 Staffing

27 - Moncini to Distribution List 1.24.03 Email re 2003 Policies

28 - Nichani to Distribution List 9.28.01 Email re Monthly Meetings

29 - Moncini to Nichani 10.22.02 Email re San Diego Safety Audits

30 - Simmons to Nichani 2.23.03 Email re Wire Rope Clip Usage

31 - Goldman Sachs Project 3.07.02 Time Ticket

**Defendants' Objection to Exhibit 31:**

**Defendants object to Exhibit 31 on the basis that it is irrelevant.  It is an employee time ticket for 3/7/02.**

32 - Goldman Sachs Project 3.14.02 Time Ticket

**Defendants' Objection to Exhibit 32:**

**Defendants object to Exhibit 32 on the basis that it is irrelevant.  It is an employee time ticket for 3/4/02.**

33 - Moncini to Lauterbach 4.28.03 email re NY Safety Sanctions

34 - Lauterbach to Moncini 3.17.03 email re McQuillen Sanctions

35 - Human Resources Policy D-8, Career Development Partnership

36 - Human Resources Policy C-3, Salary Review

37 - Nichani Depo Excerpts

**Defendants' Objection to Exhibit 37:**

**Defendants object to Exhibit 37 on the basis that it is hearsay, lay opinion, and speculation.**

38 - Moncini Depo Excerpts

**Defendants' Objection to Exhibit 38:**

**Defendants object to Exhibit 38 on the basis that it is incomplete and contains irrelevant information, hearsay, and speculation. Defendants reserve the right to supplement Exhibit 38 with other relevant and admissible portions of the deposition. See Fed. R. Evid. 106.**

39 - McGroary Depo Excerpts

**Defendants' Objection to Exhibit 39:**

**Defendants object to Exhibit 39 on the basis that it is incomplete and contains irrelevant information, hearsay, and speculation. Defendants reserve the right to supplement Exhibit 39 with other relevant and admissible portions of the deposition. See Fed. R. Evid. 106.**

40 - Page Depo Excerpts

**Defendants' Objection to Exhibit 40:**

**Defendants object to Exhibit 40 on the basis that it is incomplete and contains irrelevant information, hearsay, and speculation. Defendants reserve the right to supplement Exhibit 40 with other relevant and admissible portions of the deposition. See Fed. R. Evid. 106.**

41 - Bousbib Depo Excerpts

**Defendants' Objection to Exhibit 41:**

**Defendants object to Exhibit 41 on the basis that it is incomplete and contains irrelevant information, hearsay and speculation. Defendants reserve the right to supplement Exhibit 41 with other relevant and admissible portions of the deposition. See Fed. R. Evid. 106.**

42 - Reese Depo Excerpts

**Defendants' Objection to Exhibit 42:**

**Defendants object to Exhibit 42 on the basis that it is incomplete and contains irrelevant information, hearsay and speculation.  Defendants reserve the right to supplement Exhibit 42 with other relevant and admissible portions of the deposition.  See Fed. R. Evid. 106.**

43 - Simmons Depo Excerpts

**Defendants' Objection to Exhibit 43:**

**Defendants object to Exhibit 43 on the basis that it is incomplete and contains irrelevant information, hearsay and speculation.  Defendants reserve the right to supplement Exhibit 43 with other relevant and admissible portions of the deposition.  See Fed. R. Evid. 106.**

44 - Lauterbach Depo Excerpts

**Defendants' Objection to Exhibit 44:**

**Defendants object to Exhibit 44 on the basis that it is incomplete.  Defendants reserve the right to supplement Exhibit 44 with other relevant and admissible portions of the deposition.  See Fed. R. Evid. 106.**

45 - Running Platform & False Car Policy

46 - Bousbib 04.15.02 Letter to Employees

47 - Moncini to Distribution List 1.24.03 email re expenses

48 - Lauterbach to Bousbib 3.17.03 email re McQuillen Sanctions

49 - Moncini to Lauterbach 3.28.03 email re NY Safety, Sanctions

50 - Barrett to Lauterbach & Nichani 3.05.03 email re Fatality Review Notes

51 - McQuillen Fatality 2.11.03 Briefing Doc

**Defendants' Objection to Exhibit 51:**

**Defendants object to Exhibit 51 to the extent that it contains written notations.**

52 - Dowson to Nichani 3.18.03 email re McQuillen Fatality

53 - Moncini to Reese 3.04.02 email re NAES EHS Leader

54 - Charlotte Location Manager Announcement

55 - Dowson to Nichani 5.02.02 email re NE Region Accident

**Defendants' Objection to Exhibit 55:**

**Defendants object to Exhibit 55 on the basis that it is irrelevant.  This document relates to back injuries and recommends stretch exercises.**

56 - Moncini to Nichani 1.15.01 email re PIP Plan

57 - Nichani to Reese 2.25.02 email re Holsworth Resume

58 - Nichani to Walsh 9.28.90 Thank You Letter

59 - 3.04.02 email string re Holsworth hiring

60 - Nichani Dowson 5.01.02 email string re ladders

61 - Nichani notes re 1st Otis Interview

62 - Scott to Nichani 2.12.99 EHS Position Offer

63 - Otis 10.22.01 Answer to CHRO Complaint

**Defendants' Objection to Exhibit 63:**

**Defendants object to Exhibit 63 on the basis that it contains the legal claims of the parties, hearsay, lay opinion, conclusions of law, allegations pertaining to matters removed from the case through summary judgment, and other irrelevant information.  Any probative value it provides is substantially outweighed by its prejudicial effect.**

64 - Otis 10.04.90 initial job offer to Nichani

65 - Atty Zakarian 10.22.01 Letter to CHRO

**Defendants' Objection to Exhibit 65:**

**Defendants object to Exhibit 65 on the basis that it contains hearsay, legal conclusions, case citations, and lay opinion.**

66 - Oct 2001 Business & Health article

**Defendants' Objection to Exhibit 66:**

**Defendants object to Exhibit 66 on the basis that it is irrelevant and contains hearsay and lay opinion.**

67 - Otis Bulletin Spring 2000

**Defendants' Objection to Exhibit 67:**

**Defendants object to Exhibit 67 on the basis that it is irrelevant and contains hearsay and lay opinion.**

68 - Otis Bulletin February 1995

**Defendants' Objection to Exhibit 68:**

**Defendants object to Exhibit 68 on the basis that it is irrelevant and contain hearsay and lay opinion.**

69 - Moncini to Nichani 1.27.03 email re NAA Safety Review

70 - Rinaldo to Nichani 11.13.02 email re Melt Training

71 - Simmons to Moncini 2.12.03 email re WWJSS Compliance Issues

72 - Moncini to Lauterbach 3.12.03 email re 3-17 UTC Fatality Review Board

73 - Blasi to Distribution List 3.12.03 email re 3-17 UTC Fatality Review Board

74 - Nichani Reese 3.6.03 email string re WWJSSS Review

75 - Moncini to Reese 1.19.03 email re NAA Safety Review

76 - Nichani to Moncini 1.23.03 email re NAA Safety Review

77 - Nichani to Simmons 8.21.02 email re Safety

78 - Nichani Moncini 1.13.03 email string

79 - Lint to Gnazzo Internal Correspondence re Area BPO Nomination

80 - Scott 11.26.01 Announcement re Burka named director

**Defendants' Objection to Exhibit 80:**

**Defendants object to Exhibit 80 on the basis that it is irrelevant.  This document deals with another Otis employee being named to a labor relations position.**

81 - Bousbib 11.5.01 Engineering reorganization announcement

82 - Branch Manager Minimum Qualifications

83 - General Manager Minimum Qualifications

84 - 3.6.03 email string re Final Summaries

85 - Dowson to Distribution List 4.3.02 email re Survey of EH&S changes

**Defendants' Objection to Exhibit 85:**

**Defendants object to Exhibit 85 on the basis that it is irrelevant.**

86 - Otis NA Area 2002 Regional IC Plan

**Defendants' Objection to Exhibit 86:**

**Defendants object to Exhibit 86 on the basis that it is irrelevant.**

87 - Nichani Simmons 2.3.02 email string re Jan 2002 Safety Summary

88 - Nichani Lange 1.29.02 email string re Otis Elevator on ebay

**Defendants' Objection to Exhibit 88:**

**Defendants object to Exhibit 88 on the basis that it is irrelevant and contains hearsay, lay opinion and rumor.  This document concerns the sale of an Otis elevator on ebay.**

89 - Nichani Dye 1.21.02 email string re Midwest Region Accident

**Defendants' Objection to Exhibit 89:**

**Defendants object to Exhibit 89 on the basis that it contains hearsay, lay opinion, and speculation.**

90 - Nichani Ward Moncini 5.12.02 email string re Claims Mgr

**Defendants' Objection to Exhibit 90:**

**Defendants object to Exhibit 90 on the basis that it is irrelevant.  The hiring of a claims manager had nothing to do with claims in this case.**

