**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SUJATA NICHANI, | : | CIVIL NO. 3:02 CV 1384 (MRK) |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| OTIS ELEVATOR COMPANY and UNITED TECHNOLOGIES CORPORATION | : | |
| | : | |
| Defendant | : | APRIL 6, 2006 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**
**GENDER DISCRIMINATION UNDER TITLE VII**

**Proposed Jury Instruction No. 1**

(Burden of Proof under Title VII)

To prevail on her claim of intentional discrimination, Ms. Nichani must prove by a preponderance of the evidence that her status as a woman was a motivating factor in the defendants' decisions with regard to the employment actions and decisions that she identifies in her complaint. Ms. Nichani's status as a woman was a motivating factor if you conclude that it made a difference in the defendants' actions and decisions, even though other factors may have also influenced those actions and decisions. Ms. Nichani must prove, either directly or indirectly, that defendants intentionally discriminated against her.

**Authority**

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); *Townsend v. Lumberman's Mutual Casualty Company*, 294 F. 3d 1232 (10th Cir. 2002); *Hagelthorn v. Kennecott Corp.*, 710 F2d 76, 82 (2d Cir. 1983).

**Plaintiff's Proposed Jury Instruction No. 2**

(Disparate Treatment Discrimination Based upon Gender )

Ms. Nichani has alleged that she has been the subject of intentional discrimination on the basis of her gender by the defendants.

To prevail on her claim of discrimination, Ms. Nichani must prove, by a preponderance of the evidence, that:

1. she suffered adverse employment actions or decisions; and,

2. her gender was a motivating factor in the actions or decisions;

In determining whether Ms. Nichani's gender was a motivating factor in the defendants' actions or decisions, it is not necessary that she prove that her gender was the sole reason for the decision, just a motivating reason. Likewise, you should be mindful that the law requires only that an employer not discriminate against an employee because of the employee's gender.

In deciding whether Ms. Nichani's gender was a motivating factor in the defendants' actions or decisions, you may consider both direct evidence and indirect, or circumstantial, evidence. If you determine that Ms. Nichani has proven each of the elements I have just described by a preponderance of the evidence, then you must find for Ms. Nichani on her discrimination claim. If you find that Ms. Nichani has failed to prove any one of these elements by a preponderance of the evidence, then you must find for the defendants.

**Authority**

42 U.S.C. §2000e-2(a), (m); 42 U.S.C. §12112; *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003); *Rowland v. American General Finance, Inc.*, 340 F.3d 187 (4th Cir. 2003); *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003); Eleventh Circuit Model Jury Instructions 1.2.1 (2000).

**<u>Plaintiff's Proposed Jury Instruction No. 3</u>**

(Direct Evidence of Discrimination)

Direct evidence is evidence of oral or written statements by those persons who were involved in adverse employment actions or decisions that, if believed, directly prove that the plaintiff's gender was a motivating factor in the defendants' actions or decisions.

**Authority**

*Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989); *Febres v. Challenger Caribbean Corporation*, 214 F. 3d 57 (1st Cir. 2000); *Fakete v. Aetna, Inc.*, 308 F3d 335 (3rd Cir. 2002); *Laderach v. U-Haul*, 207 F. 3d 825 (6th Cir. 2000); *Sheehan v. Donlen* Corp., 173 F.3rd 1039 (7th Cir. 1999); *EEOC v. Liberal R-II School District*, 314 F. 3d 920 (8th Cir. 2002); *Godwin v. Hunt Wesson Inc.*, 150 F3d 1217 (9th Cir. 1998); *Wright v. Southland Corp*., 187 F. 3d 1287 (11th Cir. 1999); *Young v. City of Houston*, 906 F.2d 177 (5th Cir. 1990).

**<u>Plaintiff's Proposed Jury Instruction No. 4</u>**

(Direct Evidence/Mixed Motive/Same Decision Defense to Disparate Treatment Discrimination Based upon Gender)

In this case, the defendants assert that they would have taken the same actions and reached the same decisions with regard to the Ms. Nichani's employment in the absence of a discriminatory motive by the defendants. If you determine that Ms. Nichani has proven, by a preponderance of the evidence, that her gender was a motivating factor in the defendants' actions and decisions, you should then consider whether the defendant has proven, by a preponderance of the evidence, that it would have taken the same actions and made the same decisions regardless of plaintiff's gender. If you determine that Ms. Nichani has not proven her case by a preponderance of the evidence, then your verdict must be for the defendants. If you determine that the

defendants would have taken the same actions and made the same decision regardless of Ms. Nichani's gender, you must find for the defendant on this defense. On the other hand, if you determine that Ms. Nichani has proven that her gender was a motivating factor in the defendants actions and decisions and that the defendants have not proven that they would have made the same decision even if they had not considered Ms. Nichani's gender, then your verdict must be in favor of Ms. Nichani.

What does "motivating factor" mean? The law requires that the employer ignore sex or gender when making employment decisions. The law does not require Ms. Nichani to show that her gender was the sole factor in the defendants' employment decisions. Ms. Nichani can show that the defendants took their actions against her for a variety of reasons, some of which may include job performance and other business decisions, but that these reasons were not the only reasons for their actions. Ms. Nichani must show that her gender played a role in the defendants' decision making process and had a determinative influence on the outcome.

**Authority**

42 U.S.C. §2000e-5(g)(2)(B); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989); *Febres v. Challenger Caribbean Corporation*, 214 F. 3d 57 (1st Cir. 2000); *Fakete v. Aetna, Inc.*, 308 F3d 335 (3rd Cir. 2002); Laderach v. U-Haul, 207 F. 3d 825 (6th Cir. 2000); *Sheehan v. Donlen Corp.*, 173 F.3rd 1039 (7th Cir. 1999); *Luciano v. The Olsten Corporation*, 110 F.3d 210 (2d Cir. 1997); *EEOC v. Liberal R-II School District*, 314 F. 3d 920 (8th Cir. 2002); *Godwin v. Hunt Wesson Inc.*, 150 F3d 1217 (9th Cir. 1998); *Wright v. Southland Corp.*, 187 F. 3d 1287 (11th Cir. 1999).*Young v. City of Houston*, 906 F.2d 177 (5th Cir. 1990).

