**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SUJATA NICHANI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | APRIL 6, 2006 |

**DEFENDANT'S PROPOSED JURY INTERROGATORIES**

Defendants United Technologies Corp. ("UTC") and Otis Elevator Company ("Otis") (collectively "Defendants") hereby submit the following proposed jury interrogatories. Defendants respectfully reserve the right to modify or supplement these proposed interrogatories based upon the evidence presented at trial.

1. **TITLE VII AND CFEPA**

(a) Do you find that Ms. Nichani has proven by a preponderance of the evidence that Otis discriminated against her on the basis of her gender when it terminated her employment in March 2003?

                 No _____                Yes _____

Please proceed to Interrogatory No. 1(b).

(b) Do you find that Ms. Nichani has proven by a preponderance of the evidence that Otis retaliated against her by terminating her employment in March 2003 because she had filed a claim alleging gender discrimination against Otis and UTC?

                 No _____                Yes _____

1

If you have answered YES to either Interrogatory No. 1(a) or No. 1(b), then please proceed to answer Interrogatory No. 1(c).

If you have answered NO to both Interrogatories No. 1(a) and No. 1(b), then please proceed to answer Interrogatory No. 2.

(c) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she has suffered compensatory damages (not including lost wages) as a result of her claims under Title VII or CFEPA?

No _____   Yes _____

If you have answered NO to Interrogatory No. 1(c), proceed to answer Interrogatory No. 2.

If you have answered YES to Interrogatory No. 1(c), please proceed to answer Interrogatory No. 1(d).

(d) What amount of compensatory damages, which does not include lost wages, do you find that Ms. Nichani has proven by a preponderance of the evidence as a result of her claims under Title VII or CFEPA?

Compensatory Damages   $_____

Proceed to Interrogatory No. 1(e).

(e) For Ms. Nichani's claims under Title VII or CFEPA, do you find that Ms. Nichani has proven by a preponderance of the evidence that Otis acted with malice or in wanton and willful disregard to Ms. Nichani's rights, and that she is therefore entitled to punitive damages?

No _____   Yes _____

If you have answered NO to Interrogatory No. 1(e), please proceed to answer Interrogatory No. 2.

If you have answered YES to Interrogatory No. 1(e), please proceed to answer Interrogatory No. 1(f).

(f) What amount, if any, of punitive damages do you find that Ms. Nichani has proven by a preponderance of the evidence as a result of her claims under Title VII or CFEPA?

        Punitive Damages     $_____

Please proceed to Interrogatory No. 2.

## 2. EQUAL PAY ACT

(a) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she was doing substantially equal work on a job requiring substantially equal skill, effort, and responsibility as the jobs held by Pat Dowson and/or Brad Russell?

        No _____     Yes _____

If you have answered NO to Interrogatory No. 2(a), please proceed to answer Interrogatory No. 3.

If you have answered YES to Interrogatory No. 2(a), please proceed to answer Interrogatory No. 2(b).

(b) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she has been paid a lower wage than Brad Russell and/or Pat Dowson while doing substantially equal work.

        No _____     Yes _____

If you have answered NO to Interrogatory No. 2(b), please proceed to answer Interrogatory No. 3.

If you have answered YES to Interrogatory No. 2(b), please proceed to answer Interrogatory No. 2(c).

(c) Do you find that Otis has proven by a preponderance of the evidence that the pay differential between Ms. Nichani and Pat Dowson and/or Brad Russell was based on a factor other than sex?

        No _____     Yes _____

    If you have answered NO to Interrogatory No. 2(c), please proceed to answer Interrogatory No. 2(d).

    If you have answered YES to Interrogatory No. 2(c), please proceed to answer Interrogatory No. 3.

(d) Do you find that Ms. Nichani has met her burden of proving by a preponderance that Otis's reasons for the pay differential were a pretext for sex discrimination, thereby violating the Equal Pay Act?

              No \_\_\_\_\_              Yes \_\_\_\_\_

    If you have answered NO to Interrogatory No. 2(d), please proceed to answer Interrogatory No. 3.

    If you have answered YES to Interrogatory No. 2(d), please proceed to answer Interrogatory No. 2(e).

(e) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she has suffered damages as a result of her claim under the Equal Pay Act?

              No \_\_\_\_\_              Yes \_\_\_\_\_

    If you have answered NO to Interrogatory No. 2(e), proceed to answer Interrogatory No. 3.

