UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | CIVIL NO. 302CV1384 (MRK) |
| Plaintiff | : | |
| v. | : | |
| OTIS ELEVATOR COMPANY and UNITED TECHNOLOGIES CORPORATION | : | |
| Defendants | : | APRIL 17, 2006 |

**PLAINTIFF'S MOTION TO COMPEL, OR, ALTERNATIVELY, *IN LIMINE* CONCERNING TESTIMONY OF DEFENDANTS' WITNESSES BERTINI, MAYER, McNAMARA AND ENGEL**

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37, Plaintiff hereby moves for an order compelling Defendants' Otis Elevator Company and United Technologies Corporation to produce any and all documents concerning the investigation into the December 23, 2003 fatality involving Daniel McQuillan, or, alternatively, for an order precluding Defendants' witnesses Katherine Bertini, Hal Engel, Dennis Mayer and John McNamara, from testifying at trial concerning the investigation. In support of this Motion, Plaintiff submits:

    1.    Plaintiff served discovery requests on the Defendant Otis Elevator Company dated June 6, 2003.

    2.    Request for Production Number 14 sought:

All documents concerning the investigation into the fatality that

occurred on or about December 23, 2002 in Jersey City, New Jersey, involving an Otis employee, including any documents prepared by Otis, its representatives, employees, agents or independent consultants.

3. Defendants asserted the following objection which is relevant to this Motion to Compel:

[A]ll documents prepared by Otis, its representative, employees, agents or independent consultants is overly broad . . . defendant further objects to the production of any documents that are protected by the attorney client privilege or work product

4. Otis retained outside counsel Hal Engel and John McNamara to assist with the investigation, and Otis house counsel Katherine Bertini was also involved in the investigation. It also appears that Otis corporate counsel Dennis Mayer was involved in the investigation.

5. Otis offered the affidavit of John McNamara in support of its Motion for Summary Judgment (See Ex. 42 to Defendants' Motion for Summary Judgment).

6. Furthermore, Otis has identified Attorneys Engel, McNamara, Mayer and Bertini as witnesses on their Witness List filed with the parties' Trial Management Order. Those witnesses are identified as follows:

**John McNamara**: Mr. McNamara <u>will likely testify</u> regarding the investigation of December 23, 2002 accident in Jersey City, New Jersey and subsequent drafting and preparation of the final accident report.
**Hal Engel**: If the need arises, Mr. Engel may testify regarding the investigation of the December 23, 2002 accident in Jersey City, New

2

Jersey and subsequent drafting and preparation of the final accident report.

**Kate Bertini**: If the need arises, Ms. Bertini may testify regarding the investigation, drafting and final report relating to the December 23, 2002 accident in Jersey City, New Jersey.

**Dennis Mayer:** If the need arises, Mr. Mayer may testify regarding the investigation of the December 23, 2002 accident in Jersey City, New Jersey and subsequent drafting and preparation of the final accident report.

7.  Defendants continue to assert attorney client privilege and work product in refusing to produce those witnesses' entire files concerning the subject matter of their testimony, despite those documents being requested during discovery. Defendants contend that by presenting these witnesses, they have not waived the attorney client privilege. See Aff. Of Anthony R. Minchella, dated April 17, 2006.[1]

8.  By offering their testimony on the precise subject matter sought by Plaintiff in her Requests for Production, Defendants have waived privilege on this subject matter and therefore Plaintiff is entitled to receive all documents identified at the end of this Motion to Compel.

9.  Alternatively, because Defendants have asserted the privilege as a

---

[1] In addition, these witnesses, if they are permitted to testify, will be offering expert testimony concerning the investigation. If they testify concerning "why" they did something or "why" they did not do something in connection with the investigation, such as alterations to the report, it will be a legal opinion involving expert testimony. Therefore, Plaintiff reserves the right to move to preclude the witnesses testimony for failure to disclose these individuals as expert witnesses.

3

sword during discovery concerning Bertini's, Engel's, Mayer's and McNamara's files concerning the investigation, Plaintiff seeks an order precluding those witnesses from offering testimony or evidence at trial concerning the investigation involving Daniel McQuillan.

**WHEREFORE**, plaintiff respectfully requests an order:

1. Defendants be required to produce the following documents:

   a. All documents (as defined by the Federal Rules of Civil Procedure) prepared by or at the direction of, or under the supervision of, Hal Engel, John McNamara, Dennis Mayer and/or Katherine Bertini, concerning the investigation into the accident on December 23, 2003 involving Daniel McQuillan;

   b. All electronic mail communications by or between Hal Engel, John McNamara, Dennis Mayer and/or Katherine Bertini and Defendants, (as addressee, carbon copy or blind carbon copy), or forwarded to or from those individuals or Defendants, concerning the investigation into the accident on December 23, 2003 involving Daniel McQuillan.

Or in the alternative,

2.  Precluding those witnesses from offering evidence, through testimony or documents, concerning the investigation into the accident on December 23, 2003 involving Daniel McQuillan.

_____
Anthony R. Minchella (ct 18890)
LAW OFFICES OF ANTHONY R. MINCHELLA L.L.C.
  530 Middlebury Road
  Suite 212-213B
  Middlebury, CT  06762
  (203) 758-1069
  (203) 758-2074 Facsimile
  anthonyminchella@sbcglobal.net

Jeffrey J. Tinley, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702
203-596-9030
Federal Bar No.: CT00765
jtinley@tnrdlaw.com

ATTORNEYS FOR PLAINTIFF

5

## CERTIFICATION

This is to certify that a copy of the foregoing was this dated mailed by first class United States mail, postage prepaid, to the following:

Albert Zakarian, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702

Dated: April 17, 2006
Middlebury, CT

_____
Anthony R. Minchella

6