UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | CIVIL NO. 302CV1384 (MRK) |
| Plaintiff | : | |
| v. | : | |
| OTIS ELEVATOR COMPANY and UNITED TECHNOLOGIES CORPORATION | : | |
| Defendants | : | APRIL 17, 2006 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL, OR IN THE ALTERNATIVE *IN LIMINE* CONCERNING TESTIMONY OF DEFENDANTS' WITNESSES BERTINI, MAYER, McNAMARA AND ENGEL**

Plaintiff Sujata Nichani has moved for an order (1) compelling Defendants to produce certain documents concerning the investigation into the fatal accident involving Daniel McQuillan on December 23, 2003, or alternatively (2) to preclude Defendants from offering evidence, either through testimony or documents, through Katherine Bertini, Hal Engel, Dennis Mayer or John McNamara, concerning the investigation into the fatal accident involving Daniel McQuillan on December 23, 2003, and submits this memorandum of law in support of that Motion.

I.  **INTRODUCTION**

This lawsuit arises out of Plaintiff's claims of discrimination and ultimately her termination from employment with Defendants. Facts central to Plaintiff's claims arising out of her termination originate from an investigation by Defendants into a fatal

accident involving Daniel McQuillan on December 23, 2003, in Jersey City, New Jersey.

A crucial issue arises specifically out of the investigation and preparation of a report concerning the fatality, and the alteration of that report. Plaintiff alleges that Defendants demanded she change her report in a manner that was inconsistent with her investigation and contrary to a company "root cause" analysis of the fatality. Defendants maintain that the alteration was based on legal advice.

## II.  FACTUAL BASIS FOR THE MOTION IN LIMINE

Plaintiff served discovery requests on the Defendant Otis Elevator Company dated June 6, 2003. Request for Production Number 14 sought:

> All documents concerning the investigation into the fatality that occurred on or about December 23, 2002 in Jersey City, New Jersey, involving an Otis employee, including any documents prepared by Otis, its representatives, employees, agents or independent consultants.

Defendants asserted the following objection which is relevant to this Motion to Compel:

> [A]ll documents prepared by Otis, its representative, employees, agents or independent consultants is overly broad . . . defendant further objects to the production of any documents that are protected by the attorney client privilege or work product

Otis retained outside counsel Hal Engel and John McNamara to assist with the investigation, and Otis house counsel Katherine Bertini and Dennis Mayer were also involved in the investigation. Indeed, Otis offered the affidavit of John McNamara in support of its Motion for Summary Judgment. (See Ex. 42 to Defendants' Motion for Summary Judgment). Furthermore, Otis has identified Attorneys Engel, McNamara,

Mayer and Bertini as witnesses on their Witness List filed with the Court. Those witnesses are identified to testify as follows:

> **John McNamara**: Mr. McNamara <u>will likely testify</u> regarding the investigation of December 23, 2002 accident in Jersey City, New Jersey and subsequent drafting and preparation of the final accident report.
> **Hal Engel**: If the need arises, Mr. Engel may testify regarding the investigation of the December 23, 2002 accident in Jersey City, New Jersey and subsequent drafting and preparation of the final accident report.
> **Kate Bertini**: If the need arises, Ms. Bertini may testify regarding the investigation, drafting and final report relating to the December 23, 2002 accident in Jersey City, New Jersey.
> **Dennis Mayer:** If the need arises, Mr. Mayer may testify regarding the investigation of the December 23, 2002 accident in Jersey City, New Jersey and subsequent drafting and preparation of the final accident report.

Defendants, however, continue to assert attorney client privilege and work product in refusing to produce those witnesses' entire files concerning the subject matter of their testimony, despite those documents being requested during discovery. Defendants' contend that by presenting these witnesses, they have not waived the attorney client privilege.

## III.   ARGUMENT

Defendants have taken the position -- not once, but throughout discussions concerning this issue -- that they do not have to produce documents concerning the investigation into the McQuillan fatality that they claim are protected by the attorney client privilege or constitute work product. The bottom line is that Plaintiff has sought key documents from Defendants concerning witnesses whom Defendant intends to offer at trial about the precise subject matter they continue to maintain is protected by

3

privilege. Defendants should not be permitted at trial to reverse course and offer testimony on this critical subject matter, or Defendants should be ordered to produce all documents identified in the Plaintiff's motion. If the documents are not produced, the Court should preclude Defendants from offering any testimony on these issues at trial. This remedy is the only just and fair remedy considering the circumstances.

### A.    The Court Should Preclude These Witnesses From Testifying

Rule 37 (b) of the Federal Rules of Civil Procedure allows the Court to preclude Defendants from offering testimony or evidence at trial as to the subject matters they refused to produce documents about during discovery. Under Rule 37 (b)(2):

> If a party or an officer, director, or managing agent of a party . . . fails to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others, the following:
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence.

