UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | APRIL 21, 2006 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL, OR, ALTERNATIVELY, *IN LIMINE* CONCERNING TESTIMONY OF DEFENDANTS' WITNESSES BERTINI, MAYER, McNAMARA AND ENGEL**

Contrary to Plaintiff's unsupported and sweeping accusations, Otis has never used the attorney-client privilege as both a "sword and a shield." (Pl's Memo at 5.) Rather, Otis has defended against Plaintiff's factual claims with its own factual defenses. Plaintiff claims that she was terminated because she refused to falsify a report at the direction of certain individuals. It has never been a secret that Otis intends to rebut Plaintiff's claim by calling those individuals to testify that Plaintiff's version of the facts is incorrect. Plaintiff never broached the attorney-client privilege issue with respect to this claim until April 13, 2006 at the first pretrial conference. This untimely discovery dispute, which is the latest of many, is merely Plaintiff's attempt either to distract Otis from preparing for trial or to change her theory of the case yet again. This Court should deny Plaintiff's motion.

**A.   Factual Background**

Ms. Nichani claims that individuals at Otis demanded that she make changes to her draft report concerning the McQuillen fatality, that she refused to do so, and that she was terminated as a result of that refusal. Third Amended Complaint ¶¶ 58-59. The initial draft report was

prepared by Ms. Nichani and Erv Lauterbach.  (See Exhibit 1A.)  The final report was prepared by Attorneys John McNamara, Hal Engel, Ms. Nichani and Erv Lauterbach and labeled "Privileged Document – Attorney Work Product – Attorney Client Privilege."  (See Exhibit 1B.)  Ms. Nichani produced both drafts of the report during discovery, and both parties have agreed that both drafts of the report will be full exhibits at trial.

On August 6, 2003, Otis responded to Plaintiff's June 6, 2003 requests for production.  See Pl's Memo at 2.  In response to Plaintiff's request for "[a]ll documents concerning the investigation into the [McQuillen] fatality . . .," Otis asserted general objections and specifically objected because the request "was overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."  Otis further objected "to the production of any documents that are protected by the attorney-client and attorney work product privileges."  Plaintiff never followed up on this request.

During her deposition, Ms. Nichani testified that Dennis Mayer, Kate Bertini (both in-house attorneys at Otis), John McNamara, and Hal Engel made changes to her draft report.  (Nichani Dep. 33, 34, 106, 187, 249-253, attached as Exhibit 2.)  Erv Lauterbach testified that he and Attorneys McNamara and Bertini made changes to the report to reflect an accurate description of the facts.  (Lauterbach Dep. 217, attached as Exhibit 3.)  Finally, Ray Moncini testified that Attorneys McNamara and Engel identified factual errors in the initial draft report and helped to prepare the final version with Ms. Nichani and Mr. Lauterbach.  (Moncini Dep. 152-156, attached as Exhibit 4.)  Despite knowing the identities of Attorneys McNamara, Engel, Bertini, and Mayer, and their role in this case, Plaintiff never sought additional documents from Otis nor noticed any depositions.

Discovery closed on March 15, 2004, but the Court permitted some additional discovery (unrelated to this motion) upon motions of the parties. On February 28, 2005, Otis moved for summary judgment. In support of its motion, Otis submitted the affidavit of Attorney McNamara along with the two drafts of the McQuillen report. (See Exhibit 1.) Attorney McNamara stated that he found the initial report inconsistent with the facts based on his witness interviews. He also stated that, with the assistance of Attorney Engel and Mr. Lauterbach, he issued new report removing the factual inaccuracies. In opposing summary judgment, Plaintiff never raised any issues regarding Attorney McNamara's affidavit.

On April 6, 2006, the Parties submitted their Joint Trial Memorandum, which contained a list of witnesses and their proposed testimony. Despite this, Plaintiff never submitted any motions in limine or raised any evidentiary issues in the Joint Trial Memorandum. After raising this issue for the first time at the April 13 Pretrial Conference, Plaintiff finally served the instant motion on April 17, 2006.

**B.    Argument**

Ms. Nichani has alleged that, at the direction of Otis, Attorneys McNamara, Engel, Bertini, and Mayer improperly changed her draft report. Otis disputes this factual allegation, as to which there has been deposition testimony by Otis representatives. Plaintiff now seeks to preclude Otis from using any of the four lawyers as witnesses at trial, or in the alternative, to compel production of their files.[1] This Court should deny both requests. First, to the extent that the requested documents are relevant or even exist, Plaintiff has waived any attempt to compel discovery of these documents. Second, not permitting Otis to use these witnesses at trial, who

---

[1] Plaintiff also "reserves the right to move to preclude the witnesses' testimony for failure to disclose these individuals as expert witnesses." Pl's Motion at 3 n.1. As discussed herein, these witnesses, if they testify at all, will testify to rebut Plaintiff's factual allegations. No "expert" testimony will be given.

will testify only to rebut Plaintiff's factual allegations, would be unfairly prejudicial to Otis's defense.

