# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

SUJATA NICHANI,                          :
                                         :
                    Plaintiff,           :        NO. 3:02CV1384 (MRK)
                                         :
v.                                       :
                                         :
UNITED TECHNOLOGIES CORP. and            :
OTIS ELEVATOR COMPANY,                   :
                                         :
                    Defendants.          :

## RULING AND ORDER

Presently pending before the Court is Plaintiff's Motion to Compel, or in the Alternative *In Limine* Concerning Testimony of Witnesses Bertini, Mayer, McNamara and Engel [doc. # 139]. In her Motion, which is brought under Rule 37 of the *Federal Rules of Civil Procedure* and Local Rule 37 of the *Local Rules of the District of Connecticut*, Plaintiff seeks an order compelling Defendants to produce all documents prepared by or at the direction of Hal Engel, John McNamara, Dennis Mayer and/or Katerine Bertini concerning the investigation into an accident on December 23, 2003 involving Dennis McQuillan, as well as all electronic mail communications between or among them regarding the same matter. Alternatively, Plaintiff seeks an order precluding the foregoing individuals from testifying at the upcoming trial of this case. For the reasons stated below, the Court DENIES Plaintiff's Motion to Compel [doc. # 139].

The Court assumes familiarity with the facts and claims in this litigation. Among her many claims in this case, Plaintiff alleges that individuals associated with Defendant Otis Elevator Company ("Otis") insisted that she make changes to her draft report concerning Mr. McQuillan's

death, that she refused to do so, and that she was terminated as a result of that refusal. *See* Third Amended Complaint ¶¶ 58-59. A final report was prepared by, among others, Messrs. McNamara and Engel, outside lawyers for Otis, and the draft and final reports have been marked as full exhibits in the action. Apparently, Ms. Bertini and Mr. Mayer, in-house counsel to Otis, also had some involvement with the McQuillan investigation or report.

Discovery in this case closed (with limited exceptions) on April 5, 2004, and on August 1, 2005, the Court granted in part and denied in part Defendants' summary judgment motion. The parties filed their Joint Trial Memorandum on April 6, 2006 and on April 13, 2006, the Court held a Final Pretrial Conference for the upcoming trial, which will begin with jury selection on May 2, 2006. At the April 13 pretrial conference, Plaintiff objected to Defendants' designation of Ms. Bertini and Messrs. McNamara, Engel, and Mayer and as potential witnesses. With the Court's permission, Plaintiff then filed the motion that is the subject of this ruling.

In her Motion to Compel, Plaintiff asserts that on June 6, 2003, she served discovery requests on Otis seeking, among other things, all documents concerning the McQuillan investigation prepared by Otis, its representatives, employees, agents or independent contractors. Defendants objected to the request on the ground that it was overbroad and also that it sought documents protected by the attorney-client privilege or work product doctrine. However, Defendants did not file any privilege log. For her part, Plaintiff never took any steps to compel production of the documents sought. Meanwhile, Messrs. McNamara, Engel, Bertini and Mayer were discussed in several depositions during the discovery period. In fact, in her deposition in June and July 2003, Plaintiff testified that these four individuals made changes to her draft report. Defendants' Opposition to Plaintiff's Motion to Compel, or in the Alternative *In Limine* Concerning Testimony of Witnesses Bertini, Mayer,

2

McNamara and Engel [doc. # 143], Ex. 2, at 249.

Thus, it was abundantly clear to Plaintiff and her counsel well before the close of discovery that these four individuals had potentially relevant information.  Indeed, Mr. McNamara filed an affidavit in support of Defendant's motion for summary judgment in which he disputed Plaintiff's factual account. *See* Motion for Summary Judgment [doc. #69], Ex. 42. Therefore, Plaintiff can claim neither ignorance of these four individuals nor surprise that they were included on Defendant's witness list. Yet, Plaintiff never sought to take their depositions, never directed to them any production requests or subpoenas in order to obtain their documents or communications, never sought to compel Defendants to produce the documents Plaintiff had requested, and never sought to compel Defendants to file a privilege log.  In contrast to this inaction regarding these four individuals, Plaintiff's counsel was not at all shy about pressing other discovery disputes during the discovery phase of this case, and indeed on several occasions sought to compel Defendants to produce documents or information that Plaintiff's counsel believed Defendants were improperly withholding.

Plaintiff offers no excuse, let alone the required good cause, for seeking additional discovery long after the close of discovery under the Court's scheduling order and on the eve of trial.  That Defendants have listed these four individuals as potential witnesses in the Joint Pretrial Memorandum does not constitute good cause for additional discovery, since Plaintiff's counsel knew or should have known for a number of years that one or more of these individuals would be called as a witness.  Under these circumstances, the Court will not order production of the documents requested or prevent Defendants from calling any of the four individuals who are the subject of Plaintiff's Motion to Compel as witnesses.  *See, e.g., Suntrust Bank v. Blue Water Fiber, L.P.*, 210

F.R.D. 196, 199-200 (E.D. Mich. 2002) (and cases cited therein); *American Motorists Ins. Co. v. General Host Corp.*, 162 F.R.D. 646, 648 (D. Kan. 1995).

That said, and as the Court stated at the pretrial conference on April 17, 2006, if Defendants do call their attorneys to testify, Defendants risk being deemed to have waived their attorney-client privilege. Of course, the scope of any waiver will necessarily depend upon the nature and extent of the examination, but the Court cautions that it will not allow Defendants at trial to use the privilege as both a "shield and a sword." *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). Therefore, Defendants should consider carefully whether they need to call all four of their attorneys as witnesses, whether they can obtain the testimony they seek from other sources who would not present the waiver dilemma, and whether any attorneys whom Defendants do call as witnesses can, as Defendants claim, properly limit themselves to refuting Plaintiff's factual assertions.

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Compel, or in the Alternative *In Limine* Concerning Testimony of Witnesses Bertini, Mayer, McNamara and Engel [doc. # 139].

IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United States District Judge


**Dated at New Haven, Connecticut: <u>April 26,  2006</u>**.

4