UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) v. |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY | : | |
| | : | |
| Defendants. | : | APRIL 28, 2006 |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

**RETALIATION UNDER TITLE VII
LAW PROHIBITING RETALIATION**

**RETALIATION - ELEMENTS**

Plaintiff has alleged that she was retaliated against by Otis Elevator Company and United Technologies Corporation because she pursued a complaint of employment discrimination with the Equal Employment Opportunity Commission. To prevail on her claim of retaliation, the Plaintiff must prove by a preponderance of the evidence, that

1. She filed a complaint of employment discrimination with the Equal Employment Opportunity Commission;

2. She was terminated and/or, denied a raise and/or, denied stock options and/or incentive compensation; and

3. The Plaintiff's pursuit of the complaint of employment discrimination was a motivating factor in the decision to terminate her, and/or deny her a raise, and/or deny her stock options and/or deny her incentive compensation.

In determining whether the Plaintiff's pursuit of her complaint of employment discrimination was a motivating factor in the Defendants' decision, it is not necessary that the

Plaintiff prove that the pursuit of the complaint of employment discrimination was the sole reason for the decision, just a motivating reason.

What does "motivating factor" mean? The law requires that the employer ignore the Plaintiff's pursuit of her complaint of employment discrimination when making employment decisions. The law does not require the Plaintiff to show that her pursuit of a complaint of employment discrimination was the sole factor in the Defendants' employment decisions. The Plaintiff can show that the Defendants took their actions against her for a variety of reasons, some of which may include job performance and other business decisions, but that these reasons were not the only reasons for their actions. The Plaintiff must show that her pursuit of a complaint of employment discrimination played a role in the Defendants' decision making process and had a determinative influence on the outcome.

Likewise, you should be mindful that the law requires only that an employer not retaliate against an employee because of the employee's pursuit of her complaint of employment discrimination. So far as you are concerned in this case, an employer may terminate an employee's position, deny her a raise, deny her stocks, and deny her incentive compensation for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to substitute your own judgment for that of the Defendants even though you may personally not favor the decision or would have made a different decision under the circumstances. Neither does the law require the Defendants to extend any special or favorable treatment to the Plaintiff because she has pursued a complaint of employment discrimination. In deciding whether the Plaintiff's pursuit of a complaint of

employment discrimination was a motivating factor in the Defendants' decision, you may consider both direct evidence and indirect, or circumstantial evidence.[1]

**Authority**

<u>Model Jury Instructions: Employment Litigation</u>, § 1.09[1] (ABA 2d ed. 2005); 29 U.S.C. §623(d), 42 U.S.C. § 2000e-3(a); *Clark County School Dist. V. Breeden*, 532 U.S. 268, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001); *Crumpacker v. Kansas Dept. of Human Resources*, 338 F.3d 1163 (10th Cir. 2003); *Fine v. Ryan Intern. Airlines*, 305 F.3d 746 (7th Cir. 2002); *EEOC v. Total System Services, Inc.*, 221 F.3d 1171 (2000), rehg en banc denied, 240 F.3d 899 (11th Cir. 2001); *Luciano v. The Olsten Corporation*, 110 F.3d 210 (2nd Cir. 1997).

**DIRECT EVIDENCE**

Direct evidence is evidence of oral or written statements by those persons who decided to terminate the Plaintiff, deny her a raise, deny her stock options, and deny her incentive compensation, that if believed, directly prove that the Plaintiffs pursuit of a complaint of employment discrimination was a motivating factor in the Defendants' decision to terminate the Plaintiff, and/or deny her a raise, and/or deny her stock options, and/or deny her incentive compensation.[2]

**Authority**

---

[1] **Otis's Objection to Proposed Jury Instruction "RETALIATION – ELEMENTS"**

Otis objects to this jury instruction because it suggests that anything alleged in Ms. Nichani's complaint is an adverse employment action. Part of Ms. Nichani's prima facie case is to demonstrate an adverse employment action, which must be a material adverse change in the terms and conditions of her employment. See <u>Sanders v. N.Y. City Human Res. Admin.</u>, 361 F.3d 749, 755 (2d Cir. 2004); Defendants' Proposed Instruction No. 9. This instruction improperly suggests to the jury that anything named in her complaint is actionable, for instance, her allegation that she was denied a raise. Otis also objects because this instruction improperly decreases Plaintiff's burden to prove causation and asks the jury to apply a mixed-motive analysis, as objected to in Plaintiff's original Proposed Jury Instructions Nos. 3 and 4, and *infra*.

[2] **Otis's Objection to Proposed Jury Instruction "DIRECT EVIDENCE"**

Otis objects to this instruction because there is not (nor has Ms. Nichani alleged) direct evidence of discrimination.

