**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SUJATA NICHANI, | : | CIVIL NO. 3:02 CV 1384 (MRK) |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| OTIS ELEVATOR COMPANY and | : | |
| UNITED TECHNOLOGIES | : | |
| CORPORATION | : | |
| | : | |
| Defendant | : | APRIL 28, 2006 |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SPECIAL VERDICT FORM

**I.    LIABILITY**

1.    Did either of the Defendants discriminate against Ms. Nichani with respect to the terms and conditions of her employment as explained in the jury instructions?

YES _____                                                                                NO _____

**OBJECTION: Defendants object to this interrogatory because it suggests that Plaintiff need not prove an adverse employment action; instead, it asks the jury only about "terms and conditions" of employment, which might suggest a lower standard. Moreover, Ms. Nichani's Title VII claims are limited to gender discrimination. This interrogatory suggests that <u>any</u> discrimination would suffice. Defendants' Proposed Jury Interrogatory 1(a) is more appropriate for this case.**

2.    Did either of the Defendants violate the Equal Pay Act as explained in the jury instructions?

YES _____                                                                                NO _____

3.    If the answer to the preceding question is "yes", do you find that either of the Defendants' violation of the Equal Pay Act was willful as explained in the jury instruction?

YES _____                                                                                NO _____

**OBJECTION: Defendants object to this interrogatory because willfulness under the Equal Pay Act is not relevant to this case and therefore the jury will not be deciding it. Although the FLSA and the Equal Pay Act generally provide for a two-year statute of limitations, a**

1

three-year limitations may apply if a plaintiff proves a willful violation.  29 U.S.C. § 255(a); <u>Herman v. RSR Sec. Servs.</u>, 172 F.3d 132, 141 (2d Cir. 1999).  Thus, a plaintiff proving a willful violation may recover unpaid wages beginning three years from the date of the complaint instead of just two.  <u>Id.</u>; <u>Reich v. Newspapers of New England</u>, 44 F.3d 1060, 1079 (1st Cir. 1995).  Ms. Nichani initially brought this action in August 2002.  Ms. Nichani's alleged pay differential, however, began in April/May 2001, when she claims she was replaced by Brad Russell and then given her former job back.  Third Amended Complaint ¶¶ 18, 25-27.  Because her alleged damages began less than two years before she brought the lawsuit, she cannot extend her damages to three years.  The statute of limitations and/or willfulness is therefore irrelevant.  Finally, Plaintiff cannot possibly argue that her damages began prior to April 2001 because, when she was promoted to Senior Manager in 1999, she replaced Pat Dowson, a male who was earning <u>less</u> than she was.  <u>See</u> Plaintiff's Local Rule 56(a)2 Statement ¶¶ 13-14.  Thus, there could not have been any violation of the Equal Pay until Russell took over the position in April 2001.

In addition, to the extent that Plaintiff is suggesting that a finding of willfulness entitles her to liquidated damages under the Equal Pay Act she is mistaken.  Liquidated damages can be rebutted though a finding of good faith <u>by the Court</u> and not the jury.  <u>Brock v. Superior Care</u>, Inc., 840 F.2d 1054, 1063 (2d Cir. 1988); <u>El v. Potter</u>, 2004 U.S. Dist. LEXIS 24447, 36-37 (S.D.N.Y. 2004).  Finally, Plaintiff has never even alleged a willful violation of the Equal Pay Act.

    4.      Did either of the Defendants retaliate against Ms. Nichani for exercising her rights to complain about discrimination?

        YES _____                NO _____

**OBJECTION**: Defendants object to this interrogatory because it omits the alleged retaliatory act, namely, that Ms. Nichani must prove that Defendants retaliated against her <u>by terminating her employment</u> because she had filed claims of discrimination.  Defendants' Proposed Jury Interrogatory 1(b) is more appropriate for this case.

    5.      Has Ms. Nichani proven that either of the Defendants defamed her?

        YES _____                NO _____

**OBJECTION**: Defendants object to this interrogatory because it should separately state the elements that Nichani must prove on this claim.  <u>See</u> Defendants' Proposed Jury Interrogatory 3.

      6.      If your answer to the preceding question is "yes", did Ms. Nichani establish that the Defendants, through their employees, acted with actual malice, in that they knew that their statements regarding Ms. Nichani were false and/or acted with reckless disregard of the truth?

      YES _____                                NO _____

      7.      Do you find that Ms. Nichani has proven that the Defendants breached their contract with her as explained in the jury instructions?

      YES _____                                  NO _____

**OBJECTION: Defendants object to this interrogatory because it should separately state the elements that Nichani must prove on this claim.  See Defendants' Proposed Jury Interrogatory 4.**

      8.      Do you find that Ms. Nichani has proven that the Defendants breached their promises to her, upon which she relied to her detriment, as explained in the jury instructions?

      YES _____                                  NO _____

**OBJECTION: Defendants object to this interrogatory because it omits the requirement that Ms. Nichani's reliance must be reasonable.  Defendants further object to this interrogatory because it should separately state all of the elements that Nichani must prove on this claim.  See Defendants' Proposed Jury Interrogatory 5.**

II.    DAMAGES

**OBJECTION: Defendants object to Plaintiff's interrogatories on damages because they do not match a specific damage to a specific claim.  Ms. Nichani has several claims all subject to differing damages considerations.  This presents several problems, including the damage cap for compensatory and punitive damages under Title VII, the limited damages available under the Equal Pay Act (i.e., the pay differential), and lost compensation under Plaintiff's common law claims.  The only way to assure that the jury correctly awards damages is to isolate the damages for the different claims.**

9. What is the total amount of Ms. Nichani's past damages for lost compensation and benefits?

ANSWER: $ _____

**OBJECTION: Defendants object to this interrogatory because an award of lost wages is made by the court and not the jury.  42 U.S.C. § 1981a; <u>Broadnax v. City of New Haven</u>, 415 F.3d 265, 271 (2d Cir. 2005) ("[b]ecause a lost wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is generally not entitled to a jury determination on the question").**

10. What is the total amount of Ms. Nichani's future damages for lost compensation and benefits?

ANSWER: $ _____

**OBJECTION: Defendants object to this interrogatory because an award of lost wages is made by the court and not the jury.  42 U.S.C. § 1981a; <u>Broadnax v. City of New Haven</u>, 415 F.3d 265, 271 (2d Cir. 2005) ("[b]ecause a lost wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is generally not entitled to a jury determination on the question").**

11. What amount of general compensatory damages (including pecuniary loss, loss of income, injury to her reputation, emotional distress) do you award Ms. Nichani?

ANSWER: $ _____

12. Did either of the Defendants engage in a discriminatory practice with malice or reckless indifference to Ms. Nichani's protected rights under Title VII and/or the Connecticut Fair Employment Practices Act as explained in the jury instructions?

YES _____        NO _____

I represent that these answers reflect the unanimous verdict of the jury.

Dated: _____            _____
                                                         Foreperson

        THE DEFENDANTS,
        UNITED TECHNOLOGIES CORP. and
        OTIS ELEVATOR COMPANY


By  /s/ Douglas W. Bartinik
    Albert Zakarian (ct04201)
    Victoria Woodin Chavey (ct14242)
    Douglas W. Bartinik (ct26196)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT 06103-3499
    (860) 275-0100 (telephone)
    (860) 275-0343 (facsimile)
    *azakarian@dbh.com*
    Their Attorneys

## **CERTIFICATION**

I hereby certify that the foregoing was sent via overnight mail on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, LLC
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702


    /s/
    Douglas W. Bartinik