UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | CIVIL ACTION |
| | : | NO. 3:02CV1384 (MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | APRIL 28, 2006 |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
### TO STRIKE NEW REPORT OF SHELDON WISHNICK

Defendants respectfully move to strike Plaintiff's new expert report from Sheldon Wishnick, which was submitted in the guise of Exhibit N to Plaintiff's Brief in Opposition to Defendants' Motion in Limine to Exclude Expert Testimony from Sheldon Wishnick. The Court should strike Wishnick's new report because it is a transparent attempt to evade Defendants' arguments in support of precluding Wishnick's testimony concerning stock options. The new report is thus contrary to the letter and spirit of the Federal Rules of Civil Procedure, which are designed to avoid just this kind of last-minute tactic.

Rule 26(e) of the Federal Rules of Civil Procedure provides that a party who has submitted an expert report "is under a duty to supplement or correct" both the expert report and information provided in the expert's deposition to include "information thereafter acquired." Fed. R. Civ. P. 26(e), (e)(1). It is well-established that untimely expert opinions "including an

entirely new test," must be excluded.[1]  Aventis Envir. Science, USA LP v. Scotts Co., 383 F. Supp. 2d 488, 514 (S.D.N.Y. 2005) (citing Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306, 310 (M.D.N.C. 2002)).

Wishnick's new report uses different numbers of stock options and a different methodology—the Black-Scholes-Merton method ("Merton Method")—than did his prior report, which used the original Black-Scholes method ("BSM") to value stock option grants of 7000 and 9000 annually.  The Merton Method is a significant modification to the BSM, in that it incorporates the *expected* life of the stock option rather than the *full* term of the option.  The Merton Method, therefore, accounts for the fact that individuals will not necessarily hold on to stock options until they expire, but will generally exercise them earlier.

Neither the Merton Method nor the information used by Wishnick in the new report was acquired after Wishnick's prior report.  Indeed, the Merton Method was developed in the early 1970s, shortly after the original formula, and the Financial Accounting Standards Board ("FASB") has required that, if any corporations seeks to use the BSM, they must use the Merton Method instead.[2]  Moreover, not only had Defendants disclosed, albeit in confidential settlement

---

[1] Here, the new report is unquestionably untimely, as discovery closed April 5, 2004, and the Daubert hearing, scheduled for May 4, 2006, is just days away.

[2] The fact that Wishnick was not aware of the Merton Method at the time of his prior report cannot justify this late disclosure; rather, it suggests his utter lack of expertise in this area. (See Wishnick Dep. at 49 (stating that the BSM is the "only way he knows how to value stock options").)  Cited portions of Wishnick's deposition are attached hereto as Exhibit A.  Indeed, Wishnick believed that the expected term of exercise was not an important consideration when valuing employee stock options:

> Q: In doing your evaluation here on stock options, did you think it was important that you know what the expected life of those options would be regardless of duration of the term?
>
> A: No.

letters, the number of options actually granted to Brad Russell and the range of stock option grants for L3 employees, but also Erv Lauterbach, who was an L3, testified at his deposition that he received between 2000 and 4000 stock options in 2002 and 2003. (Ex. B; Lauterbach Dep. at 24-25.) Accordingly, Plaintiff cannot be heard to say that she did not have the information used in the new expert report prior to April, 2006.

Rule 26(e) "does not cover failures or omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation." Akeva, 212 F.R.D. at 310. Here, Plaintiff's new report seeks only to remedy the failures of the first report, and such purpose is impermissible. Accordingly, Plaintiff's new expert report must be stricken.[3]

## CONCLUSION

For the foregoing reasons, the Court should strike Wishnick's new report, submitted by Plaintiff as Exhibit N to her April 22, 2006 Opposition Brief.

---

Q:   Why did you think you did not need to know that?

A:   Because neither Mr. Black nor Mr. Scholes felt that was important.

(Wishnick Dep. at 138-39.)

[3] Plaintiff contends that because Wishnick's inputs "are not static and change over time. . . . [Wishnick's] testimony at trial obviously will, and must, use inputs as of a date at or near the date of his testimony." (Pl.'s Br. at 6.) While that may be true, to some extent, for stock options that have been granted, it is not true with regard to hypothetical future stock option grants. The inputs for these "grants" *are* static. There is nothing magical about the date of Wishnick's testimony with regard to stock options that might be granted one, five, ten, fifteen, twenty, or twenty-five years later. The volatility input, for instance, at the time of Wishnick's testimony has nothing to do with the volatility inputs as of those hypothetical grant dates. Indeed, that Wishnick has had to "adjust" his report three times (obtaining markedly different values each time) is a testament to just how unreliable his analysis is.

3

        THE DEFENDANTS,
UNITED TECHNOLOGIES CORP. and
OTIS ELEVATOR COMPANY


By___/s/ Victoria Woodin Chavey____
Albert Zakarian (ct04201)
Victoria Woodin Chavey (ct14242)
Douglas W. Bartinik (ct26196)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
*azakarian@dbh.com*
*vwchavey@dbh.com*
*dwbartinik@dbh.com*
Their Attorneys


## **CERTIFICATION**

I hereby certify that the foregoing was sent via overnight mail on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702


___/s/_____
Douglas W. Bartinik

4