### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SUJATA NICHANI | : | CIVIL ACTION NO. |
|  | : | 3:02CV1384 (MRK) |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| UNITED TECHNOLOGIES CORP. and | : |  |
| OTIS ELEVATOR COMPANY |  |  |
|  |  | APRIL 28, 2006 |
| Defendants. |  |  |

### PLAINTIFF'S WRITTEN OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS

Pursuant to this Court's Trial Management Order, and the Court's pretrial orders, Plaintiff, Sujata Nichani, submits her written objections to the Defendants' proposed Jury Instructions. Plaintiff reserves the right to supplement these objections in writing and/or verbally on the record at the anticipated charge conference, and to place additional objections on the record, and to object to any later jury instructions proposed by the Defendants.

### GENERAL OBJECTIONS

Plaintiff objects to Defendants' proposed jury instructions to the extent they refer solely to Otis as a Defendant when in fact both Otis and United Technologies Corporation are Defendants.

Plaintiff objects to the Defendants instructions to they extent they each improperly marshal the evidence by specifically stating facts that may or may not be in evidence, and that have no place in the jury instruction, except to add to Defendants' closing argument and inflame the jury with references to the death

1

of Daniel McQuillan and Defendants' version of the facts.  State v. Thompson, 81

Conn. App. 264, 282, 839 A.2d 622, cert. denied, 268 Conn. 915, 847 A.2d 312

(2004)(" To avoid the danger of improper influence on the jury, a recitation of the

evidence should not be so drawn as to direct the attention of the jury too

prominently to the facts in the testimony on one side of the case, while sinking

out of view, or passing lightly over, portions of the testimony on the other side,

which deserves equal attention . . . In marshaling the evidence, the court must

be careful not to imply any favor or criticism of either side.") State v. Davis, 255

Conn. 782, 797-798, 772 A.2d 559, 569(Conn., 2001); People v. Chambers, 73

A.D.2d 976, 976, 424 N.Y.S.2d 241, 242 (N.Y.A.D., 1980)(" to the extent that a

court does refer to the evidence, such reference must be done in an even-

handed manner").


## OBJECTION TO PROPOSED JURY INSTRUCTION NO. 1

### FILING OF LAWSUIT, BURDEN OF PROOF

Plaintiff objects to this instruction because it improperly marshals the

evidence in connection with the Defendants' defenses by specifically stating

facts that may or may not be in evidence, and that have no place in the jury

instruction, except to add to Defendants' closing argument and inflame the jury

with references to the death of Daniel McQuillan.

## OBJECTION TO PROPOSED JURY INSTRUCTION NO. 4

Plaintiff objects to this instruction because the final line ignores the fact that there are claims in this case that go beyond gender discrimination, and this instruction ignores the claims of defamation and promissory estoppel by stating that the "jury's only inquiry is whether . . . "

## OBJECTION TO PROPOSED JURY INSTRUCTION NO. 5

### ADMISSIONS AND PRIOR INCONSISTENT STATEMENTS

Plaintiff objects to this instruction to the extent it only identifies statements by the Plaintiff, for example, as being admissions.  The instruction should either remove that reference, or include reference that statements by high level supervisors and management, acting as agents, are also admissions by the Defendant corporations.

## OBJECTION TO PROPOSED JURY INSTRUCTION NO. 6

### GENDER DISCRIMINATION

Plaintiff objects to this instruction to the extent it only discusses a single adverse employment action, Plaintiff's termination, when there are several other adverse employment actions:  denying stock option grants; taking away incentive compensation; removing her from the business practices position, for example.

## OBJECTION TO PROPOSED JURY INSTRUCTION NO. 7

### RETALIATION

Plaintiff objects to this instruction to the extent it only discusses a single

adverse employment action, Plaintiff's termination, when there are several other adverse employment actions:  denying stock option grants; taking away incentive compensation; removing her from the business practices position, for example. This instruction completely ignores the other retaliatory actions taken by Defendants that occurred during the period in between her charge of discrimination and termination.

Plaintiff also objects to the instruction on retaliation because it does not explain that Plaintiff does not need to prove she was actually discriminated against in order to prevail, only that she exercised her rights to engage in the protected activity of complaining about discrimination.

OBJECTION TO PROPOSED JURY INSTRUCTION NO. 10

Plaintiff objects to the label of this instruction "Plaintiff's Perception of Herself is Irrelevant" because it misstates the substance of the instruction and is intended to mislead the jury.   There may be evidence or testimony by the Plaintiff that is in fact relevant concerning her perception of her conduct, that is not offered to replace the opinion of her supervisors on a given topic.


OBJECTION TO PROPOSED JURY INSTRUCTION NO. 12 DAMAGES

Plaintiff objects to this instruction to the extent it states that "Only if you decide that Ms. Nichani has proven that her rights under federal or state discrimination law have been violated by Otis, will you then consider the measure of damages" and "Relief is not afforded to Ms. Nichani if she was discharged for

any reason other than gender discrimination or retaliation." These statements misrepresent the fact that Plaintiff may prove her other claims unrelated to state or federal anti-discrimination statutes <u>and still be entitled to damages</u>.

