UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | |
| | : | |
| Plaintiff, | : | NO. 3:02CV1384 (MRK) |
| | : | |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. & | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | |

## ORDER

  Following a *Daubert* hearing and for the reasons stated on the record in open court on May 4, 2006, the Court DENIES Defendants' Motion to Exclude in Part the Testimony of Sheldon Wishnick [doc. # 134] and GRANTS IN PART Defendants' Motion to Strike New Report of Sheldon Wishnick [doc. # 157].[1]  Mr. Wishnick will be permitted to update his October 2003 figures with more current information regarding volatility, stock price and risk-free interest rates, but he will not be permitted to change anything else in his October 2003 report, including his methodology or his assumptions regarding exercise date and the number of options granted to Ms. Nichani.  In addition, the Court SUSTAINS IN PART Defendants' Objection to Plaintiff's April 28, 2006 "Supplemental Compliance" with Pretrial Order to the extent consistent with the foregoing rulings and OVERRULES IN PART the Objection to the extent that Mr. Wishnick will be permitted to update his October 2003 report using information in UTC's 2006 proxy statement and 10-K filings.

  Finally, pursuant to Rule 16(c)(4) of the *Federal Rules of Civil Procedure*, Rules 403 and 611 of the *Federal Rules of Evidence,* and the Court's inherent authority to manage its docket and

---

[1] The Court may hereafter issue a written decision further explaining the basis for the Court's ruling, though until the Court does so, the parties may rely on the reasons stated from the bench in the Court's oral ruling.

place reasonable limitations on the presentation of evidence, and having considered Plaintiff's Estimate of Trial Time, Defendants' Projections of Time Required for Examination of Witnesses Identified in the Joint Trial Memorandum [doc. # 163] and the Joint Trial Memorandum [doc. # 133], as well as having discussed this issue at length with counsel for the parties at several pretrial conferences, the Court has decided to limit the amount of time that each side will have to examine and cross-examine witnesses. *See, e.g., United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *Evans v. Port Auth.. of N.Y. & N.J.*, 246 F. Supp. 2d 343, 351 & n. 49 (S.D.N.Y. 2003) (and cases cited therein). Accordingly, Plaintiff and Defendants (jointly) are each granted a maximum total of 45 hours to conduct their examination (whether direct, cross, rebuttal, redirect, re-cross or otherwise) of witnesses (whether the witnesses appear live or via deposition), to present any evidence (by document, stipulation or otherwise) or to object to witnesses or evidence (or respond to objections) in the presence of the jury. The time limit does not include opening or closing arguments. The Court will keep track of the parties' time and periodically inform counsel of the time expended. The Court intends the time limits set forth herein to be maximum allowable limits, although either party may move the Court to enlarge the time limit upon a showing of good cause for enlargement and taking account of the requesting party's good-faith efforts to stay within the limits and the degree of prejudice that would result from denial of the enlargement.

                                                IT IS SO ORDERED.

                                        /s/     Mark R. Kravitz
                                           United States District Judge

**Dated at New Haven, Connecticut: May 4, 2006**.