# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SUJATA NICHANI,                              :
                                             :
                    Plaintiff,               :        CIVIL ACTION NO.
                                             :        3:02CV1384 (MRK)
v.                                           :
                                             :
UNITED TECHNOLOGIES CORP. and                :
OTIS ELEVATOR COMPANY,                       :
                                             :
                    Defendants.              :        MAY 8, 2006

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM TO RECORDS KEEPER OF OTIS ELEVATOR COMPANY

Defendants respectfully move to quash Plaintiff's wide-ranging subpoena duces tecum issued at the close of business on Friday, May 5, 2006, to the Records Keeper of Otis Elevator Company ("Otis"). (See Exhibit 1.) This subpoena, which was improperly served[1] and does not allow a reasonable time period within which to respond, is not just another improper attempt to engage in untimely and broad discovery, but also is an obvious attempt to distract Defendants from preparing for trial. The subpoena seeks many categories of documents that are irrelevant to this action, could have been obtained through formal discovery, or were in fact obtained through Defendants' cooperative pre-trial efforts. For the reasons set forth below, this Court should quash Plaintiff's subpoena.

---

[1] In violation of the Rule 45(a)(1)(C), Plaintiff's subpoena fails to contain the text of subsections (c) and (d) of Rule 45.

**A.    The Subpoena Fails to Allow Reasonable Time for Compliance.**

Rules 45(c)(3)(A)(i) and (iv) <u>require</u> the Court to quash or modify a subpoena if it fails to allow reasonable time for compliance or subjects a person to undue burden.  Fed. R. Civ. P. 45(c)(3)(A)(i) and 45(c)(3)(A)(iv); <u>see</u> <u>Travelers Indem. Co. v. Metro. Life Ins. Co.</u>, 228 F.R.D. 111, 113 (D. Conn. 2005).  As the parties have been well aware for months, trial commences on Monday, May 8 at 9:00 A.M.  Plaintiff's subpoena, however, was not served until late afternoon on Friday, May 5, 2006, returnable to the Court on May 9, 2006 at 9:00 A.M.  It would be wholly unreasonable to compel Defendants to respond to the unduly burdensome requests literally on the eve of trial.  <u>See</u> <u>Donoghue v. County of Orange</u>, 848 F.2d 926, 931 (9th Cir. 1987) (quashing subpoena served one week before trial requesting employment records); <u>Nicholas v. Wyndham Int'l, Inc.</u>, 2003 U.S. Dist. LEXIS 24085, 3-5 (D.V.I. 2003) (parties cannot use  a Rule 45 subpoena to obtain additional discovery in an effort to divert attention away from preparing for trial).  Accordingly, this Court should quash the subpoena.

**B.    Plaintiff's Subpoena Improperly Seeks Additional Discovery.**

The law is clear that, after the close of discovery, parties may not use a Rule 45 subpoena simply to obtain additional discovery.  <u>Regal Coal, Inc. v. Larosa</u>, 2006 U.S. Dist. LEXIS 15541, 61-63 (D. W. Va. 2006), <u>and cases cited therein</u>; <u>see</u> <u>Dodson v. CBS Broad. Inc.</u>, 2005 U.S. Dist. LEXIS 29703 (S.D.N.Y. 2005) (granting motion to quash Rule 45 subpoena seeking ten categories of documents); <u>Lumber and Cedar Co. v. PPG Indus.</u>, Inc., 177 F.R.D. 443, 443-444 (D. Minn. 1997) (holding that subpoenas duces tecum meet the definition of discovery contained in Rule 26(a)(5) and are therefore subject to the same time constraints that apply to discovery).  Moreover, the practice of requiring the parties submit a pretrial order detailing the documents to be used at trial is "rendered nugatory" if a trial subpoena seeks documents not previously

identified therein. <u>BASF Corp. v. Old World Trading Co.</u>, 1992 U.S. Dist. LEXIS 1111, *4 (N.D. Ill. Feb. 4, 1992).

One look at Plaintiff's "Schedule A" makes clear that she is seeking additional discovery and documents not previously identified in the joint trial memorandum. Defendants address each of the six requests in turn.

1.    Plaintiff seeks all documents relating to any amendments or revisions to the Worldwide Job Site Safety Standards ("WWJSSS") since April 1, 2004 concerning fist grips, electrical gloves, and alarms. In February 16, 2004 discovery requests, Plaintiff sought "Otis' Worldwide Job Site Safety Standards and all revisions for the years 1999 through and including 2003." (<u>See</u> April 2, 2004 Discovery Response 5, attached as <u>Exhibit 2</u>.) Defendants objected and produced responsive documents subject to those objections. (<u>See</u> April 2, 2004 Discovery Response 5, attached as <u>Exhibit 2</u>.) On April 20, 2004, Plaintiff wrote a letter following up on discovery requests, but did not request additional documents relating to WWJSSS revisions. (<u>See</u> <u>Exhibit 3</u>.) Moreover, over the next two years, Plaintiff never sought to expand the temporal scope of Request 5 to include documents through the present time.

