Exhibit 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ CONNECTICUT _____

SUJATA NICHANI

V.

OTIS ELEVATOR COMPANY, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   Civ. Action No. 3:021384(MRK)

TO:   Records Keeper
      Otis Elevator Company
      1 Farm Springs Road
      Farmington, CT 06032

X   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY<br>US District Court<br>141 Church Street<br>New Haven, CT  06510 | COURTROOM<br>*Judge Kravitz*<br>*3rd Floor* |
|---|---|
| | DATE AND TIME<br>May 9, 2006 @ 9:00a.m. |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney For Plaintiff | DATE<br><br>05/05/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey J. Tinley, Esq.
60 North Main Street, Waterbury, CT 06702
Ph: (203) 596-9030    Fax: (203) 596-9036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Schedule A

1.  Documents relating to any amendments or revisions to the Otis Elevator Company Worldwide Job Site Safety Standards ("WWJSS") during the period from April 1, 2004 to the present with respect to: (a) the use, discontinuance of use, and circumstances or conditions of use for "fist grips" or "wire rope clips"; (2) the use and circumstances or conditions of use of electrical gloves; (3) the use and circumstances or conditions of use of alarms on elevator cars in the process of construction, repair or maintenance.

2.  The current version of WWJSS concerning: (a) the use, discontinuance of use and circumstances or conditions for use "fist grips" or "wire rope clips"; (2) the use and circumstances or conditions of use of electrical gloves; (3) the use and circumstances or conditions of use of alarms on elevator cars in the process of construction, repair or maintenance.

3.  Documents relating, reflecting or discussing reported numbers of injuries and reported injuries involving fist grips, wire rope clips, the use or failure to use electrical gloves and the use or failure to use of alarms on elevator cars in the process of construction, repair or maintenance.

4.  WWJSS Committee minutes for the period from April 1, 2004 to the present.

5.  Documents reflecting the assumptions and calculations used to determine the $100,000 value of stock option grants to non-employee directors in 2006 referenced in the United Technologies Corporation proxy materials for its 2006 Annual Meeting of Shareholders.

6.  Incentive Compensation Pool Factors and Incentive Compensation Target percentage for executives at Level L3 at Otis Elevator Company/NAA for the years 2000 through 2006.

7.  All communications with OSHA and other documents created or transmitted, from April 1, 2004 to the present, relating to the OSHA investigation of the fatal accident involving Daniel McQuillen and all documents reflecting the current status of the OSHA investigation.

Exhibit 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SUJATA NICHANI, | : NO. 3:02 CV 1384 (MRK) |
|       Plaintiff | : |
| v. | : |
|  | : |
| OTIS ELEVATOR COMPANY and | : |
| UNITED TECHNOLOGIES CORP. | : |
|       Defendants | : |
|  | : APRIL 2, 2004 |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

The defendants Otis Elevator Company ("Otis") and United Technologies Corporation ("UTC") hereby file these objections and responses to Plaintiff's Second Request for Production.

## GENERAL OBJECTIONS

Defendants make the following objections, whether or not separately set forth in response to each and every request for production propounded in Plaintiff's Second Request for Production. The assertion of the same, similar or additional objections or a partial response to an individual interrogatory does not waive any of Defendants' general objections.

Defendants object to any request for production to the extent that it seeks information concerning communications between Defendants and its counsel, which are protected by the attorney-client privilege.

Defendants object to any request for production to the extent it seeks information that is protected from disclosure by the work-product doctrine or that is immune from discovery or otherwise protected from disclosure by any other applicable privilege.

The inadvertent supplying of information protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable privilege shall not constitute a waiver by Defendants of such protection.

Defendants object to any request for production to the extent that it seeks information that is a matter of public record, is equally available to Plaintiff, or already is in Plaintiff's possession.

Defendants object to any request for production to the extent that it seeks confidential information (including, without limitation, personnel information) regarding individual Defendants' employees not party to this lawsuit on the grounds that the disclosure of such information may violate the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128a and may constitute an invasion of privacy.

Defendants have not yet completed its investigation of the facts relating to this action, nor has it completed its discovery or preparation for trial. Defendants reserve the right to rely on any facts, documents, or other evidence, which may develop or come to Defendants' attention subject thereto. Defendants' responses as set forth herein are based on information known to Defendants. Defendants reserve its right to supplement these responses at any time prior to the trial in this matter.

