**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SUJATA NICHANI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | MAY 12, 2006 |

**DEFENDANTS OBJECTIONS AND DESIGNATIONS**
**REGARDING THE DEPOSITION OF JOHN S. SIMMONS**

**A.    OBJECTIONS**

Having reviewed the Plaintiff's designated portions of the deposition of John S. Simmons (a copy of which is attached), Defendants object as follows. Cited portions refer to deposition page number followed by line number (e.g., 27:20-28:4 = page 27, line 20 through page 28, line 4).

17:17-25. This is not a complete question and answer and is hearsay.
19:11-16. Defendants object because this is hearsay.
31:13-14. Attorney dialogue.
51:20-25, 52:1. Irrelevant.
55:3-4. Otis objects because this testimony is confusing and irrelevant. The witness references a date without a year.
56:25. (Objecting only to "I will withdraw the question.")
57:24-25. This is not a complete question and answer.
62:5-7. Attorney dialogue.
83:14-25. Answer contains hearsay.
84:11-15. No answer provided.
88:3-5. No question designated.
97:4-9. Answer is non-reponsive, argumentative, contains lay opinion.
103:12-25, 104:1-11. Irrelevant, answers are non-responsive.
122:17-18. This is not a complete question and answer.
123. Defendants object because this is hearsay. Also, this is not a question and answer.
141:21-24. Defendants object because this is lay opinion testimony.

143:24-146:11.  Defendants object because this is lay opinion testimony.  There is no foundation as to how the witness would have knowledge to express his views on who should be sanctioned as a result of the fatality.  Witness's expectations concerning sanctions are irrelevant.
147-148.  Defendants object to this testimony as lay improper lay opinion testimony.
149.  No answer designated, and the documents speak for themselves.
157:10-159:25.  Defendants object because this is lay opinion testimony and speculation.  The witness does not have personal knowledge of what Ray Moncini was thinking.  Also, to the extent the testimony refers to a document, the best evidence rule applies to call for that document.  Defendants further object on hearsay and relevancy grounds.
166:7-167:11.  Defendants object on the basis of lay opinion testimony and relevance.  The witness was not Ms. Nichani's supervisor and did not evaluate her performance.
167:22-24.  No answer given.
168:5-20.  Leading.
169:14-17.  Leading.
170:9-16.  Leading question and non-responsive answer.
170:21-22.  Attorney dialogue.
172:25-173:17.  Leading.
175:2-8.  Leading.
181:3-6.  Leading.
181:7-9.  Defendants object because this is pure speculation.
182:9-14.  Non-responsive answer.
182:25-183:1-24.  Irrelevant.
185:10-25.  Leading question and non-responsive answer.
187:9-188:11.  This testimony is irrelevant and lacks sufficient foundation to inform the jury of what the witness is talking about.
194:25-195:23.  Leading.
195:24-25.  This is not a question and answer.
199:12-25.  Defendants object because this is improper lay opinion testimony and lacks foundation.  The witness is not here to give his opinion on the causes of the accident.
216:11-21.  Defendants object because this is improper lay opinion testimony and is irrelevant.  The witness is not here to give his opinion on who was at fault for the accident.

**B.    DESIGNATIONS**

In addition to the portions offered by Plaintiff to which Defendants have not objected, Defendants offer the following portions of the deposition of John S. Simmons:

18:17-19
23:25-24:8
24:13-15
65:8-12
76:23 – 78:5
88:16-22
90:1-11
91:1-2

91:22-92:3  
92:23-94:7  
96:6-12  
98:6-99:1  
103:1-2, 7-11  
107:15-20  
117:3-10  
122:13-16  
128:4-10  
130:14-18  
197:14-23  

        THE DEFENDANTS,  
        UNITED TECHNOLOGIES CORP. and  
        OTIS ELEVATOR COMPANY  


        By: ___/s/ Douglas W. Bartinik_____  
            Albert Zakarian (ct04201)  
            Victoria Woodin Chavey (ct14242)  
            Douglas W. Bartinik (ct26196)  
            Day, Berry & Howard LLP  
            CityPlace I  
            Hartford, CT 06103-3499  
            (860) 275-0100 (telephone)  
            (860) 275-0343 (facsimile)  
            *azakarian@dbh.com*  
            Their Attorneys

**CERTIFICATION**

    I hereby certify that the foregoing was mailed electronically, on this date, to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

                                                                                                  /s/ Douglas W. Bartinik
                                                                                                     Douglas W. Bartinik