**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SUJATA NICHANI,                                    CIVIL ACTION NO.  3:02CV1384
     Plaintiff,    v.    UNITED                (MRK)    MAY 18, 2006
TECHNOLOGIES CORP. and OTIS
ELEVATOR COMPANY,
         Defendants.

**DEFENDANTS' MEMORANDUM OF LAW REGARDING**
**JURY INSTRUCTIONS ON EQUAL PAY ACT AND DEFAMATION**

Defendants submit the following Memorandum of Law regarding the issues

raised by the Court at the May 17, 2006 Charging Conference.

**A.**      **Equal Pay Act**

     1.      *The jury should decide whether Ms. Nichani and Mr. Russell were*
          *performing the same job.*

Defendants object to the Court's jury instruction on the Equal Pay Act ("EPA"),

which instructs the jury to find that Ms. Nichani has established the prima facie elements

of her EPA claim.  (May 16, 2006 Draft Instructions, p. 25, lines 1-5.)  Defendants are

aware of no cases to support the proposition that the jury <u>must</u> find, as a matter of law,

that two individuals were performing equal work when one individual takes over the

responsibilities of another.  The current instruction is especially inapt here because the

jury is free to decide, based on the evidence, that Mr. Russell was going to be performing

the job differently than Ms. Nichani.  Indeed, Courts should not look solely at job title,

but at the work actually to be performed.  <u>See Conigliaro v. Horace Mann Sch.</u>, No. 95

Civ. 3555, 2000 U.S. Dist. LEXIS 556, at *14-15 (S.D.N.Y. Jan. 18, 2000); <u>Sobol v.

Kidder, Peabody & Co., Inc.</u>, 49 F. Supp. 2d 208, 219 (S.D.N.Y. 1999) ("Merely because

jobs carried the same title does not mean that they required the same skill.").

In cases where a plaintiff compares herself to an immediate predecessor or

successor (i.e., when two individuals are not performing the jobs simultaneously), courts do not automatically relieve a plaintiff from establishing a prima facie case.  See Lawrence v. CNF Transp., Inc., 340 F.3d 486, 492 (8th Cir. 2003) (even though plaintiff compared herself to her immediate successor, she was unable to establish a prima facie case under the EPA); Broadus v. O.K. Indus., 226 F.3d 937, 942 (8th Cir. 2000) (same). Here, it is up to the jury to decide whether Ms. Nichani and Mr. Russell would have performed the same work.  Because Mr. Russell resigned only five days after her took the job, it is impossible to say, as a matter of law, that he and Ms. Nichani would have performed the same work.  Indeed, there is evidence that Mr. Russell would have been given more responsibility because of his previous executive experience.  Moreover, Plaintiff has also argued quite persistently that the job Mr. Russell held, however briefly, was in fact reclassified to an L3.  Even though Plaintiff is trying to prove that such a reclassification was a sham and based merely on Mr. Russell's gender, the jury may well conclude that the position was "upgraded" and thus not the same.  Defendants see no reason to depart from the rule that the jury must compare the positions and duties and weigh the evidence however it chooses.

As mentioned above, Defendants are aware of no legal authority for this jury instruction under the Equal Pay Act.  Indeed, Plaintiff requested the standard ABA Model Jury Instruction in her Proposed Jury Instructions.  (See Joint Trial Memo, Ex. C, Inst. Nos. 11-21.)  In the absence of any legal authority to support Plaintiff's novel position, this Court should allow the jury to decide whether Plaintiff has established her prima facie case under the EPA.

2.    *The good faith defense under the EPA need not be pleaded and is decided by the Court.*

29 U.S.C. § 260 provides: "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith . . . the court may, in its sound discretion, award no liquidated damages . . . ."  See Herman v. RSR Sec. Servs., 172 F.3d 132, 142 (2d Cir. 1999).  This showing of good faith does not need to be raised as an affirmative defense in a responsive pleading.  Cahill v. City of N.B., 99 F. Supp. 2d 464, 475 n.2 (D.N.J. 2000); Herndon v. Wm. A. Straub, Inc., 17 F. Supp. 2d 1056, 1063 (D. Mo. 1998).  Finally, liquidated damages and food faith are issues to be decided by the Court and not by the jury.  El v. Potter, 2004 U.S. Dist. LEXIS 24447, 36-37 (S.D.N.Y. 2004) (citing Brock v. Superior Care, Inc., 840 F.2d 1054, 1063 (2d Cir. 1988)); see also Joint Trial Memo, § III.

