UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUJATA NICHANI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV1384 (MRK) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES CORP. and | : | |
| OTIS ELEVATOR COMPANY, | : | |
| | : | |
| Defendants. | : | MAY 21, 2006 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MEMORANDUM OF LAW RE: EQUAL PAY ACT AFFIRMATIVE DEFENSE AND REQUEST TO MODIFY CHARGE**

In her Memorandum of Law Regarding the Equal Pay Act Affirmative Defense and Request to Modify Charge,[1] Plaintiff misreads Second Circuit precedent in an attempt to put an overly restrictive spin on the prevailing law. Even if the Second Circuit is correct regarding its requirement that "any factor other than sex" must be business-related,[2] Plaintiff's latest proposed jury instruction should be rejected. Aldrich v. Randolf Cent. Sch. Dist., 963 F.3d 520, 526 (1992), which is the main focus of Plaintiff's brief, plainly states that the reason must be "business-related," not job-related, and must be "legitimate" or "bona fide," i.e., genuine. See Merriam Webster's Dictionary (defining bona fide as "made in good faith without fraud or deceit," "made with earnest intent," or "neither specious nor counterfeit"), available at http://www.m-w.com/dictionary/bonafide.

---

[1] Once again Plaintiff offers no excuse as to why, at this late stage, she is submitting proposed jury instructions that substantively differ from the Proposed Instructions submitted along with the Joint Trial Memorandum. See Joint Trial Memo, Ex. C.

[2] As addressed in open court, Defendants' position is that the Second Circuit has adopted an overly restrictive interpretation on the "any other factor than sex" language of the Equal Pay Act. See, e.g., Smith v. City of Jackson, 544 U.S. 228, 239 n.11 (2005); Wernsing v. Dept. of Human Services, 427 F.3d 466, 468 (2005).

Subsequent cases have affirmed this language.  See, e.g., Belfi v. Prendergast, 191 F.3d 129, 136 (2d Cir. 1999) (citing Aldrich for proposition that "an employer must also demonstrate that it had a legitimate business reason for implementing the gender-neutral factor that brought about the wage differential").

Moreover, Tomka v. Seiler Corp., 66 F.3d 1295, 1312 (2d Cir. 1995), on which Plaintiff heavily relies, reversed the District Court's grant of summary judgment on an EPA claim where the defendant had explained a pay differential by citing the employee's experience at another company and by citing generally "experience, education, work and salary history" without any showing that such factors actually were connected with the level of pay of the male employees. The Tomka Court concluded its discussion by stating that the factfinder would need to consider whether the pay differential was "legitimately based on factors other than sex."  66 F.3d at 1312. It is clear that the Tomka Court required the defendant to demonstrate the legitimacy of the use of the cited factors other than sex, and suggested that showing the connection between those factors and the job in question would satisfy this requirement.  Moreover, Belfi held that employers may justify pay discrepancies using company-wide reasons that do not relate to a particular position, so long as the reason is business-related.  Belfi, 191 F.3d at 136 (holding that a "Salary Plan" providing for a 10% promotion increase was valid).

Plaintiff's interpretation of the Equal Pay Act is untenable because it would unduly restrict, for instance, an employer's ability to attract the most qualified candidates by setting competitive salaries.  E.g., Sobol v. Kidder, Peabody & Co., 49 F. Supp. 208, 220 (S.D.N.Y. 1999) ("An employer may pay higher wages to a male than a female when it is necessary to do so in order to hire or retain an employee with particular desired skills.").  Finally, Plaintiff conveniently omits from her suggested EPA charge prior salary as a valid factor other than sex,

which is explicitly recognized in the regulations. 29 C.F.R. 1620.26; see Christiana v. Metropolitan Life Ins. Co., 839 F. Supp. 248, 255 (S.D.N.Y. 1993) ("employer's salary retention-policy is a valid factor other than sex").

For the reasons explained above, this Court should reject Plaintiff's latest proposed instruction, and use its prior instruction reciting that the Defendants can prevail on their affirmative defense if they show a business reason for the pay discrepancy, examples of which include prior experience, education, or salary.

THE DEFENDANTS,
UNITED TECHNOLOGIES CORP. and
OTIS ELEVATOR COMPANY


By: _____
    Albert Zakarian (ct04201)
    Victoria Woodin Chavey (ct14242)
    Douglas W. Bartinik (ct26196)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT 06103-3499
    (860) 275-0100 (telephone)
    (860) 275-0343 (facsimile)
    *dwbartinik@dbh.com*
    Their Attorneys

## **CERTIFICATION**

      I hereby certify that the foregoing was sent via electronic mail and hand delivered on this date to:

Anthony Minchella, Esq.
Law Offices of Anthony R. Minchella, L.L.C.
530 Middlebury Road
Suite 203-204B
Middlebury, CT 06762

Jeffrey J. Tinley, Esq.
Robert Nastri, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
2nd Floor
Waterbury, CT 06702

                                                                                                      Douglas W. Bartinik