91 - Nichani Beck 5.1.02 email string re EH&S Conf Berlin 2002

**Defendants' Objection to Exhibit 91:**

**Defendants object to Exhibit 91 on the basis that it is irrelevant.**

92 - Nichani to Dist List 9.3.02 email re Safety Summary August 2002

**Defendants' Objection to Exhibit 92:**

**Defendants object to Exhibit 92 on the basis that it is irrelevant and contains lay opinion.**

93 - Nichani 9.25.02 email string re Improvement Opportunity

**Defendants' Objection to Exhibit 93:**

**Defendants object to Exhibit 92 on the basis that it is irrelevant and contains lay opinion. This document deals with the selection of subcontractors and the selling process, which is not what is involved in the facts of the case.**

94 - Nichani Moncini Lilliquist 9.24.02 email string re RAPID Suggestion program

95 - Nichani to Moncini 8.23.01 email re Safety Training

96 - Nichani to Lauterbach 3.10.03 email re McQuillen TapRoot022303

97 - Nichani to Dowson 2.6.03 email re Accidents Involving Clips

98 - Terrell Nichani Dowson 2.7.03 email re Accidents Involving Clips

99 - Lauterbach 2.3.03 email re Safety Concerns

100 - Nichani 12.6.02 email re EH & S Mtng Final Agenda

101 - Learn & Live 9.5.02 Edition

102 - Learn & Live 11.11.99 Edition

103 - Nichani Dowson 3.11.03 email string  re Slides

104 - Nichani to Dowson 2.26.03 email re Serious Accident Summary

105 - Nichani to Dowson 2.24.03 email re TapRoot Cause Analysis

106 - Lauterbach to Nichani 2.23.03 email re McQuillen Review

107 - Nichani to Dowson 2.24.03 email

108 - Nichani to Dowson 2.26.03 email re McQuillen TapRoot

109 - Nichani to Moncini 3.10.03 email string re Serious Accident Briefing Template

110 - Dowson to Distribution List 3.18.03 email re conf call action items

111 - Nichani Moncini Reese 3.13.03 email string re 3.17 UTC Fatality Review

112 - Tinone Simmons 3.14.03 email string re End Terminations

113 - Danny Reese 3.18.03 Conf Call

114 - Levine to Distribution List 3.18.03 email re Exec Summ of AR Report

115 - 3.4.03 email string re February 2003 Travel Summaries

116 - 2.17.03 email string re EH&S Assurance Review

117 - Nichani Tinone 2.14.03 email string re Fist Grip Applications

118 - Dowson to Distribution  List 9.6.02 email re Learn & Live, France

119 - Tinone to Distribution List 2.1.02 email re Elimination of Ubolts

120 - Otis Corrective Instruction re Wire Rope End Terminations

**Defendants' Objection to Exhibit 120:**

**Defendants object to Exhibit 120 on the basis that it is irrelevant and contains hearsay.  It is also contains corre4sp and opinion between plaintiff's counsel and one of his colleagues.**

121 - UTC Performance Feedback Tool

122 - 8.22.02 email string re Charlotte Construction

123 - 7.25.02 email string re Staff Meeting

124 - Dowson to Nichani 4.12.02 email re March 6 Factory PPT

**Defendants' Objection to Exhibit 124:**

**Defendants object to Exhibit 124 on the basis that it contains irrelevant information.**

125 - 12.20.01 email string re OSHA Citation Rockford, IL

126 - Nichani Reese 8.6.01 email string re Rodriguez

**Defendants' Objection to Exhibit 126:**

**Defendants object to Exhibit 126 on the basis that it is irrelevant.**

127 - Nichani Reese 8.3.01 email string re Rodriguez

**Defendants' Objection to Exhibit 127:**

**Defendants object to Exhibit 127 on the basis that it is irrelevant.**

128 - Moncini Reese 8.1.01 email string re UTC Audit

129 - Nichani 7.25.01 email string re Summer Safety Mailing

130 - 8.30.01 email string re False Cars AV Alarm

131 - WWJSSS Charter March 2002

132 - Dowson to Nichani 2.6.03 email re Accidents Involving Clips

133 - 2.19.03 email string re WWJSSS Compliance Issues

134 - Patton to Goading 9.24.91 letter

135 - NAA Tool Facility Drum Hoist End Termination

136 - Fist Grip Clip Field Modification Form

137 - Executive Summary Briefing Document

138 - Nichani Reese 12.24.02 email string re NJ Accident Update

139 - Lauterbach 12.30.02 email string re Daily Safety Checklist

140 - Lauterbach 12.30.02 email string re Daily Safety Checklist

141 - Moncini to Dist List 1.2.03 email re Safety Training

142 - Moncini Nichani 1.13.03 email string re Rigging Practices

143 - Dowson to Nichani 5.24.02 Baltimore Review Board 5.23

144 - Dowson to Dist List 8.17.01 email re Eyebolts,Rigging,Hardware

145 - Dowson to Dist List 9.6.02 email re Learn & Live, France w.attach

146 - Dowson to McGroary 8.2.02 email re Nichani

147 - 1.10.02 email string re Jonathan Hughes Resume

148 - Moncini McGroary 4.23.01 email string re Russell Transaction

149 - UTC Current & Proposed Exec List

150 - Page to Moncini Internal correspondence re Russell Reclassification

151 - Russell Biographical Summary

152 - Moncini Page 5.15.01 email string re Russell Resignation

153 - Moncini to Page 5.7.01 email string re Brad Russell

154 - UTC Performance Feedback Tool Version 2

155 - Career Development Partnership

156 - 3.9.02-3.13.02 Email string re Staff Performance Review

156 - 3.13.02 Email string re Staff Performance Review

157 - Performance Maintenance Tool Employee Instructions

158 - Performance Management Tool Manager & Supervisor Instructions

159 - UTC Performance Feedback Tool Individual Contributor Instructions

160 - Moncini to Dis tribution List 1.9.02 email re PIP w.attach

161 - NA Operations Health & Safety Policies & Practices

162 - Brad Russell Transfer & Employment History Docs

163 - 9.15.00 EH&S Assurance Review - Northern Region

164 - 1.23.01 EH&S Assurance Review - Midwest Region

165 - 8.31.01 EH&S Assurance Review - NAES

166 - 8.7.01 EH&S Assurance Review - NY Region

167 - 1.28.02 EH&S Assurance Review - Southern Region

168 - 6.6.02 EH&S Assurance Review - Mexico

169 - Effective Practices EH&S

170 - Mitigation of Damages

171 - 5.1.91 Control Slip - Approved Transaction re Russell

172 - 1.25.91 Russell Authorized Payroll Notice

173 - Employee Safety Handbook

174 - 2002 Continued Improvement Incentive Program

**<u>Defendants' Objection to Exhibit 174:</u>**

**Defendants object to Exhibit 174 on the basis that it is irrelevant insofar as Nichani is not an executive.**

175 - April 2002 Worldwide Job Site Safety Standards

**<u>Defendants' Objection to Exhibit 175:</u>**

**Defendants object to Exhibit 175 on the basis that it is incomplete.**

176 - Safety Standards 12.13.00 Committee Meeting Minutes

177 - Safety Standards 1.31.01 Committee Meeting Minutes

178 - Safety Standards 8.1.00 Comm Mtng Minutes

179 - Worldwide Safety&Environment Steering Comm 3.15.00 Mtng Minutes

180 - WWJSSS Steering Comm 3.19.02 Mtng Minutes

181 - UTC 2003 Executive Incentive Comp Program

**Defendants' Objection to Exhibit 181:**

**Defendants object to Exhibit 181 on the basis that it is irrelevant insofar as Nichani is not an executive.**

182 - UTC 2002 Executive Incentive Comp Program

**Defendants' Objection to Exhibit 182:**

**Defendants object to Exhibit 182 on the basis that it is irrelevant insofar as Nichani is not an executive.**

183 - UTC 2001 Executive Incentive Comp Program

**Defendants' Objection to Exhibit 183:**

**Defendants object to Exhibit 183 on the basis that it is irrelevant insofar as Nichani is not an executive.**

184 - 2003 Cont. Improve. Incentive Program

**Defendants' Objection to Exhibit 184:**

**Defendants object to Exhibit 184 on the basis that it is irrelevant insofar as Nichani is not an executive.**

185 - Termination Docs

186 - Job Search Docs

**Defendants' Objection to Exhibit 186:**

**Defendants object to Exhibit 186 insofar as it contains irrelevant and scurrilous documents that include hearsay, lay opinion, and speculation.  These documents are NICH001348-1351 & 1399.**