**Proposed Jury Instruction No. 5**

(Pretext Instruction)

Ms. Nichani may also prove, by a preponderance of the evidence, that the defendants' stated reason for their actions or decisions are false or a pretext for discrimination by persuading you that the defendants' offered reason is not believable or that it was not the true reason for their actions or decisions. If you find that the defendants' offered reason was false or pre-textual, the law allows you to infer that the defendants had a discriminatory motive and you may find for the plaintiff for this reason alone, although you are not required to do so.

**Authority**

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *Hagelthorn v. Kennecott Corp.*, 710 F. 2d 76 (2nd Cir. 1983); *Fuentes v. Perskie*, 32 F. 3d 759 (3rd Cir. 1994); *Ratliff v. City of Gainesville*, 256 F. 3d 355 (5th Cir. 2001); *Kline v. TVA*, 128 F 3d 337 (6th Cir. 1997); *Morgan v. Hilti, Inc.*, 108 F.3d 1319 (10th Cir. 1997).

**Proposed Jury Instruction No. 6**

(Damages-Compensatory Damages)

Ms. Nichani has alleged that, as a result of the defendants' discrimination, she has suffered loss of income, emotional distress and humiliation. These damages are referred to as compensatory damages. Ms. Nichani has the burden of proving, by a preponderance of the evidence, that she has suffered damages as a proximate result of the defendants' discrimination, and the amount of the damages. If Ms. Nichani does not establish that she has experienced loss of income, emotional distress and humiliation because of the defendants' conduct, then she cannot recover compensatory damages. However, Ms. Nichani is not required to prove her emotional distress and humiliation through expert medical testimony as long as she presents evidence that

proves that she actually suffered emotional distress and humiliation as a result of the defendants' unlawful conduct.

If you determine that Ms. Nichani has proven by a preponderance of the evidence that she has experienced loss of income, emotional distress and humiliation, you may award her damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation-no more and no less.

When considering the amount of monetary damages to which Ms. Nichani may be entitled, you should consider the nature, character, and seriousness of any emotional distress and humiliation Ms. Nichani felt. You must also consider its extent or duration, as any award you make must cover the damages endured by Ms. Nichani since the wrongdoing, to the present time, and even into the future if you find that the proof presented justifies the conclusion that Ms. Nichani's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

**Authority**

42 U.S.C. §1981(b)(3); "EEOC Policy Guidelines on Damages Provisions of the 1991 Civil Rights Act," 8 FEP Manual 405:7091; *Bolden v. Southeastern Pa. Transp. Auth.*, 21 F. 3d 29 (3d Cir. 1994); *Memphis Community School Dist., v. Stachura*, 477 U.S. 299, 308-309 (1986); *Carey v. Piphus*, 435 U.S. 247 (1978); *Adams v. Doehler-Harvis* (On Remand), 144 Mich. App. 764 (1985); *Freeman v. Kelvinator, Inc.*, 569 F. Supp. 999 (E.D. Mich. 1979); *Slayton v. Michigan Host, Inc.*, 122 Mich. App. 411, 332 N.W.2d 498 (1983); *Riethmiller v. Blue Cross and Blue Shield of Michigan*, 151 Mich. App. 188, 390 N.W.2d 227 (1986).

**Proposed Jury Instruction No. 7**

(Damages-Back Pay)

If you determine that the defendants discriminated against Ms. Nichani then you must determine the amount of damages that the defendants have caused Ms. Nichani. You may award as actual damages an amount that reasonably compensates Ms. Nichani for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Ms. Nichani would have received had she not been discriminated against. Basically, you have the ability to make Ms. Nichani whole for any wages or other benefits that she has lost as a result of her demotion, failure to be promoted and her discharge.

**Authority**

42 U.S.C. 2000e-5g (Title VII of the 1964 Civil Rights Act); 29 U.S.C. 626 (b) (ADEA); 29 U.S.C. 216(b) (Fair Labor Standards Act); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 847- 848, 121 S. Ct. 1946, 150 L. Ed. 2d 62 (2001); *Lorillard v. Pons*, 434 U.S. 575, 98 S. Ct. 866, 55 L. Ed. 2d 40 (1978); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421-422, 45 L. Ed. 2d 280, 95 S. Ct. 2362 (1975) ("It follows that, given a finding of unlawful discrimination, back pay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination."); *Morrison v. Circuit City Stores*, 317 F. 3d 646, 671-673 (6th Cir. 2003), *Faris v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985); *Blim v. Western Electric Co.*, 731 F.2d 1473 (10th Cir. 1984). The United States Supreme Court has recently held that a discrimination victim who proves that he/she suffered a constructive discharge may be entitled to all equitable and legal remedies authorized by Title VII. See *Pennsylvania State Police v. Suders*, 542 U.S. 129, 124 S. Ct. 2342, 2354, 159 L. Ed. 2d

204, 220 (2004).

Additionally, lost employee benefits or consequential damages have been considered part of backpay or front pay: *see, e.g., Metz v. Merrill Lynch*, 39 F3d 1482 (10th Cir. 1994); *Greene v. Safeway Stores*, 210 F.3d 1237 (10th Cir. 2000) (stock option losses are compensable under ADEA); *Gaworski v. ITT Commercial Fin. Corp.*, 17 F.3d 1104, 1111 (8th Cir. 1994) (award of consequential damages reimbursing plaintiff for sales commissions and closing costs on sale of house, moving expenses and motel expenses was upheld). *See Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1062(8th Cir 2002); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348 (11th Cir. 2000). See *Kelly v. Matlack, Inc.*, 903 F.2d 978, 984-85 (3d Cir. 1990) for the principle that back pay can include vacation pay, sick pay, insurance and retirement benefits.

**Proposed Jury Instruction No. 8**

(Damages-Front Pay)

You shall also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that Ms. Nichani would have earned had she not been discriminated against for that period from the date of your verdict until the date when the plaintiff would have voluntarily resigned or obtained other employment.

**Authority**

See 42 U.S.C. 2000e-5g (Title VII of the 1964 Civil Rights Act).