    If you have answered YES to Interrogatory No. 2(e), please proceed to answer Interrogatory No. 2(f).

(f) What amount, if any, of damages under the Equal Pay Act do you find that Ms. Nichani has proven by a preponderance of the evidence?

                      $_____

    Proceed to Interrogatory No. 3.

    **3.**    **DEFAMATION**

(a) Do you find that Ms. Nichani has proven by a preponderance of the evidence that Otis published false defamatory statements in her Performance Feedback statements to a third party?

        No \_\_\_\_\_                Yes \_\_\_\_\_

    If you have answered YES to Interrogatory No. 3(a), then please proceed to answer Interrogatory No. 3(b).

    If you have answered NO to Interrogatory No. 3(a), then please proceed to answer Interrogatory No. 4.

(b) Do you find that Ms. Nichani has proven by a preponderance of the evidence that Otis was motivated by actual malice, i.e., Otis knew the statements in the Performance Feedback were false or recklessly disregarded their falsity, when it made the statements in the Performance Feedback, thereby defeating the qualified privilege?

        No \_\_\_\_\_                Yes \_\_\_\_\_

    If you have answered YES to Interrogatory No. 3(b), then please proceed to answer Interrogatory No. 3(c).

    If you have answered NO to Interrogatory No. 3(b), then please proceed to answer Interrogatory No. 4.

(c) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she has suffered damages as a result of her claim for defamation?

        No \_\_\_\_\_                Yes \_\_\_\_\_

    If you have answered NO to Interrogatory No. 3(c), then please proceed to answer Interrogatory No. 4.

    If you have answered YES to Interrogatory No. 3(c), please proceed to answer Interrogatory No. 3(d).

(d) What amount, if any, of damages do you find that Ms. Nichani has proven by a preponderance of the evidence as a result of the defamation?

        Nominal Damages           $_____

    Compensatory Damages  $_____
    Punitive Damages    $_____

  Proceed to Interrogatory No. 4.

**4.**  **<u>BREACH OF CONTRACT</u>**

(a) Do you find that Ms. Nichani has proven by a preponderance of the evidence that the Defendants intended for the statements in the UTC Code of Ethics to constitute an employment contract and alter Ms. Nichani's at-will employment status?

    No _____    Yes _____

  If you have answered YES to Interrogatory No. 4(a), then please proceed to answer Interrogatory No. 4(b).

  If you have answered NO to Interrogatory No. 4(a), then please proceed to answer Interrogatory No. 5.

(b) Do you find that Ms. Nichani has proven by a preponderance of the evidence that the Defendants agreed to undertake an actual commitment whereby Ms. Nichani could not be terminated for her alleged refusal to falsify a report?

    No _____    Yes _____

  If you have answered YES to Interrogatory No. 4(b), then please proceed to answer Interrogatory No. 4(c).

  If you have answered NO to Interrogatory No. 4(b), then please proceed to answer Interrogatory No. 5.

(c) Do you find that Ms. Nichani has proven by a preponderance of the evidence that the representations in the Code of Ethics were sufficiently definite to show an intent to undertake a contractual obligation?

    No _____    Yes _____

  If you have answered YES to Interrogatory No. 4(c), then please proceed to answer Interrogatory No. 4(d).

  If you have answered NO to Interrogatory No. 4(c), then please proceed to answer Interrogatory No. 5.

(d) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she accepted Otis's offer or otherwise provided consideration for Otis's contractual obligations in the UTC Code of Ethics?

        No \_\_\_\_\_        Yes \_\_\_\_\_

    If you have answered YES to Interrogatory No. 4(d), then please proceed to answer Interrogatory No. 4(e).

    If you have answered NO to Interrogatory No. 4(d), then please proceed to answer Interrogatory No. 5.

(e) Do you find that Ms. Nichani has proven by a preponderance of the evidence that Otis asked Ms. Nichani to falsify the report prepared regarding the McQuillen death?

        No \_\_\_\_\_        Yes \_\_\_\_\_

    If you have answered YES to Interrogatory No. 4(e), then please proceed to answer Interrogatory No. 4(f).

    If you have answered NO to Interrogatory No. 4(e), then please proceed to answer Interrogatory No. 5.

(f) Do you find that Ms. Nichani has proven by a preponderance of the evidence that Otis terminated Ms. Nichani because she refused to falsify the report prepared regarding the McQuillen death thereby breaching the UTC Code of Ethics?