In determining whether preclusion of testimony is warranted, courts are required to consider the following factors: (1) the party's explanation for the failure to comply with the disclosure order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. See Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir.1997), cert. denied, 523 U.S. 1020, 118 S.Ct. 1300, 140 L.Ed.2d 466 (1998) (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir.1988)).

Here, Defendants' only explanation for not producing these documents is their contention that calling them to testify at trial on the subject matter concerning the

investigation does not waive the attorney client privilege. This claim has no merit. See John Labatt Limited v. Molson Breweries, 1995 WL 23603, *1 (S.D.N.Y.1995)(Rule 26(b) requires that the party asserting the privilege or protection specifically identify each document or communication, and the type of privilege or protection being asserted, in a privilege log.) Failure to comply with Rule 26(b)(5) waives the objection. Large v. Our Lady of Mercy Medical Center, 1998 WL 65995 (S.D.N.Y.1998).

While the testimony of these witnesses may be important, Defendants certainly have other witnesses who can testify concerning the investigation. Plaintiff will suffer substantial prejudice if these witnesses are permitted to testify at trial concerning the investigation without being able to review documents from their files. These documents will contain internal musings and notes concerning the investigation that these witnesses may rely on during their testimony. Without these documents – which cannot be obtained through any other means – Plaintiff will be significantly prejudiced. Finally, a continuance of this matter – which has been pending since August 2002 -- is not appropriate. Therefore, preclusion is the only appropriate remedy. See In re Anthracite Coal Antitrust Litigation, 82 F.R.D. 364, 369 (D.C. Pa. 1979) (court barred defendant's introduction of certain testimony based on privilege invocation during discovery); Backos v. United States, 82 F.R.D. 743, 745 (D.C. Mich. 1979) (same)).

The Second Circuit Court of Appeals has stated "that fairness considerations arise when the party attempts to use the privilege both as 'a shield and a sword.' In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." In re

Grand Jury Proceedings, 219 F.3d 175, 182(2nd Cir. 2000). Here, Defendants are doing just that: "[I]t has been established law for a hundred years that when the client waives the privilege by testifying about what transpired between her and her attorney, she cannot thereafter insist that the mouth of the attorney be shut. From that has grown the rule that testimony as to part of a privileged communication, in fairness, requires production of the remainder. See In Re Clause von Bulow, 828 F.2d 94, 102 (2nd Cir. 1987), citing Hunt v. Blackburn, 128 U.S. 464, 470-71, 9 S.Ct. 125, 127, 32 L.Ed. 488 (1888); McCormick On Evidence § 93, at 194-95 (2d ed. 1972).

### B. The Court, In the Alternative, Should Compel Defendants to Produce the Requested Documents

The Court, if it does not preclude the Defendants' witnesses from testifying, should at a minimum compel the Defendants to produce the requested documents. The documents were requested in discovery, are clearly discoverable, and indeed relate to the subject matter of Defendants' witnesses' testimony. The Defendants have waived the privilege concerning this subject matter by presenting the affidavit of John McNamara in connection with its Motion for Summary Judgment, by failing to identify the documents on its privilege log, see Large v. Our Lady of Mercy Medical Center, 1998 WL 65995 (S.D.N.Y.1998), and now offer these witnesses' testimony on the precise subject matter of which they asserted privilege. The privilege has been waived. See In re Grand Jury Proceedings, 219 F.3d 175, 182(2nd Cir. 2000).

IV.  **CONCLUSION**

Plaintiff will be prejudiced if Defendants are allowed to change their mind and offer testimony at trial on a subject matter concerning which they asserted privilege in order to refuse to produce documents. Under Rule 37, the Court should either grant Plaintiff's motion in limine and preclude Defendants from offering the testimony of Bertini, Mayer, Engel or McNamara on the subject of the investigation, or compel them to produce the requested documents forthwith.

Respectfully submitted,

_____
Anthony R. Minchella (ct 18890)
LAW OFFICES OF ANTHONY R. MINCHELLA L.L.C.
  530 Middlebury Road
  Suite 203-204B
  Middlebury, CT  06762
  (203) 758-1069
  (203) 758-2074 Facsimile
  aminchella@minchellalaw.com

Jeffrey J. Tinley, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702
203-596-9030
Federal Bar No.: CT00765
jtinley@tnrdlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATION

This is to certify that a copy of the foregoing was this dated mailed by first class United States mail, postage prepaid, to the following:

Albert Zakarian, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702

Dated: April 17, 2006
       Middlebury, CT

_____
Anthony R. Minchella