        1.    *Plaintiff has waived the opportunity to compel discovery, which deadline expired more than two years ago.*

As discussed above, discovery has been closed since March 2004. District courts should deny motions to compel discovery when the motion is made after the close of discovery and the plaintiff offers no excuse for the delay. See Suntrust Bank v. Blue Water Fiber, L.P., 210 F.R.D. 196, 199-202 (D. Mich. 2002) (denying a "grossly belated" motion to preclude testimony, or alternatively to compel discovery because it was filed 18 months after the close of discovery, shortly before trial, and would have the potential to open a "Pandora's box of new issues"), and cases cited therein; Packman v. Chicago Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001) (affirming denial of plaintiff's motion to compel discovery after discovery closed, after summary judgment briefing schedule had been set, and defendants had filed their summary judgment motion); American Motorists Ins. Co., v. General Host Corp., 162 F.R.D. 646, 648 (D. Kan. 1995) (denying defendant's motion to compel, even though the information it sought was likely relevant, because it provided no excuse for waiting two years after discovery deadline to compel information).

Plaintiff offers no excuse for this untimely motion. Otis objected to Plaintiff's broad discovery request on several grounds, including to the extent that it called for privileged materials. Plaintiff never sought to narrow the request, limit it to specific individuals, or to compel discovery over Otis's objection. Further, Attorneys McNamara, Engel, Bertini, and Mayer were discussed in several depositions. Indeed, Ms. Nichani herself testified that these four individuals made changes to her draft report. Plaintiff never attempted to gain additional information about these witnesses. Considering that Ms. Nichani's own claim is that Otis's

attorneys demanded that she falsify a report, she cannot now claim any surprise that Otis intends to call one or more of these individuals at trial. Finally, forcing Defendants to comply with yet another discovery request just weeks before trial would be unfairly hinder their trial preparation.

    2. *Precluding testimony would unfairly prejudice Otis's defense.*

In lieu of compelling additional discovery, Plaintiff also seeks to preclude Otis from using Attorneys McNamara, Engel, Bertini, or Mayer as witnesses. Plaintiff apparently seeks this relief as a sanction under Rule 37(b).[2] (See Pl's Memo at 4.) This request has no merit.

First, contrary to Plaintiff's assertions, Otis intends to use its witnesses solely to rebut Ms. Nichani's claim that she refused to falsify a report. Attorneys McNamara, Engel, Bertini, and Mayer, if they testify at all, will testify only to their factual knowledge of the report and their interaction with Ms. Nichani. Privileged testimony will not be an issue. As one court observed:

> A client may call his attorney to the stand and waive privileged communications between them by questioning him concerning such communications, and the attorney may then be cross examined concerning the communications in question. Such waiver, however, extends no farther than the subject-matter concerning which the attorney has been interrogated. And if he has not been examined as to matters of privilege between him and his client, there is, of course, no waiver thereof.

---

[2] Plaintiff misquotes Rule 37(b) on page 4 of her brief, leaving out the requirement that the disobedient party must fail to "obey an order to provide or permit discovery . . . ." (Emphasis added.) That never occurred here because Defendants' objections were appropriate and Plaintiff never sought to compel discovery.

Moreover, Plaintiff has not shown why she would even be entitled to sanctions under Rule 37. As discussed above, Otis objected to Plaintiff's far-reaching request for production because it was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in addition to any privilege issues. Plaintiff's claim that she refused to falsify a report does not require "[a]ll documents concerning the investigation into the [McQuillen] fatality . . . ." The draft reports (which will be full exhibits at trial) and trial testimony will be more than sufficient evidence on this claim, which will essentially boil down to whose story the jury believes.

Drayton v. Industrial Life & Health Ins. Co., 31 S.E.2d 148, 153-154 (S.C. 1944); see Aysseh v. Lawn, 452 A.2d 213, 217 (N.J. Super. 1982) (same). Thus, contrary to Plaintiff's suggestion, calling these witnesses to the stand does not automatically waive the attorney-client privilege.

Second, even if Defendants had violated Rule 37, sanctions are "a drastic remedy," which should be applied only "where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." Hinton v. Patnaude, 162 F.R.D. 435, 439 (S.D.N.Y. 1995); Sterling v. Interlake Industries, Inc., 154 F.R.D. 579 (E.D.N.Y. 1994). Here, Defendants asserted a timely objection to Plaintiff's discovery request. Although the names of these witnesses were known to Plaintiff well before the discovery deadline, no action was taken to gain further discovery. Moreover, as discussed during Ms. Nichani's deposition, these witnesses are directly involved in Ms. Nichani's claim that she refused to falsify a report.[3] Preventing Otis from using these witnesses at trial would unduly prejudice Otis's defense.

For the reasons explained above, this Court should deny Plaintiff's motion.

---

[3] Indeed, the fact that Plaintiff never objected to Attorney McNamara's affidavit in Otis's Motion for Summary Judgment belies any claim that she was taken by surprise or was unfairly prejudiced by the alleged lack of discovery.

THE DEFENDANTS,
UNITED TECHNOLOGIES CORP. and
OTIS ELEVATOR COMPANY


By:   /s/ Albert Zakarian
     Albert Zakarian (ct04201)
     Victoria Woodin Chavey (ct14242)
     Douglas W. Bartinik (ct26196)
     Day, Berry & Howard LLP
     CityPlace I
     Hartford, CT 06103-3499
     (860) 275-0100 (telephone)
     (860) 275-0343 (facsimile)
     *azakarian@dbh.com*
     Their Attorneys


### **CERTIFICATION**

     I hereby certify that the foregoing was sent via regular mail, postage prepaid, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702


     /s/
     Albert Zakarian