Model Jury Instructions: Employment Litigation, § 1.02[2] (ABA 2d ed. 2005), *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989); *Febres v. Challenger Corporation*, 214 F.3d 57 (1St Cir. 2000); *Fakete v. Aetna, Inc.*, 308 F.3d 335 (3rd Cir. 2002); *Laderach v. U-Haul*, 207 F. 3d 825 (6th Cir. 2000); *Sheehan v. Donlen Corp.*, 173 F.3d 1039 (7th Cir. 1999); *EEOC v. Liberal R-II School District*, 314 F.3d 920 (8th Cir. 2002); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217 (9th Cir. 1998); *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999); *Young v. City of Houston*, 906 F.2d 177 (5t Cir. 1990).

**MIXED MOTIVE - RETALIATION**

In this case, the Defendants assert that they would have reached the same decision with regard to the Plaintiff's employment, even if there was no evidence of a retaliatory motive by the Defendants. If you determine that the Plaintiff has proven by a preponderance of the evidence, that her pursuit of a complaint of employment discrimination was a motivating factor in her termination and/or denial of a raise, and/or denial of stock options and/or denial of incentive compensation, you should then consider whether the Defendants have proven by a preponderance of the evidence that they would have made the the same decisions regardless of the Plaintiffs pursuit of an employment discrimination complaint. If you determine that the Defendants would have made the same decision regardless of the Plaintiffs pursuit of an employment discrimination complaint, you must find for the Defendants on this defense. On the other hand, if you determine that the Plaintiff has proven that her pursuit of an employment discrimination complaint was a motivating factor in the decision to terminate her, and/or deny her a raise, and/or deny her stock options and/or deny her incentive compensation and that the Defendants have not proven that they would have made the same decision even had they not considered Plaintiff's pursuit of a complaint of employment discrimination, then your verdict must be in favor of the Plaintiff.[3]

---

[3] **Otis's Objection to Proposed Jury Instruction "MIXED MOTIVE – RETALIATION"**

Otis objects to this instruction on the ground that a mixed-motive instruction is inappropriate because Ms. Nichani has presented only circumstantial evidence and this is not a

**Authority**

<u>Model Jury Instructions: Employment Litigation</u>, § 1.02[2][a] (ABA 2d ed. 2005), 42 U.S.C. § 2000e-5(g)(2)(B); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989); *Febres v. Challenger Caribbean Corporation*, 214 F.3d 57 (1st Cir. 2000); *Fakete v. Aetna, Inc.* 308 F.3d 335 (3rd Cir. 2002); *Laderach v. U'Haul*, 207 F.3d 825 (6th Cir. 2000); *Sheehan v. Donlen Corp.*, 173 F.3d 1039 (7th Cir. 1999); *EEOC v. Liberal R-II School District*, 314 F. 3d 920 (8th Cir. 2002); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217 (9th Cir. 1998); *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999); *Young v. City of Houston*, 906 F.2d 177 (5th Cir. 1990).

**CIRCUMSTANTIAL EVIDENCE**

In this case, the Plaintiff has introduced circumstantial evidence in support of her claim of retaliation. Therefore, you should consider any legitimate, nondiscriminatory reason or explanation stated by the Defendants for their decision. In this case, the Defendants claim that they terminated the Plaintiff, denied her a raise, denied her stock options and denied her incentive compensation because of [insert Defendant's articulated reason provided it was properly introduced into evidence]. Thus, you must decide whether the Plaintiff has proven by a preponderance of the evidence that the Defendants' stated reason for their decision was not the true reason, but was only a pretext for retaliating against the Plaintiff because of her pursuit of a complaint of employment discrimination with the Equal Employment Opportunities Commission.

**Authority**

<u>Model Jury Instructions: Employment Litigation</u>, § 1.02[3] (ABA 2d ed. 2005).

**PRETEXT INSTRUCTION**

---

"dual motivation" case. <u>See</u> <u>Wood v. Sempra Energy Trading Corp.</u>, 2005 U.S. Dist. LEXIS 33637, at *15-16, 15 n.6, 16 n. 7. (D. Conn. 2005).

The Plaintiff may also prove by a preponderance of the evidence that the Defendants' stated reason to terminate her, deny her a raise, deny her stock options, and deny her incentive compensation is false or a pretext for retaliation, by persuading you that the Defendants' offered reason is not believable or that it was not the true reason why it terminated the Plaintiff, denied her a raise, denied her stock options and denied her incentive compensation.  If you find that the Defendants' offered reason was false or pretextual, the law allows you to infer that the Defendants had a retaliatory motive and you may find for the Plaintiff for this reason alone, although you are not required to do so.[4]

**Authority**

Model Jury Instructions: Employment Litigation, § 1.02[3] (ABA 2d ed. 2005); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76 (2d Cir. 1983); *Fuentes v. Perskie*, 32 F.3d 759 (3rd Cir. 1994); *Ratliff v. City of Gainesville*, 256 F.3d 355 (5th Cir. 2001); *Kline v. TVA*, 128 F.3d 337 (6th Cir. 1997); *Morgan v. Hilti, Inc.*, 108 F.3d 1319 (10th Cir. 1997).