Furthermore, Defendants state that "Compensatory damages must not include any alleged lost wages" when Plaintiff's other claims may provide the jury the opportunity to award lost wages as compensatory damages.

<u>OBJECTION TO JURY INSTRUCTION NO. 15</u>

EQUAL PAY ACT

Plaintiff objects generally to any instruction that intimates Brad Russell was "red circled" because such an instruction would be improper and not supported by the facts. Red Circling applies when the comparator is moved into a lower paying position. This clearly did not occur here, since the position was reclassified into a Level 3 executive position.

<u>Equal Work</u>

Plaintiff objects to the Defendants' instruction here because it dictates a conclusion for the jury that is contrary to the law, and therefore misleading. Defendants state that "if you find that the degree of training . . . differed . . . you must find for Otis" when in fact the jury must find that the difference <u>justified</u> the pay disparity.

<u>Shifting of Burdens – Valid Factor Other Than Sex</u>

Plaintiff objects to this instruction because it is misleading. Defendants

state that "Especially in the context of managerial positions, you are not to second-guess the importance that Otis places on these factors." This instruction may mislead the jury into thinking it cannot "second guess" the reasons for the pay disparity, which is precisely the jury's role in this case.

Valid Factors Other Than Sex – Safety Experience

Plaintiff objects to this instruction because it improperly characterizes the law by placing the specific facts of this case into the instructions, concerning "safety experience." Experience doing the particular job in question, rather than generalized "safety experience" is the relevant inquiry under the Equal Pay Act analysis. If Defendants want this instruction, the instruction should be further narrowed to "elevator industry safety experience." See Plaintiff's Proposed Jury Charge #27 (employee's greater experience in doing the particular job") See Clymore v. Fa-Mar-Co., Inc. 709 F.2d 499 (8th Cir. 1983); O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 174.56 (5th ed. 2001).

Valid Factors Other Than Sex – Prior Salary

Plaintiff objects to this instruction because the "prior salary" inquiry is irrelevant in this case, where the evidence is that the position was reclassified into an executive position. Therefore, Mr. Russell's prior salary as a justification for the pay disparity is irrelevant. This defense would only be relevant if Russell was being placed into a lower-paying position, which did not occur here.

OBJECTION TO PROPOSED JURY INSTRUCTION NO. 16

## DEFAMATION

Plaintiff objects to this instruction, again, because Defendants improperly characterize the claims ("Nichani claims that Otis defamed her when it presented her Performance Review"). Defendants' instruction will mislead the jury into thinking the defamation was some statement made during the presentation of the performance review, when in fact the performance review contained the defamatory statements which were published beyond the act of her termination.

Defamation – Damages

Plaintiff objects to this instruction because it qualifies the instruction by saying "Punitive damages may be awarded in rare cases." It is for the jury to determine, without reference to other cases, whether punitive damages should be awarded in this case.

## OBJECTION TO PROPOSED JURY INSTRUCTION NO. 17

Plaintiff objects because Defendants again marshal the facts to their position by stating that "1) Otis and/or UTC agreed to undertake an actual commitment under which Ms. Nichani could not be terminated for an alleged refusal to falsify a report" when the claim is, *inter alia*, that she followed the Code of Ethics and was terminated for doing so. And the Code of Ethics allows the employee to report something that the employee reasonably believes is a violation, regardless of whether it is.

In addition, Defendants again marshal the facts improperly by referring to "her failures as head of safety" a fact which the jury may reject completely.

Also, Defendants instruction state that "Ms. Nichani's position as the head of safety was eliminated approximately one year after her termination and those safety functions with combined with the Quality function under Edith DiFrancesco" to support a claim that future damages should not be awarded. This fact alone (assuming the jury accepts it) does not mean the jury must accept that Plaintiff's career with the Defendants would have been over.

<u>OBJECTION TO PROPOSED JURY INSTRUCTION NO. 18</u>

PROMISSORY ESTOPPEL

Plaintiff objects on the same basis as her objections to No. 17, the "Breach of Contract" proposed instruction.

Respectfully submitted,

Anthony R. Minchella (ct 18890)

LAW OFFICES OF ANTHONY R.
  MINCHELLA L.L.C.
  530 Middlebury Road
  Suite 203-204B
  Middlebury, CT 06762
  (203) 758-1069
  (203) 758-2074 Facsimile
  aminchella@minchellalaw.com

Jeffrey J. Tinley, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702
203-596-9030
Federal Bar No.: CT00765
jtinley@tnrdlaw.com
ATTORNEYS FOR PLAINTIFF

8

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was this dated mailed by first

class United States mail, postage prepaid, to the following:


Albert Zakarian, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT  06103-3499

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT  06702



Dated:  April 28, 2006          _____
          Middlebury, CT          Anthony R. Minchella

9