Defendants respectfully object to this request as unduly burdensome and seeking irrelevant documents. First, as discussed above, Plaintiff is merely seeking additional discovery for which she neglected to ask during the discovery period. Second, Ms. Nichani was terminated in March 2003, and Defendants have already produced requested documents up <u>through</u> 2003, as requested. Revisions that may have been made after April 2004, if any, are not relevant to the basis for Plaintiff's termination. Third, Plaintiff did not disclose the subpoenaed documents in the joint trial memorandum. Defendants would be severely prejudiced if they had to gather,

review, and produce these documents on the eve of and during trial. Finally, Plaintiff does not and could not offer any excuse for this extremely delayed request.

2.      Plaintiff seeks the current version of the WWJSSS. Defendants object to this request for the same reasons as explained above in No. 1.

3.      Plaintiff seeks documents relating to injuries involving fist grips, electrical gloves, and/or car alarms, without any stated temporal or geographic scope. This request is obviously a discovery request and not an appropriate Rule 45 trial subpoena, because it seeks to explore an entire subject matter -- injuries involving several different types of equipment -- that was not explored through Plaintiff's written discovery requests. Moreover, the absence of any temporal or geographic scope, as well as the broad subject matter, renders this request is overly broad and unduly burdensome. The request also seeks irrelevant documents that have nothing to do with Plaintiff or her claims. Finally, Plaintiff never disclosed this category of documents in the joint trial memorandum.

4.      Plaintiff seeks the WWJSSS Committee minutes from April 2004 to the present. Defendants object to this request for the same reasons as explained above in No. 1. (See April 2, 2004 Discovery Response 5, attached as Exhibit 2., which sought "Otis's Worldwide Job Site Safety Standards Meeting Minutes, or any document memorializing any discussions during such Meetings for the years 1999 through and including 2003.")

5.      Plaintiff seeks documents reflecting the assumptions and calculations used to determine the value of stock options in the 2006 UTC "proxy materials" for the company's 2006 annual meeting. Defendants object to this request as vague and ambiguous to the extent that Plaintiff does not point to any specific document, page, or statement on which she seeks additional information. In any event, however, UTC's annual meeting was on April 12, 2006,

and the meeting materials were distributed in early March; Plaintiff and Defendants have had numerous discussions in the last month concerning additional information Plaintiff seeks related to stock options, and Defendants have cooperatively provided some of that information, to supplement information previously provided.  It is far too late to begin the process of gathering new information never before requested, and a Rule 45 subpoena simply should not be used to seek additional materials for Plaintiff's expert to remedy his lack of preparation.

6.     Plaintiff seeks updated Incentive Compensation ("IC") factors for L3 executives at Otis North America ("NAA").  In light of the fact that Defendants cooperatively agreed to produce this information and did produce it on May 4, 2006 following the <u>Daubert</u> hearing, this item in the trial subpoena can only be intended to harass Defendants on the eve of trial.[2]  Further, Plaintiff seeks information pertaining to years 2000 to 2004, which Plaintiff either obtained or should have obtained through discovery.

7.     Finally, Plaintiff seeks all communications with OSHA from April 2004 to the present relating to the McQuillen fatality.  Defendants object to this request for the same reasons as explained above in No. 1.  Plaintniff never requested "OSHA communications" during discovery.  Merely limiting the information to a time period between the close of discovery and trial does not change the fact the Plaintiff is seeking additional discovery that was not but should have been requested sooner.

---

[2] More specifically, Defendants had agreed to provide additional information concerning Otis Incentive Compensation factors.  The plaintiff had asked for the IC factors for Otis generally, not specifically NAA.  Realizing her mistake, however, Plaintiff now seeks the factors for Otis NAA.  Defendants have agreed to produce – and did so produce on Sunday, May 7, 2006 -- this information as a courtesy to avoid further dispute.

**C.     Conclusion**

For the reasons explained above, this Court should quash Plaintiff's subpoena in its

entirety.

> THE DEFENDANTS,
> UNITED TECHNOLOGIES CORP. and
> OTIS ELEVATOR COMPANY
>
> By: _____
> Albert Zakarian (ct04201)
> Victoria Woodin Chavey (ct14242)
> Douglas W. Bartinik (ct26196)
> Day, Berry & Howard LLP
> CityPlace I
> Hartford, CT 06103-3499
> (860) 275-0100 (telephone)
> (860) 275-0343 (facsimile)
> *azakarian@dbh.com*
> Their Attorneys

**CERTIFICATION**

I hereby certify that the foregoing was hand delivered, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

_____
Douglas W. Bartinik

-6-