None of Defendants' responses is an admission relating to the relevance or admissibility of information or to the truth or accuracy of any statement or characterization contained in Plaintiff's Second Request for Production.

Defendants object to any request for production to the extent that it calls for confidential business information, whether or not such information is a trade secret.

## SPECIFIC RESPONSES AND OBJECTIONS

1.     The Environment, Health & Safety Policies & Practices Manual applicable to the North America and North and South America Area for the years 2000 through and including 2003.

**RESPONSE:**      See attached documents.

2.     The Otis Employee Safety Handbook, including all revisions, for the years 2000 through and including 2003.

**RESPONSE:**      See documents produced previously by Defendants on March 12, 2004.

3.     All Assurance Reviews for the years 1999 through and including 2003 for all of Otis Areas.

**OBJECTION AND RESPONSE:**      See general objections. Defendants object to this request for production on several grounds. First, the request is vague as to the term "Assurance Reviews." Second, the request is unduly burdensome and overly broad in that it seeks internal documents from Otis divisons worldwide that were not within the Plaintiff's areas (North America Area and Environmental Health and Safety) and beyond any relevant time at issue.  Subject to and without waiving the foregoing requests, Defendant attaches the final reports of NAA EH&S Assurance Reviews from 2000 through the date of Plaintiff's termination in March 2003.

4.     Otis' Leadership Development Reviews for the years 1990 through and including 2003 concerning Plaintiff.

**OBJECTION:**     See general objections. Defendants object to this request for production as overly broad and unduly burdensome in that it seeks all documents "concerning" Plaintiff. In addition, Defendants object to this request for production in that it seeks confidential business information. Moreover, Defendants object to this request for production on the grounds that it is protected by the self-critical analysis privilege.

5.    Otis' Worldwide Job Site Safety Standards and all revisions for the years 1999 through and including 2003.

**OBJECTION AND RESPONSE:**     See general objections. Defendants object to this request for production on the grounds that it is overly broad and unduly burdensome in that it is not limited in time and scope.  This request appears to seek copies of Otis safety standards for irrelevant years and such a request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the portion of the request that seeks "all revisions" is unclear in its scope.  Subject to and without waiving the foregoing requests, see attached documents.

6.    Otis' Worldwide Job Site Safety Standards Meeting Minutes, or any document memorializing any discussions during such Meetings, for the years 1999 through and including 2003.

**OBJECTION AND RESPONSE:**     See general objections. Defendants object to this request on the grounds that "any document memorializing any discussions during such Meetings" is unduly burdensome and overly broad. Defendants further object to this request on the grounds that it is overly broad in scope in time.  Subject to and without waiving the foregoing objections, see attached documents.

7.    All documents concerning any High Potential List, or any document identifying High Potential Employees of Otis, for the years 1990 through and including 2003.

**OBJECTION:**     See general objections. Defendants object to this request on the grounds that it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendants object to this

request for production on the grounds that it is unclear what is meant by "High Potential List" or "High Potential Employees" as those terms are not defined by the request for production. Defendants further object to this request on the grounds that it seeks confidential business information. Defendants further object to this request on the grounds that it seeks information about employees not similarly situated to the Plaintiff and, indeed, seeks information about employees worldwide.

8.    The Personnel File for Bradford Russell and Patrick Dowson.


**OBJECTION**
**AND RESPONSE:**    See general objections.  Defendants object to this request for production on the grounds that the term "Personnel File" is undefined and thus, it is unclear what the scope of such request is. Moreover, all documents that might be contained in Otis' files for such employees is irrelevant to this matter (for example, benefit elections and tax withholding forms) and seeks information that is protected from disclosure by the Personnel Files Act, Conn. Gen. Stat. §31-128a et seq.  Subject to and without waiving the foregoing objections, see attached documents.

9.    All documents concerning any claims or allegations by Michelle O'Toole against Otis concerning her termination of employment from Otis.


**RESPONSE:**    None.


10.    All documents concerning any claims or allegations by Frances (Francis) Correa against Otis concerning her termination of employment from Otis.


**RESPONSE:**    None.

11.    All documents concerning any arbitration or quasi-judicial proceeding concerning

discipline arising from the fatal accident involving Daniel McQuillan in Jersey City, New Jersey

on December 23, 2003.