**B.    Defamation - Plaintiff Bears the Burden of Proving Falsity**

In the employment context, the overwhelming weight of authority indicates that a plaintiff bears the burden of proving falsity as an element of a defamation claim.  ABA Model Jury Instructions: Employment Litigation § 5.02 (2d ed. 2005).  Indeed, Plaintiff already had proposed such an instruction to this Court.  (See Joint Trial Memo, Ex. C, Inst. No. 34.)  ("Ms. Nichani must prove by a preponderance of the evidence . . . that the communication was false . . . .").  Plaintiff selectively cites Holbrook v. Casazza, 204 Conn. 336, 359 n.5 (1987) for the proposition that a defendant must plead and prove truth as an affirmative defense.  She conveniently omits, however, the final sentence of footnote five, which states that "the burden of demonstrating the falsity of the defamatory statement rests on the plaintiff when the malice standard applies."  Id. (citation omitted) (emphasis added).  Because Connecticut has adopted the actual malice standard whenever a qualified privilege applies (as it does here), Plaintiff bears the burden of demonstrating the falsity of the statements in the Performance Feedback.  See Gaudio v.

Griffin Health Servs. Corp., 249 Conn. 523, 545 (1999); Torosyan v. Boehringer

Ingelheim Pharms., 234 Conn. 1, 29 (1995).

 This standard is consistent with all of the Connecticut cases that have addressed

claims of defamation in the context of performance reviews, which undoubtedly are

protected by a qualified privilege.  Grossman v. Comp. Curriculum Corp., 131 F. Supp.

2d 299, 312 (D. Conn. 2000) (DJS); Kelly v. City of Meriden, 120 F. Supp. 2d 191, 198

(D. Conn. 2000) (AVC); Johnson v. Chesebrough-Pond's USA Co., 918 F. Supp. 543,

551-52 (D. Conn. 1996) (GLG); see also Mendez v. Vonroll Isola U.S.A., Inc.,

CV020462113S, 2004 Conn. Super. LEXIS 936, at *19 (Conn. Super. Ct. 2004)

(discussing qualified privilege generally).  Moreover, whenever a qualified privilege

applies, the burden automatically shifts to a plaintiff to show malice, which requires her

to show that the defendant had knowledge of falsity or recklessly disregarded the falsity

of the statement.  Kelly, 120 F. Supp. at 198 ("once an occasion of privilege is found, it is

plaintiff's burden to rebut the presumption of good faith . . .by showing malice in fact").

This burden-shifting framework is necessary because statements in performance reviews

often reflect non-actionable opinions rather than facts.  E.g., Grossman, 131 F. Supp. 2d

at 312 ("While unprivileged, false statements of fact may constitute defamation,

statements concerning work performance are merely expressions of opinion and,

therefore, are not actionable as defamation."); Torok v. Proof, CV 90 0113204, 1993

Conn. Super. LEXIS 266, at *6-7 (Conn. Super. Ct. Feb. 1, 1993) (determining that

statement that the plaintiff was not a good accountant was an expression of opinion and,

therefore, did not constitute a defamatory statement).  The entire burden-shifting

framework used in Connecticut's qualified privilege cases would make little sense if the

defendant had to prove that the statement was true, while at the same time, the plaintiff

had to defeat the privilege by showing that the defendant knew the statements were false.

     In light of the fact that Plaintiff offers no cases in the employment context that

require a defendant to prove truth as an affirmative defense, this Court should instruct the

jury that Ms. Nichani has the burden of showing that Defendants made false statements

of facts in her Performance Feedback.

THE DEFENDANTS, UNITED
TECHNOLOGIES CORP. and OTIS
ELEVATOR COMPANY   By:

_____

Albert Zakarian (ct04201)  Victoria Woodin
Chavey (ct14242)  Douglas W. Bartinik
(ct26196)  Day, Berry & Howard LLP
CityPlace I  Hartford, CT 06103-3499  (860)
275-0100 (telephone)  (860) 275-0343
(facsimile)  *dwbartinik@dbh.com*  Their
Attorneys

## CERTIFICATION

     I hereby certify that the foregoing was sent via electronic mail and hand delivered
on this date to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

_____
Douglas W. Bartinik