187 - Otis NY

**Defendants' Objection to Exhibit 187:**

**Defendants object to Exhibit 187 on the basis that it is irrelevant.**

188 - Safety - 2000 Performance-2001 Objective

189 - Nichani to Dist List 3.8.01 email re Feb 2001 Safety Stats

190 - Nichani to Dist List 1.12.01 email re 2000 Year End EHS Stats

191 - Nichani to Dist List 1.4.01 email w.Moncini Letter on Safety Policy attached

192 - Executive Summary 2.11.03 Briefing Doc re McQuillen

193 - McGroary to DeFau & Thomson re Russell Transaction

194 - Nichani Moncini 8.13.01 email string re Safety Manager

195 - 3.12.03 EHS Assurance Review - Greater NY

196 - Engel to Nichani 1.30.03 email re Memo of 12.23.02 accident

197 - EH&S Action Plan 6.18.01 Review Date

198 - Events & Causal Factor Flow Chart Template

199 - Executive Summary 2.11.03 Briefing Doc re McQuillen

**Defendants' Objection to Exhibit 199:**

**Defendants object to Exhibit 199 insofar as it contains written notations and is duplicative.**

200 - Otis 8.6.03 Obj & Resp to PT 1st Rogs & Req for Prod

**Defendants' Objection to Exhibit 200:**

**Defendants object to Exhibit 200 insofar as it contains irrelevant questions, legal objections, and legal arguments.**

201 - Simmons to Dist List 2.23.03 email string re Use of Fistgrips everywhere

202 - Bousbib George David 3.20.03 email re McQuillen Sanctions

203 - Moncini 4.30.01 Announcement re Brad Russell leading NAA EH&S

204 - Moncini 4.30.01 Announcement re Danny Reese VP EH&S

205 - Nichani to Dist List 1.14.02 email re Schindler Fatality

206 - McGroary 4.16.01 email string

207 - McGroary 6.1.01 email sting re Announcement Draft (NICH000695)

208 - McGroary 6.5.01 email string re Announcement Draft (NICH000696)

209 - Nichani Feb 1995 Otis Bulletin Feature

**Defendants' Objection to Exhibit 209:**

**Defendants object to Exhibit 209 on the basis that it is irrelevant and duplicative and contains hearsay and speculation.**

210 - Email string 1.4.02-1.10.02 re Hughes Resume

**Defendants' Objection to Exhibit 210:**

**Defendants object to Exhibit 210 on the basis that it is irrelevant.  This document concerns**

**is Jonathan Hughes' resume, a potential hire.**

211 - Moncini to Dist List 10.29.01 email re Recognition Stock Options

212 - Nichani to Dist List 9.12.01 email re NE Region Accident

213 - Otis 9.10.01 Injury Report

214 - Nichani to Dist List 7.25.01 email re 2001 Safety Stand Down Day

215 - Nichani to Dist List 8.17.01 email re Charlotte Serious Accident Notification

216 - Otis 8.17.01 Injury Report

217 - McGroary to Dist List 4.4.01 email re 2001 Staffing

218 - McGroary to Nichani 6.7.01 email re 2001 Staffing EHS Dept

**Defendants' Objection to Exhibit 218:**

**Defendants object to Exhibit 218 on the basis that it is irrelevant.**

219 - Staffing Requisition

**Defendants' Objection to Exhibit 219:**

**Defendants object to Exhibit 219 on the basis that it is irrelevant.**

220 - Nichani to Dist List 1.15.01 email re Serious accident

221 - Dec 2000 Accident Scenario

222 - Nichani to Dist List 12.6.20 email re Kenosha WI Accident Notification

223 - Otis 12.5.00 Injury Report

224 - Nichani to Dist List 12.1.00 Laurel MD Accident Report

225 - Otis 11.26.00 Injury Report

226 - NAA 2001 Annual EH&S Plan

227 - NAA EHS Hardware Plan

**Defendants' Objection to Exhibit 227:**

**Defendants object to Exhibit 227 on the basis that it is irrelevant.**

228 - NAA EHS Hard. Pl.

**Defendants' Objection to Exhibit 228:**

**Defendants object to Exhibit 228 on the basis that it is duplicative.**

229 - Nichani to McGroary 10.19.00.email re LDR update

**Defendants' Objection to Exhibit 229:**

**Defendants object to Exhibit 229 on the basis that it is irrelevant**

230 - Adler to Moncini email 8.31.00 re. salary increase

231 - McGroary to Minich email 7.10.00 re Ken Naunton

**Defendants' Objection to Exhibit 231:**

**Defendants object to Exhibit 231 on the basis that it is irrelevant.**

232 - Ken Nautnon Deficiencies

**Defendants' Objection to Exhibit 232:**

**Defendants object to Exhibit 232 on the basis that it is irrelevant.**

233 - Ken Naunton Perf. Memo

**Defendants' Objection to Exhibit 233:**

**Defendants object to Exhibit 233 on the basis that it is irrelevant.**

234 - Greco to McGroary email 6.25.00 re. Nichani Obj.

235 - Nichani PIP Obj. 2000

236 - Byrka to McGroary email 8.15.00 re. Labor Update

**Defendants' Objection to Exhibit 236:**

**Defendants object to Exhibit 236 on the basis that it is irrelevant.**

237 -  Byrka July 00 Labor Rel Update

**Defendants' Objection to Exhibit 237:**

**Defendants object to Exhibit 237 on the basis that it is irrelevant.**

238 - Sullivan to McGroary email 3.18.03 Nichani Salary increase

239 - Moncini to Nichani email 6.9.00 BPO Nomin.

240 - Lint to McGroary email 5.30.00 Re. Nichani Bio

241 - Ethics Credo Mgmnt

242 - Ethics Credo Mgnmt. P2

243 - Nichani to Lauterbach 3.31.03 re acc.update

244 - Nichani to Lauterbach 1.21.03 Memo

245 - Hal Engel memo

**Defendants' Objection to Exhibit 245:**

**Defendants object to Exhibit 245 insofar as it is duplicative of Exhibit 196.**

246 - Dowson to Reese email 3.6.03 re Safety Sanctions

247 - Safety Sanctions re Nichani

248 - Safety Sanctions re Nichani cont.