**Proposed Jury Instruction No. 9**

(Damages-Mitigation)

In determining the amount of damages, if any, Ms. Nichani is entitled to recover, the law provides that she must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is called mitigation of damages. However, it is the

defendants' burden to prove by a preponderance of the evidence that Ms. Nichani failed to mitigate her damages.

If you determine that Ms. Nichani is entitled to damages, you must reduce these damages by the amount that she actually earned following her discharge or the amount you determine that she could have earned through a reasonable effort during the period from her discharge until the date of trial.

If you determine that Ms. Nichani failed to seek out or take advantage of a business or employment opportunity that was reasonably available to her, then you should reduce the amount of damages by the amount she could have earned if she would have sought out or taken advantage of the opportunity. In determining whether Ms. Nichani's failure to seek out or take advantage of a business or employment opportunity was reasonable, you should be aware that she is only required to accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

1. the type of work,
2. the hours worked,
3. the compensation,
4. the job security,
5. the working conditions, and
6. other conditions of employment.

**Authority**

Eighth Circuit Pattern Jury Instructions 5.02; *Coleman v. City of Omaha*, 714 F.2d 804, 808 (8th Cir. 1985); see also *NLRB v. Mining Specialists*, 326 F.3d 602, 605 (4th Cir. 2003) ("So long as the employee does make reasonable efforts to obtain suitable interim employment, the

success of those efforts is irrelevant to the employer's back pay obligation.").

**Proposed Jury Instruction No. 10**

(Damages-Punitive Damages)

If you find in favor of Ms. Nichani on her claim and against the defendants on their affirmative defenses, you should consider whether Ms. Nichani is entitled to punitive damages in addition to any award of actual damages. To establish entitlement to punitive damages, Ms. Nichani must prove, by a preponderance of the evidence, that:

1. the employer acted with malice or reckless indifference to Ms. Nichani's rights; and,
2. the employer should be held liable for its employee's unlawful conduct.

Malice or reckless indifference may be found where the employer is motivated by an evil motive or intent or acts with reckless or callous indifference to the rights of Ms. Nichani to be free of discrimination. In making this determination, you should be aware that a finding by you that the employer is liable for unlawful discrimination does not automatically mean that the employer is liable for punitive damages. For example, if the employer believes in good faith that its actions were not discriminatory, it could not be said that the employer was acting with malice or reckless indifference to Ms. Nichani's rights and, as such, punitive damages should not be awarded.

In determining whether the employer should be held liable for the actions or decisions of its employee in this case, the law provides that punitive damages may only be assessed against the employer when the unlawful conduct was committed by an important or high-ranking managerial employee and the employer failed to make good faith efforts to comply with the law.
You should be aware that an employee employed in a managerial capacity does not include every supervisory employee. Rather, to be employed in a managerial capacity, the employee must be an "important" member of the defendant's management. You should evaluate factors such as the type

of authority and discretion given by the defendants to the employee in making this determination. The mere fact that an employee is given a title such as "manager" or "director" does not automatically mean that the employee is employed in a managerial capacity. Rather, an employee who acts in a managerial capacity for purposes of punitive damages is one who has the power to make independent decisions regarding personnel matters, who has the authority to determine company policy or who has the authority to approve personnel actions.

In determining whether the defendants have engaged in good faith efforts to comply with the law, you should consider any relevant factor demonstrating their efforts, or lack thereof, to comply with the law against discrimination, including such factors as whether the defendants have instituted an anti-discrimination policy, and whether the defendants have trained their managerial personnel with respect to equal employment opportunity laws.

If you find that Ms. Nichani has proven each of these elements, then you are permitted, but not required, to assess punitive damages against the defendants . Punitive damages are awarded in exceptional cases as a punishment to the defendant and a warning to others not to engage in similar unlawful conduct.

The amount of punitive damages, if appropriate, is within your discretion. Punitive damages must bear a reasonable relationship to Ms. Nichani's actual injury. However, no single numerical equation exists to easily relate punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. the impact or severity of the defendants' conduct,
2. the amount of time the defendants conducted themselves in this manner,
3. the amount of compensatory damages,
4. the potential profits the defendants may have made from this conduct,

5. the attitudes and actions of the defendant top management after the misconduct was discovered,
6. the effect of the damages award on the defendants' financial condition, and
7. any punishment the defendants may receive from other sources.

**Authority**

42 U.S.C. §1981a; *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999); *Zimmerman v. Associates First Capital Corp.*, 251 F.3d 376 (2d Cir. 2001); Eighth Circuit Model Jury Instruction 5.04.

**EQUAL PAY ACT**

**Plaintiff's Proposed Instruction No. 11**

(Equal Pay Act - Generally)

The Equal Pay Act prohibits wage discrimination based on sex. It provides:

"No employer . . . subject to . . . this section shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate of less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs, the performance of which requires equal skill, effort, responsibility and which are performed under similar working conditions . . . ."

**Authority**

*See* 29 U.S.C.A. §206(d) (1998); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* §§ 174.01, 174.10 (5th ed. 2001).

**Plaintiff's Proposed Jury Instruction No. 12**

(Skill)

The term "skill" as used in the Equal Pay Act refers to a series of factors, including experience training, education, and ability. In determining skill, these factors should be measured in terms of the performance requirements of the job.

**Authority**

*See* 29 C.F.R. §1620.15 (2004); *Cullen v. Indiana University Board of Trustees*, 338 F. 3d 693, 699 (7th Cir. 2003); *Pearce v. Wichita County Hospital Board*, 590 F.2d 128 (5th Cir. 1979); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, §174.31 (5th ed. 2001).

**Proposed Jury Instruction No. 13**

(Effort)

The term "effort" as used in the Equal Pay Act is the measurement of physical or mental exertion needed for performing a job. The job factors that cause mental or physical fatigue and stress, as well as those that alleviate fatigue, are to be considered in determining the effort required by the job. Effort encompasses the total requirements of the job.

**Authority**

*See* C.F.R. §1620.16 (2004); O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* §174.32 (5th ed. 2001)

**Proposed Jury Instruction No. 14**

(Responsibility)

The term "responsibility" as used in the Equal Pay Act means the degree of accountability required in performing the job, with emphasis on the importance of the job duties and the degree of authority delegated to the employee.