        No \_\_\_\_\_        Yes \_\_\_\_\_

    If you have answered YES to Interrogatory No. 4(f), then please proceed to answer Interrogatory No. 4(g).

    If you have answered NO to Interrogatory No. 4(f), then please proceed to answer Interrogatory No. 5.

(g) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she has suffered damages as a result of the breach of contract?

        No \_\_\_\_\_        Yes \_\_\_\_\_

If you have answered NO to Interrogatory No. 4(g), then please proceed to answer Interrogatory No. 5.

If you have answered YES to Interrogatory No. 4(g), please proceed to answer Interrogatory No. 4(h).

(h) What amount, if any, of damages do you find that Ms. Nichani has proven by a preponderance of the evidence as a result of the breach of contract?

$_____

Please proceed to Interrogatory No. 5.

5. **PROMISSORY ESTOPPEL**

(a) Do you find that Ms. Nichani has proven by a preponderance of the evidence that UTC's Code of Ethics contained a clear and definite promise that she would not be terminated for refusing to falsify a report?

No _____          Yes _____

If you have answered YES to Interrogatory No. 5(a), then please proceed to answer Interrogatory No. 5(b).

If you have answered NO to Interrogatory No. 5, then please proceed no further and report your verdict to the Court and have the foreperson of the jury sign the verdict form below.

(b) Do you find that Ms. Nichani has proven by a preponderance of the evidence that Otis had a reasonable expectation that Ms. Nichani would have relied on the Code of Ethics under the facts of this case?

No _____          Yes _____

If you have answered YES to Interrogatory No. 5(b), then please proceed to answer Interrogatory No. 5(c)

  If you have answered NO to Interrogatory No. 5(b), then please proceed no further and report your verdict to the Court and have the foreperson of the jury sign the verdict form below.

(c) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she reasonably and in fact relied on the Code of Ethics?

    No _____    Yes _____

  If you have answered YES to Interrogatory No. 5(c), then please proceed to answer Interrogatory No. 5(d).

  If you have answered NO to Interrogatory No. 5(c), then please proceed no further and report your verdict to the Court and have the foreperson of the jury sign the verdict form below.

(d) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she was asked to falsify the report, refused to do so, and was thus terminated as a result of her actual reliance on the Code of Ethics?

    No _____    Yes _____

  If you have answered YES to Interrogatory No. 5(d), then please proceed to answer Interrogatory No. 5(e).

  If you have answered NO to Interrogatory No. 5(d), then please proceed no further and report your verdict to the Court and have the foreperson of the jury sign the verdict form below.

(e) Do you find that Ms. Nichani has proven by a preponderance of the evidence that enforcement of the statements contained in the Code of Ethics is necessary to prevent injustice?

    No _____    Yes _____

  If you have answered YES to Interrogatory No. 5(e), then please proceed to answer Interrogatory No. 5(f).

  If you have answered NO to Interrogatory No. 5 (e), then please proceed no further and report your verdict to the Court and have the foreperson of the jury sign the verdict form below.

(f) Do you find that Ms. Nichani has proven by a preponderance of the evidence that she has suffered damages as a result of her claim for promissory estoppel?

        No _____               Yes _____

    If you have answered YES to Interrogatory No. 5(f), then please proceed to answer Interrogatory No. 5(g).

    If you have answered NO to Interrogatory No. 5(f), then please proceed no further and report your verdict to the Court and have the foreperson of the jury sign the verdict form below.

(g) What amount, if any, of damages do you find that Ms. Nichani has proven by a preponderance of the evidence as a result of her claim for promissory estoppel?

        $_____

    Please report your verdict to the Court and have the foreperson of the jury sign the verdict form below.

                              _____
                              Foreperson

THE DEFENDANTS,
UNITED TECHNOLOGIES CORP. and
Otis ELEVATOR COMPANY

By_____/s/_____
      Albert Zakarian (ct04201)
      Victoria Woodin Chavey (ct14242)
      Douglas W. Bartinik (ct26196)
      Day, Berry & Howard LLP
      CityPlace I
      Hartford, CT 06103-3499
      (860) 275-0100 (telephone)
      (860) 275-0343 (facsimile)
      *azakarian@dbh.com*
      Their Attorneys

## **CERTIFICATION**

I hereby certify that the foregoing was sent via overnight mail on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

_____
      Douglas W. Bartinik