**PROOF OF INTENT**

Retaliation is intentional if it is done voluntarily, deliberately, and willfully.  Retaliatory intent may be proven either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent.  Thus, in making a determination as to whether there was intentional retaliation in this case, you may

---

[4] **Otis's Objection to Proposed Jury Instruction "PRETEXT INSTRUCTION"**

Otis objects to this instruction because it is incomplete insofar as it fails to mention that Ms. Nichani still has the "ultimate burden" of proving discrimination even if the jury disbelieves Otis.  In other words, it is not enough to disbelieve Otis's explanation – the jury must believe Ms. Nichani.  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 146-47; see Defendants' Proposed Instruction No. 6.  Otis also objects because this instruction improperly suggests to the jury that anything named in her complaint is an actionable adverse employment action, for instance, her allegation that she was denied a raise.  See Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004); Defendants' Proposed Instruction No. 9.

consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind.  You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

### Authority

Magistrate Judge John M. Facciola's Standing Order, Jury Instructions – Title VII Retaliation, United States District Court, District of Columbia (www.dcd.uscourts.gov/TitleVII-Retaliation.pdf)

### DAMAGES – RETALIATION

I will now give you instructions about how to calculate damages.  You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages to the Plaintiff if you feel she is entitled to your verdict.  Those decisions are entirely for you to make.  I am giving you these instructions solely for your guidance, in the event that you find in favor of Plaintiff on her claim against the Defendants.  The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide.  If you find for the Plaintiff on her claim that the Defendants retaliated against her because she was pursuing a complaint of discrimination, then you must determine whether she is entitled to damages in an amount that is fair compensation.  You may award compensatory damages only for injuries that the Plaintiff proved were caused by the Defendants' allegedly wrongful conduct.  The damages that you award must be fair compensation, no more and no less.  You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that these were caused by the Defendants' retaliation.  No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence.  There is no

exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### Authority

Magistrate Judge John M. Facciola's Standing Order, Jury Instructions — Title VII Retaliation, United States District Court, District of Columbia (www.dcd. uscourts.gov/TitleVII-Retaliation.pdf)

### GENDER DISCRIMINATION UNDER TITLE VII

**MIXED MOTIVE INSTRUCTION – GENDER DISCRIMINATION**

The Plaintiff has the burden of proving by a preponderance of the evidence, that her sex was a motivating factor for her unequal pay in comparison to Bradford Russell. If you find that the Plaintiff's sex was a motivating factor in the Defendants' treatment of the Plaintiff, the Plaintiff is entitled to your verdict, even if you find that the Defendants' conduct was motivated by a lawful reason. However, if you find that the Defendants' conduct was motivated by both gender based and lawful reasons, you must decide whether the Plaintiff is entitled to damages. The Plaintiff is entitled to damages unless the Defendants prove by a preponderance of the

evidence that they would have treated the Plaintiff similarly even if the Plaintiff's gender had played no role in the employment decisions they made concerning the plaintiff.[5]

### Authority

Desert Palace v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).

### LIMITING INSTRUCTIONS

### LIMITING INSTRUCTION CONCERNING DEFENDANTS' EXHIBIT 511

A full exhibit which you will have with you during deliberations is Defendants' Exhibit 511, which is an Intellectual Property Agreement signed by the plaintiff. This exhibit is offered for only a limited purpose, which means you cannot consider it for anything other than that limited purpose. That purpose is merely to show that the Defendants' considered the plaintiff to be an at-will employee.

---

[5] **Otis's Objection to Proposed Jury Instruction "MIXED MOTIVE INSTRUCTION – GENDER DISCRIMINATION"**

Otis also objects to this instruction on the ground that a mixed-motive instruction is inappropriate because Ms. Nichani has presented only circumstantial evidence and this is not a "dual motivation" case. See Wood v. Sempra Energy Trading Corp., 2005 U.S. Dist. LEXIS 33637, at *15-16, 15 n.6, 16 n. 7. (D. Conn. 2005). Moreover, this instruction is a back-door attempt to obtain a Title VII mixed-motive instruction for her Equal Pay Act claim, which required different standards of proof, most notably, the presence of an adverse employment action. See Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004); Defendants' Proposed Instruction No. 9. Ms. Nichani was not denied a raise or a promotion; rather, she claims she was doing the same work but earning less than Brad Russell. Thus, she never experienced a "materially adverse change" in the terms and conditions of her employment, as is required under Title VII.

>THE DEFENDANTS,
>UNITED TECHNOLOGIES CORP. and
>OTIS ELEVATOR COMPANY
>
>
>By  /s/   Douglas W. Bartinik
>    Albert Zakarian (ct04201)
>    Victoria Woodin Chavey (ct14242)
>    Douglas W. Bartinik (ct26196)
>    Day, Berry & Howard LLP
>    CityPlace I
>    Hartford, CT 06103-3499
>    (860) 275-0100 (telephone)
>    (860) 275-0343 (facsimile)
>    *azakarian@dbh.com*
>    Their Attorneys

## **CERTIFICATION**

I hereby certify that the foregoing was sent via overnight mail on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, LLC
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

>  /s/
>  Douglas W. Bartinik