**OBJECTION
AND RESPONSE:**    See general objections.  The defendants object to this request on the grounds
that all documents prepared by Otis, its representative, employees, agents or
independent consultants is overly broad, unduly burdensome and not
reasonably calculated to lead to the discovery of admissible evidence.  The
defendants further object to the production of any documents that are
protected by the attorney–client and attorney work product privileges.  In
addition, Defendants object to this request, to the extent that is seeks
information about employees who are not similarly situated to the Plaintiff –
specifically, hourly employees who are subject to a collective bargaining
agreement. Subject to and without waiving the foregoing objections,
Defendants respond that there are no documents concerning any arbitration
or quasi-judicial proceeding concerning discipline of salaried employees
arising from the fatal accident on December 23, 2003.

12.    The document entitled "New York Safety Discipline Award."

**RESPONSE:**    Defendants have been unable to locate such a document and do not have
information that suggests that there is, in fact, such a document entitled
"New York Safety Discipline Award."

13.    Documents relating to OSHA citations of Otis for the years 1992 through and including

2003.

**OBJECTION:**    See general objections.  The defendants object to this request on the grounds
that such a request is overly broad, unduly burdensome and not reasonably
calculated to lead to the discovery of admissible evidence.  For example, the
request is not limited in an appropriate time and geographic scope.  The
defendants further object to the production of any documents that are
protected by the attorney–client and attorney work product privileges.

14.     All documents concerning sanctions, discipline or performance review of Directors, Senior

Managers or individuals in charge of, who lead, or head Environment, Health and Safety for all

Otis Areas arising out of or concerning fatal accidents.

**OBJECTION:**          See general objections. Defendants object to this request for production on
                        the grounds that it is overly broad, unduly burdensome and not reasonably
                        calculated to lead to the discovery of admissible evidence.  For example,
                        this request is not limited in geographic scope or time, and also calls for all
                        performance reviews for all individuals who have safety responsibilities at
                        Otis companies worldwide.


15.     Production of all documents concerning all administrative or court proceedings in which

employees at the Grade 49 level or higher made claims of unequal pay under Title VII or the Equal

Pay Act or both, in which Otis or UTC was a party, from 1998 to the present.

**OBJECTION**
**AND RESPONSE:**       See general objections.  The defendants object to this request on the grounds
                        that all documents "all documents concerning all administrative or court
                        proceedings" is overly broad, unduly burdensome and not reasonably
                        calculated to lead to the discovery of admissible evidence.  The defendants
                        further object to the production of any documents that are protected by the
                        attorney–client and attorney work product privileges.  Subject to and
                        without waiving the foregoing objections, Defendants have no documents
                        responsive to this request, other than those concerning the present matter.


16.     All documents concerning Otis's and UTC's personnel policies and/or procedures,

including title and compensation levels, concerning individuals who change positions within Otis,

or who transfer from any other UTC company, division, subsidiary or affiliate to Otis, and that

were in effect from the period January 2001 through March 31, 2003.

**OBJECTION**
**AND RESPONSE:**    See general objections. Defendants object to this request on the grounds that "all documents concerning ... policies and/or procedures" is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants have previously produced such documents in its March 12, 2004 production.

17.    A copy of Otis' employee manual, handbook or polices and procedures for years 1991 through 2003, including revisions.

**OBJECTION**
**AND RESPONSE:**    See general objections. Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents related to all policies of the company have no relevance to this matter. Subject to and without waiving the foregoing objections, see attached documents.

18.    All documents concerning the payment of wages, wage rates, merit systems, seniority systems, and the basis for payment of any wage differential to employees of the opposite sex in the same establishment at the Grade 49 level through the highest executive level for the period January 2000 through March 31, 2003, including but not limited to those records kept in accordance with Otis's and UTC's compliance with Title VII and the Equal Pay Act, and enabling regulations under 29 C.F.R. §§ 1602 and 1620.32, including any data, statistical information or other information used to determine such compliance.

**OBJECTION:**    See general objections. The defendants object to this request on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it seeks information on individuals not similarly situated to the Plaintiff, including those at the "highest executive level" at the company. In addition, it is unclear from the request what "records kept in accordance with Otis's and UTC's compliance with Title VII and Equal Pay Act"

means, since the law and regulations do not provide for such a requirement. The defendants further object to the production of any documents that are protected by the attorney–client and attorney work product privileges and any self-critical analysis privileges.