249 - Dowson to Lauterbach 3.11.03 email re Root Cause

250 - Root Cause Slides

251 - Root Cause Slides

252 - Moncini to Nichani email string 8.24.02

**Defendants' Objection to Exhibit 252:**

**Defendants object to Exhibit 252 on the basis that it is irrelevant.**

253 - Nichani Moncini email string 8.22.02

**Defendants' Objection to Exhibit 253:**

**Defendants object to Exhibit 253 on the basis that it is irrelevant and incomplete.**

254 - Moncini to Nichani email 8.22.02 UTC Audit SE Region

255 - Nichani Rinaldo email string 7.26.02 POMA

**Defendants' Objection to Exhibit 255:**

**Defendants object to Exhibit 255 on the basis that it is irrelevant and incomplete.**

256 - Nichani Fordham email string 7.3.02

257 - Reese Nichani email string 6.3.02

258 - Moncini Nichani email string 5.20.02

**Defendants' Objection to Exhibit 258:**

**Defendants object to Exhibit 258 on the basis that it is irrelevant and incomplete.**

259 - Dowson Nichani email string 5.2.02

**Defendants' Objection to Exhibit 259:**

**Defendants object to Exhibit 259 on the basis that it is irrelevant and incomplete.**

260 - Dowson Nichani email string 4.19.02

**Defendants' Objection to Exhibit 260:**

**Defendants object to Exhibit 260 on the basis that it is irrelevant and incomplete.**

261 - Dowson Nichani email string 4.11.02

**Defendants' Objection to Exhibit 261:**

**Defendants object to Exhibit 261 on the basis that it is irrelevant.**

262 - Moncini Nichani email string 1.27.03

263 - Moncini Nichani email string 5.12.02

**Defendants' Objection to Exhibit 263:**

**Defendants object to Exhibit 263 on the basis that it is irrelevant and duplicative.**

264 - Nichani Cosby email string 9.03.02

**Defendants' Objection to Exhibit 264:**

**Defendants object to Exhibit 264 on the basis that it is irrelevant.**

265 - Lindquist Moncini email string 9.24.02

**Defendants' Objection to Exhibit 265:**

**Defendants object to Exhibit 265 on the basis that it is irrelevant.**

266 - Nichani Resume

267 - Beck Nichani email string 1.10.03

268 - Reese Nichani email string 12.6.02

269 - Nichani Notes

**Defendants' Objection to Exhibit 269:**

**Defendants object to Exhibit 269 on the basis that it is irrelevant and hearsay.**

269 A - Nichani Notes

**Defendants' Objection to Exhibit 269A:**

**Defendants object to Exhibit 269A on the basis that it is irrelevant and hearsay.**

270 - Nichani Simmons email string WHQ directives

271 - Nichani Moncini email 8.23.01 safety training

**Defendants' Objection to Exhibit 271:**

**Defendants object to Exhibit 271 insofar as it is duplicative.**

272 - Moncini McGroary email string 3.1.02

273 - Reese Nichani email 1.18.02

**Defendants' Objection to Exhibit 273:**

**Defendants object to Exhibit 273 on the basis that it is incomplete and irrelevant.**

274 - Alonso Nichani email string 1.21.02

**Defendants' Objection to Exhibit 274:**

**Defendants object to Exhibit 274 on the basis that it is incomplete and irrelevant.**

275 - Thomson Moncini Email String 3.19.01

276 - Childers Nichani email 2.24.03

**Defendants' Objection to Exhibit 276:**

**Defendants object to Exhibit 276 on the basis that it is irrelevant.**

277 - Moncini Email String 2.26.03

278 - Moncini Nichani email 11.13.02 Turner

**<u>Defendants' Objection to Exhibit 278:</u>**

**Defendants object to Exhibit 278 on the basis that it is irrelevant.**

279 - Barber Nichani email string

**<u>Defendants' Objection to Exhibit 279:</u>**

**Defendants object to Exhibit 279 on the basis that it is irrelevant.**

280 - Cramer email string safety stand down day

**<u>Defendants' Objection to Exhibit 280:</u>**

**Defendants object to Exhibit 280 on the basis that it is irrelevant.**

281 - Minicch Nichani email 11.8.02

**<u>Defendants' Objection to Exhibit 281:</u>**

**Defendants object to Exhibit 281 on the basis that it is irrelevant.**

282 - Schleicher Nichani email string 11.8.02

**<u>Defendants' Objection to Exhibit 282:</u>**

**Defendants object to Exhibit 282 on the basis that it is irrelevant.**

283 - Moncini Nichani email string 11.1.02

**<u>Defendants' Objection to Exhibit 283:</u>**

**Defendants object to Exhibit 283 on the basis that it is irrelevant.**

284 - Dowson Nichani email string 11.1.02

**<u>Defendants' Objection to Exhibit 284:</u>**

**Defendants object to Exhibit 284 on the basis that it is irrelevant.**

285 - Reese Nichani email 11.1.02

**<u>Defendants' Objection to Exhibit 285:</u>**

**Defendants object to Exhibit 285 on the basis that it is irrelevant and incomplete.**

286 - Reese  Nichani email 101802

**<u>Defendants' Objection to Exhibit 286:</u>**

**Defendants object to Exhibit 286 on the basis that it is irrelevant and incomplete.**

287-  Moncini Nichani email string 101802

**<u>Defendants' Objection to Exhibit 287:</u>**

**Defendants object to Exhibit 287 on the basis that it is irrelevant and incomplete.**

288 - Schleicher Nichani email 101702

**<u>Defendants' Objection to Exhibit 288:</u>**

**Defendants object to Exhibit 288 on the basis that it is irrelevant.**

289 - Pulling Frask email 101102

**<u>Defendants' Objection to Exhibit 289:</u>**

**Defendants object to Exhibit 289 on the basis that it is irrelevant.**

290 - Pulling Nichani email 101102

291 - Gorman Nichani email string 10802

**<u>Defendants' Objection to Exhibit 291:</u>**

**Defendants object to Exhibit 291 on the basis that it is irrelevant and incomplete.**

292 - Doot Nichani email string 100402

**<u>Defendants' Objection to Exhibit 292:</u>**

**Defendants object to Exhibit 292 on the basis that it is irrelevant and incomplete.**

293 - Moncini Nichani email string 100402

<u>**Defendants' Objection to Exhibit 293:**</u>

**Defendants object to Exhibit 293 on the basis that it is irrelevant and incomplete.**

294 - Moncini Nichani email string 092502

<u>**Defendants' Objection to Exhibit 294:**</u>

**Defendants object to Exhibit 294 on the basis that it is irrelevant and duplicative.**

295 - Moncini Nichani email string 082802

<u>**Defendants' Objection to Exhibit 295:**</u>

**Defendants object to Exhibit 295 on the basis that it is irrelevant and incomplete.**

296 - Rakita Nichani email string 82702

<u>**Defendants' Objection to Exhibit 296:**</u>

**Defendants object to Exhibit 296 on the basis that it is irrelevant.**

297 - Moncini email 91502

298 - Moncini email string 92202

299 - Moncini email string 12403

300 - Moncini Nichani email string 101502

<u>**Defendants' Objection to Exhibit 300:**</u>

**Defendants object to Exhibit 300 on the basis that it is irrelevant.**

301 - Moncini Ward email string 30403

302 - Moncini Nichani email string 30603

303 - Nichani Moncini email string 30703

304 - Moncini Nichani email string 032003

305 - Moncini Risnic email string 111502

**Defendants' Objection to Exhibit 305:**

**Defendants object to Exhibit 305 on the basis that it is irrelevant.**

306 - Adler Boelhoweer email 111102

307 - 2003 Non Exempt Salary Ranges

**Defendants' Objection to Exhibit 307:**

**Defendants object to Exhibit 307 on the basis that it is irrelevant.**

308 - 2003 Exempt Salary ranges

**Defendants' Objection to Exhibit 308:**

**Defendants object to Exhibit 308 on the basis that it is irrelevant.**

309 - Thomson Moncini email 3.19.01

310 - Nichani Moncini email 8.23.01

311 - EHS Org Structure

312 - Tinone email fist grips 01.01.02

313 - Otis Safety Discipline Procedure

314 - Reese Nichani email 08.06.01

**Defendants' Objection to Exhibit 314:**

**Defendants object to Exhibit 314 on the basis that it is irrelevant.**

315 - Dowson McGroary email string 08.02.02

316 - Tinone Fist grip email 02.01.02

317 - Schleicher Nichani 03.05.03 email

**Defendants' Objection to Exhibit 317:**

**Defendants object to Exhibit 317 on the basis that it is irrelevant and contains lay opinion.**

318 - Moncini Rinaldo Email String 09.26.02

**Defendants' Objection to Exhibit 318:**

**Defendants object to Exhibit 318 on the basis that it is irrelevant.**

319 - Rinaldo Nichani email string 10.03.02

320 - Dillard Compensation

**Defendants' Objection to Exhibit 320:**

**Defendants object to Exhibit 320 on the basis that it is irrelevant.**

321 - Nichani Moncini email string 03.12.03 McQuillen

322 - WWJSSS Steering Comm. Charter

323 - Brad Russell Resume

324 - Russell Employment Auth

325 - 12.04.89 Russell Memo Position

326 - Russell HR form

**Defendants' Objection to Exhibit 326:**

**Defendants object to Exhibit 326 on the basis that it is irrelevant.**

327 - Russell IP Agreement

**Defendants' Objection to Exhibit 327:**

**Defendants object to Exhibit 327 on the basis that it is irrelevant.**

328 - Acorn Note re Russell move

**Defendants' Objection to Exhibit 328:**

**Defendants object to Exhibit 328 on the basis that it is irrelevant.**

329 - Russell 12.07.89 HR form

**<u>Defendants' Objection to Exhibit 329:</u>**

**Defendants object to Exhibit 329 on the basis that it is irrelevant.**

330 - Russell 12.05.89 Offer

331 - Russell Application

332 - Russell Employment Term 03.04.92

333 - Russell Control Slip 03.04.92

334 - Carothers McGroary Memo Russell Salary Level

**<u>Defendants' Objection to Exhibit 334:</u>**

**Defendants object to Exhibit 334 on the basis that it is irrelevant.**

335 - Russell Term 5.2101

336 - Towers Perrin Comp Survey

**<u>Defendants' Objection to Exhibit 336:</u>**

**Defendants object to Exhibit 336 on the basis that it is irrelevant.**

337 - 1992 UTC Exec. Salary review

338 - Russel Final Pay 05.12.01

339 - Russel Pay 04.30.01

340 - Russel Pay Slip

341 - Russell Pay Bates 8967

342 - Russell Pay Bates 8968

343 - Russell Pay Bates 8969

344 - Reese Announcement

345 - Dowson Per. File 2001

346 - 2002 Elev. Industry Safety Perf. Chart

347 - Why Men Die Young

**Defendants' Objection to Exhibit 347:**

**Defendants object to Exhibit 347 on the basis that it is irrelevant and hearsay (stray**

**remark).**

348 - Goldman Sachs / Otis EH&S Policy - Manhattan Region (Bates OTIS 00913 - 01585)

**Defendants' Objection to Exhibit 348:**

**Defendants object to Exhibit 348 on the basis that it is irrelevant. Exhibit 348 consists of 672 pages containing various documents, some of which are relevant, many of which are not. An example of the irrelevant documents includes a March 1973 "Federal Specification," for the use of Federal agencies, at OTIS01523-01547.**