**Authority**

*See* C.F.R. §1620.17 (2004); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* §174.33 (5th Ed. 2001).

**Plaintiff's Proposed Jury Instruction No. 15**

(Working Conditions)

The term "working conditions" encompasses two factors:

1. "Surroundings" which concern the nature and character of the environment in which the job is performed including considerations of the intensity and frequency of elements to which the employees may be exposed; and

2. "Hazards," which take into account physical hazards regularly encountered, their frequency, and the severity of the injury that they might cause.

The working conditions for the jobs compared must be "similar."

**Authority**

*See* C.F.R. §1620.18 (2004); *Corning Glass Works v. Brennan*, 417 U.S. 188 (1974); *Schwartz v. Florida Board of Regents*, 807 F.2d 901 (11th Cir. 1987); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983); *Dey v. Colt Construction and Development Co.*, 28 F.3d 1446, 1461 (7th Cir. 1994); O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* §174.34 (5th ed. 2001).

**Plaintiff's Proposed Jury Instruction No. 16**

(Plaintiff's Burden - Generally)

To prevail on her claim under the Equal Pay Act in this case, Ms. Nichani must prove by a preponderance of the evidence each of the following:

(1) That she has been employed by the defendant doing substantially equal work on a job or

jobs requiring substantially equal skill, effort and responsibility as a job or jobs held by members of the opposite sex;

(2) That the job or jobs are performed under similar working conditions; and

(3) That she has been paid a lower wage than a member or members of the opposite sex doing substantially equal work.

Ms. Nichani does not need to prove that the defendants intended to discriminate on the basis of her sex.

If you determine that Ms. Nichani has failed to prove any of these three elements, your verdict must be for the defendant. On the other hand, if you find that Ms. Nichani has proved each of these three elements, then your verdict must be for the plaintiff.

**Authority**

*See Corning Glass Works v. Brennan*, 417 U.S. 188 (1974); *Reznick v. Associated Orthopedics & Sports Medicine,* 2004 WL 1559571 (5th Cir. 2004) (unpublished opinion); *Cullen v. Indiana University Board of Trustees*, 338 F.3d 693, 698 (7th Cir. 2003); *Ryduchowski v. The Port Authority of New York*, 203 F.3d 135, 142 (2d Cir. 2000); *Stopka v. Alliance of American Insurers*, 141 F.3d 681, 685-86 (7th Cir. 1998); *Arrington v. Cobb County*, 139 F.3d 865, 876 (11th Cir. 1998); *Schwartz v. Florida Board of Regents*, 807 F. 2d 901 (11th Cir. 1987); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983); O'Malley, Grenig, and Lee, *Federal Jury Practice and Jury Instructions*, §§ 174.20, 174.40, 174.41 (5th Ed. 2001).

**<u>Plaintiff's Proposed Jury Instruction No. 17</u>**

(Lower Wages Than Male Counterpart)

Ms. Nichani must prove that the defendant has paid her a lower wage than an employee or employees of the opposite sex doing equal work. As defined under the Equal Pay Act, wages

include all forms of compensation, including those other than cash wages, such as fringe benefits. You should consider all evidence you have heard concerning the wages the defendant pays employees in determining whether Ms. Nichani has been paid a lower wage than an employee of the opposite sex.

**Authority**

*See* C.F.R. §1620.10 (2004); *Los Angeles Dept. of Water & Power v. Manhart*, 435 U.S. 702 (1978); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, §174.21 (5th ed. 2001)

**Plaintiff's Proposed Jury Instruction No. 18**

(Equal Work)

Ms. Nichani must prove that she has been employed by the defendant doing equal work on a job, the performance of which requires equal skill, effort, and responsibility. In considering whether the performance of those jobs requires substantially equal skill, you must make an overall comparison of the work, not its individual segments. Insubstantial or minor differences in the skill, effort or responsibility requirements of particular jobs should be ignored.

**Authority**

*See* C.F.R. §1620.14(a) (2004); *Cullen v. Indiana University Board of Trustees*, 338 F.3d 693, 698 (7th Cir. 2003); *Kovacevich v. Kent State University*, 224 F.3d 806, 836 (6th Cir. 2000); *Buntin v. Breathitt County Board of Education*, 134 F.3d 796, 799 (6th Cir. 1998); O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 174.30 (5th Ed. 2001).

**Plaintiff's Proposed Jury Instruction No. 19**

(Equal Skill)

In considering whether the jobs in question require equal skill, you should consider factors such as experience, training, education and ability. These factors should be measured in terms of the actual performance requirements of the jobs. Job titles or job descriptions are not controlling. If an employee must have essentially the same skill in order to perform either of two jobs, the jobs will qualify under the Equal Pay Act as jobs requiring equal skill, even though the employee in one of the jobs may not exercise the required skill as frequently or during as much of his or her working time as the employee in the other job. Possession of a skill not required by the job cannot be considered in making a determination regarding equality of skill.

**Authority**

*See* 29 C.F.R. §1620.15 (2004); 29 C.F.R. §1620.13(e); *Wheatley v. Wicomico County, Maryland*, 2004 WL 2648283 (4th Cir. 2004); *Cullen v. Indiana University Board of Trustees*, 338 F.3d 693, 699 (7th Cir. 2003); *Rodriguez v. Smithkline Beecham*, 224 F.3d 1, 7 (1st Cir. 2000); *Lang v. Kohl's Food Stores, Inc.*, 217 F.3d 919, 925 (7th Cir. 2000); *Stopka v. Alliance of American Insurers*, 141 F.3d 681, 685 (7th Cir. 1998); *Arrington v. Cobb County*, 139 F.3d 865, 876 (11th Cir. 1998); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 174.31 (5th ed. 2001).

**Plaintiff's Proposed Jury Instruction No. 20**

(Equal Responsibility)

In considering whether the jobs in question require equal responsibility, you should consider the degree of accountability required when performing the job, particularly the importance of the job duties and the degree of authority delegated to the employee.