19.    All documents concerning the job or position description and/or responsibilities for all of the Directors, Senior Managers or individuals in charge of, who lead, or head Environment, Health and Safety for all Otis Areas for the period January 2001 through March 31, 2003.

**OBJECTION**
**AND RESPONSE:**    See general objections. Defendants object to this request for production on the grounds that it is overly broad and unduly burdensome in that it seeks documents that reference, in any way, the responsibilities of various individuals. Moreover, such a request is vague as to what is meant by the term "Otis Areas". Subject to and without waiving the foregoing objections, see attached documents, which are job or position descriptions for the applicable Environmental Health & Safety directors or managers who lead various geographic regions world-wide.

20.    All documents concerning the compensation for all Directors, Senior Managers or individuals in charge of, who lead, or head Environment, Health and Safety for all Otis Areas for the period January 2000 through March 31, 2003.

**OBJECTION**
**AND RESPONSE:**    See general objections. Defendants object to this request for production on the grounds that it is overly broad and unduly burdensome. Moreover, such a request is vague as to what is meant by the terms "Otis Areas" and "compensation". Subject to and without waiving the foregoing objections, see attached documents, which reflect salary and bonuses for the applicable directors or managers who have responsibility for Environmental Health & Safety for various Otis business entities world-wide.

21.    All documents relating to UTC's policies or practices with respect to promoting employees to an executive level position.

**OBJECTION**

**AND RESPONSE:**     See general objections. Defendants object to this request for production on the grounds that it is overly broad and unduly burdensome in that it is not limited in geographic scope or time. Moreover, such a request is vague as to what is meant by the terms "practices" and could conceivable ask for all documents regarding any promotions made by UTC.  In addition, the request is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information concerning promotions at companies other than the one in which the Plaintiff worked.  Subject to and without waiving the foregoing objections, Defendants incorporate the documents provided in its March 12, 2004 supplemental production.

22.     All documents relating to UTC's policies or practices with respect to executive bonus or stock option compensation.

**OBJECTION**

**AND RESPONSE:**     See general objections. Defendants object to this request for production on the grounds that it is overly broad and unduly burdensome in that it is not limited in geographic scope or time. Moreover, such a request is vague as to what is meant by the terms "practices" and could conceivable ask for all documents regarding any bonuses or stock option grants made by UTC. Subject to and without waiving the foregoing objections, Defendants hereby produce documents describing the 2000-2003 Executive Incentive Compensation Program and The Continuous Improvement Incentive Program for 2001-2003.

23.     All documents relating to UTC's valuation of stock options granted to employees using the Black Scholes method or any other method of valuation.

**OBJECTION**

**AND RESPONSE:**     See general objections. Defendants object to this request for production on the grounds that it is overly broad and unduly burdensome in that it is not limited in geographic scope or time.  Moreover, Defendants object to this request for production is vague in that it is unclear what is meant by the phrase "UTC's valuation of stock options." The defendants further object to the production of any documents that are protected by the attorney–client and attorney work product privileges and any self-critical analysis privileges.   To the extent that this request for production seeks information

concerning the effect on net income and earnings per share of UTC if the Black-Scholes fair value method described in SFAS No. 123, "Accounting for Stock-Based Compensation" had been applied to UTC's long-term incentive plans, such information is publicly available in UTC's annual Securities and Exchange Commission filings.

24.    All documents which reflect the seniority and years in position of all employees of Otis or UTC promoted to an executive level position during the period from 1998 to 2003.

**OBJECTION:**    See general objections. Defendants object to this request for production on the grounds that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff's claims in this matter do not raise issues of "seniority." Moreover, the request is vague in its request for "years in position." In addition, the request seeks information on those employees not similarly situated to the Plaintiff.

25.    All documents concerning Otis or UTC's policies or practices with respect to "red circling" employees.

**OBJECTION AND RESPONSE:**    See general objections. Defendants object to this request for production on the grounds that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Such a request is not limited in geographic scope or time. Moreover, it is unclear what is meant by the term "practices" or the context in which the phrase "red-circling" is used, and thus the request is again vague and ambiguous. Subject to and without waiving the foregoing objections and limiting the response to Otis North America Area and UTC for the period of 1999 to the date of Plaintiff's termination in March 2003, Defendants respond that there are no documents that concern an Otis or UTC written policy referencing the phrase "red-circling."