349 - Safety File (Bates OTIS 01864 - 02242)

**Defendants' Objection to Exhibit 349:**

**Defendants object to Exhibit 349 on the basis that it is irrelevant. Exhibit 349 consists of 377 pages containing various documents, some of which are relevant, many of which are not. An example of the irrelevant documents includes a memorandum concerning the use of high visibility safety vests at OTIS02180.**

350 - Fatal Accident Review Process Power Point

351 - Safety Standards Steering Committee 5.17.00 Mtng Action Item Status 6.8.00

352 - UTC 2000 Executive Incentive Comp Program

**Defendants' Objection to Exhibit 352:**

**Defendants object to Exhibit 352 on the basis that it is irrelevant.**

353 - Nichani to Moncini 7.18.01 email

354 - Dowson to Nichani 3.18.03 email re McQuillen Executive Summary Briefing Doc

355 - Tinone to Dist List 2.23.03 email re WWJSSS 2.25.03 Steering Committee Mtng

356 - Goldman Sachs / Otis EH&S Policy - Manhattan Region (Bates OTIS 00913-00932)

357 - Dowson Nichani 7.2.02 email string re WWJSSS Revision

358 - Attorney Zakarian 1.6.03 Letter to Attorney Minchella

**Defendants' Objection to Exhibit 358:**

**Defendants object to Exhibit 358 on the basis that it is an offer of compromise and hearsay. This a letter from Attorney Zakarian to Attorney Minchella "For Settlement Purposes Only."**

359 - Attorney Zakarian 1.27.03 Letter to Attorney Minchella

**Defendants' Objection to Exhibit 359:**

**Defendants object to Exhibit 359 on the basis that it is an offer of compromise and hearsay. This a letter from Attorney Zakarian to Attorney Minchella "For Settlement Purposes Only."**

360 - Nichani to Moncini 3.7.01 email re Incident Rate Information

361 - 2003 Total Recordable Incident Rate Goals

362 - UTC EH&S Safety Performance Report for 4th quarter of 2002

363 - UTC 2002 EH&S Serious Injury Summary

364 - UTC 2002 EH&S Fatality Summary Report

365 - 2001/2002 Accident Summary chart

366 - Accident Description sheet

367 - UTC Operations Transformation

**Defendants' Objection to Exhibit 367:**

**Defendants object to Exhibit 367 on the basis that it is irrelevant, unreliable, and**

**duplicative and contains speculation about stock prices.**

368 - Actuarial Litigation Service 6.23.03 Correspondence to Attorney Minchella

**Defendants' Objection to Exhibit 368:**

**Defendants object to Exhibit 368 on the basis that it is irrelevant and hearsay and contains lay opinion and speculation. See Defendants Motion in Limine to Exclude In Part the Testimony of Sheldon Wishnick, and accompanying memorandum of law, incorporated herein by reference.**

369 - Branch Mgr Minimum Qualifications

370 - General Mgr Minimum Qualifications

371 - Nichani/Simmons/Dist List 2.02.02 email string

372 - Nichani Lange 1.29.02 email string

**Defendants' Objection to Exhibit 372:**

**Defendants object to Exhibit 372 on the basis that it is irrelevant.**

373 - Taproot Power Point Presentation

**Defendants' Objection to Exhibit 373:**

**Defendants object to Exhibit 373 insofar as it contains written notation.**

374 - Nichani Dowson 2.7.03 email string

375 - Dowson to Dist List 3.18.03 email string re Conference Call Action Items

376 - Moncini Nichani 3.4.03 email string

377 - Nichani Moncini 3.13.03 email string re 3.17.03 Fatality Review Board attendance

378 - Dowson to Dist List 9.6.02 email string re Learn & Live, France

379 - Simmons to Moncini 2.12.03 email re WWJSS Compliance Issues

380 - Executive Summary Briefing Document re 12.23.02 fatality

**Defendants' Objection to Exhibit 380:**

**Defendants object to Exhibit 380 insofar as it contains written notation.**

381 - UTC Highlights of Benefits Plan cover sheet

**Defendants' Objection to Exhibit 381:**

**Defendants object to Exhibit 381 on the basis that is irrelevant and incomplete.**

382 - UTC Recognition Stock Options

**Defendants' Objection to Exhibit 382:**

**Defendants object to Exhibit 382 insofar as it contains written notation.**

383 - 1996 Nichani Performance Appraisal

**Defendants' Objection to Exhibit 383:**

**Defendants object to Exhibit 383 insofar as it is duplicative and insofar as it contains irrelevant documents.  Irrelevant documents are OTIS09275-09277, 09291-09293, & 09296.**

384 - FPA Definitions - Fall Protection

385 - Serious Accident Trends Graph

386 - Typical Sanctions Following Fatal Employee Accident document

387 - Dows on Nichani 3.7.03 email string re WWJSSS Review

388 - Moncini Nichani 9.6.02 email string re Otis possibly being industry leader on safety

**Defendants' Objection to Exhibit 388:**

**Defendants object to Exhibit 388 on the basis that it is irrelevant as this case does not involve devices described in these emails.  Exhibit 388 also contains lay opinion by Mr. Simmons on unrelated topics such as the World Trade Center tragedy.**

389 - Moncini Levine 2.19.02 email string re Executive Summary, Otis - NAA Southern Region

390 - Russell to Dist List 5.7.01 email re OMM Presentations

391 - Moncini Nichani 10.6.02 email string re Recommendation request on Combined UTC

Assurance Review/FPA Process

392 - EH&S Professional Development Process dated 9.11.01


**DEFENDANTS' EXHIBIT LIST (with Plaintiff's objections)**

| Exhibit No. | Description |
|---|---|
| 501. | 01/19/03 email from Raymond Moncini to Danny Reese re NAA safety review, bates no. NICH001047 |
| 502. | 03/30/99 Payroll Notice regarding Nichani promotion to Grade 51, bates no. NICH000163 |
| 503. | 5/18/98 Payroll Notice regarding salary increase, bates no. NICH0164 |
| 504. | 04/04/97 Recommendation Request to transfer from Charlotte to Dallas, bates no. NICH000166 |
| 505. | 04/24/96 Payroll Notice regarding change from labor grade 48 to 49, bates no. NICH000169 |
| 506. | 08/11/94  Recommendation Request for Sujata Nichani transfer from Maintenance Supervisor, NY to Location Manager, Winston-Salem, NC, bates no. NICH000176 |
| 507. | 08/11/94 Recommendation Request regarding Sue Nichani Transfer from Maintenance Supervisor to Location Manager, Grade 48 (red circle)  in Winston-Salem, bates no. OTIS-00039 |
| 508. | Sujata Nichani Biographical Summary, bates no. NICH000180 |
| 509. | 02/12/99 Offer of Senior Manager, EH&S position to Sujata Nichani, bates nos. NICH000210-11 |
| 510. | 10/04/90 Offer (and acceptance) of Regional Field Engineer position to Sujata Nichani, bates no. NICH000232 |
| 511. | 10/19/90 Intellectual Property Agreement signed by Sujata Nichani, bates no. NICH000234 |
| Objection | Plaintiff objects to this document because it lacks probative value and does not tend to make more likely or less likely any material fact.  An IP agreement has nothing to do with any of the claims in the case nor anything to do with any of the defenses. |
| 512. | 01/21/03 email from Doug Lint re unopened cases for 2002 business practices report, bates no. NICH000590-91 |
| Objection | Plaintiff objects to this document because it lacks probative value and does not tend to make more likely or less likely any material fact.  The number of opened or closed ethics cases, involving other people at some other time and under other circumstances have no relevance to the claims or defenses in this |