**Authority**

*See* 29 C.F.R. §1620.17 (2004); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 174.33 (5th ed. 2001)

**Plaintiff's Proposed Jury Instruction No. 21**

(Equal Effort)

In considering whether the jobs in question require equal effort, you should consider the amount of physical or mental activity needed for the performance of the job. Jobs may require equal effort ion their performance even though the effort may be exerted in different ways. Where substantial differences exist, however, in the amount or degree of effort required to perform the jobs, the requirements of the Equal Pay Act do not apply even though the jobs may be equal in all other respects. Similarly, even if two jobs require most of the same routine duties, they do not require equal effort if one job involves additional tasks that require extra effort and that consume a significant amount of time of substantially all those doing that job.

**Authority**

*See* C.F.R. §1620.16 (2004); O"Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 174.33 (5th ed. 2001)

**Plaintiff's Proposed Jury Instruction No. 22**

(Generally - Shifting of Burden)

If you determine that Ms. Nichani has established by a preponderance of the evidence all the elements of her case, then the burden of proof shifts to the defendants to prove by a preponderance of the evidence that the difference in pay is justified under one of the Equal Pay Act's exceptions. The exceptions that the defendant asserts in the present case is that their actions and decisions the product of a differential based on a factor other than sex.

To establish that this exception applies, the defendant must show that the factor of sex

provided no part of the basis for the wage difference.

If the defendant establishes that a difference in pay is caused by this exception, you must decide in favor of the defendant. On the other hand, if you determine that the defendant has failed to prove that a difference in pay is caused by this exception, you must decide in favor of Ms. Nichani.

**Authority**

*See Corning Glass Works v. Brennan*, 417 U.S. 188 (1974); *Harrison-Pepper v. Miami University*, 2004 WL 1532251 (6th Cir. 2004) (unpublished opinion); *Wollenburg v. Comtech Manufacturing Co.*, 201 F.3d 973, 976 (7th Cir. 2000); *Stanziale v. Jargowsky*, 200 F.3d 101 (3d. Cir. 2000); *Schwartz v. Florida Board of Regents*, 807 F. 2d 901 (11th Cir. 1987); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983); *Bence v. Detroit Health Corp.*, 712 F.2d 1024 (6th Cir. 1983); *Kouba v. Allstate Insurance Co.* 691 F.2d 873 (9th Cir. 1982); 29 U.S.C.A. §206(d)(1)(1978); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* §174.50 (5th ed. 2001).

**Plaintiff's Proposed Jury Instruction No. 23**

(Factors Other Than Sex - Generally)

The defendants may justify differences in pay as the result of "factors other than sex." Factors other than sex that excuse pay differences include

1. an employee's education,
2. an employee's experience,
3. an employee's prior salary,
4. training programs in which employees participate, or
5. other predictors of performance not based on sex.

**Authority**

*See* 29 U.S.C.A. §206(d)(1)(1998); *Hutchins v. International Brotherhood of Teamsters*, 177 F.3d 1076, 1081 (8th Cir. 1999); *Lindale v. Tokheim Corporation*, 145 F.3d 953, 957 (7th Cir. 1998); *Wollenburg v. Comtech Manufacturing* Co., 201 F.3d 973, 976 (7th Cir. 2000); *Gosa v. Bryce Hospotal*, 780 F.2d 917, 918 (11th Cir. 1986); *Covington v. Southern Illinois Univ*., 816 F.2d 317, 321-22 (7th Cir.), *cert. denied*, 484 U.S. 848 (1987); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, §174.54 (5th ed. 2001)

**<u>Plaintiff's Proposed Jury Instruction No. 24</u>**

(Education)

The defendant may justify the disparity of pay by showing that the employees being compared have different educational backgrounds. To use this defense, the defendant must show that the higher wage being paid to one employee is the result of the employee's better or more extensive educational background. The defendant must also show that the educational background of the employees is relevant to the job in question.

**Authority**

*See Soble v. University of Maryland*, 778 F.2d 164 (4th Cir. 1985); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 174.55 (5th ed. 2001).

**<u>Plaintiff's Proposed Jury Instruction No. 25</u>**

(Experience)

The defendant may justify the disparity of pay by showing that the employees being compared have different amounts of experience in the job in question. To use this defense, the defendant must show that the higher wage being paid to one employee is the result of that employee's greater experience in doing the particular job and not the result of the employee's sex.

**Authority**

*See Clymore v. Fa-Mar-Co., Inc.* 709 F.2d 499 (8th Cir. 1983); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 174.56 (5th ed. 2001).

**<u>Plaintiff's Proposed Jury Instruction No. 26</u>**

(Prior Salary)

The defendants may be able to justify the difference in pay between Ms. Nichani and the employee used by the plaintiff for comparison based on his prior rate of pay. In some instances, employers transfer employees to lower-paying jobs while maintaining the employee's previous higher wage rate. Under these circumstances, maintaining an employee's rate of pay, after reassignment to a job that would otherwise be lower paying is a valid reason for the difference in pay even though other employees performing that job are paid at a lower rate. However, where the transferred employee's higher wage rate was originally the product of differences of pay based on sex, the prior salary exception does not apply and the defendant may not rely on it as a justification for differences in pay. Further, if you find that the employee used by the plaintiff for comparison was transferred to a job that was upgraded to the same or a higher level and rate of pay as his prior salary and that when the plaintiff returned to work in the upgraded position she was paid at a lower rate of pay, then the prior salary exception does not apply and the defendant may not rely on it as a justification for differences in pay.

**Authority**

*See* C.F.R. §1620.26 (2004); *Kouba v. Allstate Insurance Co.*, 691 F.2d 873 (9th Cir. 1982); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, §174.57 (5th ed. 2001).

**<u>Plaintiff's Proposed Jury Instruction No. 27</u>**

(Willfulness)

If you determine that Ms. Nichani has satisfied her burden of proving the essential elements of this case by a preponderance of the evidence, and you determine that the defendant has not met its burden of proving the existence of one of the four exceptions by a preponderance of the evidence, you must also then determine whether the defendant's conduct was "willful." "Willful" means that the defendant knew or showed reckless disregard for whether or not its conduct was prohibited by federal law. Thus, Ms. Nichani must prove that the defendants know of the existence of effect of the Equal Pay Act and knowingly or recklessly violated it.