26.    All documents that support that Bradford Russell was "red circled" when transferred into the Otis NAA EH&S position.

**OBJECTION
AND RESPONSE:**   See general objections. Defendants object to this request on the grounds that
the use of the phrase "red-circled" is not defined in this request.  Subject to
and without waiving the foregoing objections, see attached documents.

27.    All documents concerning training of employees of Otis NAA from 1999 through the

present concerning compliance with state and federal discrimination laws and regulations

governing discrimination on the basis for sex, nationality, national origin, and race.

**OBJECTION:**   See general objections.  The defendants object to this request on the grounds
that the request is overly broad, unduly burdensome and not reasonably
calculated to lead to the discovery of admissible evidence.  The training
records of thousands of employees has no relevance whatsoever to the
allegations as framed by the lawsuit.  Defendants further object to the
production of any documents that are protected by the attorney–client and
attorney work product privileges and any self-critical analysis privileges.

THE DEFENDANTS,
UNITED TECHNOLOGIES CORP. and
OTIS ELEVATOR COMPANY

By _____
Albert Zakarian (ct04201)
Daniel A. Schwartz (ct15823)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100 (telephone)
(860) 275-0343 (facsimile)
azakarian@dbh.com
daschwartz@dbh.com

Their Attorneys

## CERTIFICATION

I hereby certify that the foregoing was sent via electronic mail and regular mail, postage prepaid, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 212-213B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

_____
Daniel A. Schwartz

Exhibit 3

LAW OFFICES OF
# ANTHONY R. MINCHELLA, L.L.C.

530 MIDDLEBURY ROAD, SUITE 212-213B
MIDDLEBURY, CONNECTICUT 06762

PHONE (203) 758-1069                                           FACSIMILE (203) 758-2074

ANTHONY R. MINCHELLA, ESQ.                          EMAIL: anthonyminchella@sbcglobal.net

ADMITTED IN CONNECTICUT
AND NEW JERSEY

April 20, 2004

Daniel Schwartz, Esq.
Day, Berry & Howard LLP
185 Asylum Street
Hartford, CT  06103-3499

     Re:   <u>Nichani v. United Technologies Corp. et al.</u>

Dear Dan:

     We have reviewed Defendants' Responses and Objections to Plaintiff's Second Request for Production dated April 2, 2004.  Consistent with Judge Kravitz's instructions to resolve your objections, we note the following as to each respective request (our review of the documents you produced as they relate to our requests is hampered by the fact that you do not identify to which request the "documents attached" are responsive).

     First, to the extent you are withholding documents based upon any assertion of privilege, please produce a privilege log as required by Local Rule 37(a).

1.    The Environment, Health & Safety Policies & Practices Manual applicable to the North

America and North and South America Area for the years 2000 through and including 2003.

     We received one document that appears responsive.  Please inform us whether that one manual applies to the years 2000-2003.

2.    The Otis Employee Safety Handbook, including all revisions, for the years 2000 through

and including 2003.

     We received a document that indicates it was effective July 2000.  Please inform us whether that one manual applies to the years 2000-2003.

LAW OFFICES OF ANTHONY R. MINCHELLA, L.L.C.

3.    All Assurance Reviews for the years 1999 through and including 2003 for Otis' North America and North and South America Area

    We received only "final reports" for NAA only and moreover only for the years 2000-2003. Your objection based upon burdensomeness is misplaced. To the extent the reasons for your clients' termination of Ms. Nichani involve her performance as safety leader, the safety reviews of all areas become subject to discovery as does the performance of other area safety leaders in light of those area deficiencies. Please produce the documents requested

4.    Otis' Leadership Development Reviews for the years 1999 through and including 2003.

    The only basis for objection that we view as potentially legitimate are confidentiality and self-critical analysis privilege  Confidentiality is covered by our Stipulation. "Self-critical analysis" appears to be a stretch at best; we are talking about promotion issues, not health and safety investigations. . Certainly LDR's concerning Ms. Nichani are discoverable since her job performance is a  core issue. We expect you to produce those documents subject to the protective order in place.