| | case. |
|---|---|
| 513. | 04/30/01 Announcement of Danny Reese to VP, EH&S, bates no. NICH000688-89 |
| 514. | 04/30/01 Announcement of Brad Russell to Director, EH&S, bates no. NICH000690 |
| 515. | 05/25/01 Announcement of Sujata Nichani Continuing in role as NAA Senior Manager, bates no. NICH000693 |
| 516. | 06/06/01 Email to Ellen McGroary from Sujata Nichani, bates no. NICH000694-96 |
| 517. | Documents to be subpoenaed from United Rentals, Inc. |
| 518. | 4/15/02 letter to employees from Ari Bousbib, bates no. NICH000739 |
| Objection | Plaintiff objects to this document because it lacks probative value and does not tend to make more likely or less likely any material fact.  It is simply self-serving evidence in the form of a company wide announcement that Ari Bousbib has been appointed President of Otis. |
| 519. | 03/21/03 Performance Feedback for Sujata Nichani, bates nos. OTIS-00124 to 128 |
| 520. | Chart regarding accident rates for 2000, bates no. NICH001043 |
| 521. | 01/27/03 Email from Raymond Moncini to Susan Nichani regarding NAA safety review, bates nos. OTIS-06123 to 6124 |
| 522. | 08/21/02 Email from Susan Nichani and Scott Simmons, bates no. NICH001050-51 |
| 523. | 01/13/03 Email from Raymond Moncini regarding hoisting and rigging, bates nos. NICH001087-89 |
| 524. | 06/07/00 Memo from Doug Lint regarding appointment of Sue Nichani as Business Practices Officer, bates no. NICH001090 |
| 525. | 12/06/02 Email from Susan Nichani and Danny Reese, bates no. NICH001213-14 |
| 526. | 11/11/99 Learn and Live Bulletin, bates no. NICH001225 |
| 527. | 09/06/02 Email from Patrick Dowson, bates no. NICH001308 |
| 528. | 02/01/02 Email from Helio Tinone regarding elimination of U-Bolts, bates no. NICH001316 |
| 529. | 02/10/99 Email from Harold Scott regarding grade level change of Sujata Nichani from 50 to 51 and salary increase, bates no. OTIS-00072 |
| 530. | 12/15/00 Executive Performance Appraisal of Sue Nichani, bates nos. OTIS-00121 to 123 |
| 531. | Job Description – Manager, EH&S Generalist, bates no. OTIS-00131 |
| 532. | Otis position description, bates nos. OTIS-00280 to 285 |
| 533. | Recognition Stock Options, bates nos. OTIS-09828-42 |
| 534. | 01/31/03 Email from Raymond Moncini regarding WHQ Safety Review, bates no. OTIS-00178 |
| 535. | 03/13/02 Email from Erv Lauterbach regarding Staff Performance Review, bates no. OTIS-00185 |
| 536. | 01/02/03 Email from Raymond Moncini regarding safety training, bates no. OTIS-00609 |

| 537. | 07/02/02 Email from Patrick A. Dowson regarding WWJSSS Revision, bates no. OTIS-00714 to 717 |
| 538. | 01/08/03 Email from Susan Nichani regarding December 23, 2002 accident, bates no. OTIS-05209 to 5211 |
| 539. | Salary Administration Changes:  Frequently Asked Questions, bates nos. OTIS-05541 to 5548 |
| 540. | 2002 Salary Merit Deferral Questions and Answers, bates no. OTIS-05611 to 5612 |
| 541. | 06/05/01 Email from Ellen McGroary regarding announcement draft, bates no. OTIS-05827 |
| 542. | 12/24/02 Email from Raymond Moncini regarding Dan McQuillen, bates nos. OTIS-06059 to 06060 |
| 543. | Recommendation Package for Bradford Russell, bates nos. OTIS-09000 to 9008 |
| 544. | Excerpt from Otis Employee Safety Handbook, bates nos. OTIS07517, 7610-17 |
| 545. | 10/07/01 Worldwide Job Site Safety Standards Steering Committee Charter, bates nos. OTIS08361 to 8365 |
| 546. | 05/01/01 Announcement regarding Brad Russell to Lead NAA Environment, Health and Safety, bates no. OTIS08529 |
| 547. | 05/14/01 Brad Russell resignation, bates no. OTIS08531 |
| 548. | Biographical Summary for Patrick A. Dowson, bates no. OTIS08878 |
| 549. | 02/01/99 Recommendation of promotion of Patrick Dowson from Sr. Manager, EH&S to Director, EH&S – Otis UK & SEA, bates no. OTIS09254 |
| 550. | 5/14/01 email from Raymond Moncini to Steve Page and Ari Bousbib regarding Brad Russell resignation, bates no. OTIS-00298 |
| 551. | 05/07/01 email from Raymond Moncini to Steve Page regarding Brad Russell, bates no.  OTIS-00301 to 302 |
| 552. | 03/06/03 email from Patrick Dowson to Danny Reese regarding Sue Nichani, bates no. OTIS-05841 to 5844 |
| 553. | Section 5.6 Running Platforms and False Cars, 4.2 Electrical Safety and 4.7 Hoisting and Rigging Practices, bates no. OTIS-00133 to 141 |
| 554. | 03/28/03 email regarding New York Safety/sanctions, bates no. OTIS-06056 to 6058 |
| 555. | 09/06/02 Learn & Live bulletin, 8/25/04 deposition Ex. 14 |
| 556. | 3/17/03 email from Erv Lauterbach to Raymond Moncini re McQuillen sanctions, bates nos. OTIS-05999 to 06004 |
| 557. | Executive Summary Briefing document, bates nos. NICH000577 to 589 |
| 558. | 3/18/03 memo from Patrick Dowson to Susan Nichani re McQuillen, bates nos. NICH000558 to 570 |
| 559. | Standard Work Process for Rigging and Hoisting, bates no. OTIS-00846 to 854 |
| 560. | Human Resources Policy Manual, bates nos. OTIS-8532.1 to 8660 |
| 561. | 3/19/01 email from Paul Thomson to Raymond Moncini, bates no. 0TIS-00288 to 291 |
| 562. | 3/1/00 memo from Paul Thomson re Performance Incentive Plan (PIP) for US Non-Executive mangers, SG 49-51, bates no. OTIS-00143 |

| 563. | Performance Incentive Plan for US Non-Executives Grades 49-51, OTIS-00142 |
|---|---|
| 564. | 03/12/03 memo from Howard S. Levine to Erv Lauterbach re EHS Assurance Review – Otis, NSAA Greater New York, bates no. OTIS-08232 to 8257 |
| 565. | 02/02/03 email from Raymond Moncini to Susan Nichani re WHQ Safety Review; bates no. OTIS-04698 |
| 566. | (a) 02/04/04 letter to S. Nichani from United Rentals, Inc. re offer of employment and 566(b) employment agreement with United Rentals, Inc., bates nos. NICH01611 to 01621 |
| Objection | Plaintiff objects to this document on the basis that it is an unsigned document purported to be an agreement.   Plaintiff had produced the signed agreement between her and her current employer. |
| 567. | United Rentals, Inc. Benefits Overview, 3/13/04 Deposition Ex. 11 |
| 568. | 4/24/02 email from Sandra Stott to Danny Reese re Cemco issues, bates nos. OTIS-00182 to 0184 |
| 569. | 4/24/02 email from Sandra Stott to Susan Nichani re Cemco issues, bates nos. OTIS-00179 to 181 |
| 570. | 02/21/03 email from Danny Reese to Steven D. Martin re WWJSS Compliance Issues and Intern Fist Grip process, bates nos. OTIS-00504 to 508 |
| 571. | 01/10/03 email from Tim Beck to Susan Nichani re An Accident-Greater New York Region, 3/23/04 Deposition Exhibit 8 |
| 572. | 1/10/03 email from Scott Simmons to Tim Beck and Susan Nichani, 3/23/04 Deposition Ex. 7 |
| 573. | 02/02/03 email from Susan Nichani to Doug LaBrecque, et al re WWJSSS Open Issues, 7/8/03 Deposition Ex. 9 |
| 574. | 02/01/03 email from Susan Nichani to Raymond Moncini re WHQ Safety Review, bates nos. OTIS-00176 to 177 |
| 575. | 03/09/02 email from Ed Minich to Raymond Moncini re Staff Performance Review, bates nos. OTIS-00192 to 193 |
| 576. | 03/12/02 email from Daniel Traversi to Raymond Moncini re Staff Performance, bates nos. OTIS-00187 to 188 |
| Objection | Plaintiff objects to this document on the basis of hearsay, and because it lacks probative value and does not tend to make more likely or less likely any material fact.  This appears to be an email from an employee who has not been disclosed as a witness, about some other undisclosed employee's suspension for an undisclosed safety violation, that does not bear any relation to the facts of this case. |
| 577. | 07/07/00 email from Susan Nichani to Ellen McGroary, et al re Suspension, bates nos. OTIS-06575 |
| 578. | 02/26/03 email from Lou Rinaldo to Ellen McGroary re Safety Manager, bates nos. OTIS-06375 |
| 579. | 01/10/03 email from Susan Nichani to Raymond Moncini, bates nos. OTIS-06064 to 6066 |
| 580. | 02/24/03 email from Patrick A. Dowson to Susan Nichani re NSAA EH&S Management System issues from the New York Assurance Review, bates nos. OTIS-05985 to 5995 |