**Authority**

*See* 29 U.S.C. §216(c). *See* 29 U.S.C.A. §260 (1998); *Herman v. RSR Security Services, LTD.*, 172 F.3d 132, 141 (2d Cir. 1999); *Dybach v. Florida Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991); *Hultgren v. Lancaster*, 913 F.2d 498 (8th Cir. 1990); *Peters v. City of Shreveport*, 818 F.2d 1148 (5th Cir. 1987); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986); *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121 (3d Cir. 1984)l Richey, *Manual on Employment Discrimination and Civil Rights Actions in the Federal Courts* at K1-7 (1988); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* §174.35 (5th ed. 2001).

**<u>Plaintiff's Proposed Jury Instruction No. 32</u>**

(Liquidated Damages and the Employer's Good Faith Defense)

The law requires that the defendants pay to Ms. Nichani an additional amount equal to the damages that you award to Ms. Nichani unless the defendants prove by a preponderance of the evidence that they acted in good faith. In this instance, "good faith" means that the defendants have proven that they reasonably believed that the failure to pay the appropriate wages to Ms.

Nichani did not violate the law. To establish their "reasonable belief," the defendants must prove that they made an honest effort to learn what the law required and then took steps to follow the law's requirements. If the defendants do not prove to you that it made these efforts, then your verdict should be that the defendants did not act in good faith.

**Authority**

*See* 29 U.S.C. §206(d)(3), 216(b) and (c) and 29 U.S.C.A. §260 (1998). "29 U.S.C. provides the employer with a defense to a mandatory award of liquidated damages when it can show good faith and reasonable grounds for believing it was not in violation of the FLSA." *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985). *See also Jarrett v. ERC Props.*, 211 F.3d 1078, 1083-84 (8th Cir. 2000); *Herman v. RSR Security Services LTD.*, 172 F.3d 132, 142-43 (2d Cir. 1999); *Dybach v. Florida Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907-8 (3d Cir. 1991); *Hultgren v. Lancaster*, 913 F.2d 498 (8th Cir. 1990); *Peters v. City of Shreveport*, 818 F.2d 1148 (5th Cir. 1987); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986); Richey, *Manual on Employment Discrimination and Civil Rights Actions in the Federal Courts* at K1-7 (1988); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* §174.35 (5th ed. 2001).

**<u>Proposed Jury Instruction No. 33</u>**

(Calculation of Amount - Equal Pay Act)

You must now determine the amount of damages, if any, that Ms. Nichani has sustained under the Equal Pay Act. You should determine as damages to be awarded in favor of Ms. Nichani the amount of money that will compensate her for the difference between what she was paid and what one or more male employees were paid for performing jobs requiring substantially

equal skill, effort and responsibility that were performed under similar working conditions.

If you find that the defendants acted willfully, then Ms. Nichani is entitled to damages for the period from August 9, 1999 until today.

If you find that the defendants did not act willfully, then Ms. Nichani is entitled to damages for the period from August 9, 2000 until today.

**Authority**

29 U.S.C.A. §§ 215, 217, and 225 (a) (1998); *Fowler v. Land Management Group, Inc.*, 978 F.2d 158, 162-63 (4th Cir. 1992); *Waters v. Wisconsin Steel Works or International Harvesters Co.*, 502 F.2d 1309 (7th Cir. 1974), *cert. denied*, 425 U.S. 997 (1976).

**CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**

**Plaintiff's Proposed Jury Instruction No. 33**

(Gender Discrimination Under Conn. Gen. Stat. §46a-60)

Ms. Nichani next claims that the defendants violated state anti-discrimination statutes when they demoted her and reduced her job responsibilities on April 26, 2001, when they paid her at a lower salary grade level than her lesser qualified male counterparts, and when they provided her with less benefits, denied her a promotion, and/or raise and terminated her on March 21, 2003 because of her gender.

In order to prevail on this claim, Ms. Nichani must prove by a preponderance of the evidence that her gender was a motivating factor in the defendants' decisions. In proving that her gender was a motivating factor for those decisions, Ms. Nichani is not required to prove that gender was the sole motivation or the primary motivation for the defendants' decisions. It is sufficient if she proves that her gender was a determinative consideration that made a difference in the defendants' decisions.

**Authority**

Conn. Gen. Stat. § 46a-60; *Levy v. CHRO*, 236 Conn. 96, 971 A.2d 349 (1996); *Miko v. CHRO*, 220 Conn. 205, 596 A.2d 396 (1991).

**DEFAMATION**

**Plaintiff's Proposed Jury Instruction No. 34**

(Defamation Generally)

In this case, Ms. Nichani seeks to recover damages from the defendants for what she claims to be a defamatory statement published by the defendants. Ms. Nichani claims that defendant made false statements in reviewing her performance and in Performance Feedback form concerning her performance in her position as safety manager, and that as a result Ms. Nichani suffered a loss.

Ms. Nichani must prove by a preponderance of the evidence each of the following elements:

1. that the defendants made a communication which tended to harm the reputation of Ms. Nichani so as to lower the opinion of her in the estimation of the community or to deter third persons from associating or dealing with her;

2. that the communication was false;

3. that there was a publication (as I will define that term) of the communication to a third party;

4. that the defendants were at least negligent; and

5. that the communication caused Ms. Nichani actual injury.

**Authority**

Restatement (Second) of Torts §§558, 613 (1977); D. Dobbs, The Law of Torts §§401,

403 (2001 & Supp. 2004).

**Plaintiff's Proposed Jury Instruction No. 35**

(Defamation Per Se)

There are four types of communications which are presumed to be defamatory under the law. These are communications that:

1. claim the plaintiff is guilty of serious criminal conduct involving grave moral turpitude;
2. claim the plaintiff has an existing loathsome condition or disease;
3. injure plaintiff in his/her business, trade, or profession; or
4. impute serious sexual misconduct to plaintiff.

If you interpret the meaning of the communication here to fall into one of these categories, such a meaning is clearly defamatory to the plaintiff if the communication was generally understood that way.