6.    Otis' Worldwide Job Site Safety Standards Meeting Minutes, or any document memorializing any discussions during such Meetings, for the years 1999 through and including 2003.

    You produced what appear to be formal meeting minutes, however, we are entitled to documents that meeting attendees may have produced during the meetings that "memorialized" the discussions during the meetings.

7.    All documents concerning any High Potential Lists, or any document identifying High Potential Employees of Otis, for the years 1999 through and including 2003.

    Your objections as to overbreadth and burdensome are again unfounded. Furthermore, how can you assert that you do not know what is meant by "High Potential List" when Mr. Page obviously did he testified at his deposition (with no objection) at page 91 as follows:

        Q.  Was there a high potential list?

LAW OFFICES OF ANTHONY R. MINCHELLA, L.L.C.

A.  Yes.

We expect these documents to be produced.

11.    All documents concerning any arbitration or quasi-judicial proceeding concerning discipline arising from the fatal accident involving Daniel McQuillan in Jersey City, New Jersey on December 23, 2003.

> To the extent that defendants' position concerning the reasons for Ms. Nichani's termination related to the fatality in Jersey City, these documents are certainly discoverable.  Moreover, our request is legitimately aimed at both salaried and non-salaried employees.

14.    All documents concerning sanctions, discipline or performance review of Directors, Senior Managers or individuals in charge of, who lead, or head Environment, Health and Safety for all Otis Areas after fatal accidents.

> First, we will limit the scope of the request in time and geography to address your objection to the years 1991-2003.  The remainder of your objection is premised upon a mischaracterization of the request.  We are not asking for these documents as to all employees who have safety responsibilities; but only concerning "Directors, Senior Managers or individuals in charge of, who lead or head Environment, Health and Safety" department for all Otis Areas.  We intend therefore by this request to seek such documents as the pertain to the leaders of EH&S for all Otis Areas, not as to every employee who may tangentially have a safety related function.

> We expect these documents to be produced.

16.    All documents concerning Otis's personnel policies and/or procedures, including title and compensation levels, concerning individuals who change positions within Otis, or who transfer from any other United Technologies Corporation company, division, subsidiary or affiliate to Otis, and that were in effect from the period January 2001 through March 31, 2003.

> Our review of the documents you produced reflect approximately 9 pages of documents that are arguably responsive to this request.  We suspect that, for example, there are more

documents that guide an entity such as United Technologies in transferring an employee from one entity to another, such as instructions for completing a Recommendation Package, i.e., who is required to sign off etc. Further, the documents you have produced with respect to specific transfers, such as Pat Dowson's, reflect that a variety of other standard payroll change and other transfer-related forms were in use, yet we have we not been provided this documentation with respect to other transfers.

We expect these documents to be produced.

17.     A copy of Otis' employee manual, handbook or polices and procedures for years 1991 through 2003, including revisions.

> You produced a documents that appears to be effective in 1994. We requested and expect that any such employee manual that applied to Ms. Nichani for the years 1991 through 1994 will be produced.

18.     All documents that concern Otis's compliance with state and federal Equal Employment Opportunity laws and regulations at the Grade 49 level and higher for the period January 2001 through March 31, 2003, including any data, statistical information or other information used to determine such compliance.

> Although you produced certain documents such as EEO 1 forms, none of the underlying statistical data that defendants' must have relied on was produced. These documents exist as one document you produced references a survey of salary levels. This information is certainly reasonably calculated to lead to the discovery of admissible evidence.

19.     All documents concerning the job or position description and/or responsibilities for all of the Directors, Senior Managers or individuals in charge of, who lead, or head Environment, Health and Safety for all Otis Areas for the period January 2001 through March 31, 2003.

> Here, you produce certain documents based upon your recharacterization of our request which is entirely improper. You say you produce "job or position descriptions for the

LAW OFFICES OF ANTHONY R. MINCHELLA, L.L.C.

applicable Environmental Health and Safety directors or managers who lead various geographic regions worldwide." We expect you to produce the "job or position descriptions" for the leaders of EH&S for the several Otis Areas, though from your response we cannot determine whether you have done so.

20.    All documents concerning the compensation for all Directors, Senior Managers or

individuals in charge of, who lead, or head Environment, Health and Safety for all Otis Areas for

the period January 2001 through March 31, 2003.