| 581. | Otis Equal Employment Opportunity/Affirmative Action Program Summary, bates no. OTIS-07233 |
|---|---|
| Objection | Plaintiff objects to this document because it lacks probative value and does not tend to make more likely or less likely any material fact, and any probative value is outweighed by the prejudicial effect. Admitting this evidence – the Defendant's Affirmative Action Plan -- would be like permitting a defendant in a negligence action to offer evidence that it planned to comply with the rules of the road. It has no relevance to whether Defendants discriminated against the Plaintiff. |
| 582. | January 2003 letter to Otis Associates from Ari Bousbib re Equal Employment Opportunity policy, bates no. OTIS-07234 |
| 583. | Otis Equal Employment Opportunity Policy, bates no. OTIS-07237 to 7240 |
| Objection | Plaintiff objects to this document because it lacks probative value and does not tend to make more likely or less likely any material fact, and any probative value is outweighed by the prejudicial effect. Admitting this evidence – the Defendant's Affirmative Action Plan -- would be like permitting a defendant in a negligence action to offer evidence that it planned to comply with the rules of the road. It has no relevance to whether Defendants discriminated against the Plaintiff. |
| 584. | Otis Affirmative Action Program Policy, bates nos. OTIS-07241 to 7242 |
| Objection | Plaintiff objects to this document because it lacks probative value and does not tend to make more likely or less likely any material fact, and any probative value is outweighed by the prejudicial effect. Admitting this evidence – the Defendant's Affirmative Action Plan -- would be like permitting a defendant in a negligence action to offer evidence that it planned to comply with the rules of the road. It has no relevance to whether Defendants discriminated against the Plaintiff. |
| 585. | Job Hazard Analysis Process, bates nos. OTIS-07253 to 7331 |
| 586. | Otis Employee Safety Handbook, bates nos. OTIS-07517 to 07731 |
| 587. | Worldwide Job Site Safety Standards, OTIS-08258 to 8360 |
| Objection | Plaintiff objects on a limited basis to this document because it lacks probative value and does not tend to make more likely or less likely any material fact. This document is the entire World Wide Job Site Safety Standards for the whole company, when in issue in this case are merely 2-3 standards, about 10 pages of this entire document. Defendants are offering this not to prove any issue in the case, but rather to persuade the jury that because they have this voluminous book of standards, they are a safe company. Permitting this into evidence should then "open the door" to all OSHA citations for Otis Elevator Company around the world, to show failure to comply with all the standards in this exhibit. <u>Plaintiff has no objection to the specific safety standards at issue in this case being offered.</u> |
| 588. | North American Operations Health and Safety Policies and Practices Manual, bates nos. OTIS-07744 to 8045 |
| 589. | 03/15/00 Worldwide Safety & Environment Standards Steering Committee Meeting Minutes, bates nos. OTIS-08366 to 8374 |
| 590. | 06/08/00 Safety Standards Steering Committee Meeting Minutes, bates nos. |

|  | OTIS-08375 to 8378 |
|---|---|
| 591. | 08/01/00 Safety Standards Steering Committee Meeting Minutes, bates nos. OTIS-08379 to 8401 |
| 592. | 12/13/00 Safety Standards Steering Committee Meeting Minutes, bates nos. OTIS-08402 to 8410 |
| 593. | 01/31/01 Safety Standards Steering Committee Meeting Minutes, bates nos. OTIS-08411 to 8426 |
| 594. | Otis Affirmative Action Program, bates nos. OTIS-08955 to 8963 |
| 595. | Resume of Bradford A. Russell, bates nos. OTIS-09053 to 9054 |
| 596. | UTC Employee Savings Plan, bates nos. OTIS-09070 to 9146 |
| 597. | 10/18/99 Leadership Development Review, bates nos. OTIS-09335 to 9346 |
| 598. | 11/9/00 Leadership Development Review, bates nos. OTIS-09347 to 9395 |
| 599. | 11/5/01 Leadership Development Review, bates nos. OTIS-09396, 09422 |
| 600. | 10/15/02 Leadership Development Review, bates nos. OTIS-09458, 09468 |
| 601. | 2001-2005 Tax Returns of Sujata Nichani, 1999-2005 W-2s, 2005 pay stub |
| 602. | 01/31/03 Otis Safety Advisory from Danny Reese, bates nos. NICH001067-68 |
| 603. | 02/14/03 email from Susan Nichani to Danny Reese, bates nos. NICH000778 to 779 |
| 604. | 02/17/03 email from Susan Nichani to Raymond Moncini, et al, bates nos. NICH000781 to 783 |
| 605. | 02/17/03 email from Helio Tinone to Susan Nichani re Fist Grip Applications, bates nos. NICH000784 to 785 |
| 606. | 03/21/03 letter to Susan Nichani from Ellen McGroary regarding termination, bates nos. NICH001493 |
| 607. | Demonstrative Exhibits – to be determined |
| 608. | Job Description for Edith DiFrancesco |
| Objection | Plaintiff objects to this document because it lacks probative value and does not tend to make more likely or less likely any material fact. The qualifications and experience of the second successor to the Plaintiff's position is irrelevant. Moreover, the position she assumed is not the same position Russell or Nichani held, and Defendants should not be permitted to bolster their case by showing they filled a dissimilar position with a woman. |
| 609. | Announcement re Edith DiFrancesco |
| Objection | Same Objection as to Ex. 608 |
| 610. | 4/1/04 Recommendation for Edith DiFrancesco transfer to VP, EH&S and Quality |
| Objection | Same Objection as to Ex. 608 |
| 611. | 09/15/02 email to Mark Boelhouwer, et al from Raymond Moncini regarding travel policy, bates no. NICH000346 |
| 612. | 09/28/01 email from Susan Nichani to DL-NAA-LOCS, et al re Required Monthly Safety Meetings, bates no. OTIS-00872 |
| 613. | 01/24/03 email from Raymond Moncini to Mark Boelhouwer, et al re 2003 policies, bates no. NICH000348 |
| 614. | 03/10/03 email from Susan Nichani to Raymond Moncini re travel request, bates no. NICH001255 |

| 615. | UTC Code of Ethics |
|------|--------------------|
| 616. | Draft announcement of Sujata Nichani continuing in role as NAA Senior Manager, bates no. NICH000692 |
| 617. | UTC Employee Retirement Plan, OTIS-09147 to 09179 |
| 618. | Organizational Chart – North American-Current, bates no. OTIS-00132 |
| 619. | 09/22/02 email from Raymond Moncini to Susan Nichani re San Diego Safety Audits, bates no. NICH000347 |
| 620. | 02/07/03 email from Dean Schleicher to Susan Nichani and Scott Simmons re Learn and Live – France, bates no. NICH000777 |
| 621. | 02/25/03 email from Erv Lauterbach from Louis Deloreto re Actions1.xls, bates nos. OTIS-00666 to 667 |
| 622. | 01/08/03 email from Raymond Moncini to Susan Nichani re 2002 objectives bates no. OTIS-03154 |
| Objection | Plaintiff objects to the extent the email is in black and white when the substance of the exhibit references important text being written in red, which is important for the jury to understand the exhibit. |
| 623. | 10/29/01 email from Jeff Adler to Chris Doot, et al , OTIS-05555 |
| 624. | 04/24/01 email from Leslie Carothers to Raymond Moncini re Brad Russell, bates no. OTIS-00291 |
| 625. | 02/19/97 letter to Sujata Nichani from William T. Miller re recognition stock option award |
| 626. | June 1998 letter to Sujata Nichani from Steve Page re recognition stock option award |
| 627. | October 1999 letter to Sujata Nichani from Stephen F. Page re recognition stock option award, bates no. NICH000144 |
| 628. | 12/14/00 letter to Sujata Nichani from Ray Moncini re recognition stock option award, bates no. NICH000145 |
| 629. | 03/06/03 email from Anthony Minchella to Sheldon Wishnick re Nichani |
| 630. | Nichani v. Otis Elevator Company – Compensation Information, Exhibit 2c to 3/31/04 deposition |
| Objection | Plaintiff objects to this document as hearsay.   It appears to be an excerpt from the report of Christopher Erath.  No hearsay exception applies. |
| 631. | L3 statistics at ONSA re stock option grants for 2002 and 2003, Exhibit 2d to 3/31/04 deposition |
| Objection | Plaintiff submits that she is entitled to examine (and to introduce into evidence where appropriate) the underlying documents that produced these statistics. |
| 632. | Chart re final IC pool factors, Exhibit 2e to 3/31/04 deposition |
| Objection | Plaintiff submits that she is entitled to examine (and to introduce into evidence where appropriate) the underlying documents that produced these statistics. |
| 633. | Chart re stock option grants received by Sujata Nichani and Brad Russell, Exhibit 2f  to 3/31/04 deposition |
| 634. | 02/24/03 email from Anthony Minchella to Sheldon Wishnick re Nichani |
| 635. | 03/11/03 email from Susan Nichani to Raymond Moncini, et al re slides, bates no. NICH001228 |
| 636. | 02/06/03 email from Susan Nichani to Patrick A. Dowson re Accidents |

| | Involving Clips, bates no. NICH001198 |
|---|---|
| 637. | 11/13/01 announcement re Catherine C. Smith named Chief Information Officer, NAA, bates no. NICH001100 to 1101 |
| 638. | Biographical summary of Catherine C. Smith |
| Objection | Plaintiff objects to this document because it lacks probative value and does not tend to make more likely or less likely any material fact.  The qualifications and experience of this employee are irrelevant. |

## C.    DEPOSITION TESTIMONY

All witnesses to be used at trial are listed above.  The Parties are still working as to whether certain witnesses will or may testify at trial depending on availability, as indicated above.  If a witness is unable to appear, the Parties will designate any deposition pages to be used at trial and assert objections in accordance with the Court's instructions.  The Parties will confer and then discuss this issue further at the pretrial conference if needed.