In determining the meaning of the communication, words are to be construed together within their context. You must determine what a reasonable person reading the defendants' words would understand was the meaning of the communication.

**Authority**

R. Smolla, The Law of Defamation §§7:10; 15:18 (West 2001); D. Dobbs, The Law of Torts §408 (2001 & Supp. 2004).

**Plaintiff's Proposed Jury Instruction No. 36**

(Defamation Per Quod)

There are other types of communications which are not necessarily defamatory in meaning as they can be understood in more than one way. A communication is defamatory if it tends to harm the reputation of another so as to lower the opinion of her in the estimation of a significant

segment of the community or to deter third persons from associating or dealing with her.

Defendant's words must be understood in a defamatory sense in order for them to be defamatory. In determining the meaning of the communication, words are to be construed together with their context. You must determine what a reasonable person reading the defendants' words would understand was the meaning of the communication.

**Authority**

Restatement (Second) of Torts §§559; 563 cmt. d (1977); D. Dobbs, The Law of Torts §408 at 1143; §409 (2001 & Supp. 2004).

**Plaintiff's Proposed Jury Instruction No. 37**

(Publication)

Ms. Nichani must prove by a preponderance of the evidence that the defamatory statement was published. Publication means that a third person, other than Ms. Nichani, was exposed to the communication she claims is defamatory. A third person may be anyone, regardless of that person's personal or professional relationship with Ms. Nichani.

"Publication" does not mean that the communication Ms. Nichani has claimed is defamatory must be printed or written. You may find that the communication she alleges the defendants made was published if you find it was made orally, or if it was conveyed by means of gestures, or the exhibition of a picture or statue. The element of publication is satisfied when the statement about the employee has been communicated among the employee's supervisors and has been included in the employee's personnel file.

**Authority**

*Gaudio v. Griffin Health Services Corp.*, 249 Conn. 523, 544 n. 23, 733 A.2d 197 (1999);

*Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc*., 234 Conn. 1, 27, 662 A.2d 89 (1995); D. Dobbs, The Law of Torts §402, at 1121 (2001 & Supp. 2004).

**Plaintiff's Proposed Jury Instruction No. 39**

(Falsity)

Ms. Nichani must prove by a preponderance of the evidence that the defendants' communication was false.

**Authority**

Restatement (Second) of Torts, §581(A) (1977).

**Plaintiff's Proposed Jury Instruction No. 40**

(Publisher's Negligence with Regard to Falsity)

Ms. Nichani must prove by a preponderance of the evidence that there was fault amounting to at least negligence on the defendants' part in making a communication that was false. This requires that the defendants were at least negligent in failing to ascertain the falsity or the defamatory character of the statement, or that they acted recklessly or knowingly in this regard.

**Authority**

*Gertz v. Robert Welch, Inc*., 418 U.S. 323 (1974); Restatement (Second) of Torts §580(B) cmt. j (1977).

**Plaintiff's Proposed Jury Instruction No. 41**

(Truth)

If you find that the defendants proved by a preponderance of the evidence that their statements were true, then you cannot find that the defendants defamed Ms. Nichani. You should not consider whether the defendants knew that the communication was true at the time that he

published it. The standard is whether the statement was substantially true. Slight inaccuracies are tolerated.

**Authority**

D. Dobbs, The Law of Torts §410, at 1147 (2001 & Supp. 2004); R. Smolla, The Law of Defamation §5.4 (West 2001).

**Plaintiff's Proposed Jury Instruction No. 42**

(Qualified Privilege)

The defendants claim that their statements are protected by a qualified privilege. The purpose of the qualified privilege is to permit people to exchange information that they need to exchange. Within a business, for example, supervisors need to know about the employees' job performance. You will conclude that a qualified privilege protects the defendants' communication if you find that the defendants have proved all of the following three elements:

1. that the defendants were acting in good faith;
2. that the communication concerned a matter in which the defendants had an interest or a duty; and
3. that the person or persons to whom the defendants published the communication had a similar, corresponding interest or duty.

**Authority**

8 Stuart M. Speiser, Charles F. Krause, Alfred W. Gans, The American Law of Torts, 647 (1983 & Supp. 2003); Restatement (Second) of Torts §§593-596; 598.

**Plaintiff's Proposed Jury Instruction No. 43**

(Abuse of Qualified Privilege)

One who, in a privileged situation, publishes false and defamatory matter concerning another person abuses the privilege if (1) he knows that the matter is false or (2) if he acts in reckless disregard to its truth or falsity. Ms. Nichani must prove that the defendant abused the privilege.

**Authority**

Restatement (Second) of Torts §§600, 602, 604 (1977); D. Dobbs, The Law of Torts §416 (2001 & Supp. 2004).

**Plaintiff's Proposed Jury Instruction No. 44**

(Defamation Per Se-Damages Presumed)

If Ms. Nichani has proven by a preponderance of the evidence that the statement published by the defendants injured her in her business, trade, or profession, the law presumes that she has been damaged.

The damages that are presumed are those that are necessarily caused by the publication of defamatory material. This type of damage includes, although it is not necessarily limited to, reasonable compensation for damage to one's personal or business reputation, shame, embarrassment, humiliation and wounded pride. The law does not provide any specific standard or method by which you can determine reasonable compensation for presumed damages. The law does not require evidence of actual harm or the testimony of any witness regarding the amount of such reasonable compensation. In determining that amount, you must act with calm and reasonable judgment to award the amount of damages which are just and reasonable.

**Authority**

D. Dobbs, The Law of Torts §408, at 1141 (2001 & Supp. 2004); California Jury

Instructions-Civil (BAJI) 7.10.1 (West, 2002).

**Plaintiff's Proposed Jury Instruction No. 45**

(Defamation Per Quod-Damages Proven)

If you find that the statement does not qualify as defamation per se, then Ms. Nichani must prove by a preponderance of the evidence that she suffered some actual injury as a direct result of the false and defamatory statements published by the defendants. You cannot base an award on what you speculate such actual injury might be. You may only award damages if you find that Ms. Nichani has proved an actual injury by the preponderance of the evidence.

**Authority**

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); Restatement (Second) of Torts §§116A, (1977); D. Dobbs, The Law of Torts §408 at 1143 (2001 & Supp. 2004).