We are at a loss to understand the problem with this request. Throughout this case there have been references to the Otis Areas, including Mr. Page's testimony at page 36 of his deposition where he says "The organization was decentralized. Each president of the seven areas had their own staff functions reporting to them. Oversight function was at the world headquarters."

As to compensation, we mean the entire compensation package, including but not limited to salary, benefits, stock options or awards, incentive compensation, bonuses, performance incentive payments and the like. If documents exist in addition to what you already produced, we expect you to produce them.

21.    All documents relating to UTC's policies or practices  with respect to promoting

employees to an executive position.

Since several Otis employees have testified to, and numerous documents support, the fact that UTC controls labor relation decisions at Otis, any policies or procedures concerning when, why, how and under what circumstances someone can be promoted to an executive level position, these documents are discoverable. Our review indicates that you produced at most 9 pages of documents, and seriously doubt that an entity like UTC does not have more written guidelines for the promotion of an employee to an executive position, and would expect that these be produced.

23.    All documents relating to UTC's evaluation of stock options granted to employees using

the Black Scholes method or any other method of evaluation.

Since Mr. Page testified that UTC uses the Black Scholes method to value its stock options, and Mr. Erath testified that UTC uses a modified Black Scholes method, we would expect that documents used to achieve that evaluation, including formulas and assumptions, will be produced.

LAW OFFICES OF ANTHONY R. MINCHELLA, L.L.C.

24. All documents which reflect the seniority and years in position of all employees of Otis or UTC promoted to an executive level position during the period from 1998 to 2003.

In an effort to resolve your objection here, we are seeking documents that reflect the number of years that any employee of Otis or UTC was in the position just prior to being promoted to that individual's first executive level position. Your assertion in your objection that "Plaintiff's claims in this matter do not raise issues of ""'seniority" is off the mark. The claims surrounding Bradford Russell's move into Otis NAA certainly involve issues of seniority, as do the comments made by Ellen McGroary as to why Ms. Nichani did not receive the same compensation as Mr. Russell. And because Plaintiff claims she should have been compensated at that executive level position, this request does seek information about employees "similarly situated."

25. All documents concerning Otis or UTC's policies or practices with respect to "red circling" employees.

First, we seek any documents concerning "red circling" as Otis or UTC uses and/or applies that term. Obviously Ellen McGroary knew what it meant when she offered her explanation to Ms. Nichani in their email exchange, and you knew what it meant when you responded to the CHRO and EEOC claims as well as when you amended your Answer to assert a defense which uses the term. So, to the extent that Otis or UTC "red circle" employees, we are seeking any documents that concern that process or policy. Moreover, you once again impermissibly limit our request in scope and then mischaracterize it. Whether or not a "written policy" exists is not the issue nor is our request limited to "written" policies or practices. Maybe Otis and UTC never reduced such a practice to writing, but certainly your clients claim it exists here.

26. All documents that support that Bradford Russell was "red circled" when transferred into the Otis NAA EH&S position.

By "red circling" Plaintiff means that term is it is defined by the applicable enabling regulations of the EPA; as that term was understood by Defendants in their answer and response to the CHRO and EEOC claims in this matter, or and as that term was understood by Ms. McGroary and any other Otis or UTC employee who claims that Mr. Russell or his compensation was "red circled."

LAW OFFICES OF ANTHONY R. MINCHELLA, L.L.C.

27.    All documents concerning training of employees of Otis NAA from 1999 through the present concerning compliance with state and federal discrimination laws and regulations governing discrimination on the basis for sex, nationality, national origin, and race.

We are reviewing your objections to our initial discovery requests to determine whether or not there are issues with those that need to be resolved in order to proceed with depositions. It may be that resolving the discovery issues in our most recent requests will be sufficient. We also hope that we can discuss these issues to determine whether we can complete Mr. Moncini's deposition in the tentative date we selected.

Finally, though you did not object to the requests for production as part of the 30(b)(6) Notice of Deposition, it would appear that resolving these issues should clear up any issues concerning those requests.

Very truly yours,

Anthony R. Minchella, Esq.

ARM/mjo
cc:    Jeffrey J. Tinley, Esq.

RECEIVED

APR 2 2 2004

R. Carry & Howard