## IX.    STIPULATIONS OF FACT

### STIPULATIONS OF UNCONTROVERTED FACTS

The Parties are still conferring on an agreed stipulation of uncontroverted facts.

### STATEMENT OF CONTESTED ISSUES OF FACT AND LAW

The Parties present the following Contested Issues of Fact and Law, and reserve the right to identify new issues as they evolve prior to trial:

1.  Whether Otis discriminated against Ms. Nichani on the basis of her gender when it terminated her employment in March 2003.

2.  Whether Otis retaliated against Ms. Nichani by terminating her employment in March 2003 because she had filed a claim alleging gender discrimination against Otis and UTC.

3.  Whether Otis acted with malice or in wanton and willful disregard to Ms. Nichani's rights under Title VII.

4.  Whether Ms. Nichani, if she establishes a violation of Title VII or CFEPA, may present evidence of alleged past and future lost wages only to the Court, given the Second Circuit's holding in Broadnax v. City of New Haven, 415 F.3d 265 (2d Cir. 2005).

5.  Whether Ms. Nichani was being paid less while performing substantially equal work on a job requiring substantially equal skill, effort, and responsibility as Pat Dowson and/or Brad Russell.

6.  Whether the pay difference between Ms. Nichani and Brad Russell and /or Pat Dowson was based on a factor other than sex, or whether it was based on Ms. Nichani's gender in violation of the Equal Pay Act.

7.  If a violation of the Equal Pay Act is found, whether Otis acted in good faith.

8.  Whether Otis published false defamatory statements in Ms. Nichani's Performance Feedback statements to a third party and, if so, whether Otis was motivated by actual malice in such publication, thereby defeating the qualified privilege.

9.  Whether the Defendants' statements in the UTC Code of Ethics were sufficiently definite to constitute an employment contract and alter Ms. Nichani's at-will employment status to prohibit Otis from terminating Ms. Nichani's employment for her alleged refusal to falsify a report, and, if so, whether Ms. Nichani accepted Otis's offer or otherwise provided consideration for UTC's contractual obligation.

10. Whether Otis asked Ms. Nichani to falsify the report prepared regarding the McQuillen death and, if so, whether Otis terminated Ms. Nichani because of her refusal to falsify the report, as requested.

11. Whether Ms. Nichani has proven by a preponderance of the evidence that UTC's Code of Ethics contained a clear and definite promise that she would not be terminated for refusing to falsify a report.

12. Whether Otis had a reasonable expectation that Ms. Nichani would have relied on the Code of Ethics under the facts of this case and, if so, whether Ms. Nichani reasonably and in fact relied on the Code of Ethics.

13. Whether Ms. Nichani was asked to falsify the report regarding the McQuillen death, refused to do so, and was thus terminated as a result of her actual reliance on the Code of Ethics.

14. Whether Ms. Nichani has failed to mitigate her damages.

15. Whether Ms. Nichani can recover any damages for the period of time after Otis combined the EH&S and Quality functions in NAA and selected Edith DeFrancesco for that new position.

16. As set forth in detail in Defendants' first Motion in Limine, whether Ms. Nichani may present expert testimony as evidence of her alleged future losses, including the future value of allegedly lost stock options, where such testimony is unreliable and irrelevant, and, whether in the absence of such expert testimony, Ms. Nichani may present any evidence of future losses involving the value of allegedly lost stock options.

17. As set forth in detail in Defendants' second Motion in Limine, whether Ms. Nichani may present evidence regarding the reinstatement or modification of any discipline received by Otis employees following the McQuillen fatality on December 23, 2002.


**IX.    (b)    Jury Trial:**

1**.    Proposed Voir Dire Questions**

Plaintiffs' proposed voir dire questions are attached as Exhibit A.

Defendants proposed voir dire questions are attached as Exhibit B.

2.    **Proposed Jury Instructions**

Plaintiffs' Proposed Jury Instructions are attached as Exhibit C.

Defendants' Proposed Jury Instructions are attached as Exhibit D.

*As discussed with the Court, the Parties are in the process of conferring on the proposed jury instructions but need additional time to complete their objections.  Accordingly, the Parties will be submitting objections to the Court under separate cover.*

3.    **Proposed Verdict Form**

Plaintiffs' proposed verdict forms are attached as Exhibit F.

Defendants' proposed verdict forms are attached as Exhibit G.

*As discussed with the Court, the Parties are in the process of conferring on the proposed verdict form but need additional time to complete their objections.  Accordingly, the Parties will be submitting objections to the Court under separate cover.*

4.    **Brief Description of Case and Parties**

Plaintiff is Sue Nichani.  Defendants are Otis Elevator Company and United Technologies Corporation.  Plaintiff has brought this action against the Defendants based upon federal and state anti-discrimination laws and the common law of the State of Connecticut.  She was employed by the Defendants in 1990, and was terminated in March 2003.  She claims that Defendants' discriminatory treatment of her has caused her certain damages.  Defendants deny that they discriminated against the Plaintiff and contend that the termination of her employment was justified.

## X.    ANTICIPATED EVIDENTIARY PROBLEMS

The parties await the Court's rulings on motions in limine, which have been filed contemporaneously with this Memorandum.  Defendants have submitted two such motions to exclude: (1) portions of the testimony of Plaintiff's expert, Sheldon Wishnik, and (2) any references to employees reinstated following the death of Daniel McQuillen.  In addition, Defendants point out that, if the jury finds liability on any of Ms. Nichani's claims under Title VII or CFEPA, then the Court and not the jury must calculate the amount of lost wages. Broadnax v. City of New Haven, 415 F.3d 265, 271 (2d Cir. 2005) ("[b]ecause a lost wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is generally not entitled to a jury determination on the question"); see Part III, supra.  Moreover, based on Plaintiff's previous submissions, including her affidavit in opposition to Defendants' Motion for Summary Judgment, Defendants anticipate that she will attempt to introduce the hearsay testimony of Otis employees.  (See, e.g., Nichani Affidavit at ¶¶ 2, 4, 24, 25, attached at Exhibit I to Plaintiff's Summary Judgment Opposition.)  These hearsay statements are not admissible as party admissions under Fed. R. Evid. 801(d)(2)(D).  See Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927-29 (6th Cir. 1999) (district manager's

statement to plaintiff that regional manager was critical to her because he was a female not an admission of a party opponent because statement did not involve matters within scope of agency relationship); Williams v. Pharmacia, Inc., 137 F.3d 944, 949-51 (7th Cir. 1998) (employees' complaints about supervisor did not qualify as party admissions); Kaplan v. Multimedia Entm't, Inc., 2005 U.S. Dist. LEXIS 40351, 32-33 (W.D.N.Y. 2005) (statements not admissions because declarant was not a supervisor and/or played no rule in challenged employment decisions). Finally, Defendants' anticipate that Plaintiff will attempt to introduce many of her impressions, opinions, conclusions, and beliefs as to why she was terminated and/or discriminated against. See, e.g., Nichani Affidavit at ¶¶ 11, 14, 18, 22, 27, 61, 69.  This would be inadmissible under Rule 701(b) as lay opinion testimony.  See Hester v. BIC Corp., 225 F.3d 178, 184 (2d Cir. 2000) (discussing that purpose of Rule 701(b) is to prevent lay witnesses from telling the jury what result to reach).

PLAINTIFF, SUJATA NICHANI


By_____
        Anthony Minchella, Esq.
        Law Offices of Anthony R. Minchella,
        L.L.C.
        530 Middlebury Road
        Suite 203-204B
        Middlebury, CT 06762

        Jeffrey J. Tinley, Esq.
        Tinley, Nastri, Renehan & Dost, LLP
        60 North Main Street
        2nd Floor
        Waterbury, CT 06702


DEFENDANTS,
UNITED TECHNOLOGIES CORPORATION
and OTIS ELEVATOR COMPANY


By_____
        Albert Zakarian (ct04201)
        Victoria Woodin Chavey (ct14242)
        Douglas W. Bartinik (ct26196)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, Connecticut 06095-3499
        (860) 275-0100
        (860) 275-0343 (fax)
        Their Attorneys