**Plaintiff's Proposed Jury Instruction No. 46**

(Compensatory Damages)

Damages which may be recovered in an action for defamation are: (1) compensatory or actual, which may be either (a) general or (b) special; (2) nominal; and (3) punitive.

General compensatory damages refers to losses sustained which are normal and usual and are to be anticipated when a person's reputation is impaired. When one's reputation is impaired, this affects one's relations with others, including business, religious, and family life. The impairment of one's relations does affect the enjoyment of life in a variety of unpredictable and unknown ways.

Special compensatory damages are available for injuries other than impairment of reputation that were the natural and proximate result of the defamation. These damages may include compensation for any emotional distress or bodily harm to the plaintiff.

Nominal damages are available where the insignificant character of the defamatory matter, or the plaintiff's bad character, leads you to believe that no substantial harm has been done to plaintiff's reputation.

**Authority**

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); Restatement (Second) of Torts §§621-623, 620-623 (1977); D. Dobbs, The Law of Torts §422 (2001 & Supp. 2004). *The Miami Herald v. Aurelio Ane*, 458 So. 2d 239 (Fla. 1984), reh'g denied, (1984).

**Plaintiff's Proposed Jury Instruction No. 47**

(Punitive Damages)

You may make an award of punitive damages if you find that the preponderance of the evidence shows that the defendants published the defamation either (1) with an improper motive; or (2) with knowledge of its falsity or with reckless disregard of its truth or falsity. The purpose of awarding punitive damages is to punish the defendant for its conduct and to deter others from similar conduct.

**Authority**

D. Dobbs, The Law of Torts §422 (2001 & Supp. 2004); Restatement (Second) of Torts §621 cmt. d.

**Plaintiff's Proposed Jury Instruction No. 48**

(Retraction)

In setting damages, you may consider whether the defendants retracted the defamation. A retraction must be full and unequivocal and must be an honest endeavor to repair the wrong resulting from the defamatory statement. The retraction must be given the same publicity and prominence as the defamation.

In setting compensatory damages, you may consider whether the retraction reduced the actual damages that Ms. Nichani sustained, and if so, by how much.

In setting punitive damages, you may consider whether the retraction offsets in whole or in part any finding of the defendant's malice.

**Authority**

D. Dobbs, The Law of Torts §422 at 1194 (2001 & Supp. 2004).

**Plaintiff's Proposed Jury Instruction No. 49**

(Mitigation of Damages: Bad Reputation)

In determining damages, you may consider the defendant's evidence that the plaintiff was of bad character or had a bad reputation even before the defamation.

**Authority**

D. Dobbs, The Law of Torts §422, at 1194-95 (2001 & Supp. 2004).

**BREACH OF CONTRACT**

**Plaintiff's Proposed Jury Instruction No. 50**

(Elements of an Express Contract)

Ms. Nichani claims that she entered into a contract with the defendants. A contract is an agreement enforceable at law.

**Authority**

*Boland v. Catalano*, 202 Conn. 333, 338-39 (1987); *Skelly v. Bristol Savings Bank*, 63 Conn. 83, 87 (1893); *Atlas v. Miller*, 20 Conn. App. 680, 683 (1990); *Hale v. Benvenuti, Inc.*, 38 Conn. Sup. 634, 638-39 (1983); 1 Restatement (Second), Contracts §§ 1,4.

**Plaintiff's Proposed Jury Instruction No. 51**

(Necessity of Definite Terms)

To be enforceable, an agreement must be definite and certain as to its essential terms and requirements.

**Authority**

*Presidential Capital Corp. v. Reale*, 231 Conn. 500, 506-07 (1994); *Dunham v. Dunham*, 204 Conn. 303, 313 (1987); 1 A. Corbin, Contracts (Rev. Ed. 1996) § 4.1, p. 525.

**PROMISSORY ESTOPPEL**

**Plaintiff's Proposed Jury Instruction No. 50**

(Promissory Estoppel)

Ms. Nichani claims that she is entitled to recover based upon a legal principle known as promissory estoppel.

To prevail on her claim for promissory estoppel, Ms. Nichani must prove two elements: the defendants did or said something calculated or intended to induce her to believe that certain facts exist and to act on that belief; and Ms. Nichani must have changed her position in reliance on those facts, thereby incurring some injury.

To recover, Ms. Nichani must establish that (1) the defendants made a clear and unambiguous promise that they would adhere to their Code of Ethics and that it would not terminate or otherwise discipline Ms. Nichani for adhering to their Code of Ethics published in 1990, (2) the Defendants reasonably should have expected that Ms. Nichani would believe that they would adhere to the Code of Ethics and that she would not be punished for adhering to the Code of Ethics, (3) Ms. Nichani reasonably adhered to the Code of Ethics based on that reliance, or the Defendants did not adhere to the Code of Ethics and (4) enforcement of that promise is the only way to avoid injustice to the Ms. Nichani.

**Authority**

*D'Ulisse-Cupo v. Board of Directors*, 202 Conn. 206, 213 (1987); *Finley v. Aetna Life & Casualty Co.*, 202 Conn. 190, 205 (1987); *Chotkowski v. State of Connecticut*, 240 Conn 246 (1997); *Connecticut Nat'l Bank v. Voog*, 659 A.2d 172, 179 (Conn. 1995)). Restatement (Second) of Contracts § 90 (1979). See also *Dacourt Group, Inc. v. Babcock Industries, Inc.*, 747 F. Supp. 157, 161 (D. Conn. 1990).

**Plaintiff's Proposed Jury Instruction No. 50**

(Promissory Estoppel - Damages)

Any damages you award on the thirteenth count should compensate Ms. Nichani for any losses that she incurred because she relied upon the defendants' promise not to terminate or otherwise discipline her for their failure to adhere or for her adhering to the Code of Ethics. These damages should put Ms. Nichani in a position as if she had never relied upon the Defendants' promises. Ms. Nichani must establish the fair and reasonable value of her loss that she sustained.

**Authority**

3 Restatement (Second), Contracts § 349 (1979) 11 Williston, Contracts (3d ed. 1979) §§ 1363, 1363A.